UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| SAS AB, et al., | : | Case No. 22-10925 (MEW) |
| Debtors. | : | |

**DECISION AND ORDER DENYING MOTION BY YVES
DEUGOUE TO VACATE ORDER ENTERED DECEMBER 9, 2022**

      On September 29, 2022, Yves Deugoue filed a motion (ECF No. 439) asking this Court to declare as "non-void" a civil action that he filed against the Debtors on August 2, 2022 in the Justice Court of Greggs County, Texas (the "Civil Action"). The Debtors opposed the motion, and the matter came on for hearing on December 8, 2022. During the December 8 hearing I made rulings with respect to certain arguments that Mr. Deugoue had made, and I held that the Civil Action had been filed in violation of the automatic stay and therefore was void. *See* Transcript of Proceedings, December 8, 2022 (ECF No. 695) at 7-8. The next day, on December 9, 2022, I entered an Order (the "December 9 Order," ECF No. 693) holding that the filing of the Civil Action violated the automatic stay set forth in section 362 of title 11 of the United States Code, and that the Civil Action therefore "is, and hereby is declared to be, void *ab initio*." *See* December 9 Order, at 2. The December 9 Order further directed Mr. Deugoue to dismiss the Civil Action without prejudice, and stated that if Mr. Deugoue wished to assert a claim against the Debtors, he needed to do so in compliance with the bar date and the ordinary claims procedures set forth in the Bankruptcy Code and in the applicable rules. *Id.*

      On January 3, 2023, Mr. Deugoue filed a motion (the "January 3 Motion," ECF No. 761) asking that the December 9 Order be vacated. It is unclear whether Mr. Deugoue seeks

1

reconsideration of the December 9 Order or whether he seeks relief from the order pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, made applicable here by Rule 9024 of the Federal Rules of Bankruptcy Procedure. In either case, the January 3 Motion is without merit.

To the extent the January 3 Motion seeks reconsideration, it fails to identify any factual or legal matter or controlling precedent that the Court allegedly overlooked in making its prior rulings. Instead, for the most part the January 3 Motion simply seeks to reargue points regarding the alleged applicability of Fifth Circuit precedents that were already considered and already ruled upon by the Court. In that regard the January 3 Motion is not a proper basis for a motion for reconsideration. *See Massop v. U.S. Postal Serv.*, 493 F. App'x 231, 232 (2d Cir. 2012) (holding that "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked"); *Associated Press v. U.S. Dept. of Defense*, 395 F Supp 2d 17, 19 (S.D.N.Y. 2005) (holding that "[A] motion for reconsideration is neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced.")

The January 3 Motion also asserts that I lacked jurisdiction to rule upon the applicability of the automatic stay to the Civil Action, on the theory that the case is pending in Texas and therefore that the courts of the Fifth Circuit allegedly have exclusive jurisdiction to apply the automatic stay. No authorities are cited in support of this proposition, and it is simply incorrect as a matter of law. The bankruptcy cases are pending here, not in the Fifth Circuit. The automatic stay has no geographical limit, and it is absolutely within my power and authority to enforce the automatic stay, even as to violations of the automatic stay that occur outside the geographical limits of this District. *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec., LLC (In re Bernard L. Madoff Inv. Sec. LLC)*, 474 B.R. 76, 81-82 (S.D.N.Y. 2012).

In addition, it is also plainly within my jurisdiction to rule upon motions that are filed in this Court that seek rulings regarding the applicability and effect of the automatic stay. It was Mr. Deugoue himself who invoked my jurisdiction and who asked me to rule as to how the automatic stay affected his Civil Action, and in particular whether or not the Civil Action was "void" at the outset. I did not give Mr. Deugoue the ruling that he hoped for, but that hardly means that I exceeded my jurisdiction in ruling on his motion.

Mr. Deugoue has also argued that the December 9 Order somehow forbids him from seeking relief from the automatic stay. In fact, he has not sought such relief. Furthermore, the December 9 Order merely requires him to dismiss his Civil Action "without prejudice," which is the proper result given that the Civil Action was filed in plain violation of the automatic stay. If Mr. Deugoue wishes to seek relief from the stay for the purpose of filing an action, he must file a proper motion to that effect, and he must obtain such relief *before* an action may be filed. He also must file a proof of claim before the bar date (or obtain relief from the bar date), or his claim will not be entitled to participate in any distributions in these cases. As I stated during the December 8 hearing:

> So you're going to have to assert your claim in the bankruptcy process in order to preserve it. And unless there's a motion for relief from the automatic stay, which I don't have, the claims are going to have to be resolved here.

*See* Tr. (ECF No. 695) at 8. In the interim, Mr. Deugoue has no right to maintain an action that was filed in plain violation of the automatic stay.

The January 3 Motion therefore is denied to the extent it seems reconsideration. To the extent that the January 3 Motion seeks relief under Rule 60(b), it is also without merit. Rule 60(b) provides for relief from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;

3

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The party seeking relief under Rule 60(b) has the burden of proof. *United States v. Int'l Bhd. Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001).

Mr. Deugoue has not alleged mistake, inadvertence, surprise or excusable neglect. He has not identified any new evidence, let alone that such evidence could not have been discovered earlier. *United States v Potamkin Cadillac Corp.*, 697 F2d 491, 493 (2d Cir. 1983). He has not alleged fraud. He has contended that the December 9 Order should be regarded as void by reason of having exceeded this Court's jurisdiction, but that contention is premised on the mistaken notion my authority to enforce the automatic stay is somehow limited to the geographical boundaries of this District. That is simply not the case. Mr. Deugoue has not established any other ground for relief under Rule 60(b), and the motion must be denied.

For the foregoing reasons, it is hereby

ORDERED, that the January 3 Motion by Yves Deugoue to vacate the December 9 Order is DENIED.

Dated: New York, New York
      February 8, 2023

                                          <u>s/Michael E. Wiles</u>
                                          UNITED STATES BANKRUPTCY JUDGE