**Objection Deadline: January 16, 2024 at 4:00 p.m. (Prevailing Eastern Time)**
**Hearing Date and Time:  January 23, 2024 at 11:00 a.m. (Prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Gary T. Holtzer
Kelly DiBlasi
David Griffiths
Lauren Tauro

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------x
|  |  |  |
|---|---|---|
| **In re** | : | **Chapter 11** |
|  | : |  |
| **SAS AB**, *et al.*, | : | **Case No. 22-10925 (MEW)** |
|  | : |  |
| **Debtors.**[1] | : | **(Jointly Administered)** |

---------------------------------------------------------x

### NOTICE OF HEARING ON MOTION OF DEBTORS
### FOR AUTHORITY TO ASSUME EXECUTORY CONTRACT
### <u>SCHEDULED FOR JANUARY 23, 2024 AT 11:00 A.M. (PREVAILING EASTERN TIME)</u>

PLEASE TAKE NOTICE that, on January 9, 2024, SAS AB and its debtor subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), filed the *Motion of Debtors for Authority to Assume Executory Contract* (the "**Motion**").

PLEASE TAKE FURTHER NOTICE that a hearing to consider entry of an order approving the Motion (the "**Hearing**") will be conducted before the Honorable Michael E. Wiles,

---

[1] The Debtors in these chapter 11 cases are SAS AB, SAS Danmark A/S, SAS Norge AS, SAS Sverige AB, Scandinavian Airlines System Denmark-Norway-Sweden, Scandinavian Airlines of North America Inc. (2393), Gorm Asset Management Ltd., Gorm Dark Blue Ltd., Gorm Deep Blue Ltd., Gorm Sky Blue Ltd., Gorm Warm Red Ltd., Gorm Light Blue Ltd., Gorm Ocean Blue Ltd., and Gorm Engine Management Ltd.  The Debtors' mailing address is AVD kod: STOUU-T, SE-195 87 Stockholm, Sweden.

United States Bankruptcy Judge for the Bankruptcy Court for the Southern District of New York

(the "**Bankruptcy Court**"), on **January 23, 2024 at 11:00 a.m. (Prevailing Eastern Time)**.

        **PLEASE TAKE FURTHER NOTICE** that any responses or objections

(the "**Objections**") to the Motion shall (i) be in writing, (ii) conform to the Federal Rules of

Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Bankruptcy Rules for the Southern

District of New York (the "**Local Rules**"), and the *Order Implementing Certain Notice and Case

Management Procedures* [ECF No. 292] (the "**Case Management Order**"), (iii) be filed with the

Bankruptcy Court by (a) attorneys practicing in the Bankruptcy Court, including attorneys

admitted *pro hac vice*, electronically in accordance with General Order M-399 (which can be found

at www.nysb.uscourts.gov) and (b) all other parties in interest on a CD-ROM, in text-searchable

portable document format (PDF) (with two single-sided hard copies delivered to the Judge's

Chambers), in accordance with the customary practices of the Bankruptcy Court and General

Order M-399, to the extent applicable, and (iv) be served in accordance with General Order M-

399, the Bankruptcy Rules, the Local Rules, and the Case Management Order, upon (a) the

attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York

10153 (Attn: Gary Holtzer, Kelly DiBlasi, David Griffiths, and Lauren Tauro), (b) the Office of

the United States Trustee for Region 2 (Attn: Greg Zipes, Esq. & Annie Wells, Esq.), and (c) the

attorneys for the Official Committee of Unsecured Creditors (Attn: Brett H. Miller, Todd M.

Goren, Debra M. Sinclair, Craig A. Damast, and James H. Burbage), by no later than **January 16,

2024 at 4:00 p.m. (Prevailing Eastern Time)** (the "**Objection Deadline**").

        **PLEASE TAKE FURTHER NOTICE** that if no Objections are timely filed and

served with respect to the Motion by the Objection Deadline, the Bankruptcy Court may grant the

relief requested in the Motion without further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that any objecting parties are required to

attend any Hearing and failure to appear may result in relief being granted upon default.

