WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Gary T. Holtzer
Kelly DiBlasi
David Griffiths
Lauren Tauro

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------- x

| | | |
|---|---|---|
| **In re** | : | **Chapter 11** |
| | : | |
| **SAS AB, *et al.*,** | : | **Case No. 22-10925 (MEW)** |
| | : | |
| Debtors.[1] | : | **(Jointly Administered)** |
| | : | **Re: ECF Nos. 1733, 1843, 1846 & 1905** |

-------------------------------------------------------- X

**NOTICE OF FILING OF FURTHER REVISED PROPOSED ORDER
(I) APPROVING (A) DISCLOSURE STATEMENT, (B) SOLICITATION, VOTING,
AND RELATED PROCEDURES, AND (C) PROPOSED CURE PROCEDURES,
(II) SCHEDULING CONFIRMATION HEARING, (III) ESTABLISHING NOTICE
AND OBJECTION PROCEDURES FOR CONFIRMATION OF DEBTORS'
AMENDED CHAPTER 11 PLAN, AND (IV) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE THAT**, on December 19, 2023, SAS AB and its debtor

subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases

(collectively, the "**Debtors**"), filed the *Motion of Debtors for Entry of an Order (I) Approving*

*(A) Disclosure Statement, (B) Solicitation, Voting, and Related Procedures, and (C) Proposed*

*Cure Procedures, (II) Scheduling Confirmation Hearing, (III) Establishing Notice and Objection*

---

[1] The Debtors in these chapter 11 cases are SAS AB, SAS Danmark A/S, SAS Norge AS, SAS Sverige AB, Scandinavian Airlines System Denmark-Norway-Sweden, Scandinavian Airlines of North America Inc. (2393), Gorm Asset Management Ltd., Gorm Dark Blue Ltd., Gorm Deep Blue Ltd., Gorm Sky Blue Ltd., Gorm Warm Red Ltd., Gorm Light Blue Ltd., Gorm Ocean Blue Ltd., and Gorm Engine Management Ltd. The Debtors' mailing address is AVD kod: STOUU-T, SE-195 87 Stockholm, Sweden.

*Procedures for Confirmation of Debtors' Chapter 11 Plan, and (IV) Granting Related Relief* [ECF No. 1733] (the "**Disclosure Statement Motion**"), with a form of proposed order attached thereto as <u>Exhibit A</u>.

          **PLEASE TAKE FURTHER NOTICE THAT**, on January 23, 2024, the Debtors filed a revised proposed order granting the relief requested in the Disclosure Statement Motion [ECF No. 1846] (the "**Revised Proposed Order**").

          **PLEASE TAKE FURTHER NOTICE THAT**, the Debtors hereby filed a further revised proposed order granting the relief requested in the Disclosure Statement Motion, a copy of which is attached hereto as <u>**Exhibit A**</u> (the "**Further Revised Proposed Order**").

          **PLEASE TAKE FURTHER NOTICE THAT**, attached hereto as <u>**Exhibit B**</u> is a redline of the Further Revised Proposed Order marked against the Revised Proposed Order (the "**Redline**").

Dated: February 4, 2024
      New York, New York

                                 */s/ Gary T. Holtzer*
                                 WEIL, GOTSHAL & MANGES LLP
                                 767 Fifth Avenue
                                 New York, New York 10153
                                 Telephone: (212) 310-8000
                                 Facsimile: (212) 310-8007
                                 Gary T. Holtzer
                                 Kelly DiBlasi
                                 David Griffiths
                                 Lauren Tauro

                                 *Attorneys for Debtors*
                                 *and Debtors in Possession*

# **Exhibit A**

## **Further Revised Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re                                          :      **Chapter 11**
                                               :
**SAS AB,** *et al.*,                          :      **Case No. 22-10925 (MEW)**
                                               :
                    **Debtors.[1]**            :      **(Jointly Administered)**
                                               :      **ECF Nos. 1733, 1905**
---------------------------------------------------------------x

## ORDER (I) APPROVING (A) DISCLOSURE STATEMENT, (B) SOLICITATION, VOTING, AND RELATED PROCEDURES, AND (C) PROPOSED CURE PROCEDURES, (II) SCHEDULING CONFIRMATION HEARING, (III) ESTABLISHING NOTICE AND OBJECTION PROCEDURES FOR CONFIRMATION OF DEBTORS' SECOND AMENDED CHAPTER 11 PLAN, AND (IV) GRANTING RELATED RELIEF

Upon the motion, dated December 19, 2023 (the "**Motion**"),[2] of SAS AB and its

debtor subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases

(collectively, the "**Debtors**"), pursuant to sections 105, 365, 1125, 1126, and 1128 of the

Bankruptcy Code, Bankruptcy Rules 2002, 3016, 3017, 3018, 3020, and 9006, and Local Rules

2002-1, 3017-1, 3018-1, 3020-1, and 9006-1, for entry of an order (I) approving the (A) Disclosure

Statement,[3] (B) Solicitation and Voting Procedures, and (C) proposed Cure Procedures,

(II) scheduling the Confirmation Hearing, (III) establishing notice and objection procedures for

confirmation of the Plan,[4] and (IV) granting related relief, all as more fully set forth in the Motion;

and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant

---

[1] The Debtors in these chapter 11 cases are SAS AB, SAS Danmark A/S, SAS Norge AS, SAS Sverige AB, Scandinavian Airlines System Denmark-Norway-Sweden, Scandinavian Airlines of North America Inc. (2393), Gorm Asset Management Ltd., Gorm Dark Blue Ltd., Gorm Deep Blue Ltd., Gorm Sky Blue Ltd., Gorm Warm Red Ltd., Gorm Light Blue Ltd., Gorm Ocean Blue Ltd., and Gorm Engine Management Ltd. The Debtors' mailing address is AVD kod: STOUU-T, SE-195 87 Stockholm, Sweden.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

[3] For purposes of this Order, "**Disclosure Statement**" shall mean the *Disclosure Statement for Second Amended Joint Chapter 11 Plan of Reorganization of SAS AB and Its Subsidiary Debtors* [ECF No. 1905].

[4] For purposes of this Order, "**Plan**" shall mean the *Second Amended Joint Chapter 11 Plan of Reorganization of SAS AB and Its Subsidiary Debtors* [ECF No. 1904].

to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and upon any hearing held on the Motion; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT:**[5]

A.      <u>Disclosure Statement</u>.    The Disclosure Statement contains adequate information within the meaning of section 1125 of the Bankruptcy Code.

B.      <u>Voting Procedures</u>.  The procedures set forth herein and in the Ballots for the solicitation and tabulation of votes to accept or reject the Plan provide for a fair and equitable process and are consistent with section 1126 of the Bankruptcy Code.

C.      <u>Solicitation</u>.  The period during which the Debtors may solicit acceptances of the Plan is a reasonable period of time for parties entitled to vote on the Plan to make an informed decision to either accept or reject the Plan and timely return Ballots evidencing such

---

[5] The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.  To the extent any findings of fact constitute conclusions of law, they are adopted as such. To the extent any conclusions of law constitute findings of fact, they are adopted as such.

decision. The procedures for transmitting the documents and information required by Bankruptcy Rule 3017(d) to the holders of Claims against and Interests in the Debtors are adequate and appropriate.