Dated:  January 9, 2024
      New York, New York

                                  */s/  Lauren Tauro*
                                  WEIL, GOTSHAL & MANGES LLP
                                  767 Fifth Avenue
                                  New York, New York 10153
                                  Telephone: (212) 310-8000
                                  Facsimile: (212) 310-8007
                                  Gary T. Holtzer
                                  Kelly DiBlasi
                                  David Griffiths
                                  Lauren Tauro

                                  *Attorneys for Debtors*
                                  *and Debtors in Possession*

**Objection Deadline: January 16, 2024 at 4:00 p.m. (Prevailing Eastern Time)**
**Hearing Date and Time:  January 23, 2024 at 11:00 a.m. (Prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Gary T. Holtzer
Kelly DiBlasi
David Griffiths
Lauren Tauro

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------x
|  |  |  |
| --- | --- | --- |
| **In re** | : | **Chapter 11** |
|  | : |  |
| **SAS AB,** *et al.*, | : | **Case No. 22-10925 (MEW)** |
|  | : |  |
| **Debtors.**[1] | : | **(Jointly Administered)** |
--------------------------------------------------------------x

**MOTION OF DEBTORS FOR**
**AUTHORITY TO ASSUME EXECUTORY CONTRACT**

       SAS AB and its debtor subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully represent as follows in support of this motion (the "**Motion**"):

**Background**

       1.      On July 5, 2022 (the "**Commencement Date**"), each Debtor commenced with the Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").  The Debtors are authorized to continue to operate their business and

---

[1] The Debtors in these chapter 11 cases are SAS AB, SAS Danmark A/S, SAS Norge AS, SAS Sverige AB, Scandinavian Airlines System Denmark-Norway-Sweden, Scandinavian Airlines of North America Inc. (2393), Gorm Asset Management Ltd., Gorm Dark Blue Ltd., Gorm Deep Blue Ltd., Gorm Sky Blue Ltd., Gorm Warm Red Ltd., Gorm Light Blue Ltd., Gorm Ocean Blue Ltd., and Gorm Engine Management Ltd.  The Debtors' mailing address is AVD kod: STOUU-T, SE-195 87 Stockholm, Sweden.

manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in these chapter 11 cases.  On July 22, 2022, the Office of the United States Trustee for Region 2 (the "**U.S. Trustee**") appointed the Official Committee of Unsecured Creditors (the "**Creditors' Committee**") [ECF No. 75].

2.      The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

3.      Information regarding the Debtors' business and capital structure and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Erno Hildén Pursuant to Rule 1007-2 of Local Bankruptcy Rules for Southern District of New York*, dated July 5, 2022 [ECF No. 3] and the *Declaration of Michael Healy in Support of First Day Motions and Applications*, dated July 5, 2022 [ECF No. 4].

### Jurisdiction

4.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.).  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Relief Requested

5.      By this Motion, pursuant to section 365 of the Bankruptcy Code, Bankruptcy Rule 6006, and Rule 6006-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), the Debtors request that the Court authorize Debtor Scandinavian Airlines System Denmark-Norway-Sweden (the "**Consortium**") to assume that certain *Standard Ground Handling Agreement*, dated January, 2018, between the Consortium and Swissport Canada INC ("**Swissport**") (as amended, modified, or supplemented from time to time,

together with all schedules, exhibits supplements, annexes, and attachments thereto,
the **"Swissport Agreement"**).

6.       A proposed form of order granting the relief requested herein is annexed
hereto as **Exhibit A** (the "**Proposed Order**").

7.       In support of this Motion, the Debtors submit the declaration of Ginger
Hughes, Chief Transformation Officer of the Debtors, a copy of which is annexed hereto as
**Exhibit B** (the "**Hughes Declaration**").

### Executory Contract Review Process

8.       The Debtors and their non-Debtor affiliates are one of the largest airlines in
Scandinavia and serve as the flag carrier of Denmark, Norway, and Sweden.  Reflecting trends in
the global airline industry, prior to the Commencement Date, the Debtors experienced significant
reductions in revenue directly attributable to the COVID-19 pandemic and measures put in place
to stop the spread of the virus.  To address these challenges and better compete within the airline
industry, the Debtors developed a comprehensive transformation plan, known as SAS
FORWARD, which the Debtors seek to implement during these chapter 11 cases.  An instrumental
part of the SAS FORWARD plan is implementing measures to increase profit margins.