D. **Notice of Confirmation Hearing**. The procedures set forth in the Motion, and as modified below, regarding notice to all parties in interest of the time, date, and place of the Confirmation Hearing and the filing of objections to confirmation of the Plan, and the distribution and contents of the Solicitation Packages, including the Confirmation Hearing Notice, comply with Bankruptcy Rules 2002 and 3017 and Local Rule 9006-1 and constitute sufficient notice to all interested parties.

E. **Ballots**. The Ballots, substantially in the forms annexed hereto as **Exhibits A-2**, **A-3**, **A-4**, **A-5**, and **A-6**, are consistent with Official Form No. 314, adequately address the particular needs of these cases, and are appropriate for the Classes entitled to vote on the Plan. No further information or instructions are necessary with respect to the Ballots.

F. **Parties Entitled to Vote**. Pursuant to the Plan, holders of Claims in Class 3 (Aircraft Lease Claims, Trade Claims, and Union Claims), Class 4 (Danish Term Loan Claims, Swedish Term Loan Claims, and Norwegian Term Loan Claims), Class 5 (Commercial Hybrid Bond Claims, Other General Unsecured Claims, and Intercompany Claims), and Class 6 (Convenience Class Claims) are Impaired under the Plan and entitled to vote on account of such Claims.

G. **Parties Not Entitled to Vote**. Ballots need not be provided to the holders of Claims in Class 1 (Other Secured Claims), Class 2 (Other Priority Claims), and Class 9 (Intercompany Interests) because such Classes are Unimpaired under the Plan and, therefore, are conclusively presumed to accept the Plan pursuant to section 1126(f) of the Bankruptcy Code and

not entitled to vote.  Ballots need not be provided to the holders of Claims in Class 7 (Intercompany Claims), Class 8 (Swiss Bond Claims), Class 10 (State Hybrid Bond Claims and Danish State Hybrid Bond Claims), and Class 11 (Existing Equity Interests in SAS AB) because such Classes are not receiving or retaining any property under the Plan, are conclusively deemed to reject the Plan pursuant to section 1126(g) of the Bankruptcy Code, and thus are not entitled to vote.

H.    <u>Notices of Non-Voting Status</u>.    The Notices of Non-Voting Status, substantially in the forms annexed hereto as **<u>Exhibits A-7</u>** and **<u>A-8</u>**, comply with the Bankruptcy Code, applicable Bankruptcy Rules, and applicable Local Rules and, together with the Confirmation Hearing Notice, provide adequate notice to holders of Claims and Interests in the Non-Voting Classes of their non-voting status and the Confirmation Hearing.  With respect to holders of Claims in the Non-Voting Impaired Classes, the applicable Notice of Non-Voting Status also provides, in conspicuous text, that such holders have the election to opt-in to the third-party release provisions set forth in Section 10.7(b) of the Plan.  No further notice is necessary.

I.    <u>Cure Procedures</u>.    The Cure Procedures are reasonable and provide a sufficient timeline for filing objections relating to assumption or rejection of executory contracts and leases pursuant to the Plan.

J.    <u>Notice</u>.  All other notices to be provided pursuant to the procedures set forth in the Motion are good and sufficient notice to all parties in interest of all matters pertinent hereto and of all matters pertinent to the Confirmation Hearing.  No further notice is required.

**IT IS HEREBY ORDERED THAT:**

1.    The Motion is GRANTED to the extent set forth herein.

**Disclosure Statement**

2.    The Disclosure Statement contains adequate information in accordance with section 1125 of the Bankruptcy Code and is APPROVED.

3.     All objections, if any, to the Disclosure Statement or the Solicitation and Voting Procedures that have not been withdrawn or resolved are hereby overruled.

4.     The Disclosure Statement provides holders of Claims and Interests and all other parties in interest with sufficient notice of the releases, exculpatory provisions, and injunctions contained in Article X of the Plan, in satisfaction of the requirements of Bankruptcy Rule 3016(c).

**Solicitation and Voting Procedures**

*Temporary Allowance / Disallowance of Claims*

5.     Solely for purposes of voting to accept or reject the Plan, and not for the purpose of the allowance of, or distribution on account of, a Claim, and without prejudice to the rights of the Debtors in any other context, each Claim within the Voting Classes is temporarily Allowed in an amount equal to the liquidated, non-contingent, and undisputed amount of such Claim either as set forth in the Schedules or in a properly and timely filed proof of claim, subject to the following exceptions:

(a)     if a proof of claim was timely filed by the applicable Bar Date in an amount that is liquidated, non-contingent, and undisputed, such Claim is temporarily Allowed for voting purposes in the amount set forth on such proof of claim, unless such Claim is disputed as set forth in subparagraph (h) below (in which case, such Claim is treated as set forth in subparagraph (h) below for voting purposes);

(b)     if a Claim has been estimated or otherwise Allowed for voting purposes by order of this Court, such Claim is temporarily Allowed in the amount so estimated or Allowed by this Court;

(c)     if a Claim is listed in the Schedules as contingent, unliquidated, or disputed and a proof of claim has not yet been timely filed as of the applicable Bar Date, such Claim is disallowed for voting purposes;

(d)     if a proof of claim was timely filed by the applicable Bar Date in an amount that is wholly contingent or unliquidated, such Claim is accorded one vote and valued temporarily in the amount of one

dollar ($1.00), unless such Claim is disputed as set forth in subparagraph (h) below;

(e) if a Claim is filed in the amount of $0.00, the holder of such Claim shall not be entitled to vote on account of such Claim;

(f) if a Claim is filed in a currency other than U.S. Dollars and is not Allowed in a sum certain pursuant to the Plan, the Claim will be converted and Allowed for voting purposes in U.S. Dollars using the applicable exchange rate as of the Commencement Date;

(g) if a Claim is listed in the Schedules or on a proof of claim timely filed by the applicable Bar Date as contingent, unliquidated, or disputed, in part, such Claim is temporarily Allowed for voting purposes in the amount that is liquidated, non-contingent, and undisputed; and

(h) if the Debtors have filed an objection to or a request for estimation of a Claim on or before **February 23, 2024 at 4:00 p.m. (Prevailing Eastern Time)** (the "**Claim Objection and Estimation Deadline**"), such Claim is temporarily disallowed for voting purposes, except as ordered by this Court before the Voting Deadline (as defined below); *provided*, *however*, that, if the Debtors' objection seeks only to reclassify or reduce the Allowed amount of such Claim, then such Claim is temporarily Allowed for voting purposes in the reduced amount or as reclassified (as applicable), except as may be ordered by this Court before the Voting Deadline (as defined below).

6.      If any creditor seeks to challenge the allowance of its Claim for voting purposes, such creditor must file with this Court a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for voting purposes in a different amount (a "**Rule 3018(a) Motion**") no later than **February 23, 2024** (the "**Rule 3018(a) Motion Deadline**").

7.      Nothing in this Order shall affect or limit any party's rights to object to any proof of claim or Rule 3018(a) Motion.