9.       With the assistance of their advisors, the Debtors are in the process of
conducting a comprehensive review of their business to determine how best to optimize operations
to achieve greater profitability.  In connection with this process, the Debtors have sought to identify
executory contracts that are critical to their operations and consistent with the earnings
improvement measures set forth in the SAS FORWARD plan as well as executory contracts that
no longer fit their go-forward business plan.

**Swissport Agreement**

10.     Pursuant to the Swissport Agreement, Swissport supplies the Debtors with certain ground handling services (the "**Services**").  The Services are essential to the Debtors' business operations they enable the Debtors to appropriately facilitate passenger boarding and offloading at certain airports where the Debtors' operate flights.  Without the Services, the Debtors would not be able to ensure ground handling at such airports is conducted in the most effective and efficient manners.

11.     In line with the Debtors' restructuring efforts and goals, the Debtors engaged in negotiations with Swissport to amend certain terms of the Swissport Agreement.  Prior to the date hereof, the Debtors and Swissport agreed to such amendments (the "**Amendments**"). Among other things, the Amendments (i) extend the term during which Swissport will provide the Services and (ii) provide for cost control mechanisms that will result in enhanced profitability for the Debtors.

12.     As a result of reaching an agreement on the Amendments, it is now critical for the Consortium to implement such Amendments and assume the Swissport Agreement.

**Relief Requested Should Be Granted**

13.     The Court may grant the relief requested herein pursuant to section 365 of the Bankruptcy Code.  Pursuant to section 365(a), a debtor in possession, "subject to the court's approval, may assume or reject any . . . executory contract or unexpired lease of the debtor."  11 U.S.C. § 365(a).  Although the Bankruptcy Code does not define the term "executory contract," the Supreme Court has noted that an executory contract is "a contract where neither party has finished performing."  *In re Avianca Holdings S.A.*, 618 B.R. 684, 695 (Bankr. S.D.N.Y. 2020) (citing *Mission Prod. Holdings, Inc. v. Tempnology, LLC*, 139 S. Ct. 1652, 1657 (2019)); *N.L.R.B. v. Bildisco & Bildisco*, 465 U.S. 513, 522 n.6 (1984) (noting that "the legislative history

4

to § 365(a) indicates that Congress intended the term to mean a contract 'on which performance is due to some extent on both sides.'").  Additionally, section 365(b)(1) of the Bankruptcy Code establishes certain conditions that must be satisfied before the assumption of an executory contract:

> (b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—
>
> > (A) cures, or provides adequate assurance that the trustee will promptly cure, such default . . .
> >
> > (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
> >
> > (C) provides adequate assurance of future performance under such contract or lease.

14.    The meaning of "adequate assurance of future performance" is determined on a case-by-case basis, taking into account all relevant facts and circumstances.  *See Androse Assocs. of Allaire, LLC v. Great Atl. & Pac. Tea Co., Inc. (In re Great Atl. & Pac. Tea Co., Inc.)*, 472 B.R. 666, 676 (S.D.N.Y. 2012).  It should be given "practical pragmatic construction."  *EBG Midtown South Corp. v. McLaren/Hart Envtl. Eng'g Corp. (In re Sanshoe Worldwide Corp.)*, 139 B.R. 585, 592 (S.D.N.Y. 1992).  *Carlisle Homes, Inc. v. Azzari (In re Carlisle Homes, Inc.)*, 103 B.R. 524, 538 (Bankr. D.N.J. 1988) ("[N]o single solution will satisfy every case, [and] the required assurance will fall considerably short of an absolute guarantee of performance."); *see also In re Prime Motor Inns, Inc.*, 166 B.R. 993, 997 (Bankr. S.D. Fla. 1994).