8.      If this Court enters an order granting a Rule 3018(a) Motion (the "**Rule 3018(a) Order**") at least five days prior to the Voting Deadline, such creditor's ballot shall be counted (and reported in the Voting Certification) at the amount (and in accordance with the terms)

set forth in the applicable Rule 3018(a) Order.  If this Court does not enter the applicable Rule 3018(a) Order at least five days prior to the Voting Deadline, such creditor's vote will not be reflected in the Voting Certification as being counted in accordance with the Rule 3018(a) Order. Rather, such vote will be counted in accordance with the guidelines set forth in paragraph 5 above.

### *Voting Record Date*

9.      The Voting Record Date for purposes of determining which parties (i) are entitled to vote on the Plan, (ii) will receive the applicable Notice of Non-Voting Status, and (iii) will receive the Confirmation Hearing Notice shall be **January 26, 2024**.

10.      For holders of Claims subject to the Voting Record Date, no transfer of Claim(s) pursuant to Bankruptcy Rule 3001 shall be recognized unless (i) documentation evidencing such transfer was filed with this Court on or before five days prior to the Voting Record Date, (ii) the transfer is not defective, and (iii) no timely objection with respect to such transfer was filed by the transferor.  In instances where a Claim has been the subject of one or more partial transfers, each holder of a portion of such Claim shall be deemed to hold one Claim for numerosity purposes.  If a transfer pursuant to Bankruptcy Rule 3001 has been timely and appropriately effectuated, the transferee shall be entitled to receive a Solicitation Package and, if the holder of such Claim is entitled to vote with respect to the Plan, cast a ballot on account of such Claim only if all actions necessary to transfer such Claim are completed by the Voting Record Date.  In the event a Claim is transferred after the Voting Record Date, the transferee of such Claim shall be bound by any vote on the Plan made by the holder of such Claim as of the Voting Record Date.

*Solicitation Date*

11.     The Debtors shall, in coordination with the Claims and Solicitation Agent, commence solicitation of the Plan in accordance with the procedures set forth in the Motion within five Business Days of the entry of this Order (the "**Solicitation Date**").

*Solicitation Packages*

12.     The Solicitation Packages are APPROVED.

13.     The Debtors shall mail the Solicitation Packages to holders of Claims in the Voting Classes entitled to vote on the Plan as of the Voting Record Date as soon as practicable after entry of this Order, but not later than the Solicitation Date.

14.     The Debtors shall provide complete Solicitation Packages (excluding Ballots) to the U.S. Trustee.

15.     Additionally, all parties in interest required to be notified under Bankruptcy Rule 2002 and Local Rule 2002-1 will receive a copy of the Confirmation Hearing Notice.

16.     With respect to holders of Claims or Interests in the Non-Voting Classes, the Debtors shall provide the applicable Notice of Non-Voting Status, which sets forth instructions for obtaining a copy of the as-entered Proposed Order, the Plan, the Disclosure Statement, and the Confirmation Hearing Notice.  Consistent with sections 1126(f) of the Bankruptcy Code and Bankruptcy Rule 3017(d), Solicitation Packages for holders of Claims or Interests in the Non-Voting Classes will not include a Ballot.

17.     With respect to holders of Commercial Hybrid Bond Claims in Class 5 against SAS AB, the Debtors shall deliver (or cause to be delivered) Solicitation Packages, including Beneficial Holder Ballots and Master Ballots, substantially in the forms annexed hereto as **Exhibits A-4** and **A-5** respectively, to the Voting Nominees that hold such securities of record

as of the Voting Record Date on behalf of the Beneficial Holders. Each Voting Nominee will receive a sufficient number of Beneficial Holder Ballots and Solicitation Packages to distribute to the Beneficial Holders for whom such Voting Nominee is the record holder. If a Voting Nominee does not receive a sufficient number of Solicitation Packages, it may request additional copies from the Claims and Solicitation Agent.

18. The Debtors shall not be required to send Solicitation Packages or Notices of Non-Voting Status to holders of Claims (i) that have already been paid in full during these chapter 11 cases, (ii) whose prior mailing address in these chapter 11 cases were returned as undeliverable, and who have not provided a forwarding address by the Voting Record Date, (iii) whose proof of claim did not contain a sufficiently completed address to enable the Debtors to send such materials, and (iv) holders of Claims or Interests that are non-Debtor Affiliates. However, if any such holder would be entitled to receive a Solicitation Package or Notice of Non-Voting Status for any other reason, the Debtors shall send such holder a Solicitation Package in accordance with the procedures set forth herein and in the Motion.

19. The Debtors shall only be required to send one Solicitation Package and the appropriate number of Ballots (if applicable) to holders of Claims who have filed (i) duplicate Claims against the Debtors that are classified under the Plan in the same Class, or (ii) Claims that amend or supersede previously filed Claims; *provided*, *however*, that nothing in this paragraph 19 alters any temporary disallowance for voting purposes of any Claim pursuant to subparagraph 5(h) above.

*Ballots*

20.    The Ballots, substantially in the forms annexed hereto as **Exhibits A-2**, **A-3**, **A-4**, **A-5**, and **A-6**, are APPROVED and to be distributed, as applicable, to the holders of Claims in the Voting Classes.

21.    All Ballots must be properly executed, completed, and delivered to the Claims and Solicitation Agent by (i) first-class mail (whether in the return envelope provided with each Ballot or otherwise), (ii) electronic, online submission at the Case Website, (iii) overnight courier, or (iv) hand delivery, in each case so that they are actually received by the Claims and Solicitation Agent no later than **March 1, 2024 at 4:00 p.m. (Prevailing Eastern Time)** (the "**Voting Deadline**").

22.    The Debtors, in their sole discretion, and after consultation with the Creditors' Committee and the Investors, are authorized to grant an extension of the Voting Deadline in writing with respect to any Ballot received after the Voting Deadline.

23.    Holders of Claims in the Voting Classes may cast an electronic ballot ("**E-Ballot**") and electronically sign and submit such E-Ballot via the Claims and Solicitation Agent's E-Ballot Portal by the Voting Deadline; *provided*, *however*, that a Master Ballot may not be submitted as an E-Ballot.   For the avoidance of doubt, holders may only cast Ballots electronically via the E-Ballot Portal, other than Master Ballots and Beneficial Holder Ballots, which may be submitted via electronic mail service.   Ballots submitted by electronic mail, facsimile, or any other means of electronic submission not specifically authorized by the procedures set forth herein shall not be counted.

24.    To assist in the solicitation process, the Claims and Solicitation Agent may, but is not obligated to, contact parties that submit incomplete or otherwise deficient Ballots to

make a reasonable effort to cure such deficiencies.  Unless waived, any defects or irregularities in connection with the delivery of a Ballot must be cured within such time as the Debtors (or this Court) determines.  Neither the Debtors, the Claims and Solicitation Agent, nor any other person will be under any duty to provide notification of defects or irregularities with respect to such Ballots nor will any of them incur any liabilities for failure to provide such notification.  Delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived.  Ballots previously furnished (and as to which any irregularities have not been cured or waived) will be invalidated.