15.    Once the statutory predicates to assumption are satisfied, courts defer to a debtor's business judgment when assessing whether assumption of an executory contract should be approved.  *See In re Old Carco LLC*, 470 B.R. 688, 703 (S.D.N.Y. 2012) (explaining that the business judgment standard "applies when a Bankruptcy Court approves a debtor's assumption or rejection of a contract"); *In re Republic Airways*, 547 B.R. 578, 582 (Bankr. S.D.N.Y. 2016); *In*

*re Child World, Inc.*, 142 B.R. 87, 89 (Bankr. S.D.N.Y. 1992) (stating that a debtor may assume or reject an unexpired lease under section 365 of the Bankruptcy Code in the exercise of its "business judgment").   Under this standard, courts must approve a debtor's business decision unless that decision is the product of bad faith, whim, or caprice.  *See, e.g.*, *Westbury Real Estate Ventures, Inc. v. Bradlees, Inc. (In re Bradlees Stores, Inc.)*, 194 B.R. 555, 558 n.1 (Bankr. S.D.N.Y. 1996).  Courts generally do not second-guess a debtor's business decision to assume executory contracts.  *See, e.g.*, *In re MF Global Holdings Ltd.*, 466 B.R. 239, 242 (Bankr. S.D.N.Y. 2012); *In re Delta Airlines, Inc.*, 359 B.R. 468, 476 (Bankr. S.D.N.Y. 2006) (explaining that the business judgment rule "basically means that if [rejection] makes sense for the debtor in the judgment of management, the motion to reject will be granted").

16.     Here, all statutory predicates to assumption under section 365 are satisfied. First, the Swissport Agreement is an "executory contract" within the meaning of section 365 of the Bankruptcy Code because all parties involved have material ongoing obligations under the Swissport Agreement as of the Commencement Date.   Specifically, Swissport is required to continue providing the Services on an ongoing basis, and the Consortium is required to compensate Swissport for the Services.  Second, Swissport has agreed to costs in the amount of CAD 42,755.46 (approximately USD 32,194) to cure any prepetition monetary defaults under the Swissport Agreement.  Third, the Consortium has also provided adequate assurance of future performance, as it projects having sufficient liquidity to satisfy its postpetition operating expenses as set forth in the Hughes Declaration.

17.     Additionally, the assumption of the Swissport Agreement is a proper exercise of the Debtors' business judgment.   The Services are an important component of the Debtors' operations.  Specifically, the Services enable the Debtors to properly handle their aircraft while on the ground as well as passenger boarding and offloading.  As such, the Services supplied

6

by Swissport are critical to the Debtors' ability to provide a positive customer experience. If the Debtors lost access to the Swissport Agreement, they would not be able to conduct ground handling in the most efficient and cost effective manners.

18.    For the foregoing reasons, the Debtors submit that they have satisfied all requirements to assume the Swissport Agreement pursuant to section 365 of the Bankruptcy Code and that the relief requested is necessary, appropriate, and in the best interests of the Consortium, its estate, and all other parties in interest in these chapter 11 cases. Accordingly, the Court should authorize the relief requested by this Motion.

### Notice

19.    Notice of this Motion will be provided in accordance with the procedures set forth in the *Order Implementing Certain Notice and Case Management Procedures* [ECF No. 292]. The Debtors respectfully submit that no further notice is required.

20.    No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated:  January 9, 2024
        New York, New York

/s/  Lauren Tauro
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Gary T. Holtzer
Kelly DiBlasi
David Griffiths
Lauren Tauro

*Attorneys for Debtors
and Debtors in Possession*

**<u>Exhibit A</u>**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
                                                             :

In re                                 :          **Chapter 11**

                                            :

**SAS AB**, *et al.*,                    :          **Case No. 22-10925 (MEW)**

                                            :

                       **Debtors.**[1]     :          **(Jointly Administered)**

                                            :          **ECF No. [●]**

-------------------------------------------------------------x

## ORDER AUTHORIZING DEBTORS
## TO ASSUME EXECUTORY CONTRACT

Upon the motion, dated January 9, 2024 (the "**Motion**"),[2] of SAS AB and its debtor subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to section 365(a) of the Bankruptcy Code, Bankruptcy Rule 6006, and Local Rule 6006-1, for entry of an order authorizing the Consortium to assume the Swissport Agreement, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and upon the Hughes Declaration; and upon

---

[1] The Debtors in these chapter 11 cases are SAS AB, SAS Danmark A/S, SAS Norge AS, SAS Sverige AB, Scandinavian Airlines System Denmark-Norway-Sweden, Scandinavian Airlines of North America Inc. (2393), Gorm Asset Management Ltd., Gorm Dark Blue Ltd., Gorm Deep Blue Ltd., Gorm Sky Blue Ltd., Gorm Warm Red Ltd., Gorm Light Blue Ltd., Gorm Ocean Blue Ltd., and Gorm Engine Management Ltd.  The Debtors' mailing address is AVD kod: STOUU-T, SE-195 87 Stockholm, Sweden.