25.     In accordance with standard procedures for noticing and soliciting beneficial holders of European-currency-denominated publicly-traded securities (such as Euros or Swedish Krona), the applicable European securities depositories or trustees are authorized to solicit and collect votes from the applicable Beneficial Holders electronically and for those depositories (or trustees) to convey such votes via SWIFT to Kroll Issuer Services Limited in the United Kingdom ("**KIS UK**"), the Claims and Solicitations Agent's SWIFT-enabled European affiliate.  KIS UK, in turn, shall forward such voting results to the Claims and Solicitation Agent via a Master Ballot.

26.     The Debtors are further authorized to reserve their rights to, after consultation with the Creditors' Committee, waive any defects or irregularities or conditions of delivery as to any particular Ballot.  The interpretation (including the Ballots and the respective instructions thereto) by the applicable Debtor in accordance with the foregoing sentence will be final and binding on all parties.

### *Notices of Non-Voting Status*

27.     The Notices of Non-Voting Status, substantially in the forms annexed hereto as **Exhibits A-7** and **A-8**, are APPROVED.

28.     The Debtors shall send the applicable Notices of Non-Voting Status to holders of Claims and Interests in the Non-Voting Classes in accordance with the procedures set forth in the Motion.  With respect to holders of Claims and Interests in the Non-Voting Impaired Classes, the applicable Notice of Non-Voting Status provides, in conspicuous text, that such holders have the election to opt-in to the third-party release provisions set forth in Section 10.7(b) of the Plan.  Such notice is sufficient and proper.

### *Tabulation Procedures*

29.     The following Tabulation Procedures are APPROVED:

(a)     whenever a holder of a Claim casts more than one Ballot voting the same Claim(s) against the same Debtor (or against multiple Debtors in the case of the Consolidated Debtors) before the Voting Deadline, the last valid Ballot received on or before the Voting Deadline shall be deemed to reflect such holder's intent, and thus, to supersede any prior Ballot;

(b)     whenever a holder of a Claim casts a Ballot that is properly completed, executed, and timely returned to the Claims and Solicitation Agent, but does not indicate either an acceptance or rejection of the Plan, the Ballot will not be counted;

(c)     whenever a holder of a Claim casts a Ballot that is properly completed, executed, and timely returned to the Claims and Solicitation Agent, but indicates both an acceptance and a rejection of the Plan, the Ballot will not be counted;

(d)     a holder of a Claim shall be deemed to have voted the full amount of its Claim in each Class and shall not be entitled to split its vote within a particular class or between more than one Debtor.  Any holder's Ballot that partially accepts and partially rejects the Plan, between the same or multiple Debtors, will not be counted;

(e)     whenever a holder of a Claim casts multiple Ballots received by the Claims and Solicitation Agent substantially simultaneously, but which are voted inconsistently, such Ballots will not be counted;

(f)     the following Ballots shall not be counted:

     (i)     any Ballot that is not properly submitted by the Voting Deadline, unless the Debtors shall have granted an extension of the Voting Deadline in writing with respect to such Ballot;

     (ii)     any Ballot that is illegible or contains insufficient information to permit the identification of the holder of such Claim;

     (iii)     any Ballot cast by a person or entity that does not hold a Claim in a Class that is entitled to vote to accept or reject the Plan;

     (iv)     any Ballot cast by a person who is not entitled to vote, even if such individual holds a Claim in a Voting Class;

     (v)     any unsigned Ballot;

     (vi)     any Ballot for which this Court determines, after notice and a hearing, that such vote was not solicited or procured in good faith or in accordance with the provisions of the Bankruptcy Code; or

     (vii)     any Ballot transmitted to the Claims and Solicitation Agent by means not specifically approved herein.

(g)     if a Ballot is being signed by a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or someone otherwise acting in a fiduciary or representative capacity, such person should indicate such capacity when signing and, if requested by the Claims and Solicitation Agent, the Debtors, or this Court, must submit proper evidence to the requesting party to so act on behalf of such holder.  In addition, authorized signatories should provide their name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot; and

(h)     a holder of Claims in more than one Class must use separate Ballots for each Class of Claims.

*Voting Certification*

30.     In accordance with Local Rule 3018-1(a), at least seven days prior to the Confirmation Hearing, the Claims and Solicitation Agent shall certify in writing (the "**Voting Certification**") the amount and number of Allowed Claims in the Voting Classes that vote to accept or reject the Plan, and the Debtors shall file the Voting Certification on the docket in these chapter 11 cases.

**Appointment of Proxy in Swedish SAS AB Reorganization**

31.     The appointment of each Authorized Representative (as defined below), on the terms set forth in the Ballots, is APPROVED.

32.     The Debtors are authorized to engage and compensate Christoffer Andersson, Victor Schander, Adam Kastengren Sandberg, Anna Litewka, and any other person appointed by Nordic Trustee & Agency AB (publ) (each an "**Authorized Representative**") to provide the proxy services as set forth in the Ballots in connection with the Swedish SAS AB Reorganization and Swedish Reorganization Plan (each as defined in the Plan).

**Procedures for Assumption or Rejection of Executory Contracts and Unexpired Leases**

33.     The Cure Notice, substantially in the form annexed hereto as **Exhibit A-9**, is APPROVED.

34.     The Cure Procedures set forth in the Motion regarding notice to all parties of the assumption or rejection of the applicable Debtor's executory contracts and unexpired leases, provide due, proper, and adequate notice, comport with due process and comply with Bankruptcy Rules 2002, 3017 and 3020, and are APPROVED.  No further or additional notice is required or necessary.

**Confirmation**

### *Confirmation Hearing*

35. The Confirmation Hearing shall be held on **March 19, 2024 at 1:00 p.m. (Prevailing Eastern Time)**. The Confirmation Hearing may be adjourned or continued from time to time by this Court or the Debtors without further notice other than adjournments announced in open Court or as indicated in any notice of agenda of matters scheduled for hearing filed with this Court.

### *Plan Supplement*

36. The Debtors shall file with this Court and post to the Case Website the Plan Supplement **no later than February 23, 2024**, other than GUC Documents (or, alternatively, term sheets identifying the material terms thereof prepared in consultation with the Creditors' Committee),[6] which shall be filed with this Court and posted to the Case Website **no later than February 20, 2024**. The Debtors are authorized to supplement or amend such Plan Supplement documents as necessary thereafter. If the Plan Objection Deadline or the Voting Deadline is extended, the Debtors shall be authorized to file the Plan Supplement by the earlier of seven days or 10 days, as applicable in accordance with this paragraph 36, prior to such extended Plan Objection Deadline or Voting Deadline, as applicable.

### *Plan Objection Procedures*

37. The Plan Objection Deadline is **March 11, 2024 at 4:00 p.m. (Prevailing Eastern Time)**.

---

[6] "**GUC Documents**" means the GUC Agreement, the GUC Implementation Steps, the GUC Interest Agreement (if any), the GUC Holding Period Trust Agreement (if any), and any other agreement or document necessary to give effect to the distribution and terms of GUC Interests in accordance with the Plan, which agreement(s) shall be included in the Plan Supplement (or for which term sheets shall be included in the Plan Supplement) and be in a form reasonably acceptable to the Debtors, Required Investors, and Creditors' Committee.