[2] All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

any hearing held on the Motion; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted to the extent set forth herein.

2.      Pursuant to section 365 of the Bankruptcy Code, Bankruptcy Rule 6006, and Local Rule 6006-1, the Swissport Agreement, as amended by the Amendments, is hereby approved and assumed as of the date of the entry of this Order.

3.      The Debtors are authorized to cure existing defaults under the Swissport Agreement, as amended by the Amendments, as required by section 365(b)(1)(A) of the Bankruptcy Code, promptly after this Court's entry of this Order.

4.      The Debtors have provided adequate assurance of future performance under the Swissport Agreement to the extent required pursuant to section 365(b) of the Bankruptcy Code.

5.      The Debtors are further authorized to continue honoring, performing, and exercising their respective rights and obligations in the ordinary course of business in accordance with the Swissport Agreement.

6.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

7.       This Court shall retain jurisdiction to hear and determine all matters arising

from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____, 2024
          New York, New York

_____
THE HONORABLE MICHAEL E. WILES
UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit B</u>**

**Hughes Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
In re                                                 :     **Chapter 11**
                                                      :
**SAS AB,** *et al.***,**                             :     **Case No. 22-10925 (MEW)**
                                                      :
                         **Debtors.**[1]              :     **(Jointly Administered)**
-------------------------------------------------------------X

## DECLARATION OF GINGER HUGHES IN SUPPORT OF
## MOTION OF DEBTORS FOR AUTHORITY TO ASSUME EXECUTORY CONTRACT

I, Ginger Hughes, make this declaration under 28 U.S.C. § 1746:

1.      I am the Chief Transformation Officer of SAS AB and its debtor subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**").  I submit this declaration (the "**Declaration**") in support of the *Motion of Debtors for Authority to Assume Executory Contract* (the "**Motion**") filed contemporaneously with this Declaration.[2]

2.      I have extensive experience working with financially troubled companies in complex financing restructurings, both out-of-court and in chapter 11 cases.  I have over 30 years of global airline experience, covering a wide range of matters, including strategy, fleet financing, crisis management, cash conservation, due diligence, strategic sourcing negotiations, cost reduction programs, and mergers and acquisitions.  Prior to joining the Debtors in August 2023, I was a Managing Director and Partner of Seabury International Corporate Finance LLC and its

---

[1] The Debtors in these chapter 11 cases are SAS AB, SAS Danmark A/S, SAS Norge AS, SAS Sverige AB, Scandinavian Airlines System Denmark-Norway-Sweden, Scandinavian Airlines of North America Inc. (2393), Gorm Asset Management Ltd., Gorm Dark Blue Ltd., Gorm Deep Blue Ltd., Gorm Sky Blue Ltd., Gorm Warm Red Ltd., Gorm Light Blue Ltd., Gorm Ocean Blue Ltd., and Gorm Engine Management Ltd.  The Debtors' mailing address is AVD kod: STOUU-T, SE-195 87 Stockholm, Sweden.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

broker-dealer affiliates, Seabury Securities LLC and Seabury Securities (UK) Ltd. (collectively, "**Seabury**"), which serves as the principal restructuring advisor, co-lead investment banker, and financial advisor to the Debtors. Through Seabury, I have advised stakeholders in nearly every major airline restructuring. I have advised several major airlines during their in-court and out-of-court restructurings, including Avianca, Republic, Pinnacle (now Endeavor), Frontier, South African Airways, Northwest, Air Canada, and US Airways. Prior to joining Seabury, I was a Senior Manager and leader of Ernst & Young's global airline group from 1993 to 2001. During that time, I served numerous clients, including Southwest Airlines, British Airways, American Airlines, and Hilton International. I led execution teams for various completed and proposed transactions, including the American Airlines/British Airways alliance, the British Airways/Qantas Airlines joint services, the proposed privatization of LOT Polish Airlines and Iberia Airlines, and Hilton International's acquisition of Stakis Hotels.