38.    Objections and responses, if any, to confirmation of the Plan must (i) be in writing, (ii) conform to the Bankruptcy Rules and the Local Rules, (iii) set forth the name of the objecting party and the nature and amount of Claims or Interests held or asserted by the objecting party against the Debtors' estates or property, (iv) provide the basis for the objection and the specific grounds thereof, and (v) be filed with this Court.

39.    The Plan Reply Deadline is **March 15, 2024 at 4:00 p.m. (Prevailing Eastern Time)**.

### *Confirmation Hearing Notice*

40.    The Confirmation Hearing Notice, substantially in the form annexed hereto as **<u>Exhibit A-1</u>**, is APPROVED.

41.    The Debtors shall publish the Confirmation Hearing Notice at least 28 days prior to the Plan Objection Deadline, or as soon as reasonably practicable thereafter, once in each of the national editions of *The New York Times*, *The Swedish Official Gazette*, *Svenska Dagbladet*, *Berlingske*, *Aftonposten*, and any other publication as determined by the Debtors, in the local language(s) of each publication.  Additionally, the Confirmation Hearing Notice will be available electronically on the Case Website.

### Miscellaneous

42.    The Debtors are authorized to make non-substantive changes to the Disclosure Statement, the Plan, the Ballots, and related documents without further order of this Court, including ministerial changes to correct typographical and grammatical errors and to make conforming changes among the Disclosure Statement, the Plan, the Ballots, and any other materials in the Solicitation Packages prior to mailing.

43.     The notice to be provided pursuant to the procedures set forth herein is good and sufficient notice to all parties in interest, and no other for further notice need be provided.

44.     The Debtors are authorized to take all reasonable actions necessary to effectuate the relief granted in this Order.

45.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____, 2024
          New York, New York

_____
THE HONORABLE MICHAEL E. WILES
UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit B</u>**

**Redline**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x

| | |
|---|---|
| In re | **:** |
| | **:** |
| **SAS AB,** *et al.*, | **:** |
| | **:** |
| Debtors.[1] | **:** |
| | **:** |
| | **:** |

------------------------------------------------------------ x

Chapter 11

**Case No. 22-10925 (MEW)**

**(Jointly Administered)**
**ECF Nos. 1733, ~~1843~~1905**

**ORDER (I) APPROVING (A) DISCLOSURE STATEMENT,
(B) SOLICITATION, VOTING, AND RELATED PROCEDURES,
AND (C) PROPOSED CURE PROCEDURES, (II) SCHEDULING
CONFIRMATION HEARING, (III) ESTABLISHING NOTICE AND
OBJECTION PROCEDURES FOR CONFIRMATION OF DEBTORS'
SECOND AMENDED CHAPTER 11 PLAN, AND (IV) GRANTING RELATED RELIEF**

Upon the motion, dated December 19, 2023 (the "**Motion**"),[2] of SAS AB and its debtor subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 105, 365, 1125, 1126, and 1128 of the Bankruptcy Code, Bankruptcy Rules 2002, 3016, 3017, 3018, 3020, and 9006, and Local Rules 2002-1, 3017-1, 3018-1, 3020-1, and 9006-1, for entry of an order (I) approving the (A) Disclosure Statement,[3] (B) Solicitation and Voting Procedures, and (C) proposed Cure Procedures, (II) scheduling the Confirmation Hearing, (III) establishing notice and objection procedures for confirmation of the Plan,[4] and (IV) granting related relief, all as more fully set

---

[1] The Debtors in these chapter 11 cases are SAS AB, SAS Danmark A/S, SAS Norge AS, SAS Sverige AB, Scandinavian Airlines System Denmark-Norway-Sweden, Scandinavian Airlines of North America Inc. (2393), Gorm Asset Management Ltd., Gorm Dark Blue Ltd., Gorm Deep Blue Ltd., Gorm Sky Blue Ltd., Gorm Warm Red Ltd., Gorm Light Blue Ltd., Gorm Ocean Blue Ltd., and Gorm Engine Management Ltd. The Debtors' mailing address is AVD kod: STOUU-T, SE-195 87 Stockholm, Sweden.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

[3] For purposes of this Order, "**Disclosure Statement**" shall mean the *Disclosure Statement for Second Amended Joint Chapter 11 Plan of Reorganization of SAS AB and Its Subsidiary Debtors* [ECF No. ~~1843~~1905].

[4] For purposes of this Order, "**Plan**" shall mean the *Second Amended Joint Chapter 11 Plan of Reorganization of SAS AB and Its Subsidiary Debtors* [ECF No. ~~1842~~1904].

forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and upon any hearing held on the Motion; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT:**[5]

A.    <u>Disclosure Statement</u>.    The Disclosure Statement contains adequate information within the meaning of section 1125 of the Bankruptcy Code.

B.    <u>Voting Procedures</u>.    The procedures set forth herein and in the Ballots for the solicitation and tabulation of votes to accept or reject the Plan provide for a fair and equitable process and are consistent with section 1126 of the Bankruptcy Code.

C.    <u>Solicitation</u>.    The period during which the Debtors may solicit acceptances of the Plan is a reasonable period of time for parties entitled to vote on the Plan to make an

---

[5] The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.  To the extent any findings of fact constitute conclusions of law, they are adopted as such.  To the extent any conclusions of law constitute findings of fact, they are adopted as such.

informed decision to either accept or reject the Plan and timely return Ballots evidencing such decision. The procedures for transmitting the documents and information required by Bankruptcy Rule 3017(d) to the holders of Claims against and Interests in the Debtors are adequate and appropriate.

D. <u>Notice of Confirmation Hearing</u>. The procedures set forth in the Motion, and as modified below, regarding notice to all parties in interest of the time, date, and place of the Confirmation Hearing and the filing of objections to confirmation of the Plan, and the distribution and contents of the Solicitation Packages, including the Confirmation Hearing Notice, comply with Bankruptcy Rules 2002 and 3017 and Local Rule 9006-1 and constitute sufficient notice to all interested parties.

E. <u>Ballots</u>. The Ballots, substantially in the forms annexed hereto as **Exhibits A-2**, **A-3**, **A-4**, **A-5**, and **A-6**, are consistent with Official Form No. 314, adequately address the particular needs of these cases, and are appropriate for the Classes entitled to vote on the Plan. No further information or instructions are necessary with respect to the Ballots.

F. <u>Parties Entitled to Vote</u>. Pursuant to the Plan, holders of Claims in Class 3 (Aircraft Lease Claims, Trade Claims, and Union Claims), Class 4 (Danish Term Loan Claims, Swedish Term Loan Claims, and Norwegian Term Loan Claims), Class 5 (Commercial Hybrid Bond Claims, Other General Unsecured Claims, and Intercompany Claims), and Class 6 (Convenience Class Claims) are Impaired under the Plan and entitled to vote on account of such Claims.