3.  Except as otherwise indicated, all statements in this Declaration are based on my personal knowledge of the Debtors' operations and finances, my discussions with other members of senior management, and the Debtors' advisors, and my review of relevant documents or my opinion based upon my experience. If called to testify, I would testify to each of the facts set forth herein based on such personal knowledge, discussions, review of documents, or my opinions based upon my related professional experience.

4.  I am not being specifically compensated for this testimony. I am over the age of 18 and authorized to submit this Declaration on behalf of the Debtors.

## Executory Contract Review Process

5.  The Debtors and their non-Debtor affiliates are one of the largest airlines in Scandinavia and serve as the flag carrier of Denmark, Norway, and Sweden. Reflecting trends in

the global airline industry, prior to the Commencement Date, the Debtors experienced significant reductions in revenue directly attributable to the COVID-19 pandemic and measures put in place to stop the spread of the virus.  To address these challenges and better compete within the airline industry, the Debtors developed a comprehensive transformation plan, known as SAS FORWARD, which the Debtors seek to implement during these chapter 11 cases.  An instrumental part of the SAS FORWARD plan is implementing measures to increase profit margins.

6.     With the assistance of their advisors, the Debtors are in the process of conducting a comprehensive review of their business to determine how best to optimize operations to achieve greater profitability.  In connection with this process, the Debtors have sought to identify executory contracts that are critical to their operations and consistent with the earnings improvement measures set forth in the SAS FORWARD plan as well as executory contracts that no longer fit their go-forward business plan.

### Swissport Agreement

7.     Pursuant to the Swissport Agreement, Swissport supplies the Debtors with certain ground handling services (the "**Services**").  The Services are essential to the Debtors' business operations because they enable the Debtors to facilitate passenger boarding and offloading at certain airports where the Debtors' operate flights.  Without the Services, the Debtors would not be able to ensure ground handling at such airports is conducted in the most effective and efficient manners.

8.     In line with the Debtors' restructuring efforts and goals, the Debtors engaged in negotiations with Swissport to amend certain terms of the Swissport Agreement.  Prior to the date hereof, the Debtors and Swissport agreed to such amendments (the "**Amendments**").  Among other things, the Amendments (i) extend the term during which Swissport will provide the

Services and (ii) provide for cost control mechanisms that will result in enhanced profitability for the Debtors.

9.    In light of the foregoing, I understand that the Debtors have determined to implement the Amendments and seek to assume the Swissport Agreement.  To do so, I further understand that the Bankruptcy Code requires the Debtors to satisfy certain assumption requirements, which I believe they have satisfied.  Specifically, I understand that (i) the parties have material ongoing obligations under the Swissport Agreement, (ii) Swissport has agreed to costs in the amount of CAD 42,755.46 (approx. USD 32,194) to cure any prepetition monetary defaults under the Swissport Agreement, and (iii) the Debtors are sufficiently capitalized and maintain sufficient liquidity to pay any obligations under the Swissport Agreement as they become due, thus providing adequate assurance of future performance.[3]

10.    Further, the Services provided under the Swissport Agreement are an important component of the Debtors' operations.  Specifically, the Services enable the Debtors to properly handle their aircraft while on the ground as well as passenger boarding and offloading. As such, the Services supplied by Swissport are critical to the Debtors' ability to provide a positive customer experience.  As amended, the Swissport Agreement will allow the Debtors to ensure continuation of those critical services at a lower cost, which is consistent with the earnings improvement measures set forth in the SAS FORWARD plan.  If the Debtors were to lose access to the Swissport Agreement, I understand that they would not be able to conduct ground handling in the most cost and operationally efficient manners.  Accordingly, I believe the Consortium's assumption of the Swissport Agreement reflects a proper exercise of its business judgment and should be approved.

---

[3] As of November 30, 2023, the Debtors held approximately $479.4 million in cash.

11.     I declare under penalty of perjury that the foregoing is true and correct to

the best of my knowledge.


Dated:  January 9, 2024
        Stockholm, Sweden

/s/  Ginger Hughes
Ginger Hughes