G.    Parties Not Entitled to Vote.  Ballots need not be provided to the holders of Claims in Class 1 (Other Secured Claims), Class 2 (Other Priority Claims), and Class 9 (Intercompany Interests) because such Classes are Unimpaired under the Plan and, therefore, are conclusively presumed to accept the Plan pursuant to section 1126(f) of the Bankruptcy Code and not entitled to vote.  Ballots need not be provided to the holders of Claims in Class 7 (Intercompany Claims), Class 8 (Swiss Bond Claims), Class 10 (State Hybrid Bond Claims and Danish State Hybrid Bond Claims), and Class 11 (Existing Equity Interests in SAS AB) because such Classes are not receiving or retaining any property under the Plan, are conclusively deemed to reject the Plan pursuant to section 1126(g) of the Bankruptcy Code, and thus are not entitled to vote.

H.    Notices of Non-Voting Status.  The Notices of Non-Voting Status, substantially in the forms annexed hereto as **Exhibits A-7** and **A-8**, comply with the Bankruptcy Code, applicable Bankruptcy Rules, and applicable Local Rules and, together with the Confirmation Hearing Notice, provide adequate notice to holders of Claims and Interests in the Non-Voting Classes of their non-voting status and the Confirmation Hearing.  With respect to holders of Claims in the Non-Voting Impaired Classes, the applicable Notice of Non-Voting Status also provides, in conspicuous text, that such holders have the election to opt-in to the third-party release provisions set forth in Section 10.7(b) of the Plan.  No further notice is necessary.

I.     <u>Cure Procedures</u>. The Cure Procedures are reasonable and provide a sufficient timeline for filing objections relating to assumption or rejection of executory contracts and leases pursuant to the Plan.

J.     <u>Notice</u>. All other notices to be provided pursuant to the procedures set forth in the Motion are good and sufficient notice to all parties in interest of all matters pertinent hereto and of all matters pertinent to the Confirmation Hearing. No further notice is required.

**IT IS HEREBY ORDERED THAT:**

1.     The Motion is GRANTED to the extent set forth herein.

**Disclosure Statement**

2.     The Disclosure Statement contains adequate information in accordance with section 1125 of the Bankruptcy Code and is APPROVED.

3.     All objections, if any, to the Disclosure Statement or the Solicitation and Voting Procedures that have not been withdrawn or resolved are hereby overruled.

4.     The Disclosure Statement provides holders of Claims and Interests and all other parties in interest with sufficient notice of the releases, exculpatory provisions, and injunctions contained in Article X of the Plan, in satisfaction of the requirements of Bankruptcy Rule 3016(c).

**Solicitation and Voting Procedures**

***Temporary Allowance / Disallowance of Claims***

5.     Solely for purposes of voting to accept or reject the Plan, and not for the purpose of the allowance of, or distribution on account of, a Claim, and without prejudice to the rights of the Debtors in any other context, each Claim within the Voting Classes is temporarily Allowed in an amount equal to the liquidated, non-contingent, and undisputed amount of such

Claim either as set forth in the Schedules or in a properly and timely filed proof of claim, subject to the following exceptions:

(a) if a proof of claim was timely filed by the applicable Bar Date in an amount that is liquidated, non-contingent, and undisputed, such Claim is temporarily Allowed for voting purposes in the amount set forth on such proof of claim, unless such Claim is disputed as set forth in subparagraph (h) below (in which case, such Claim is treated as set forth in subparagraph (h) below for voting purposes);

(b) if a Claim has been estimated or otherwise Allowed for voting purposes by order of this Court, such Claim is temporarily Allowed in the amount so estimated or Allowed by this Court;

(c) if a Claim is listed in the Schedules as contingent, unliquidated, or disputed and a proof of claim has not yet been timely filed as of the applicable Bar Date, such Claim is disallowed for voting purposes;

(d) if a proof of claim was timely filed by the applicable Bar Date in an amount that is wholly contingent or unliquidated, such Claim is accorded one vote and valued temporarily in the amount of one dollar ($1.00), unless such Claim is disputed as set forth in subparagraph (h) below;

(e) if a Claim is filed in the amount of $0.00, the holder of such Claim shall not be entitled to vote on account of such Claim;

(f) if a Claim is filed in a currency other than U.S. Dollars and is not Allowed in a sum certain pursuant to the Plan, the Claim will be converted and Allowed for voting purposes in U.S. Dollars using the applicable exchange rate as of the Commencement Date;

(g) if a Claim is listed in the Schedules or on a proof of claim timely filed by the applicable Bar Date as contingent, unliquidated, or disputed, in part, such Claim is temporarily Allowed for voting purposes in the amount that is liquidated, non-contingent, and undisputed; and

(h) if the Debtors have filed an objection to or a request for estimation of a Claim on or before **February 23, 2024 at 4:00 p.m. (Prevailing Eastern Time)** (the "**Claim Objection and Estimation Deadline**"), such Claim is temporarily disallowed for voting purposes, except as ordered by this Court before the Voting Deadline (as defined below); *provided*, *however*, that, if the Debtors' objection seeks only to reclassify or reduce the Allowed amount of such Claim, then such Claim is temporarily Allowed for

voting purposes in the reduced amount or as reclassified (as applicable), except as may be ordered by this Court before the Voting Deadline (as defined below).

6.     If any creditor seeks to challenge the allowance of its Claim for voting purposes, such creditor must file with this Court a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for voting purposes in a different amount (a "**Rule 3018(a) Motion**") no later than **February 23, 2024** (the "**Rule 3018(a) Motion Deadline**").

7.     Nothing in this Order shall affect or limit any party's rights to object to any proof of claim or Rule 3018(a) Motion.

8.     If this Court enters an order granting a Rule 3018(a) Motion (the "**Rule 3018(a) Order**") at least five days prior to the Voting Deadline, such creditor's ballot shall be counted (and reported in the Voting Certification) at the amount (and in accordance with the terms) set forth in the applicable Rule 3018(a) Order.  If this Court does not enter the applicable Rule 3018(a) Order at least five days prior to the Voting Deadline, such creditor's vote will not be reflected in the Voting Certification as being counted in accordance with the Rule 3018(a) Order.  Rather, such vote will be counted in accordance with the guidelines set forth in paragraph 5 above.

### *Voting Record Date*

9.     The Voting Record Date for purposes of determining which parties (i) are entitled to vote on the Plan, (ii) will receive the applicable Notice of Non-Voting Status, and (iii) will receive the Confirmation Hearing Notice shall be **January 26, 2024**.

10.    For holders of Claims subject to the Voting Record Date, no transfer of Claim(s) pursuant to Bankruptcy Rule 3001 shall be recognized unless (i) documentation

evidencing such transfer was filed with this Court on or before five days prior to the Voting Record Date, (ii) the transfer is not defective, and (iii) no timely objection with respect to such transfer was filed by the transferor.  In instances where a Claim has been the subject of one or more partial transfers, each holder of a portion of such Claim shall be deemed to hold one Claim for numerosity purposes.  If a transfer pursuant to Bankruptcy Rule 3001 has been timely and appropriately effectuated, the transferee shall be entitled to receive a Solicitation Package and, if the holder of such Claim is entitled to vote with respect to the Plan, cast a ballot on account of such Claim only if all actions necessary to transfer such Claim are completed by the Voting Record Date.  In the event a Claim is transferred after the Voting Record Date, the transferee of such Claim shall be bound by any vote on the Plan made by the holder of such Claim as of the Voting Record Date.

### Solicitation Date

11.     The Debtors shall, in coordination with the Claims and Solicitation Agent, commence solicitation of the Plan in accordance with the procedures set forth in the Motion within five Business Days of the entry of this Order (the "**Solicitation Date**").

### Solicitation Packages

12.     The Solicitation Packages are APPROVED.

13.     The Debtors shall mail the Solicitation Packages to holders of Claims in the Voting Classes entitled to vote on the Plan as of the Voting Record Date as soon as practicable after entry of this ~~Disclosure Statement~~ Order, but not later than the Solicitation Date.

14.     The Debtors shall provide complete Solicitation Packages (excluding Ballots) to the U.S. Trustee.

15.     Additionally, all parties in interest required to be notified under Bankruptcy Rule 2002 and Local Rule 2002-1 will receive a copy of the Confirmation Hearing Notice.

16.     With respect to holders of Claims or Interests in the Non-Voting Classes, the Debtors shall provide the applicable Notice of Non-Voting Status, which sets forth instructions for obtaining a copy of the as-entered Proposed Order, the Plan, the Disclosure Statement, and the Confirmation Hearing Notice.  Consistent with sections 1126(f) of the Bankruptcy Code and Bankruptcy Rule 3017(d), Solicitation Packages for holders of Claims or Interests in the Non-Voting Classes will not include a Ballot.

17.     With respect to holders of Commercial Hybrid Bond Claims in Class 5 against SAS AB, the Debtors shall deliver (or cause to be delivered) Solicitation Packages, including Beneficial Holder Ballots and Master Ballots, substantially in the forms annexed hereto as **Exhibits A-4** and **A-5** respectively, to the Voting Nominees that hold such securities of record as of the Voting Record Date on behalf of the Beneficial Holders.  Each Voting Nominee will receive a sufficient number of Beneficial Holder Ballots and Solicitation Packages to distribute to the Beneficial Holders for whom such Voting Nominee is the record holder.  If a Voting Nominee does not receive a sufficient number of Solicitation Packages, it may request additional copies from the Claims and Solicitation Agent.

18.     The Debtors shall not be required to send Solicitation Packages or Notices of Non-Voting Status to holders of Claims (i) that have already been paid in full during these chapter 11 cases, (ii) whose prior mailing address in these chapter 11 cases were returned as undeliverable, and who have not provided a forwarding address by the Voting Record Date, (iii) whose proof of claim did not contain a sufficiently completed address to enable the Debtors

to send such materials, and (iv) holders of Claims or Interests that are non-Debtor Affiliates. However, if any such holder would be entitled to receive a Solicitation Package or Notice of Non-Voting Status for any other reason, the Debtors shall send such holder a Solicitation Package in accordance with the procedures set forth herein and in the Motion.

19.     The Debtors shall only be required to send one Solicitation Package and the appropriate number of Ballots (if applicable) to holders of Claims who have filed (i) duplicate Claims against the Debtors that are classified under the Plan in the same Class, or (ii) Claims that amend or supersede previously filed Claims; *provided*, *however*, that nothing in this paragraph 19 alters any temporary disallowance for voting purposes of any Claim pursuant to subparagraph 5(h) above.

### *Ballots*

20.     The Ballots, substantially in the forms annexed hereto as **Exhibits A-2**, **A-3**, **A-4**, **A-5**, and **A-6**, are APPROVED and to be distributed, as applicable, to the holders of Claims in the Voting Classes.

21.     All Ballots must be properly executed, completed, and delivered to the Claims and Solicitation Agent by (i) first-class mail (whether in the return envelope provided with each Ballot or otherwise), (ii) electronic, online submission at the Case Website, (iii) overnight courier, or (iv) hand delivery, in each case so that they are actually received by the Claims and Solicitation Agent no later than **March 1, 2024 at 4:00 p.m. (Prevailing Eastern Time)** (the "**Voting Deadline**").

22.     The Debtors, in their sole discretion, and after consultation with the Creditors' Committee and the Investors, are authorized to grant an extension of the Voting Deadline in writing with respect to any Ballot received after the Voting Deadline.

23.     Holders of Claims in the Voting Classes may cast an electronic ballot ("**E-Ballot**") and electronically sign and submit such E-Ballot via the Claims and Solicitation Agent's E-Ballot Portal by the Voting Deadline; *provided*, *however*, that a Master Ballot may not be submitted as an E-Ballot.   For the avoidance of doubt, holders may only cast Ballots electronically via the E-Ballot Portal, other than Master Ballots and Beneficial Holder Ballots, which may be submitted via electronic mail service.   Ballots submitted by electronic mail, facsimile, or any other means of electronic submission not specifically authorized by the procedures set forth herein shall not be counted.

24.     To assist in the solicitation process, the Claims and Solicitation Agent may, but is not obligated to, contact parties that submit incomplete or otherwise deficient Ballots to make a reasonable effort to cure such deficiencies.   Unless waived, any defects or irregularities in connection with the delivery of a Ballot must be cured within such time as the Debtors (or this Court) determines.   Neither the Debtors, the Claims and Solicitation Agent, nor any other person will be under any duty to provide notification of defects or irregularities with respect to such Ballots nor will any of them incur any liabilities for failure to provide such notification.   Delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived.   Ballots previously furnished (and as to which any irregularities have not been cured or waived) will be invalidated.

25.     In accordance with standard procedures for noticing and soliciting beneficial holders of European-currency-denominated publicly-traded securities (such as Euros or Swedish Krona), the applicable European securities depositories or trustees are authorized to solicit and collect votes from the applicable Beneficial Holders electronically and for those depositories (or trustees) to convey such votes via SWIFT to Kroll Issuer Services Limited in the

United Kingdom ("**KIS UK**"), the Claims and Solicitations Agent's SWIFT-enabled European affiliate.  KIS UK, in turn, shall forward such voting results to the Claims and Solicitation Agent via a Master Ballot.

26.     The Debtors are further authorized to reserve their rights to, after consultation with the Creditors' Committee, waive any defects or irregularities or conditions of delivery as to any particular Ballot.  The interpretation (including the Ballots and the respective instructions thereto) by the applicable Debtor in accordance with the foregoing sentence will be final and binding on all parties.

### *Notices of Non-Voting Status*

27.     The Notices of Non-Voting Status, substantially in the forms annexed hereto as **Exhibits A-7** and **A-8**, are APPROVED.

28.     The Debtors shall send the applicable Notices of Non-Voting Status to holders of Claims and Interests in the Non-Voting Classes in accordance with the procedures set forth in the Motion.  With respect to holders of Claims and Interests in the Non-Voting Impaired Classes, the applicable Notice of Non-Voting Status provides, in conspicuous text, that such holders have the election to opt-in to the third-party release provisions set forth in Section 10.7(b) of the Plan.  Such notice is sufficient and proper.

### *Tabulation Procedures*

29.     The following Tabulation Procedures are APPROVED:

(a)     whenever a holder of a Claim casts more than one Ballot voting the same Claim(s) against the same Debtor (or against multiple Debtors in the case of the Consolidated Debtors) before the Voting Deadline, the last valid Ballot received on or before the Voting Deadline shall be deemed to reflect such holder's intent, and thus, to supersede any prior Ballot;

(b)     whenever a holder of a Claim casts a Ballot that is properly completed, executed, and timely returned to the Claims and

Solicitation Agent, but does not indicate either an acceptance or rejection of the Plan, the Ballot will not be counted;

(c) whenever a holder of a Claim casts a Ballot that is properly completed, executed, and timely returned to the Claims and Solicitation Agent, but indicates both an acceptance and a rejection of the Plan, the Ballot will not be counted;

(d) a holder of a Claim shall be deemed to have voted the full amount of its Claim in each Class and shall not be entitled to split its vote within a particular class or between more than one Debtor. Any holder's Ballot that partially accepts and partially rejects the Plan, between the same or multiple Debtors, will not be counted;

(e) whenever a holder of a Claim casts multiple Ballots received by the Claims and Solicitation Agent substantially simultaneously, but which are voted inconsistently, such Ballots will not be counted;

(f) the following Ballots shall not be counted:

(i) any Ballot that is not properly submitted by the Voting Deadline, unless the Debtors shall have granted an extension of the Voting Deadline in writing with respect to such Ballot;

(ii) any Ballot that is illegible or contains insufficient information to permit the identification of the holder of such Claim;

(iii) any Ballot cast by a person or entity that does not hold a Claim in a Class that is entitled to vote to accept or reject the Plan;

(iv) any Ballot cast by a person who is not entitled to vote, even if such individual holds a Claim in a Voting Class;

(v) any unsigned Ballot;

(vi) any Ballot for which this Court determines, after notice and a hearing, that such vote was not solicited or procured in good faith or in accordance with the provisions of the Bankruptcy Code; or

(vii) any Ballot transmitted to the Claims and Solicitation Agent by means not specifically approved herein.

(g) if a Ballot is being signed by a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or someone

otherwise acting in a fiduciary or representative capacity, such person should indicate such capacity when signing and, if requested by the Claims and Solicitation Agent, the Debtors, or this Court, must submit proper evidence to the requesting party to so act on behalf of such holder. In addition, authorized signatories should provide their name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot; and

(h) a holder of Claims in more than one Class must use separate Ballots for each Class of Claims.

### *Voting Certification*

30. In accordance with Local Rule 3018-1(a), at least seven days prior to the Confirmation Hearing, the Claims and Solicitation Agent shall certify in writing (the "**Voting Certification**") the amount and number of Allowed Claims in the Voting Classes that vote to accept or reject the Plan, and the Debtors shall file the Voting Certification on the docket in these chapter 11 cases.

### Appointment of Proxy in Swedish SAS AB Reorganization

31. The appointment of each Authorized Representative (as defined below), on the terms set forth in the Ballots, is APPROVED.

32. The Debtors are authorized to engage and compensate Christoffer Andersson, Victor Schander, Adam Kastengren Sandberg, Anna Litewka, and any other person appointed by Nordic Trustee & Agency AB (publ) (each an "**Authorized Representative**") to provide the proxy services as set forth in the Ballots in connection with the Swedish SAS AB Reorganization and Swedish Reorganization Plan (each as defined in the Plan).

### Procedures for Assumption or Rejection of Executory Contracts and Unexpired Leases

33. The Cure Notice, substantially in the form annexed hereto as **Exhibit A-9**, is APPROVED.

34.    The Cure Procedures set forth in the Motion regarding notice to all parties of the assumption or rejection of the applicable Debtor's executory contracts and unexpired leases, provide due, proper, and adequate notice, comport with due process and comply with Bankruptcy Rules 2002, 3017 and 3020, and are APPROVED.  No further or additional notice is required or necessary.

**Confirmation**

### Confirmation Hearing

35.    The Confirmation Hearing shall be held on **March 19, 2024 at ~~1~~1:00 ~~a~~p.m. (Prevailing Eastern Time)**.  The Confirmation Hearing may be adjourned or continued from time to time by this Court or the Debtors without further notice other than adjournments announced in open Court or as indicated in any notice of agenda of matters scheduled for hearing filed with this Court.

### Plan Supplement

36.    The Debtors shall file with this Court and post to the Case Website the Plan Supplement **no later than February 23, 2024** ~~and~~, other than GUC Documents (or, alternatively, term sheets identifying the material terms thereof prepared in consultation with the Creditors' Committee),[6] which shall be filed with this Court and posted to the Case Website **no later than February 20, 2024**.  The Debtors are authorized to supplement or amend such Plan Supplement documents as necessary thereafter.  If the Plan Objection Deadline or the Voting Deadline is extended, the Debtors shall be authorized to file the Plan Supplement by the earlier

---

[6] "**GUC Documents**" means the GUC Agreement, the GUC Implementation Steps, the GUC Interest Agreement (if any), the GUC Holding Period Trust Agreement (if any), and any other agreement or document necessary to give effect to the distribution and terms of GUC Interests in accordance with the Plan, which agreement(s) shall be included in the Plan Supplement (or for which term sheets shall be included in the Plan Supplement) and be in a form reasonably acceptable to the Debtors, Required Investors, and Creditors' Committee.

of seven days _or 10 days, as applicable in accordance with this paragraph 36,_ prior to such extended Plan Objection Deadline or Voting Deadline, as applicable.

### *Plan Objection Procedures*

37.     The Plan Objection Deadline is **March 11, 2024 at 4:00 p.m. (Prevailing Eastern Time)**.

38.     Objections and responses, if any, to confirmation of the Plan must (i) be in writing, (ii) conform to the Bankruptcy Rules and the Local Rules, (iii) set forth the name of the objecting party and the nature and amount of Claims or Interests held or asserted by the objecting party against the Debtors' estates or property, (iv) provide the basis for the objection and the specific grounds thereof, and (v) be filed with this Court.

39.     The Plan Reply Deadline is **March 15, 2024 at 4:00 p.m. (Prevailing Eastern Time)**.

### *Confirmation Hearing Notice*

40.     The Confirmation Hearing Notice, substantially in the form annexed hereto as **Exhibit A-1**, is APPROVED.

41.     The Debtors shall publish the Confirmation Hearing Notice at least 28 days prior to the Plan Objection Deadline, or as soon as reasonably practicable thereafter, once in each of the national editions of *The New York Times*, *The Swedish Official Gazette*, *Svenska Dagbladet*, *Berlingske*, *Aftonposten*, and any other publication as determined by the Debtors, in the local language(s) of each publication.  Additionally, the Confirmation Hearing Notice will be available electronically on the Case Website.

**Miscellaneous**

42.     The Debtors are authorized to make non-substantive changes to the Disclosure Statement, the Plan, the Ballots, and related documents without further order of this Court, including ministerial changes to correct typographical and grammatical errors and to make conforming changes among the Disclosure Statement, the Plan, the Ballots, and any other materials in the Solicitation Packages prior to mailing.

43.     The notice to be provided pursuant to the procedures set forth herein is good and sufficient notice to all parties in interest, and no other for further notice need be provided.

44.     The Debtors are authorized to take all reasonable actions necessary to effectuate the relief granted in this Order.

45.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____, 2024
        New York, New York

_____
THE HONORABLE MICHAEL E. WILES
UNITED STATES BANKRUPTCY JUDGE