WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Gary T. Holtzer
Kelly DiBlasi
David Griffiths
Lauren Tauro

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------- x

| | | |
|---|---|---|
| **In re** | : | **Chapter 11** |
| | : | |
| **SAS AB**, *et al.*, | : | **Case No. 22-10925 (MEW)** |
| | : | |
| **Debtors.**[1] | : | **(Jointly Administered)** |
| | : | **Re: ECF Nos. 1733, 1777 & 1905** |

-------------------------------------------------------- x

**NOTICE OF FILING OF REVISED EXHIBITS**
**FOR MOTION OF DEBTORS FOR ENTRY OF AN ORDER**
**(I) APPROVING (A) DISCLOSURE STATEMENT, (B) SOLICITATION VOTING,**
**AND RELATED PROCEDURES, AND (C) PROPOSED CURE PROCEDURES,**
**(II) SCHEDULING CONFIRMATION HEARING, (III) ESTABLISHING**
**NOTICE AND OBJECTION PROCEDURES FOR CONFIRMATION OF**
**DEBTORS' CHAPTER 11 PLAN, AND (IV) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE THAT**, on December 19, 2023, SAS AB and its debtor

subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases

(collectively, the "**Debtors**"), filed the *Motion of Debtors for Entry of an Order (I) Approving*

*(A) Disclosure Statement, (B) Solicitation, Voting, and Related Procedures, and (C) Proposed*

---

[1] The Debtors in these chapter 11 cases are SAS AB, SAS Danmark A/S, SAS Norge AS, SAS Sverige AB, Scandinavian Airlines System Denmark-Norway-Sweden, Scandinavian Airlines of North America Inc. (2393), Gorm Asset Management Ltd., Gorm Dark Blue Ltd., Gorm Deep Blue Ltd., Gorm Sky Blue Ltd., Gorm Warm Red Ltd., Gorm Light Blue Ltd., Gorm Ocean Blue Ltd., and Gorm Engine Management Ltd. The Debtors' mailing address is AVD kod: STOUU-T, SE-195 87 Stockholm, Sweden.

*Cure Procedures, (II) Scheduling Confirmation Hearing, (III) Establishing Notice and Objection Procedures for Confirmation of Debtors' Chapter 11 Plan, and (IV) Granting Related Relief* [ECF No. 1733] (the "**Disclosure Statement Motion**"),[2] which included the following exhibits to the proposed order attached to the Motion as <u>Exhibit A</u>:

- *Notice of Approval of Disclosure Statement, (II) Establishment of Voting Record Date, (III) Hearing on Confirmation of Plan and Procedures for Objecting to Confirmation of Plan, and (IV) Solicitation and Voting Procedures for Plan*, attached thereto as <u>Exhibit A-1</u> (the "**Notice of Approval of Disclosure Statement**");

- *Ballot for Holders of Claims in Class 3*, attached thereto as <u>Exhibit A-2</u>;

- *Ballot for Holders of Claims in Classes 4 and 5 Other Than Holder of Commercial Hybrid Bond Claims and Intercompany Claims*, attached thereto as <u>Exhibit A-3</u>;

- *Master Ballot for Commercial Hybrid Bond Claims in Class 5*, attached thereto as <u>Exhibit A-4</u>;

- *Beneficial Holder Ballot for Commercial Hybrid Bond Claims in Class 5*, attached thereto as <u>Exhibit A-5</u>;

- *Ballot for Holders of Claims in Class 6*, attached thereto as <u>Exhibit A-6</u>;

- *Notice of Non-Voting Status for Unimpaired Classes*, attached thereto as <u>Exhibit A- 7</u>;

- *Notice of Non-Voting Status for Impaired Classes and Opportunity to Opt-In to Third Party Releases*, attached thereto as <u>Exhibit A-8</u>; and

- *Notice Regarding (I) Executory Contracts and Unexpired Leases, (II) Proposed Cure Obligations, and (III) Related Procedures*, attached thereto as <u>Exhibit A-9</u> (the "**Cure Notice**").

**PLEASE TAKE FURTHER NOTICE THAT**, an updated Notice of Approval of Disclosure Statement is attached hereto as **<u>Exhibit A-1</u>**, along with a redline marked against the Notice of Approval of Disclosure Statement is attached hereto **<u>Exhibit A-2</u>**.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Disclosure Statement Motion.

**PLEASE TAKE FURTHER NOTICE THAT**, an updated form of *Ballot for Holders of Claims in Class 3* is attached hereto as **Exhibit B-1**, along with a redline marked against the form of *Ballot for Holders of Claims in Class 3* included with the Disclosure Statement Motion is attached hereto **Exhibit B-2**.

**PLEASE TAKE FURTHER NOTICE THAT**, an updated form of *Ballot for Holders of Claims in Class 4 and 5 Other Than Holder of Commercial Hybrid Bond Claims and Intercompany Claims* is attached hereto as **Exhibit C-1**, along with a redline marked against the form of *Ballot for Holders of Claims in Class 4 and 5 Other Than Holder of Commercial Hybrid Bond Claims and Intercompany Claims* included with the Disclosure Statement Motion is attached hereto **Exhibit C-2**.

**PLEASE TAKE FURTHER NOTICE THAT**, an updated form of *Master Ballot for Commercial Hybrid Bond Claims in Class 5* is attached hereto as **Exhibit D-1**, along with a redline marked against the form of *Master Ballot for Commercial Hybrid Bond Claims in Class 5* included with the Disclosure Statement Motion is attached hereto **Exhibit D-2**.

**PLEASE TAKE FURTHER NOTICE THAT**, an updated form of *Beneficial Holder Ballot for Commercial Hybrid Bond Claims in Class 5* is attached hereto as **Exhibit E-1**, along with a redline marked against the form of *Beneficial Holder Ballot for Commercial Hybrid Bond Claims in Class 5* included with the Disclosure Statement Motion is attached hereto **Exhibit E-2**.

**PLEASE TAKE FURTHER NOTICE THAT**, an updated form of *Ballot for Holders of Claims in Class 6* is attached hereto as **Exhibit F-1**, along with a redline marked against the form of *Ballot for Holders of Claims in Class 6* included with the Disclosure Statement Motion is attached hereto **Exhibit F-2**.

**PLEASE TAKE FURTHER NOTICE THAT**, an updated *Notice of Non-Voting Status for Unimpaired Classes* is attached hereto as **Exhibit G-1**, along with a redline marked against the *Notice of Non-Voting Status for Unimpaired Classes* included with the Disclosure Statement Motion is attached hereto **Exhibit G-2**.

**PLEASE TAKE FURTHER NOTICE THAT**, an updated *Notice of Non-Voting Status for Impaired Classes and Opportunity to Opt-In to Third Party Releases* is attached hereto as **Exhibit H-1**, along with a redline marked against the *Notice of Non-Voting Status for Impaired Classes and Opportunity to Opt-In to Third Party Releases* included with the Disclosure Statement Motion is attached hereto **Exhibit H-2**.

**PLEASE TAKE FURTHER NOTICE THAT**, an updated Cure Notice is attached hereto as **Exhibit I-1**, along with a redline marked against the Cure Notice is attached hereto **Exhibit I-2**.

Dated: February 4, 2024
      New York, New York

<div align="right">

*/s/ Gary T. Holtzer*
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Gary T. Holtzer
Kelly DiBlasi
David Griffiths
Lauren Tauro

*Attorneys for Debtors*
*and Debtors in Possession*

</div>

## Exhibit A-1

**Updated Notice of Approval of Disclosure Statement**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                                 :        **Chapter 11**
                                                      :
**SAS AB**, *et al.*,                                 :        **Case No. 22-10925 (MEW)**
                                                      :
                          **Debtors.**[1]             :        **(Jointly Administered)**
------------------------------------------------------------------x

**NOTICE OF (I) APPROVAL OF DISCLOSURE
STATEMENT, (II) ESTABLISHMENT OF VOTING RECORD DATE,
(III) HEARING ON CONFIRMATION OF PLAN, (IV) PROCEDURES
FOR OBJECTING TO CONFIRMATION OF PLAN, (V) CURE PROCEDURES,
AND (VI) SOLICITATION, VOTING, AND RELATED PROCEDURES FOR PLAN**

**TO PARTIES IN INTEREST:**

        **PLEASE TAKE NOTICE** that:

        1.       **Approval of Disclosure Statement**.  By order dated February [●], 2024
[ECF No.[●]] (the "**Order**"), the United States Bankruptcy Court for the Southern District of New
York (the "**Bankruptcy Court**") approved the *Disclosure Statement for Second Amended Joint
Chapter 11 Plan of Reorganization of SAS AB and its Subsidiary Debtors*, filed on
February 4, 2024 (as may be amended, modified, or supplemented from time to time,
the "**Disclosure Statement**") [ECF No. 1905], in connection with the chapter 11 cases of SAS AB
and its debtor subsidiaries, as debtors and debtors in possession (collectively, the "**Debtors**").
Pursuant to the Order, the Bankruptcy Court also authorized the Debtors to solicit votes from those
parties entitled to vote to accept or reject the *Second Amended Joint Chapter 11 Plan of
Reorganization of SAS AB and its Subsidiary Debtors*, dated February 4, 2024 (as may be
amended, modified, or supplemented from time to time, the "**Plan**"),[2] annexed as <u>Exhibit A</u> to the
Disclosure Statement.

        2.       **Confirmation Hearing**.  A hearing to consider confirmation of the
Plan (the "**Confirmation Hearing**") has been scheduled for **[March 19, 2024], at 1:00 p.m.
(Prevailing Eastern Time)**, before the Honorable Michael E. Wiles, United States Bankruptcy
Judge, in Room 617 of the United States Bankruptcy Court for the Southern District of New York,
One Bowling Green, New York, New York 10004.  The Confirmation Hearing may be adjourned
or continued from time to time without further notice other than adjournments announced in open

---

[1] The Debtors in these chapter 11 cases are SAS AB, SAS Danmark A/S, SAS Norge AS, SAS Sverige AB,
Scandinavian Airlines System Denmark-Norway-Sweden, Scandinavian Airlines of North America Inc. (2393),
Gorm Asset Management Ltd., Gorm Dark Blue Ltd., Gorm Deep Blue Ltd., Gorm Sky Blue Ltd., Gorm Warm Red Ltd.,
Gorm Light Blue Ltd., Gorm Ocean Blue Ltd., and Gorm Engine Management Ltd.  The Debtors' mailing address is
AVD kod: STOUU-T, SE-195 87 Stockholm, Sweden.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan,
the Disclosure Statement, or the Order, as applicable or as the context otherwise requires.

court or as indicated in any notice of agenda of matters scheduled for hearing filed by the Debtors with the Bankruptcy Court.

3. **Record Date for Voting**. Holders of Claims in the following Classes as of **[January 26, 2024]** (the "**Voting Record Date**"), who are otherwise eligible to vote, shall be entitled to vote to accept or reject the Plan:

| Class | Description |
|-------|-------------|
| **SAS AB** | |
| **Class 3** | Aircraft Lease Claims and Trade Claims |
| **Class 4** | Norwegian Term Loan Claims |
| **Class 5** | Commercial Hybrid Bond Claims, Other General Unsecured Claims, and Intercompany Claims |
| **Consolidated Debtors** | |
| **Class 3** | Aircraft Lease Claims, Trade Claims, and Union Claims |
| **Class 4** | Danish Term Loan Claims, Swedish Term Loan Claims, and Norwegian Term Loan Claims |
| **Class 5** | Other General Unsecured Claims |
| **Class 6** | Convenience Class Claims |
| **Gorm Dark Blue Limited, Gorm Deep Blue Limited, Gorm Light Blue Limited, Gorm Ocean Blue Limited, and Gorm Sky Blue Limited** | |
| **Class 3** | Aircraft Lease Claims |
| **Class 5** | Other General Unsecured Claims |
| **Scandinavian Airlines of North America, Inc.** | |
| **Class 5** | Other General Unsecured Claims |

4. **Voting Deadline**. All votes to accept or reject the Plan must be actually received by the Debtors' claims and solicitation agent, Kroll Restructuring Administration LLC (the "**Claims and Solicitation Agent**"), by no later than **[March 1, 2024] at 4:00 p.m. (Prevailing Eastern Time)** (the "**Voting Deadline**"). Any failure to follow the voting instructions included with your Ballot may disqualify your Ballot and your vote.

5. **Parties in Interest Not Entitled to Vote**. Holders of (i) Unimpaired Claims and Interests under the Plan and (ii) Claims and Interests that will not receive distributions under the Plan are not entitled to vote on the Plan. Accordingly, holders of Claims and Interests in the following Classes are not entitled to vote on the Plan and will not receive a Ballot:

| Class | Description |
|---|---|
| **SAS AB** | |
| **Class 1** | Other Secured Claims |
| **Class 2** | Other Priority Claims |
| **Class 8** | Swiss Bond Claims |
| **Class 10** | State Hybrid Bond Claims and Danish State Hybrid Bond Claims |
| **Class 11** | Existing Equity Interests |
| **Consolidated Debtors** | |
| **Class 1** | Other Secured Claims |
| **Class 2** | Other Priority Claims |
| **Class 7** | Intercompany Claims |
| **Class 8** | Swiss Bond Claims |
| **Class 9** | Intercompany Interests |
| **Gorm Dark Blue Limited, Gorm Deep Blue Limited, Gorm Light Blue Limited, Gorm Ocean Blue Limited, Gorm Sky Blue Limited and Gorm Warm Red Limited** | |
| **Class 1** | Other Secured Claims |
| **Class 2** | Other Priority Claims |
| **Class 7** | Intercompany Claims |
| **Class 9** | Intercompany Interests |

| Class | Description |
|---|---|
| **Gorm Asset Management Limited and Gorm Engine Management Limited** | |
| **Class 1** | Other Secured Claims |
| **Class 2** | Other Priority Claims |
| **Class 7** | Intercompany Claims |
| **Class 9** | Intercompany Interests |
| **Scandinavian Airlines of North America, Inc.** | |
| **Class 1** | Other Secured Claims |
| **Class 2** | Other Priority Claims |
| **Class 7** | Intercompany Claims |
| **Class 9** | Intercompany Interests |

6.     **Rule 3018(a) Motions**.  If you have timely filed a proof of Claim and disagree with the Debtors' classification of, objection to, or request for estimation of, your Claim and believe that you should be entitled to vote on the Plan, then you must file with the Bankruptcy Court a motion (a "**Rule 3018(a) Motion**") for an order pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") temporarily allowing such Claim in a different amount or in a different Class for purposes of voting to accept or reject the Plan.  All Rule 3018(a) Motions must be filed by no later than **[February 23, 2024]**.  In accordance with Bankruptcy Rule 3018, as to any creditor filing a Rule 3018(a) Motion, such creditor's ballot will not be counted except as may be otherwise ordered by the Bankruptcy Court at least five days prior to the Voting Deadline or as the Bankruptcy Court may direct.  Creditors may contact the Claims and Solicitation Agent by calling (844) 242-7491 (U.S./Canada toll-free) or +1 (347) 338-6450 (international) or emailing SASInfo@ra.kroll.com (with "SAS AB Solicitation 3018 Ballot Request" in the subject line) to receive an appropriate ballot for any Claim for which a proof of Claim has been timely filed and a Rule 3018(a) Motion has been granted.  Rule 3018(a) Motions that are not timely filed in the manner set forth above shall not be considered.

7.     **Objections to Confirmation**.  Responses and objections, if any, to confirmation of the Plan must (i) be in writing, (ii) conform to the Bankruptcy Rules and the Local Rules of the Bankruptcy Court, (iii) state the name and address of the objecting party and the amount and nature of the Claim or Interest held or asserted by such party, (iv) state with particularity the basis and nature of any objection to confirmation of the Plan, and (v) be filed with the Bankruptcy Court by no later than **[March 11, 2024] at 4:00 p.m. (Prevailing Eastern Time)**.

**IF ANY OBJECTION OR RESPONSE TO CONFIRMATION OF THE PLAN IS NOT FILED STRICTLY AS PRESCRIBED HEREIN, THE OBJECTING PARTY MAY BE**

**BARRED FROM OBJECTING TO CONFIRMATION OF THE PLAN AND MAY NOT BE HEARD AT THE CONFIRMATION HEARING.**

8. Replies to any such objections and responses must be filed by no later than **[March 15, 2024] at 4:00 p.m. (Prevailing Eastern Time)**.

9. **Parties Who Will Not Be Treated as Creditors**. Any holder of a Claim that (i) is scheduled in the Debtors' schedules of assets and liabilities at $0.00, or in an unknown amount, or as disputed, contingent, or unliquidated, and is not the subject of a timely filed proof of Claim or a proof of Claim deemed timely filed with the Bankruptcy Court pursuant to the Bankruptcy Code, any order of the Bankruptcy Court, or otherwise deemed timely filed under applicable law, or (ii) is not scheduled and is not the subject of a timely filed proof of Claim or a proof of Claim deemed timely filed with the Bankruptcy Court pursuant to the Bankruptcy Code, any order of the Bankruptcy Court, or otherwise deemed timely filed under applicable law, shall not be treated as a creditor with respect to such Claim for purposes of voting on the Plan.

10. **Executory Contracts and Unexpired Leases**. Subject to the occurrence of the Effective Date under the Plan, all executory contracts and unexpired leases to which any of the Debtors are parties shall be deemed rejected, unless such contract or lease (i) was previously assumed or rejected by the Debtors pursuant to a Final Order of the Bankruptcy Court, (ii) previously expired or terminated pursuant to its own terms or by agreement of the parties thereto, (iii) is the subject of a motion to assume filed by the Debtors on or before the Confirmation Date, or (iv) is specifically designated as a contract or lease to be assumed on the Schedule of Assumed Contracts included in the Plan Supplement.

11. **Additional Information**. Any party in interest wishing to obtain information about the Solicitation and Voting Procedures or copies of the Disclosure Statement or the Plan should contact the Claims and Solicitation Agent, at (844) 242-7491 (U.S./Canada toll free) or +1 (347) 338-6450 (international), or by email at SASInfo@ra.kroll.com (with "SAS AB Solicitation Inquiry" in the subject line), or may view and download such documents, free of charge, by accessing the Debtors' case website (the "**Case Website**") at https://cases.ra.kroll.com/SAS/ or the Bankruptcy Court's website, for a fee, at https://www.nysb.uscourts.gov. A PACER (www.pacer.uscourts.gov) password and login are needed to access documents on the Bankruptcy Court's website (https://www.nysb.uscourts.gov).

12. **Filing the Plan Supplement**. The Debtors will file with the Bankruptcy Court and post to the Case Website the Plan Supplement on or before **[February 23, 2024]**, other than GUC Documents,[3] (or, alternatively, a summary of the material terms thereof prepared in consultation with the Creditors' Committee) which will be filed with the Bankruptcy Court and posted to the Case Website on or before **[February 20, 2024]**. The Debtors are authorized to supplement or amend the Plan Supplement, as necessary, thereafter.

---

[3] "**GUC Documents**" means the GUC Agreement, the GUC Implementation Steps, the GUC Interest Agreement (if any), the GUC Holding Period Trust Agreement (if any), and any other agreement or document necessary to give effect to the distribution and terms of GUC Interests in accordance with the Plan, which agreement(s) shall be included in the Plan Supplement (or for which term sheets shall be included in the Plan Supplement) and be in a form reasonably acceptable to the Debtors, Required Investors, and Creditors' Committee.

13. **Important Information Regarding Releases, Injunction, and Exculpation Provisions of the Plan**. Section 10 of the Plan contains the following release, injunction, and exculpation provisions:

<u>INJUNCTION:</u>

**EXCEPT AS OTHERWISE PROVIDED IN THIS PLAN, IN THE DEFINITIVE DOCUMENTS, OR IN THE CONFIRMATION ORDER, AS OF THE ENTRY OF THE CONFIRMATION ORDER BUT SUBJECT TO THE OCCURRENCE OF THE EFFECTIVE DATE, (I) ALL PERSONS WHO HAVE HELD, HOLD, OR MAY HOLD CLAIMS OR INTERESTS AND THEIR RESPECTIVE RELATED PERSONS, ARE PERMANENTLY ENJOINED AFTER THE ENTRY OF THE CONFIRMATION ORDER FROM (A) COMMENCING, CONDUCTING, OR CONTINUING IN ANY MANNER, DIRECTLY OR INDIRECTLY, ANY SUIT, ACTION, OR OTHER PROCEEDING OF ANY KIND (INCLUDING ANY PROCEEDING IN A JUDICIAL, ARBITRAL, ADMINISTRATIVE, OR OTHER FORUM) AGAINST OR AFFECTING, DIRECTLY OR INDIRECTLY, A DEBTOR, A REORGANIZED DEBTOR, OR AN ESTATE OR THE PROPERTY OF ANY OF THE FOREGOING, OR ANY DIRECT OR INDIRECT TRANSFEREE OF ANY PROPERTY OF, OR DIRECT OR INDIRECT SUCCESSOR IN INTEREST TO, ANY OF THE FOREGOING PERSONS MENTIONED IN THIS CLAUSE (A) OR ANY PROPERTY OF ANY SUCH TRANSFEREE OR SUCCESSOR, (B) ENFORCING, LEVYING, ATTACHING (INCLUDING ANY PREJUDGMENT ATTACHMENT), COLLECTING, OR OTHERWISE RECOVERING IN ANY MANNER OR BY ANY MEANS, WHETHER DIRECTLY OR INDIRECTLY, ANY JUDGMENT, AWARD, DECREE, OR ORDER AGAINST A DEBTOR, A REORGANIZED DEBTOR, OR AN ESTATE OR ITS PROPERTY, OR ANY DIRECT OR INDIRECT TRANSFEREE OF ANY PROPERTY OF, OR DIRECT OR INDIRECT SUCCESSOR IN INTEREST TO, ANY OF THE FOREGOING PERSONS MENTIONED IN THIS CLAUSE (B) OR ANY PROPERTY OF ANY SUCH TRANSFEREE OR SUCCESSOR, (C) CREATING, PERFECTING, OR OTHERWISE ENFORCING IN ANY MANNER, DIRECTLY OR INDIRECTLY, ANY ENCUMBRANCE OF ANY KIND AGAINST A DEBTOR, A REORGANIZED DEBTOR, OR AN ESTATE OR ANY OF ITS PROPERTY, OR ANY DIRECT OR INDIRECT TRANSFEREE OF ANY PROPERTY OF, OR SUCCESSOR IN INTEREST TO, ANY OF THE FOREGOING PERSONS MENTIONED IN THIS CLAUSE (C) OR ANY PROPERTY OF ANY SUCH TRANSFEREE OR SUCCESSOR, (D) ACTING OR PROCEEDING IN ANY MANNER, IN ANY PLACE WHATSOEVER, THAT DOES NOT CONFORM TO OR COMPLY WITH THE PROVISIONS OF THIS PLAN AND THE DEFINITIVE DOCUMENTS, TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, AND (E) COMMENCING OR CONTINUING, IN ANY MANNER OR IN ANY PLACE, ANY ACTION THAT DOES NOT COMPLY WITH OR IS INCONSISTENT WITH THE PROVISIONS OF THIS PLAN AND THE DEFINITIVE DOCUMENTS, AND (II) ALL PERSONS ARE PERMANENTLY ENJOINED FROM TAKING OR CONTINUING TO TAKE IN ANY MANNER, DIRECTLY OR INDIRECTLY, ANY ACTION TO CAUSE A PERSON DESCRIBED IN THE**

FOREGOING CLAUSE (I) TO TAKE OR CONTINUE TO TAKE ANY ACT DESCRIBED IN ANY OF CLAUSES (A) THROUGH (E) OF THE FOREGOING CLAUSE (I).

BY ACCEPTING DISTRIBUTIONS PURSUANT TO THIS PLAN, EACH HOLDER OF AN ALLOWED CLAIM OR INTEREST SHALL BE DEEMED TO HAVE AFFIRMATIVELY AND SPECIFICALLY CONSENTED TO BE BOUND BY THIS PLAN, INCLUDING THE INJUNCTIONS SET FORTH IN SECTION 10.6 OF THIS PLAN.

RELEASES BY DEBTORS:

AS OF THE EFFECTIVE DATE, EXCEPT FOR THE RIGHTS, REMEDIES, AND CAUSES OF ACTION THAT ARE PRESERVED AND REMAIN IN EFFECT FROM AND AFTER THE EFFECTIVE DATE, INCLUDING TO ENFORCE THIS PLAN AND THE OBLIGATIONS CONTEMPLATED BY THE RESTRUCTURING, FOR GOOD AND VALUABLE CONSIDERATION, ON AND AFTER THE EFFECTIVE DATE, THE RELEASED PARTIES SHALL BE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED AND DISCHARGED, TO THE MAXIMUM EXTENT PERMITTED BY LAW, BY THE DEBTORS, THE REORGANIZED DEBTORS, AND THE ESTATES, IN EACH CASE ON BEHALF OF THEMSELVES AND THEIR RESPECTIVE RELATED ENTITIES AND ANY AND ALL OTHER ENTITIES THAT MAY PURPORT TO ASSERT ANY CAUSE OF ACTION DERIVATIVELY, BY OR THROUGH THE FOREGOING ENTITIES, FROM ANY AND ALL CAUSES OF ACTION (INCLUDING ANY DERIVATIVE CLAIMS, ASSERTED OR ASSERTABLE ON BEHALF OF THE DEBTORS, THE REORGANIZED DEBTORS, OR THE ESTATES) THAT THE DEBTORS, THE REORGANIZED DEBTORS, THE ESTATES, OR THEIR AFFILIATES WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN THEIR OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY) OR ON BEHALF OF THE HOLDER OF ANY CLAIM OR INTEREST OR OTHER ENTITY, BASED ON, RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART: THE DEBTORS (INCLUDING THE MANAGEMENT, DIRECT OR INDIRECT OWNERSHIP, OR OPERATION THEREOF) OR THEIR ESTATES; THE REORGANIZED DEBTORS; THE CHAPTER 11 CASES; THIS PLAN; THE CONFIRMATION ORDER; THE RESTRUCTURING; THE TRANSACTION; THE EQUITY SOLICITATION PROCESS; ANY DEBT OR SECURITY OF OR IN THE DEBTORS AND THE OWNERSHIP THEREOF; THE PURCHASE, SALE, OR RESCISSION OF THE PURCHASE OR SALE OF ANY DEBT OR SECURITY OF OR IN THE DEBTORS OR THE REORGANIZED DEBTORS, INCLUDING THE NEW SHARES AND THE NEW CONVERTIBLE NOTES; THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THIS PLAN; THE BUSINESS OR CONTRACTUAL ARRANGEMENTS OR OTHER INTERACTIONS BETWEEN ANY DEBTOR AND ANY RELEASED PARTY; THE RESTRUCTURING OF ANY CLAIM OR INTEREST BEFORE OR DURING THE CHAPTER 11 CASES; ANY OTHER IN- OR OUT-OF-COURT RESTRUCTURING EFFORTS OF THE DEBTORS; ANY INTERCOMPANY TRANSACTION; THE NEGOTIATION, FORMULATION, PREPARATION, DISSEMINATION, OR CONSUMMATION OF THIS PLAN AND ANY

**RELATED AGREEMENTS, INSTRUMENTS, OR OTHER DOCUMENTS OR ANY OTHER CONTRACT, INSTRUMENT, RELEASE, OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THIS PLAN OR ANY RELATED AGREEMENTS, INSTRUMENTS, OR OTHER DOCUMENTS (INCLUDING THE INVESTMENT AGREEMENT); THE SOLICITATION OF VOTES WITH RESPECT TO, OR CONFIRMATION OF, THIS PLAN; OR ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE RELATED TO ANY OF THE FORGOING AND TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE. NOTWITHSTANDING ANYTHING HEREIN TO THE CONTRARY, THE RELEASES CONTAINED IN THIS SECTION 10.7(A) SHALL NOT (I) AFFECT THE LIABILITY OF ANY ENTITY FROM CAUSES OF ACTION BASED ON WILLFUL MISCONDUCT, GROSS NEGLIGENCE OR INTENTIONAL FRAUD AS DETERMINED BY A FINAL ORDER, (II) RELEASE POST-EFFECTIVE DATE OBLIGATIONS OF ANY ENTITY UNDER THIS PLAN, THE RESTRUCTURING, THE DEFINITIVE DOCUMENTS OR ANY OTHER DOCUMENT, INSTRUMENT, OR AGREEMENT EXECUTED TO IMPLEMENT THIS PLAN (UNLESS EXPRESSLY CANCELLED BY THIS PLAN), OR (III) AFFECT THE RELEASING PARTIES' RIGHTS THAT REMAIN IN EFFECT FROM AND AFTER THE EFFECTIVE DATE TO ENFORCE THIS PLAN, THE DEFINITIVE DOCUMENTS, AND THE OBLIGATIONS CONTEMPLATED BY THE TRANSACTION OR AS OTHERWISE PROVIDED IN ANY ORDER OF THE BANKRUPTCY COURT.**

**THIRD-PARTY RELEASES:**

**AS OF THE EFFECTIVE DATE, EXCEPT FOR THE RIGHTS, REMEDIES, AND CAUSES OF ACTION THAT ARE PRESERVED AND REMAIN IN EFFECT FROM AND AFTER THE EFFECTIVE DATE, INCLUDING TO ENFORCE THIS PLAN AND THE OBLIGATIONS CONTEMPLATED BY THE RESTRUCTURING, FOR GOOD AND VALUABLE CONSIDERATION, ON AND AFTER THE EFFECTIVE DATE, THE RELEASED PARTIES SHALL BE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED AND DISCHARGED, TO THE MAXIMUM EXTENT PERMITTED BY LAW, BY THE RELEASING PARTIES, IN EACH CASE FROM ANY AND ALL CAUSES OF ACTION (INCLUDING ANY DERIVATIVE CLAIMS, ASSERTED OR ASSERTABLE ON BEHALF OF THE DEBTORS, THE REORGANIZED DEBTORS, OR THEIR ESTATES) THAT SUCH RELEASING PARTIES OR THEIR RESPECTIVE RELATED ENTITIES, AND ANY OTHER ENTITIES CLAIMING UNDER OR THROUGH THEM WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN THEIR OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY) OR ON BEHALF OF THE HOLDER OF ANY CLAIM OR INTEREST OR OTHER ENTITY, BASED ON, RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART: THE DEBTORS (INCLUDING THE MANAGEMENT, DIRECT OR INDIRECT OWNERSHIP, OR OPERATION THEREOF) OR THEIR ESTATES; THE REORGANIZED DEBTORS; THE CHAPTER 11 CASES; THIS PLAN; THE CONFIRMATION ORDER; THE RESTRUCTURING; THE TRANSACTION; THE EQUITY SOLICITATION PROCESS; ANY DEBT OR SECURITY OF OR IN THE DEBTORS AND THE OWNERSHIP THEREOF; THE PURCHASE, SALE, OR RESCISSION OF THE PURCHASE OR SALE OF ANY DEBT**

OR SECURITY OF OR IN THE DEBTORS OR THE REORGANIZED DEBTORS, INCLUDING THE NEW SHARES AND THE NEW CONVERTIBLE NOTES; THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THIS PLAN; THE BUSINESS OR CONTRACTUAL ARRANGEMENTS OR OTHER INTERACTIONS BETWEEN ANY DEBTOR AND ANY RELEASED PARTY; THE RESTRUCTURING OF ANY CLAIM OR INTEREST BEFORE OR DURING THE CHAPTER 11 CASES; ANY OTHER IN- OR OUT-OF-COURT RESTRUCTURING EFFORTS OF THE DEBTORS; ANY INTERCOMPANY TRANSACTION; THE NEGOTIATION, FORMULATION, PREPARATION, DISSEMINATION, OR CONSUMMATION OF THIS PLAN AND ANY RELATED AGREEMENTS, INSTRUMENTS, OR OTHER DOCUMENTS OR ANY OTHER CONTRACT, INSTRUMENT, RELEASE, OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THIS PLAN OR ANY RELATED AGREEMENTS, INSTRUMENTS, OR OTHER DOCUMENTS (INCLUDING THE INVESTMENT AGREEMENT); THE SOLICITATION OF VOTES WITH RESPECT TO, OR CONFIRMATION OF, THIS PLAN; OR ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE RELATED TO ANY OF THE FORGOING AND TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE. NOTWITHSTANDING ANYTHING HEREIN TO THE CONTRARY, THE RELEASES CONTAINED IN THIS <u>SECTION 10.7(B)</u> SHALL NOT (I) AFFECT THE LIABILITY OF ANY ENTITY FROM CAUSES OF ACTION BASED ON WILLFUL MISCONDUCT, GROSS NEGLIGENCE OR INTENTIONAL FRAUD AS DETERMINED BY A FINAL ORDER, (II) RELEASE POST-EFFECTIVE DATE OBLIGATIONS OF ANY ENTITY UNDER THIS PLAN, THE RESTRUCTURING, THE DEFINITIVE DOCUMENTS OR ANY OTHER DOCUMENT, INSTRUMENT, OR AGREEMENT EXECUTED TO IMPLEMENT THIS PLAN (UNLESS EXPRESSLY CANCELLED BY THIS PLAN), OR (III) AFFECT THE RELEASING PARTIES' RIGHTS THAT REMAIN IN EFFECT FROM AND AFTER THE EFFECTIVE DATE TO ENFORCE THIS PLAN, THE DEFINITIVE DOCUMENTS, AND THE OBLIGATIONS CONTEMPLATED BY THE TRANSACTION OR AS OTHERWISE PROVIDED IN ANY ORDER OF THE BANKRUPTCY COURT.

FOR THE AVOIDANCE OF DOUBT, THE ONLY PARTIES THAT ARE BOUND BY THE RELEASES CONTAINED IN THIS SECTION 10.7(B) ARE THE RELEASING PARTIES.

<u>EXCULPATION:</u>

TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, FROM AND AFTER THE EFFECTIVE DATE, NO EXCULPATED PARTY SHALL HAVE OR INCUR, AND EACH SUCH ENTITY SHALL BE RELEASED AND EXCULPATED FROM, ANY CAUSE OF ACTION BASED ON, IN WHOLE OR IN PART: THE NEGOTIATION, EXECUTION, AND IMPLEMENTATION OF ANY TRANSACTIONS APPROVED BY THE BANKRUPTCY COURT IN THE CHAPTER 11 CASES ON OR AFTER THE COMMENCEMENT DATE THROUGH THE EFFECTIVE DATE, INCLUDING THE DIP CREDIT AGREEMENT AND THE INCURRENCE OF THE DIP OBLIGATIONS, THE NEW COLLECTIVE LABOR AGREEMENTS WITH THE

**DEBTORS' PILOT UNIONS AS CONTEMPLATED IN THE CLA ORDER, STIPULATIONS RELATING TO THE AIRCRAFT LEASE CLAIMS, THE PRE-DELIVERY PAYMENT FINANCING AS CONTEMPLATED BY THE PDP FACILITY ORDER, THE RESTRUCTURING, THE DISCLOSURE STATEMENT, THIS PLAN AND ANY PLAN SUPPLEMENT(S), THE CONFIRMATION ORDER, OR OTHER DOCUMENTS OR ANY OTHER CONTRACT, INSTRUMENT, RELEASE, OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE DISCLOSURE STATEMENT OR THIS PLAN OR ANY RELATED AGREEMENTS, INSTRUMENTS, OR OTHER DOCUMENTS (INCLUDING THE INVESTMENT AGREEMENT), THE FILING OF THE CHAPTER 11 CASES, THE SOLICITATION OF VOTES WITH RESPECT TO, OR CONFIRMATION OF, THIS PLAN, THE ADMINISTRATION AND IMPLEMENTATION OF THIS PLAN, INCLUDING THE ISSUANCE OF ANY DEBT OR SECURITIES, INCLUDING THE NEW SHARES, THE NEW CONVERTIBLE NOTES, OR THE DISTRIBUTION OF PROPERTY UNDER THIS PLAN OR ANY OTHER RELATED AGREEMENT, AND THE IMPLEMENTATION OF THE RESTRUCTURING CONTEMPLATED BY THIS PLAN. NOTWITHSTANDING ANYTHING HEREIN TO THE CONTRARY, THE EXCULPATION PROVIDED IN THIS <u>SECTION 10.8</u> SHALL NOT (I) AFFECT THE LIABILITY OF ANY ENTITY FROM CAUSES OF ACTION BASED ON WILLFUL MISCONDUCT, GROSS NEGLIGENCE OR INTENTIONAL FRAUD AS DETERMINED BY A FINAL ORDER, BUT IN ALL RESPECTS SUCH ENTITIES SHALL BE ENTITLED TO REASONABLY RELY UPON THE ADVICE OF COUNSEL WITH RESPECT TO THEIR DUTIES AND RESPONSIBILITIES PURSUANT TO THIS PLAN, (II) RELEASE OR BE AN EXCULPATION WITH RESPECT TO POST-EFFECTIVE DATE OBLIGATIONS OF ANY ENTITY UNDER THIS PLAN, THE RESTRUCTURING, THE DEFINITIVE DOCUMENTS OR ANY OTHER DOCUMENT, INSTRUMENT, OR AGREEMENT EXECUTED TO IMPLEMENT THIS PLAN (UNLESS EXPRESSLY CANCELLED BY THIS PLAN), OR (III) AFFECT THE RELEASING PARTIES' RIGHTS THAT REMAIN IN EFFECT FROM AND AFTER THE EFFECTIVE DATE TO ENFORCE THIS PLAN, THE DEFINITIVE DOCUMENTS, AND THE OBLIGATIONS CONTEMPLATED BY THE TRANSACTION OR AS OTHERWISE PROVIDED IN ANY ORDER OF THE BANKRUPTCY COURT.**

**THE EXCULPATION PROVIDED IN THIS <u>SECTION 10.8</u> SHALL BE IN ADDITION TO, AND NOT IN LIMITATION OF, ALL OTHER RELEASES, INDEMNITIES, EXCULPATIONS, AND ANY OTHER APPLICABLE LAW OR RULES PROTECTING THE EXCULPATED PARTIES FROM LIABILITY.**

<u>**DEFINITIONS:**</u>

*"Exculpated Parties"* means, collectively, (i) the Debtors, (ii) the Investors, (iii) the Creditors' Committee and each of its present and former members (solely in their capacity as such), (iv) the Danish State Noteholder, (v) the Swiss Bonds Agent, (vi) with respect to each of the foregoing Entities in clauses (i) through (v), such Entities' Related Entities, and (vii) with respect to each of the foregoing Entities in clauses (i) through (vi), such Entities' respective heirs, executors, estates, and nominees, and in each case, in such Entities' capacities as such.

***"Released Parties"*** collectively, (i) the Debtors, (ii) the DIP Agent and the DIP Lenders, (iii) the Creditors' Committee and each of its present and former members, (iv) the Investors, (v) the Danish State Noteholder, (vi) the Swedish State, (vii) the Swiss Bonds Agent, and (viii) with respect to each of the foregoing Entities in clauses (i) through (vii), such Entities' Related Entities, and their respective heirs, executors, estates, and nominees, in each case in their capacity as such; provided, however, that, subject to Section 3.3(f) of the Investment Agreement, any holder of a Claim or Interest that would otherwise constitute a Released Party that does not consent to the releases in the Plan shall not be a Released Party; provided, further, however, that, to the extent the Danish State Noteholder gives such a release as contemplated by the Investment Agreement, the Danish State Noteholder shall be a Released Party under the Plan for all purposes; provided, further, however, that the Released Parties referenced in clause (viii) are Released Parties solely with respect to work performed for or on behalf of the applicable Entity for which releases are given pursuant to the Plan.

***"Releasing Parties"*** means, collectively, (i) the Released Parties, other than the Danish State Investor and the Danish State Noteholder, (ii) all holders of Claims who vote to accept the Plan, (iii) all holders of Claims that either vote to reject the Plan or abstain from voting on the Plan and affirmatively opt to grant the releases by checking the appropriate box on the Ballot, and (iv) all holders of Claims and Interests not described in the foregoing clauses (i) – (iii) that affirmatively opt to grant the releases by checking the appropriate box on the notice form; provided, however, that the Danish State Investor and the Danish State Noteholder shall provide releases solely pursuant to Section 3.3(f) of the Investment Agreement.

**YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AS YOUR RIGHTS MAY BE AFFECTED.**

**THE CLAIMS AND SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

Dated: New York, New York
      [_____], 2024

/s/_____
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Gary T. Holtzer
Kelly DiBlasi
David Griffiths
Lauren Tauro

*Attorneys for Debtors*
*and Debtors in Possession*

## Exhibit A-2

## Redline

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

In re                              :    Chapter 11

                                    :

SAS AB, *et al.*,                  :    Case No. 22-10925 (MEW)

                                    :

              Debtors.[1]      :    (Jointly Administered)

---------------------------------------------------------------- x

**NOTICE OF (I) APPROVAL OF DISCLOSURE
STATEMENT, (II) ESTABLISHMENT OF VOTING RECORD DATE,
(III) HEARING ON CONFIRMATION OF PLAN, (IV) PROCEDURES
FOR OBJECTING TO CONFIRMATION OF PLAN, (V) CURE PROCEDURES,
AND (VI) SOLICITATION, VOTING, AND RELATED PROCEDURES FOR PLAN**

**TO PARTIES IN INTEREST:**

     **PLEASE TAKE NOTICE** that:

     1.    **Approval of Disclosure Statement**.  By order dated ~~January~~February [●], 2024 [ECF No.[●]] (the "**Order**"), the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") approved the *Disclosure Statement for Second Amended Joint Chapter 11 Plan of Reorganization of SAS AB and its Subsidiary Debtors*, filed on ~~December 19~~February 4, 202~~3~~4 (as may be amended, modified, or supplemented from time to time, the "**Disclosure Statement**") [ECF No. [●1905]], in connection with the chapter 11 cases of SAS AB and its debtor subsidiaries, as debtors and debtors in possession (collectively, the "**Debtors**").  Pursuant to the Order, the Bankruptcy Court also authorized the Debtors to solicit votes from those parties entitled to vote to accept or reject the *Second Amended Joint Chapter 11 Plan of Reorganization of SAS AB and its Subsidiary Debtors*, dated ~~December 19~~February 4, 202~~3~~4 (as may be amended, modified, or supplemented from time to time, the "**Plan**"),[2] annexed as Exhibit A to the Disclosure Statement.

     2.    **Confirmation Hearing**.  A hearing to consider confirmation of the Plan (the "**Confirmation Hearing**") has been scheduled for **[●~~], 2024, at [●]:[●] [●].m~~March 19, 2024], at 1:00 p.m.** **(Prevailing Eastern Time)**, before the Honorable Michael E. Wiles, United States Bankruptcy Judge, in Room 617 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004.  The Confirmation Hearing may be adjourned or continued from time to time without further notice

---

[1] The Debtors in these chapter 11 cases are SAS AB, SAS Danmark A/S, SAS Norge AS, SAS Sverige AB, Scandinavian Airlines System Denmark-Norway-Sweden, Scandinavian Airlines of North America Inc. (2393), Gorm Asset Management Ltd., Gorm Dark Blue Ltd., Gorm Deep Blue Ltd., Gorm Sky Blue Ltd., Gorm Warm Red Ltd., Gorm Light Blue Ltd., Gorm Ocean Blue Ltd., and Gorm Engine Management Ltd.  The Debtors' mailing address is AVD kod: STOUU-T, SE-195 87 Stockholm, Sweden.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan, the Disclosure Statement, or the Order, as applicable or as the context otherwise requires.

other than adjournments announced in open court or as indicated in any notice of agenda of matters scheduled for hearing filed by the Debtors with the Bankruptcy Court.

3. **Record Date for Voting.** Holders of Claims in ~~Class 3 (Aircraft Lease Claims, Trade Claims, and Union Claims), Class 4 (Danish Term Loan Claims, Swedish Term Loan Claims, and Norwegian Term Loan Claims), Class 5 (Commercial Hybrid Bond Claims, Other General Unsecured Claims, and Intercompany Claims), and Class 6 (Convenience Class Claims) as of~~ the following Classes as of [**January ~~12~~26, 2024]** (the "**Voting Record Date**"), who are otherwise eligible to vote, shall be entitled to vote to accept or reject the Plan~~.~~:

| Class | Description |
|---|---|
| **SAS AB** | |
| **Class 3** | Aircraft Lease Claims and Trade Claims |
| **Class 4** | Norwegian Term Loan Claims |
| **Class 5** | Commercial Hybrid Bond Claims, Other General Unsecured Claims, and Intercompany Claims |
| **Consolidated Debtors** | |
| **Class 3** | Aircraft Lease Claims, Trade Claims, and Union Claims |
| **Class 4** | Danish Term Loan Claims, Swedish Term Loan Claims, and Norwegian Term Loan Claims |
| **Class 5** | Other General Unsecured Claims |
| **Class 6** | Convenience Class Claims |
| **Gorm Dark Blue Limited, Gorm Deep Blue Limited, Gorm Light Blue Limited, Gorm Ocean Blue Limited, and Gorm Sky Blue Limited** | |
| **Class 3** | Aircraft Lease Claims |
| **Class 5** | Other General Unsecured Claims |
| **Scandinavian Airlines of North America, Inc.** | |

| **Class 5** | Other General Unsecured Claims |
| --- | --- |

4.      **Voting Deadline.**  All votes to accept or reject the Plan must be actually received by the Debtors' claims and solicitation agent, Kroll Restructuring Administration LLC (the "**Claims and Solicitation Agent**"), by no later than ~~February 26~~[March 1, 2024] at ~~4:00~~ p.m. (Prevailing Eastern Time) (the "**Voting Deadline**").  Any failure to follow the voting instructions included with your Ballot may disqualify your Ballot and your vote.

5.      **Parties in Interest Not Entitled to Vote.**  Holders of (i) Unimpaired Claims and Interests under the Plan~~,~~ and (ii) Claims and Interests that will not receive distributions under the Plan are not entitled to vote on the Plan.  Accordingly, holders of Claims ~~in Class 1 (Other Secured Claims), Class 2 (Other Priority Claims), Class 7 (Intercompany Claims), Class 8 (Swiss Bond Claims), Class 9 (Intercompany Interests), Class 10 (State Hybrid Bond Claims and Danish State Hybrid Bond Claims), and Class 11 (Existing Equity Interests)~~ and Interests in the following Classes are not entitled to vote on the Plan and will not receive a Ballot~~.~~:

| **Class** | **Description** |
| --- | --- |
| **SAS AB** | |
| **Class 1** | Other Secured Claims |
| **Class 2** | Other Priority Claims |
| **Class 8** | Swiss Bond Claims |
| **Class 10** | State Hybrid Bond Claims and Danish State Hybrid Bond Claims |
| **Class 11** | Existing Equity Interests |
| **Consolidated Debtors** | |
| **Class 1** | Other Secured Claims |
| **Class 2** | Other Priority Claims |
| **Class 7** | Intercompany Claims |
| **Class 8** | Swiss Bond Claims |
| **Class 9** | Intercompany Interests |
| **Gorm Dark Blue Limited, Gorm Deep Blue Limited, Gorm Light Blue Limited, Gorm Ocean Blue Limited, Gorm Sky Blue Limited and Gorm Warm Red Limited** | |
| **Class 1** | Other Secured Claims |
| **Class 2** | Other Priority Claims |

| Class | Description |
|---|---|
| Class 7 | Intercompany Claims |
| Class 9 | Intercompany Interests |
| **Gorm Asset Management Limited and Gorm Engine Management Limited** | |
| Class 1 | Other Secured Claims |
| Class 2 | Other Priority Claims |
| Class 7 | Intercompany Claims |
| Class 9 | Intercompany Interests |
| **Scandinavian Airlines of North America, Inc.** | |
| Class 1 | Other Secured Claims |
| Class 2 | Other Priority Claims |
| Class 7 | Intercompany Claims |
| Class 9 | Intercompany Interests |

6.      **Rule 3018(a) Motions**.  If you have timely filed a proof of Claim and disagree with the Debtors' classification of, objection to, or request for estimation of, your Claim and believe that you should be entitled to vote on the Plan, then you must file with the Bankruptcy Court a motion (a "**Rule 3018(a) Motion**") for an order pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") temporarily allowing such eClaim in a different amount or in a different eClass for purposes of voting to accept or reject the Plan.  All Rule 3018(a) Motions must be filed by no later than **[February 1923, 2024]**. In accordance with Bankruptcy Rule 3018, as to any creditor filing a Rule 3018(a) Motion, such creditor's ballot will not be counted except as may be otherwise ordered by the Bankruptcy Court at least five days prior to the Voting Deadline or as the Bankruptcy Court may direct.  Creditors may contact the Claims and Solicitation Agent by calling (844) 242-7491 (U.S./Canada toll-free) or +1 (347) 338-6450 (international) or emailing SASInfo@ra.kroll.com (with "SAS AB Solicitation 3018 Ballot Request" in the subject line) to receive an appropriate ballot for any Claim for which a proof of Claim has been timely filed and a Rule 3018(a) Motion has been granted.  Rule 3018(a) Motions that are not timely filed in the manner set forth above shall not be considered.

7. **Objections to Confirmation**.  Responses and objections, if any, to confirmation of the Plan must (i) be in writing, (ii) conform to the Bankruptcy Rules and the Local Rules of the Bankruptcy Court, (iii) state the name and address of the objecting party and the amount and nature of the Claim or Interest held or asserted by such party, (iv) state with particularity the basis and nature of any objection to confirmation of the Plan, and (v) be filed with the Bankruptcy Court by no later than ~~February 28~~[March 11, 2024] at 4:00 p.m. (Prevailing Eastern Time).

**IF ANY OBJECTION OR RESPONSE TO CONFIRMATION OF THE PLAN IS NOT FILED STRICTLY AS PRESCRIBED HEREIN, THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO CONFIRMATION OF THE PLAN AND MAY NOT BE HEARD AT THE CONFIRMATION HEARING.**

8. Replies to any such objections and responses must be filed by no later than [March ~~6~~15, 2024] at 4:00 p.m. (Prevailing Eastern Time).

9. **Parties Who Will Not Be Treated as Creditors**.  Any holder of a Claim that (i) is scheduled in the Debtors' schedules of assets and liabilities at $0.00, or in an unknown amount, or as disputed, contingent, or unliquidated, and is not the subject of a timely filed proof of Claim or a proof of Claim deemed timely filed with the Bankruptcy Court pursuant to ~~either~~ the Bankruptcy Code, any order of the Bankruptcy Court, or otherwise deemed timely filed under applicable law, or (ii) is not scheduled and is not the subject of a timely filed proof of Claim or a proof of Claim deemed timely filed with the Bankruptcy Court pursuant to ~~either~~ the Bankruptcy Code, any order of the Bankruptcy Court, or otherwise deemed timely filed under applicable law, shall not be treated as a creditor with respect to such Claim for purposes of voting on the Plan.

10. **Executory Contracts and Unexpired Leases**.  Subject to the occurrence of the Effective Date under the Plan, all executory contracts and unexpired leases to which any of the Debtors are parties shall be deemed rejected, unless such contract or lease (i) was previously assumed or rejected by the Debtors~~,~~ pursuant to a Final Order of the Bankruptcy Court, (ii) previously expired or terminated pursuant to its own terms or by agreement of the parties thereto, (iii) is the subject of a motion to assume filed by the Debtors on or before the Confirmation Date, or (iv) is specifically designated as a contract or lease to be assumed on the Schedule of Assumed Contracts included in the Plan Supplement.

11. **Additional Information**.  Any party in interest wishing to obtain information about the Solicitation and Voting Procedures or copies of the Disclosure Statement or the Plan should contact the Claims and Solicitation Agent, at (844) 242-7491 (U.S./Canada toll free) or +1 (347) 338-6450 (international), or by email at SASInfo@ra.kroll.com (with "SAS AB Solicitation Inquiry" in the subject line), or may view and download such documents, free of charge, by accessing the Debtors' case website (the "**Case Website**") at https://cases.ra.kroll.com/SAS/ or the Bankruptcy Court's website, for a fee, at https://www.nysb.uscourts.gov.  A PACER (www.pacer.uscourts.gov) password and login are needed to access documents on the Bankruptcy Court's website (https://www.nysb.uscourts.gov).

12.     **Filing the Plan Supplement**.  The Debtors will file with the Bankruptcy Court and post to the Case Website the Plan Supplement on or before **[February ~~19~~23, 2024]**, other than GUC Documents,[3] (or, alternatively, a summary of the material terms thereof prepared in consultation with the Creditors' Committee) which will be filed with the Bankruptcy Court and posted to the Case Website on or before **[February 20, 2024]**.  The Debtors are authorized to supplement or amend the Plan Supplement, as necessary, thereafter.

13.     **Important Information Regarding Releases, Injunction, and Exculpation Provisions of the Plan**.  Section 10 of the Plan contains the following release, injunction, and exculpation provisions:

---

[3] **"GUC Documents"** means the GUC Agreement, the GUC Implementation Steps, the GUC Interest Agreement (if any), the GUC Holding Period Trust Agreement (if any), and any other agreement or document necessary to give effect to the distribution and terms of GUC Interests in accordance with the Plan, which agreement(s) shall be included in the Plan Supplement (or for which term sheets shall be included in the Plan Supplement) and be in a form reasonably acceptable to the Debtors, Required Investors, and Creditors' Committee.

**INJUNCTION:**

EXCEPT AS OTHERWISE PROVIDED IN THIS PLAN, IN THE DEFINITIVE DOCUMENTS, OR IN THE CONFIRMATION ORDER, AS OF THE ENTRY OF THE CONFIRMATION ORDER BUT SUBJECT TO THE OCCURRENCE OF THE EFFECTIVE DATE, **(I)** ALL PERSONS WHO HAVE HELD, HOLD, OR MAY HOLD CLAIMS OR INTERESTS AND THEIR RESPECTIVE RELATED PERSONS, ARE PERMANENTLY ENJOINED AFTER THE ENTRY OF THE CONFIRMATION ORDER FROM (~~I~~**A**) COMMENCING, CONDUCTING, OR CONTINUING IN ANY MANNER, DIRECTLY OR INDIRECTLY, ANY SUIT, ACTION, OR OTHER PROCEEDING OF ANY KIND (INCLUDING ANY PROCEEDING IN A JUDICIAL, ARBITRAL, ADMINISTRATIVE, OR OTHER FORUM) AGAINST OR AFFECTING, DIRECTLY OR INDIRECTLY, A DEBTOR, A REORGANIZED DEBTOR, OR AN ESTATE OR THE PROPERTY OF ANY OF THE FOREGOING, OR ANY DIRECT OR INDIRECT TRANSFEREE OF ANY PROPERTY OF, OR DIRECT OR INDIRECT SUCCESSOR IN INTEREST TO, ANY OF THE FOREGOING PERSONS MENTIONED IN THIS CLAUSE (~~I~~**A**) OR ANY PROPERTY OF ANY SUCH TRANSFEREE OR SUCCESSOR, (~~II~~**B**) ENFORCING, LEVYING, ATTACHING (INCLUDING ANY PREJUDGMENT ATTACHMENT), COLLECTING, OR OTHERWISE RECOVERING IN ANY MANNER OR BY ANY MEANS, WHETHER DIRECTLY OR INDIRECTLY, ANY JUDGMENT, AWARD, DECREE, OR ORDER AGAINST A DEBTOR, A REORGANIZED DEBTOR, OR AN ESTATE OR ITS PROPERTY, OR ANY DIRECT OR INDIRECT TRANSFEREE OF ANY PROPERTY OF, OR DIRECT OR INDIRECT SUCCESSOR IN INTEREST TO, ANY OF THE FOREGOING PERSONS MENTIONED IN THIS CLAUSE (~~II~~**B**) OR ANY PROPERTY OF ANY SUCH TRANSFEREE OR SUCCESSOR, (~~III~~**C**) CREATING, PERFECTING, OR OTHERWISE ENFORCING IN ANY MANNER, DIRECTLY OR INDIRECTLY, ANY ENCUMBRANCE OF ANY KIND AGAINST A DEBTOR, A REORGANIZED DEBTOR, OR AN ESTATE OR ANY OF ITS PROPERTY, OR ANY DIRECT OR INDIRECT TRANSFEREE OF ANY PROPERTY OF, OR SUCCESSOR IN INTEREST TO, ANY OF THE FOREGOING PERSONS MENTIONED IN THIS CLAUSE (~~III~~**C**) OR ANY PROPERTY OF ANY SUCH TRANSFEREE OR SUCCESSOR, (~~IV~~**D**) ACTING OR PROCEEDING IN ANY MANNER, IN ANY PLACE WHATSOEVER, THAT DOES NOT CONFORM TO OR COMPLY WITH THE PROVISIONS OF THIS PLAN AND THE DEFINITIVE DOCUMENTS, TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, AND (~~V~~**E**) COMMENCING OR CONTINUING, IN ANY MANNER OR IN ANY PLACE, ANY ACTION THAT DOES NOT COMPLY WITH OR IS INCONSISTENT WITH THE PROVISIONS OF THIS PLAN AND THE DEFINITIVE DOCUMENTS~~.~~**, AND (II) ALL PERSONS ARE PERMANENTLY ENJOINED FROM TAKING OR CONTINUING TO TAKE IN ANY MANNER, DIRECTLY OR INDIRECTLY, ANY ACTION TO CAUSE A PERSON DESCRIBED IN THE FOREGOING CLAUSE (I) TO TAKE OR CONTINUE TO TAKE ANY ACT DESCRIBED IN ANY OF CLAUSES (A) THROUGH (E) OF THE FOREGOING CLAUSE (I).**

BY ACCEPTING DISTRIBUTIONS PURSUANT TO THIS PLAN, EACH HOLDER OF AN ALLOWED CLAIM OR INTEREST SHALL BE DEEMED TO HAVE

**AFFIRMATIVELY AND SPECIFICALLY CONSENTED TO BE BOUND BY THIS PLAN, INCLUDING THE INJUNCTIONS SET FORTH IN SECTION 10.6 OF THIS PLAN.**

**RELEASES BY DEBTORS:**

**AS OF THE EFFECTIVE DATE, EXCEPT FOR THE RIGHTS, REMEDIES, AND CAUSES OF ACTION THAT ARE PRESERVED AND REMAIN IN EFFECT FROM AND AFTER THE EFFECTIVE DATE, INCLUDING TO ENFORCE THIS PLAN AND THE OBLIGATIONS CONTEMPLATED BY THE RESTRUCTURING, FOR GOOD AND VALUABLE CONSIDERATION, ON AND AFTER THE EFFECTIVE DATE, THE RELEASED PARTIES SHALL BE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED AND DISCHARGED, TO THE MAXIMUM EXTENT PERMITTED BY LAW, BY THE DEBTORS, THE REORGANIZED DEBTORS, AND THE ESTATES, IN EACH CASE ON BEHALF OF THEMSELVES AND THEIR RESPECTIVE RELATED ENTITIES AND ANY AND ALL OTHER ENTITIES THAT MAY PURPORT TO ASSERT ANY CAUSE OF ACTION DERIVATIVELY, BY OR THROUGH THE FOREGOING ENTITIES, FROM ANY AND ALL CAUSES OF ACTION (INCLUDING ANY DERIVATIVE CLAIMS, ASSERTED OR ASSERTABLE ON BEHALF OF THE DEBTORS, THE REORGANIZED DEBTORS, OR THE ESTATES) THAT THE DEBTORS, THE REORGANIZED DEBTORS, THE ESTATES, OR THEIR AFFILIATES WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN THEIR OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY) OR ON BEHALF OF THE HOLDER OF ANY CLAIM OR INTEREST OR OTHER ENTITY, BASED ON, RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART: THE DEBTORS (INCLUDING THE MANAGEMENT, DIRECT OR INDIRECT OWNERSHIP, OR OPERATION THEREOF) OR THEIR ESTATES; THE REORGANIZED DEBTORS; THE CHAPTER 11 CASES; THIS PLAN; THE CONFIRMATION ORDER; THE RESTRUCTURING; THE TRANSACTION; THE EQUITY SOLICITATION PROCESS; ANY DEBT OR SECURITY OF OR IN THE DEBTORS AND THE OWNERSHIP THEREOF; THE PURCHASE, SALE, OR RESCISSION OF THE PURCHASE OR SALE OF ANY DEBT OR SECURITY OF OR IN THE DEBTORS OR THE REORGANIZED DEBTORS, INCLUDING THE NEW SHARES AND THE NEW CONVERTIBLE NOTES; THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THIS PLAN; THE BUSINESS OR CONTRACTUAL ARRANGEMENTS OR OTHER INTERACTIONS BETWEEN ANY DEBTOR AND ANY RELEASED PARTY; THE RESTRUCTURING OF ANY CLAIM OR INTEREST BEFORE OR DURING THE CHAPTER 11 CASES; ANY OTHER IN- OR OUT-OF-COURT RESTRUCTURING EFFORTS OF THE DEBTORS; ANY INTERCOMPANY TRANSACTION; THE NEGOTIATION, FORMULATION, PREPARATION, DISSEMINATION, OR CONSUMMATION OF THIS PLAN AND ANY RELATED AGREEMENTS, INSTRUMENTS, OR OTHER DOCUMENTS OR ANY OTHER CONTRACT, INSTRUMENT, RELEASE, OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THIS PLAN OR ANY RELATED AGREEMENTS, INSTRUMENTS, OR OTHER DOCUMENTS (INCLUDING THE INVESTMENT AGREEMENT); THE SOLICITATION OF VOTES WITH RESPECT TO, OR CONFIRMATION OF, THIS PLAN; OR ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE RELATED TO ANY OF THE FORGOING AND TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE. NOTWITHSTANDING ANYTHING HEREIN TO THE CONTRARY, THE**

RELEASES CONTAINED IN THIS SECTION 10.7(A~A~) SHALL NOT (I) AFFECT THE LIABILITY OF ANY ENTITY FROM CAUSES OF ACTION BASED ON WILLFUL MISCONDUCT, GROSS NEGLIGENCE OR INTENTIONAL FRAUD AS DETERMINED BY A FINAL ORDER, (II) RELEASE POST-EFFECTIVE DATE OBLIGATIONS OF ANY ENTITY UNDER THIS PLAN, THE RESTRUCTURING, THE DEFINITIVE DOCUMENTS OR ANY OTHER DOCUMENT, INSTRUMENT, OR AGREEMENT EXECUTED TO IMPLEMENT THIS PLAN (UNLESS EXPRESSLY CANCELLED BY THIS PLAN), OR (III) AFFECT THE RELEASING PARTIES' RIGHTS THAT REMAIN IN EFFECT FROM AND AFTER THE EFFECTIVE DATE TO ENFORCE THIS PLAN, THE DEFINITIVE DOCUMENTS, AND THE OBLIGATIONS CONTEMPLATED BY THE TRANSACTION OR AS OTHERWISE PROVIDED IN ANY ORDER OF THE BANKRUPTCY COURT.

THIRD-PARTY RELEASES:

AS OF THE EFFECTIVE DATE, EXCEPT FOR THE RIGHTS, REMEDIES, AND CAUSES OF ACTION THAT ARE PRESERVED AND REMAIN IN EFFECT FROM AND AFTER THE EFFECTIVE DATE, INCLUDING TO ENFORCE THIS PLAN AND THE OBLIGATIONS CONTEMPLATED BY THE RESTRUCTURING, FOR GOOD AND VALUABLE CONSIDERATION, ON AND AFTER THE EFFECTIVE DATE, THE RELEASED PARTIES SHALL BE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED AND DISCHARGED, TO THE MAXIMUM EXTENT PERMITTED BY LAW, BY THE RELEASING PARTIES, IN EACH CASE FROM ANY AND ALL CAUSES OF ACTION (INCLUDING ANY DERIVATIVE CLAIMS, ASSERTED OR ASSERTABLE ON BEHALF OF THE DEBTORS, THE REORGANIZED DEBTORS, OR THEIR ESTATES) THAT SUCH RELEASING PARTIES OR THEIR RESPECTIVE RELATED ENTITIES, AND ANY OTHER ENTITIES CLAIMING UNDER OR THROUGH THEM WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN THEIR OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY) OR ON BEHALF OF THE HOLDER OF ANY CLAIM OR INTEREST OR OTHER ENTITY, BASED ON, RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART: THE DEBTORS (INCLUDING THE MANAGEMENT, DIRECT OR INDIRECT OWNERSHIP, OR OPERATION THEREOF) OR THEIR ESTATES; THE REORGANIZED DEBTORS; THE CHAPTER 11 CASES; THIS PLAN; THE CONFIRMATION ORDER; THE RESTRUCTURING; THE TRANSACTION; THE EQUITY SOLICITATION PROCESS; ANY DEBT OR SECURITY OF OR IN THE DEBTORS AND THE OWNERSHIP THEREOF; THE PURCHASE, SALE, OR RESCISSION OF THE PURCHASE OR SALE OF ANY DEBT OR SECURITY OF OR IN THE DEBTORS OR THE REORGANIZED DEBTORS, INCLUDING THE NEW SHARES AND THE NEW CONVERTIBLE NOTES; THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THIS PLAN; THE BUSINESS OR CONTRACTUAL ARRANGEMENTS OR OTHER INTERACTIONS BETWEEN ANY DEBTOR AND ANY RELEASED PARTY; THE RESTRUCTURING OF ANY CLAIM OR INTEREST BEFORE OR DURING THE CHAPTER 11 CASES; ANY OTHER IN- OR OUT-OF-COURT RESTRUCTURING EFFORTS OF THE DEBTORS; ANY

INTERCOMPANY TRANSACTION; THE NEGOTIATION, FORMULATION, PREPARATION, DISSEMINATION, OR CONSUMMATION OF THIS PLAN AND ANY RELATED AGREEMENTS, INSTRUMENTS, OR OTHER DOCUMENTS OR ANY OTHER CONTRACT, INSTRUMENT, RELEASE, OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THIS PLAN OR ANY RELATED AGREEMENTS, INSTRUMENTS, OR OTHER DOCUMENTS (INCLUDING THE INVESTMENT AGREEMENT); THE SOLICITATION OF VOTES WITH RESPECT TO, OR CONFIRMATION OF, THIS PLAN; OR ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE RELATED TO ANY OF THE FORGOING AND TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE. NOTWITHSTANDING ANYTHING HEREIN TO THE CONTRARY, THE RELEASES CONTAINED IN THIS SECTION 10.7(BB) SHALL NOT (I) AFFECT THE LIABILITY OF ANY ENTITY FROM CAUSES OF ACTION BASED ON WILLFUL MISCONDUCT, GROSS NEGLIGENCE OR INTENTIONAL FRAUD AS DETERMINED BY A FINAL ORDER, (II) RELEASE POST-EFFECTIVE DATE OBLIGATIONS OF ANY ENTITY UNDER THIS PLAN, THE RESTRUCTURING, THE DEFINITIVE DOCUMENTS OR ANY OTHER DOCUMENT, INSTRUMENT, OR AGREEMENT EXECUTED TO IMPLEMENT THIS PLAN (UNLESS EXPRESSLY CANCELLED BY THIS PLAN), OR (III) AFFECT THE RELEASING PARTIES' RIGHTS THAT REMAIN IN EFFECT FROM AND AFTER THE EFFECTIVE DATE TO ENFORCE THIS PLAN, THE DEFINITIVE DOCUMENTS, AND THE OBLIGATIONS CONTEMPLATED BY THE TRANSACTION OR AS OTHERWISE PROVIDED IN ANY ORDER OF THE BANKRUPTCY COURT.

FOR THE AVOIDANCE OF DOUBT, THE ONLY PARTIES THAT ARE BOUND BY THE RELEASES CONTAINED IN THIS SECTION 10.7(BB) ARE THE RELEASING PARTIES.

EXCULPATION:

TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, FROM AND AFTER THE EFFECTIVE DATE, NO EXCULPATED PARTY SHALL HAVE OR INCUR, AND EACH SUCH ENTITY SHALL BE RELEASED AND EXCULPATED FROM, ANY CAUSE OF ACTION BASED ON, IN WHOLE OR IN PART: THE NEGOTIATION, EXECUTION, AND IMPLEMENTATION OF ANY TRANSACTIONS APPROVED BY THE BANKRUPTCY COURT IN THE CHAPTER 11 CASES ON OR AFTER THE COMMENCEMENT DATE THROUGH THE EFFECTIVE DATE, INCLUDING THE DIP CREDIT AGREEMENT AND THE INCURRENCE OF THE DIP OBLIGATIONS, THE NEW COLLECTIVE LABOR AGREEMENTS WITH THE DEBTORS' PILOT UNIONS AS CONTEMPLATED IN THE CLA ORDER, STIPULATIONS RELATING TO THE AIRCRAFT LEASE CLAIMS, THE PRE-DELIVERY PAYMENT FINANCING AS CONTEMPLATED BY THE PDP FACILITY ORDER, THE RESTRUCTURING, THE DISCLOSURE STATEMENT, THIS PLAN AND ANY PLAN SUPPLEMENT(S), THE CONFIRMATION ORDER, OR OTHER DOCUMENTS OR ANY OTHER CONTRACT, INSTRUMENT, RELEASE, OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE DISCLOSURE STATEMENT OR THIS PLAN OR ANY RELATED AGREEMENTS,

**INSTRUMENTS, OR OTHER DOCUMENTS (INCLUDING THE INVESTMENT AGREEMENT), THE FILING OF THE CHAPTER 11 CASES, THE SOLICITATION OF VOTES WITH RESPECT TO, OR CONFIRMATION OF, THIS PLAN, THE ADMINISTRATION AND IMPLEMENTATION OF THIS PLAN, INCLUDING THE ISSUANCE OF ANY DEBT OR SECURITIES, INCLUDING THE NEW SHARES, THE NEW CONVERTIBLE NOTES, OR THE DISTRIBUTION OF PROPERTY UNDER THIS PLAN OR ANY OTHER RELATED AGREEMENT, AND THE IMPLEMENTATION OF THE RESTRUCTURING CONTEMPLATED BY THIS PLAN. NOTWITHSTANDING ANYTHING HEREIN TO THE CONTRARY, THE EXCULPATION PROVIDED IN THIS <u>SECTION 10.8</u> SHALL NOT (I) AFFECT THE LIABILITY OF ANY ENTITY FROM CAUSES OF ACTION BASED ON WILLFUL MISCONDUCT, GROSS NEGLIGENCE OR INTENTIONAL FRAUD AS DETERMINED BY A FINAL ORDER, BUT IN ALL RESPECTS SUCH ENTITIES SHALL BE ENTITLED TO REASONABLY RELY UPON THE ADVICE OF COUNSEL WITH RESPECT TO THEIR DUTIES AND RESPONSIBILITIES PURSUANT TO THIS PLAN, (II) RELEASE OR BE AN EXCULPATION WITH RESPECT TO POST-EFFECTIVE DATE OBLIGATIONS OF ANY ENTITY UNDER THIS PLAN, THE RESTRUCTURING, THE DEFINITIVE DOCUMENTS OR ANY OTHER DOCUMENT, INSTRUMENT, OR AGREEMENT EXECUTED TO IMPLEMENT THIS PLAN (UNLESS EXPRESSLY CANCELLED BY THIS PLAN), OR (III) AFFECT THE RELEASING PARTIES' RIGHTS THAT REMAIN IN EFFECT FROM AND AFTER THE EFFECTIVE DATE TO ENFORCE THIS PLAN, THE DEFINITIVE DOCUMENTS, AND THE OBLIGATIONS CONTEMPLATED BY THE TRANSACTION OR AS OTHERWISE PROVIDED IN ANY ORDER OF THE BANKRUPTCY COURT.**

**THE EXCULPATION PROVIDED IN THIS <u>SECTION 10.8</u> SHALL BE IN ADDITION TO, AND NOT IN LIMITATION OF, ALL OTHER RELEASES, INDEMNITIES, EXCULPATIONS, AND ANY OTHER APPLICABLE LAW OR RULES PROTECTING THE EXCULPATED PARTIES FROM LIABILITY.**

<u>**DEFINITIONS:**</u>

***"Exculpated Parties"*** means, collectively, (i) the Debtors, (ii) the ~~Reorganized Debtors~~<u>Investors</u>, (iii) ~~the Investors, (iv)~~ the Creditors' Committee and each of its present and former members (solely in their capacity as such), (~~v~~<u>iv</u>) the Danish State Noteholder, <u>(v) the Swiss Bonds Agent,</u> (vi) with respect to each of the foregoing Entities in clauses (i) through (v), such Entities' Related Entities, and (vii) with respect to each of the foregoing Entities in clauses (i) through (vi), such Entities' respective heirs, executors, estates, and nominees, and in each case, in such Entities' capacities as such.

***"Released Parties"*** ~~means,~~ collectively, (i) the Debtors, (ii) the DIP Agent and the DIP Lenders, (iii) the Creditors' Committee and each of its present and former members, (iv) the Investors, (v) the Danish State Noteholder, (vi) the Swedish State, ~~and~~ (vii) <u>the Swiss Bonds Agent, and (viii)</u> with respect to each of the foregoing Entities in clauses (i) through (vi<u>i</u>), such Entities' Related Entities, and their respective heirs, executors, estates, and nominees, in each case in their capacity as such; provided, however, that, subject to Section 3.3(f) of the Investment Agreement,

any holder of a Claim or Interest that would otherwise constitute a Released Party that does not consent to the releases in the Plan shall not be a Released Party; provided, further, however, that, to the extent the Danish State Noteholder gives such a release as contemplated by the Investment Agreement, the Danish State Noteholder shall be a Released Party under the Plan for all purposes; provided, further, however, that the Released Parties referenced in clause (viii) are Released Parties solely with respect to work performed for or on behalf of the applicable Entity for which releases are given pursuant to the Plan.

*"Releasing Parties"* means, collectively, (i) the Released Parties, other than the Danish State Investor and the Danish State Noteholder, (ii) all holders of Claims who vote to accept the Plan, (iii) all holders of Claims that either vote to reject the Plan or abstain from voting on the Plan and affirmatively opt to grant the releases by checking the appropriate box on the Ballot, and (iv) all holders of Claims and Interests not described in the foregoing clauses (i) – (iii) that affirmatively opt to grant the releases by checking the appropriate box on the notice form; provided, however, that the Danish State Investor and the Danish State Noteholder shall provide releases solely pursuant to Section 3.3(ef) of the Investment Agreement.

**YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AS YOUR RIGHTS MAY BE AFFECTED.**

**THE CLAIMS AND SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

Dated:  New York, New York
      [_____], 2024

/s/_____
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Gary T. Holtzer
Kelly DiBlasi
David Griffiths
Lauren Tauro

*Attorneys for Debtors*
*and Debtors in Possession*

## Exhibit B-1

**Updated Form of Ballot for Holders of Claims in Class 3**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------x
In re                                                              :        **Chapter 11**
                                                                   :
**SAS AB**, *et al.*,                                              :        **Case No. 22-10925 (MEW)**
                                                                   :
                                   Debtors.[1]                     :        **(Jointly Administered)**
--------------------------------------------------------------x

<div align="center">

**BALLOT FOR VOTING TO ACCEPT OR REJECT THE**
**JOINT CHAPTER 11 PLAN OF SAS AB AND ITS SUBSIDIARY DEBTORS**

**BALLOT FOR:** *CLASS 3 CLAIMS AGAINST [SAS AB][2] – [AIRCRAFT LEASE*
*CLAIMS [AND TRADE CLAIMS]][3]*

</div>

SAS AB and its debtor subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), are soliciting votes with respect to the *Second Amended Joint Chapter 11 Plan of Reorganization of SAS AB and its Subsidiary Debtors* [ECF No. [●]] (as may be amended, modified, or supplemented from time to time, the "**Plan**") from the holders of certain impaired Claims against the Debtors.[4] If you have any questions on how to properly complete this Ballot, please contact Kroll Restructuring Administration LLC ("**Kroll**" or the "**Claims and Solicitation Agent**") at (844) 242-7491 (U.S./Canada toll-free) or +1 (347) 338-6450 (international) or email: SASInfo@ra.kroll.com (with "SAS AB Solicitation Inquiry" in the subject line). **THE CLAIMS AND SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

You are receiving this ballot (the "**Ballot**") because you are a holder of a Claim in Class 3 against [SAS AB] ([Aircraft Lease Claims [and Trade Claims]]) as of [January 26, 2024] (the "**Voting Record Date**"). Accordingly, you have a right to vote to accept or reject the Plan.

---

[1] The Debtors in these chapter 11 cases are SAS AB, SAS Danmark A/S, SAS Norge AS, SAS Sverige AB, Scandinavian Airlines System Denmark-Norway-Sweden, Scandinavian Airlines of North America Inc. (2393), Gorm Asset Management Ltd., Gorm Dark Blue Ltd., Gorm Deep Blue Ltd., Gorm Sky Blue Ltd., Gorm Warm Red Ltd., Gorm Light Blue Ltd., Gorm Ocean Blue Ltd., and Gorm Engine Management Ltd. The Debtors' mailing address is AVD kod: STOUU-T, SE-195 87 Stockholm, Sweden.

[2] This form of Ballot will be utilized for each of the Debtors, as applicable, in accordance with the Plan and customized where indicated in square brackets on a per-Debtor basis, except in relation to the Consolidated Debtors.

[3] Solely in the Consolidated Debtors' cases, Class 3 also includes Union Claims, and references to Claims in Class 3 against the Consolidated Debtors in this Ballot shall include Union Claims.

[4] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan, the Disclosure Statement (as defined herein), or the *Order (I) Approving (A) Disclosure Statement, (B) Solicitation, Voting, and Related Procedures, and (C) Proposed Cure Procedures, (II) Scheduling Confirmation Hearing, (III) Establishing Notice and Objection Procedures for Confirmation of Debtors' Second Amended Chapter 11 Plan, and (IV) Granting Related Relief* (the "**Disclosure Statement Order**"), as applicable or as the context otherwise requires.

This Ballot is to be used only for (i) voting by holders of Claims in Class 3 to accept or reject the Plan, (ii) if you vote to reject the Plan, opting in to the third-party releases (the "<u>Third-Party Releases</u>") contained in Section 10.7(b) of the Plan, and (iii) making certain certifications with respect to your vote.

IN ORDER FOR YOUR VOTE TO BE COUNTED, THIS BALLOT MUST BE PROPERLY COMPLETED, SIGNED, AND RETURNED TO THE CLAIMS AND SOLICITATION AGENT SO THAT IT IS ACTUALLY RECEIVED BY [MARCH 1, 2024] AT 4:00 P.M. (PREVAILING EASTERN TIME) (THE "<u>VOTING DEADLINE</u>"), UNLESS SUCH TIME IS EXTENDED BY THE DEBTORS.

This Ballot is solely for purposes of voting to accept or reject the Plan and not for the purpose of allowance or disallowance of, or distribution on account of, any Class 3 Claims ([Aircraft Lease Claims [and Trade Claims]]) against [SAS AB]. If you believe you have received this Ballot in error, please contact the Claims and Solicitation Agent at the telephone number(s) or email address set forth above.

## INSTRUCTIONS FOR COMPLETING THE BALLOT

The terms of the Plan and your rights thereunder are described in the *Disclosure Statement for Second Amended Joint Chapter 11 Plan of Reorganization of SAS AB and its Subsidiary Debtors* (as may be amended, modified, or supplemented from time to time, the "**Disclosure Statement**") [ECF No. 1905]. The Disclosure Statement provides information to assist you in deciding how to vote with respect to this Ballot. The Disclosure Statement, the Plan, the Disclosure Statement Order, and the Confirmation Hearing Notice are included in the Solicitation Package you are receiving with this Ballot.

PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT. IF YOU WISH TO REQUEST ADDITIONAL SOLICITATION MATERIALS (AT NO COST TO YOU), CONTACT THE CLAIMS AND SOLICITATION AGENT BY TELEPHONE AT (844) 242-7491 (U.S./CANADA TOLL-FREE) OR +1 (347) 338-6450 (INTERNATIONAL), BY EMAIL AT <u>SASINFO@RA.KROLL.COM</u> (WITH "SAS AB SOLICITATION INQUIRY" IN THE SUBJECT LINE), OR BY FIRST-CLASS MAIL (IN THE PREPAID RETURN ENVELOPE PROVIDED OR OTHERWISE), OVERNIGHT COURIER, OR HAND DELIVERY TO: SAS AB BALLOT PROCESSING CENTER, C/O KROLL RESTRUCTURING ADMINISTRATION LLC, 850 3RD AVENUE, SUITE 412, BROOKLYN, NY 11232. YOU MAY ALSO OBTAIN COPIES OF ANY PLEADINGS FILED IN THESE CHAPTER 11 CASES, FREE OF CHARGE, AT THE DEBTORS' CASE WEBSITE, <u>HTTPS://CASES.RA.KROLL.COM/SAS/</u>, OR, FOR A FEE, VIA PACER AT: <u>HTTPS://WWW.NYSB.USCOURTS.GOV/</u>.

The Bankruptcy Court has approved the Disclosure Statement as containing adequate information, as required under section 1125 of the Bankruptcy Code. Court approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court.

You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. If you hold Claims in more than one Class, you will receive a Ballot for each Class in which you are entitled to vote.

The Plan will be accepted by Class 3 ([Aircraft Lease Claims [and Trade Claims]]) if it is accepted by the holders of two-thirds (2/3) in amount and more than one-half (1/2) in number of Claims in Class 3 ([Aircraft Lease Claims [and Trade Claims]]) voting on the Plan. If the Plan is confirmed by the Bankruptcy Court, all holders of Claims against, and Interests in, the Debtors (including those holders who abstain from voting on or reject the Plan, and those holders who are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereunder, whether or not they vote and whether or not they accept the Plan.

**Ballots must be delivered to the Claims and Solicitation Agent (i) via the Claims and Solicitation Agent's E-Ballot Portal by visiting https://cases.ra.kroll.com/SAS/, or (ii) by first-class mail (in the postage prepaid reply envelope provided or otherwise), overnight courier, or hand delivery to: SAS AB Ballot Processing Center, c/o Kroll Restructuring Administration LLC, 850 3rd Avenue, Suite 412, Brooklyn, NY 11232. Holders are encouraged to submit their Ballots via the E-Ballot Portal. If you choose to submit your Ballot via the E-Ballot Portal, you should NOT submit your hard copy Ballot as well. Please choose only <u>one</u> form of return of your Ballot. Ballots will not be accepted by telecopy, facsimile, or other electronic means of transmission (except via the Claims and Solicitation Agent's E-Ballot Portal).**

**To arrange hand delivery of your Ballot, please email the Claims and Solicitation Agent at SASBallots@ra.kroll.com (with "SAS AB Solicitation Ballot Delivery" in the subject line) at least 24 hours before your arrival at the address above and provide the anticipated date and time of delivery.**

**To properly complete this Ballot and return it via first-class mail (in the postage prepaid reply envelope provided or otherwise), overnight courier, or hand delivery, you must follow the procedures described below:**

a. make sure that the information contained in Item 1 is correct;

b. if you hold a Claim in Class 3, cast one vote to accept or reject the Plan by checking the appropriate box in Item 2;

c. if you are completing this Ballot on behalf of another entity, indicate your relationship with such entity and the capacity in which you are signing on the appropriate line in Item 5. By submitting this Ballot you are certifying that you have authority to so act and agree to provide documents evidencing such authority upon request (*e.g.*, a power of attorney or a certified copy of board resolutions authorizing you to so act);

d. if you vote to reject the Plan and choose to opt into the Third-Party Releases contained in Section 10.7(b) of the Plan, check the box in Item 3;

e. provide your name, mailing address, and any remaining information requested;

f. sign and date your Ballot; and

g. return your Ballot with an original signature (unless you are submitting via the E-Ballot Portal) to the Claims and Solicitation Agent.

**IF YOU (I) HAVE ANY QUESTIONS REGARDING THE BALLOT, (II) DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR BALLOT, OR (III) NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE CLAIMS AND SOLICITATION AGENT BY CALLING (844) 242-7491 (U.S./CANADA TOLL-FREE) OR +1 (347) 338-6450 (INTERNATIONAL) OR EMAILING: SASINFO@RA.KROLL.COM (WITH "SAS AB SOLICITATION INQUIRY" IN THE SUBJECT LINE).**

**PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT.**

**THE CLAIMS AND SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

**To properly submit your customized electronic Ballot online via the E-Ballot Portal, please visit https://cases.ra.kroll.com/SAS/, click on the "Submit E-Ballot" section of the website, and follow the instructions to submit your Ballot.**

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized E-Ballot:**

**Unique E-Ballot ID#:_____**

**The Claims and Solicitation Agent's E-Ballot Portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted.**

**Each unique E-Ballot ID# is to be used solely for voting only those Claims or Interests identified and described in your E-Ballot. Please complete and submit an E-Ballot for each E-Ballot ID# you receive, as applicable.**

**Claimants who cast a Ballot using the E-Ballot Portal should NOT also submit a paper Ballot.**

**IMPORTANT NOTICE REGARDING TREATMENT FOR CLASS 3 CLAIMS[5]**

***Aircraft Lease Claims Against [●]***.  As soon as reasonably practicable after the later of the Effective Date and the date on which an Aircraft Lease Claim against [●] becomes an Allowed Aircraft Lease Claim against [●], each holder of such Allowed Aircraft Lease Claim shall receive, in full and final satisfaction of such Claim, such holder's Pro Rata share of each of the [●] Shares Distribution Pool and the [●] GUC Interests.

***Aircraft Lease Claims and Trade Claims Against SAS AB***.  As soon as reasonably practicable after the later of the Effective Date and the date on which an Aircraft Lease Claim or Trade Claim against SAS AB becomes, as applicable, an Allowed Aircraft Lease Claim or Allowed Trade Claim against SAS AB, each holder of such Allowed Aircraft Lease Claim or Allowed Trade Claim, as the case may be, shall receive, in full and final satisfaction of such Claim, such holder's Pro Rata share of each of the SAS AB New Shares Distribution Pool, the SAS AB GUC Interests, and any Residual SAS AB Available Cash.

***Aircraft Lease Claims, Trade Claims, and Union Claims Against the Consolidated Debtors***.  As soon as reasonably practicable after the later of the Effective Date and the date on which an Aircraft Lease Claim, Trade Claim, or Union Claim against the Consolidated Debtors becomes, as applicable, an Allowed Aircraft Lease Claim, Allowed Trade Claim, or Allowed Union Claim against the Consolidated Debtors, each holder of such Allowed Aircraft Lease Claim, Allowed Trade Claim, or Allowed Union Claim, as the case may be, shall receive, in full and final satisfaction of such Claim, such holder's Pro Rata share of each of the Consolidated Debtors New Shares Distribution Pool and the Consolidated Debtors GUC Interests; *provided, however*, that the distribution on account of the Allowed Pilot Union Claim shall be capped at SEK 100,000,000, with any recovery that would have been distributed on account thereof (but for this proviso) being added to the Consolidated Debtors New Shares Distribution Pool and the Consolidated Debtors GUC Interests for distribution in accordance with the terms of this Plan.

**PLEASE READ THE DISCLOSURE STATEMENT AND PLAN FOR MORE DETAILS.**

---

[5] The summary of treatment under the Plan for holders of Claims in Class 3 will be updated on a per-Debtor basis, other than in the case of the Consolidated Debtors, and will only contain summaries of such holder's relevant treatment under the Plan.

**TO SUBMIT YOUR BALLOT BY MAIL, PLEASE COMPLETE THE FOLLOWING:**

**Item 1**.  **Amount of Class 3 ([Aircraft Lease [and Trade]]) Claim**.  For purposes of voting to accept or reject the Plan, the undersigned certifies that as of the Voting Record Date ([January 26, 2024]), the undersigned holder was the holder of a Class 3 Claim against the Debtor(s) listed below in the following principal amount(s) for voting:

> **Claim Amount**:  $_____
>
> **Debtor(s)**:  _____

**Item 2**.  **Vote on the Plan**.  The undersigned holder of a Class 3 ([Aircraft Lease [and Trade]]) Claim in the amount(s) set forth in Item 1 above hereby votes to:

> **Check one box only**:  ☐  Accept the Plan
>
> ☐  Reject the Plan

**Item 3**.  **Important Information Regarding Release Provisions of the Plan**.  Section 10.7(b) of the Plan contains the following Third-Party Releases:

AS OF THE EFFECTIVE DATE, EXCEPT FOR THE RIGHTS, REMEDIES, AND CAUSES OF ACTION THAT ARE PRESERVED AND REMAIN IN EFFECT FROM AND AFTER THE EFFECTIVE DATE, INCLUDING TO ENFORCE THIS PLAN AND THE OBLIGATIONS CONTEMPLATED BY THE RESTRUCTURING, FOR GOOD AND VALUABLE CONSIDERATION, ON AND AFTER THE EFFECTIVE DATE, THE RELEASED PARTIES SHALL BE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED AND DISCHARGED, TO THE MAXIMUM EXTENT PERMITTED BY LAW, BY THE RELEASING PARTIES, IN EACH CASE FROM ANY AND ALL CAUSES OF ACTION (INCLUDING ANY DERIVATIVE CLAIMS, ASSERTED OR ASSERTABLE ON BEHALF OF THE DEBTORS, THE REORGANIZED DEBTORS, OR THEIR ESTATES) THAT SUCH RELEASING PARTIES OR THEIR RESPECTIVE RELATED ENTITIES, AND ANY OTHER ENTITIES CLAIMING UNDER OR THROUGH THEM WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN THEIR OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY) OR ON BEHALF OF THE HOLDER OF ANY CLAIM OR INTEREST OR OTHER ENTITY, BASED ON, RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART: THE DEBTORS (INCLUDING THE MANAGEMENT, DIRECT OR INDIRECT OWNERSHIP, OR OPERATION THEREOF) OR THEIR ESTATES; THE REORGANIZED DEBTORS; THE CHAPTER 11 CASES; THIS PLAN; THE CONFIRMATION ORDER; THE RESTRUCTURING; THE TRANSACTION; THE EQUITY SOLICITATION PROCESS; ANY DEBT OR SECURITY OF OR IN THE DEBTORS AND THE OWNERSHIP THEREOF; THE PURCHASE, SALE, OR RESCISSION OF THE PURCHASE OR SALE OF ANY DEBT OR SECURITY OF OR IN THE DEBTORS OR THE REORGANIZED DEBTORS,

INCLUDING THE NEW SHARES AND THE NEW CONVERTIBLE NOTES; THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THIS PLAN; THE BUSINESS OR CONTRACTUAL ARRANGEMENTS OR OTHER INTERACTIONS BETWEEN ANY DEBTOR AND ANY RELEASED PARTY; THE RESTRUCTURING OF ANY CLAIM OR INTEREST BEFORE OR DURING THE CHAPTER 11 CASES; ANY OTHER IN- OR OUT-OF-COURT RESTRUCTURING EFFORTS OF THE DEBTORS; ANY INTERCOMPANY TRANSACTION; THE NEGOTIATION, FORMULATION, PREPARATION, DISSEMINATION, OR CONSUMMATION OF THIS PLAN AND ANY RELATED AGREEMENTS, INSTRUMENTS, OR OTHER DOCUMENTS OR ANY OTHER CONTRACT, INSTRUMENT, RELEASE, OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THIS PLAN OR ANY RELATED AGREEMENTS, INSTRUMENTS, OR OTHER DOCUMENTS (INCLUDING THE INVESTMENT AGREEMENT); THE SOLICITATION OF VOTES WITH RESPECT TO, OR CONFIRMATION OF, THIS PLAN; OR ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE RELATED TO ANY OF THE FORGOING AND TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE. NOTWITHSTANDING ANYTHING HEREIN TO THE CONTRARY, THE RELEASES CONTAINED IN THIS <u>SECTION 10.7(B)</u> SHALL NOT (I) AFFECT THE LIABILITY OF ANY ENTITY FROM CAUSES OF ACTION BASED ON WILLFUL MISCONDUCT, GROSS NEGLIGENCE OR INTENTIONAL FRAUD AS DETERMINED BY A FINAL ORDER, (II) RELEASE POST-EFFECTIVE DATE OBLIGATIONS OF ANY ENTITY UNDER THIS PLAN, THE RESTRUCTURING, THE DEFINITIVE DOCUMENTS OR ANY OTHER DOCUMENT, INSTRUMENT, OR AGREEMENT EXECUTED TO IMPLEMENT THIS PLAN (UNLESS EXPRESSLY CANCELLED BY THIS PLAN), OR (III) AFFECT THE RELEASING PARTIES' RIGHTS THAT REMAIN IN EFFECT FROM AND AFTER THE EFFECTIVE DATE TO ENFORCE THIS PLAN, THE DEFINITIVE DOCUMENTS, AND THE OBLIGATIONS CONTEMPLATED BY THE TRANSACTION OR AS OTHERWISE PROVIDED IN ANY ORDER OF THE BANKRUPTCY COURT.

FOR THE AVOIDANCE OF DOUBT, THE ONLY PARTIES THAT ARE BOUND BY THE RELEASES CONTAINED IN THIS <u>SECTION 10.7(B)</u> ARE THE RELEASING PARTIES.

<u>DEFINITIONS:</u>

*"Released Parties"* means, collectively, (i) the Debtors, (ii) the DIP Agent and the DIP Lenders, (iii) the Creditors' Committee and each of its present and former members, (iv) the Investors, (v) the Danish State Noteholder, (vi) the Swedish State, (vii) the Swiss Bonds Agent, and (viii) with respect to each of the foregoing Entities in clauses (i) through (vii), such Entities' Related Entities, and their respective heirs, executors, estates, and nominees, in each case in their capacity as such; *provided, however*, that, subject to <u>Section 3.3(f)</u> of the Investment Agreement, any holder of a Claim or Interest that would otherwise constitute a Released Party that does not consent to the releases in the Plan shall not be a Released Party; *provided, further, however*, that, to the extent the Danish State Noteholder gives such a release as contemplated by the Investment Agreement, the Danish State Noteholder shall be a Released Party under the Plan for all purposes; *provided, further, however*, that the Released Parties referenced in clause (viii) are Released

Parties solely with respect to work performed for or on behalf of the applicable Entity for which releases are given pursuant to the Plan.

*"Releasing Parties"* means, collectively, (i) the Released Parties, other than the Danish State Investor and the Danish State Noteholder, (ii) all holders of Claims who vote to accept the Plan, (iii) all holders of Claims that either vote to reject the Plan or abstain from voting on the Plan and affirmatively opt to grant the releases by checking the appropriate box on the Ballot, and (iv) all holders of Claims and Interests not described in the foregoing clauses (i) – (iii) that affirmatively opt to grant the releases by checking the appropriate box on the notice form; *provided, however,* that the Danish State Investor and the Danish State Noteholder shall provide releases solely pursuant to <u>Section 3.3(f)</u> of the Investment Agreement.

**IF YOU VOTE TO ACCEPT THE PLAN, YOU WILL BE DEEMED TO HAVE GRANTED THE THIRD-PARTY RELEASES CONTAINED IN SECTION 10.7(b) OF THE PLAN, AS SET FORTH ABOVE. IF YOU VOTE TO REJECT THE PLAN, YOU MAY CHECK THE BOX <u>BELOW</u> TO OPT INTO THE THIRD-PARTY RELEASES.**

Check the following box **only** if you wish to opt in to the Third-Party Releases set forth above and in Section 10.7(b) of the Plan:

☐ **Opt In to Third-Party Releases**

<u>Item 4</u>. **Important Information Regarding Swedish Reorganization Plan**.

If you vote on the Plan, you agree to, on and from the Confirmation Date, irrevocably appoint Christoffer Andersson, Victor Schander, Adam Kastengren Sandberg, Anna Litewka (all being employees of Nordic Trustee & Agency AB (publ) (Swedish Reg. No. 556882-1879)), and any other person appointed by the aforementioned persons (each an "**Authorized Representative**") to, any two jointly, act as your agent, nominee, proxy, and representative with full power and authority, and otherwise instruct each Authorized Representative in your name and on your behalf to exercise all rights in relation to your Claim to vote to accept or reject consistent with your vote on the Plan, submitted with respect to your Claim in a properly completed Ballot in accordance with the instructions herein, on the Swedish Reorganization Plan (as defined in the Plan) under the Swedish Reorganization Act (Sw. *lag (2022:964) om företagsrekonstruktion*) to the extent your Claim(s) are entitled to vote thereon.

Each Authorized Representative shall be entitled and empowered to take all such associated steps, including:

a. receiving notice of, attending, or voting at any plan hearing (Sw. *planssammanträde*) in the Swedish Court (as defined in the Plan) on the Swedish Reorganization Plan whether held by way of electronic, postal, or other means;

b. receiving notice of, attending, or voting at any meeting of the holders of Claims or Interests (Sw. *borgenärssammanträde*) held in connection with the Swedish SAS AB Reorganization (as defined in the Plan) and all or any adjournments of such meetings

or signing any resolution, poll card, or written reply on each holder's behalf and otherwise voting to accept or reject, as applicable, the Swedish Reorganization Plan;

c.  completing and returning proxy cards, polling cards, forms of appointment of authorized representatives, and any other documents required to be signed or completed by any holder desirable or necessary to exercise any and all voting rights related to such holder's Claims in the Swedish SAS AB Reorganization;

d.  dealing with and giving directions as to any documents, notices, or other communications (in whatever form) arising by right of the Claims or received in connection with the Claims, the Authorized Representative, or any other person; and

e.  otherwise executing, delivering, and doing all documents, instruments and acts in your name insofar as may be done pursuant to this authority, for the purpose of approving, accepting, rejecting, or implementing the Swedish Reorganization Plan.

If you vote to accept the Plan, each Authorized Representative shall also, from the date on which your Claim becomes an Allowed Claim (as defined in the Plan) that entitles you to receive New Shares (as defined in the Plan) in SAS AB, be irrevocably appointed as your agent, nominee, proxy, and representative with full power and authority to (a) enter into the Minority Shareholders' Agreement (as defined in the Plan) and (b) sign a subscription list, effectuate payment of the subscription price by contributing your Allowed Claim as payment for the New Shares (noting that such payment may be made either through set off (Sw. *kvittning*) or payment-in-kind (Sw. *apport*)), as applicable, and to forgive any portion of such Allowed Claim in excess of the amount recovered in accordance with the Plan and the Swedish Reorganization Plan, and otherwise comply with all applicable registration requirements to receive and subscribe for New Shares in SAS AB issued in accordance with the Plan and the Swedish Reorganization Plan (in each case, as applicable).

If you vote to reject the Plan, or abstain from voting on the Plan, you may check the box **below** to grant each Authorized Representative the authority to, and each Authorized Representative shall, from the date on which your Claim becomes an Allowed Claim that entitles you to receive New Shares in SAS AB, be irrevocably appointed as your agent, nominee, proxy, and representative with full power and authority to (a) enter into the Minority Shareholders' Agreement and (b) sign a subscription list, effectuate payment of the subscription price by contributing your Allowed Claim as payment for the New Shares (noting that such payment may be made either through set off (Sw. *kvittning*) or payment-in-kind (Sw. *apport*)), as applicable, and to forgive any portion of such Allowed Claim in excess of the amount recovered in accordance with the Plan and the Swedish Reorganization Plan, and otherwise comply with all applicable registration requirements to receive and subscribe for New Shares in SAS AB issued in accordance with the Plan and the Swedish Reorganization Plan (in each case, as applicable).

Check the following box **only** if you wish to opt in and grant each Authorized Representative the authority to take such actions:

☐     **Opt In to Granting Supplemental Authority to Authorized Representative**

The administrator of the Swedish SAS AB Reorganization  may seek an Order from the Swedish Court under the Swedish Reorganization Act (Sw. *lag (2022:964) om företagsrekonstruktion*) to ensure the effectiveness of this appointment.

No Authorized Representative shall be liable for any damages (whether direct or indirect, in contract, tort, or otherwise), which arise from or are incidental to the actions taken by such Authorized Representative under or in connection with this appointment, unless and to the extent a final judgement is made by a court of competent jurisdiction (not subject to further appeal) that determines that such losses arose as a result of such Authorized Representative's gross negligence, willful misconduct, or intentional fraud when serving as an Authorized Representative under or in connection with this appointment.  Notwithstanding anything to the contrary, no Authorized Representative shall be personally liable for any damages whatsoever.  Each Authorized Representative may rely on the advice of the Debtors' professional advisors and each Authorized Representative shall not be considered to have acted negligently if it has acted in accordance with advice given by such professional advisors.

**Item 5**.  **Acknowledgements and Certification**.  By signing this Ballot, the undersigned certifies to the Bankruptcy Court and the Debtors that:

    a. as of the Voting Record Date, the undersigned is either (i) the Person that is the holder of the Class 3 Claim(s) being voted or (ii) the Person that is an authorized signatory for the Person that is the holder of the Class 3 Claim(s) being voted;

    b. the Person has received a copy of the Disclosure Statement, the Plan, the Disclosure Statement Order, and the Confirmation Hearing Notice and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

    c. the Person has cast the same vote with respect to all Class 3 Claims held and voted;

    d. no other Ballots with respect to the amount of the Class 3 Claim(s) identified in Item 1 above have been cast or, if any other Ballots have been cast with respect to such Claim(s), then any such Ballots dated earlier are hereby revoked;

    e. the Person acknowledges that a vote to accept the Plan constitutes an acceptance of the treatment of such Person's Class 3 Claim(s); and

    f. the Person acknowledges and agrees that the Debtors may make conforming changes to the Plan to the extent provided by Bankruptcy Rule 3019, as may be reasonably necessary, but that the Debtors will not re-solicit acceptances or rejections of the Plan in the event of such conforming changes.

The undersigned further acknowledges that the Debtors' solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement, the Disclosure Statement Order, and the Solicitation and Voting Procedures contained therein.

Print or Type Name of Claimant: _____

Signature: _____

Name of Signatory (if different than claimant): _____

If by Authorized Agent, Title of Agent: _____

Street Address: _____

City, State, Zip Code: _____

Telephone Number: _____

E-mail Address: _____

Date Completed: _____

If you would like to change your address information for future notice mailings or distributions, if any, upon your Claim in these chapter 11 cases, please send an email with the revised address to sasinfo@ra.kroll.com.

**UNLESS SUBMITTING YOUR VOTE THROUGH THE E-BALLOT PORTAL, PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT PROMPTLY IN THE RETURN ENVELOPE PROVIDED.**

**WHETHER SUBMITTING YOUR BALLOT THROUGH THE E-BALLOT PORTAL, OR BY FIRST-CLASS MAIL, OVERNIGHT COURIER, OR HAND DELIVERY, YOUR BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING DEADLINE, WHICH IS 4:00 P.M. PREVAILING EASTERN TIME ON [MARCH 1, 2024].**

## INSTRUCTIONS FOR COMPLETING BALLOTS

1.      The Debtors are soliciting the votes of holders of certain Claims with respect to the Plan annexed as **Exhibit A** to the Disclosure Statement.

2.      Except as otherwise provided herein or unless waived by the Debtors or permitted by order of the Bankruptcy Court, unless the Ballot being furnished is timely submitted on or prior to the Voting Deadline, the Debtors shall reject such Ballot as invalid and, therefore, decline to count it in connection with confirmation of the Plan.

3.      If you cast more than one Ballot voting the same Claim(s) or Interest(s) before the Voting Deadline, the last valid Ballot received on or before the Voting Deadline shall be deemed to reflect your intent, and thus, supersede any prior Ballot.

4.      If you cast a Ballot that is properly completed, executed, and timely returned to the Claims and Solicitation Agent, but does not indicate either an acceptance or rejection of the Plan, the Ballot will not be counted.

5.      If you cast a Ballot that is properly completed, executed, and timely returned to the Claims and Solicitation Agent, but indicates both an acceptance and a rejection of the Plan, the Ballot will not be counted.

6.      You shall be deemed to have voted the full amount of your Claim in each Class and shall not be entitled to split your vote within a particular Class.  Any Ballot that partially accepts and partially rejects the Plan will not be counted.

7.      If you cast Ballots received by the Claims and Solicitation Agent on the same day, but which are voted inconsistently, such Ballots will not be counted.

8.      The following Ballots shall not be counted:

   (i)     any Ballot that is illegible or contains insufficient information to permit the identification of the Claim or Interest holder;

   (ii)    any Ballot cast by a Person that does not hold a Claim or Interest in a Class that is entitled to vote to accept or reject the Plan;

   (iii)   any Ballot cast by a Person who is not entitled to vote, even if such individual holds a Claim or Interest in a Voting Class;

   (iv)    any unsigned Ballot;

   (v)     any Ballot for which the Court determines, after notice and a hearing, that such vote was not solicited or procured in good faith or in accordance with the provisions of the Bankruptcy Code; or

   (vi)    any Ballot transmitted to Kroll by means not specifically approved herein.

9.      If you hold Claims in more than one Class, you must use separate Ballots for each Class of Claims.

10.     The Debtors, subject to contrary order of the Bankruptcy Court, may waive any defect or irregularity as to any particular Ballot at any time, either before or after the close of voting, and any such waiver shall be documented in the Voting Certification.

11.     None of the Debtors, the Claims and Solicitation Agent, nor any other Person will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots other than as provided in the Voting Certification, nor will any of them incur any liability for failure to provide such notification.

12.     Unless waived by the Debtors, subject to contrary order of the Bankruptcy Court, any defects or irregularities in connection with deliveries of Ballots must be cured within such time as the Debtors (or the Bankruptcy Court) determines or such Ballots will not be counted.

13.     The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan.  Accordingly, at this time, holders of Claims or Interests should not surrender certificates or instruments representing or evidencing their Claim or Interests, and neither the Debtors nor the Claims and Solicitation Agent will accept delivery of any such certificates or instruments surrendered together with a Ballot.

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THE SOLICITATION AND VOTING PROCEDURES, OR THE BALLOT INSTRUCTIONS, PLEASE CONTACT THE CLAIMS AND SOLICITATION AGENT AT (844) 242-7491 (U.S./CANADA TOLL-FREE) OR +1 (347) 338-6450 (INTERNATIONAL) OR EMAILING SASINFO@RA.KROLL.COM (WITH "SAS AB SOLICITATION INQUIRY" IN THE SUBJECT LINE).**

**<u>Exhibit B-2</u>**

**Redline**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------- x

In re                                                      :        **Chapter 11**
                                                           :
**SAS AB,** *et al.*,                                       :        **Case No. 22-10925 (MEW)**
                                                           :
                **Debtors.**[1]                            :        **(Jointly Administered)**

--------------------------------------------------------------- x

## BALLOT FOR VOTING TO ACCEPT OR REJECT THE
## JOINT CHAPTER 11 PLAN OF SAS AB AND ITS SUBSIDIARY DEBTORS

**BALLOT FOR:** *CLASS 3 CLAIMS AGAINST [SAS AB][2] – [AIRCRAFT LEASE*
*CLAIMS [AND TRADE CLAIMS]][3]*

SAS AB and its debtor subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), are soliciting votes with respect to the *Second Amended Joint Chapter 11 Plan of Reorganization of SAS AB and its Subsidiary Debtors* [ECF No. [●]] (as may be amended, modified, or supplemented from time to time, the "**Plan**") from the holders of certain impaired Claims against the Debtors.[4] If you have any questions on how to properly complete this Ballot, please contact Kroll Restructuring Administration LLC ("**Kroll**" or the "**Claims and Solicitation Agent**") at (844) 242-7491 (U.S./Canada toll-free) or +1 (347) 338-6450 (international) or email: SASInfo@ra.kroll.com (with "SAS AB Solicitation Inquiry" in the subject line). **THE CLAIMS AND SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

You are receiving this ballot (the "**Ballot**") because you are a holder of a Claim in Class 3 against [SAS AB] ([Aircraft Lease Claims [and Trade Claims]]) as of [January ~~12~~26,

---

[1] The Debtors in these chapter 11 cases are SAS AB, SAS Danmark A/S, SAS Norge AS, SAS Sverige AB, Scandinavian Airlines System Denmark-Norway-Sweden, Scandinavian Airlines of North America Inc. (2393), Gorm Asset Management Ltd., Gorm Dark Blue Ltd., Gorm Deep Blue Ltd., Gorm Sky Blue Ltd., Gorm Warm Red Ltd., Gorm Light Blue Ltd., Gorm Ocean Blue Ltd., and Gorm Engine Management Ltd. The Debtors' mailing address is AVD kod: STOUU-T, SE-195 87 Stockholm, Sweden.

[2] This form of Ballot will be utilized for each of the Debtors, as applicable, in accordance with the Plan and customized where indicated in square brackets on a per-Debtor basis, except in relation to the Consolidated Debtors.

[3] Solely in the Consolidated Debtors' cases, Class 3 also includes Union Claims, and references to Claims in Class 3 against the Consolidated Debtors in this Ballot shall include Union Claims.

[4] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan, the Disclosure Statement (as defined herein), or the *Order (I) Approving (A) Disclosure Statement, (B) Solicitation, Voting, and Related Procedures, and (C) Proposed Cure Procedures, (II) Scheduling Confirmation Hearing, (III) Establishing Notice and Objection Procedures for Confirmation of Debtors' Second Amended Chapter 11 Plan, and (IV) Granting Related Relief* (the "**Disclosure Statement Order**"), as applicable or as the context otherwise requires.

2024] (the "**Voting Record Date**").  Accordingly, you have a right to vote to accept or reject the Plan.

        This Ballot is to be used only for (i) voting by holders of Claims in Class 3 to accept or reject the Plan, (ii) ~~making an election with respect to the form of distribution you will receive under the Plan, (iii)~~ if you vote to reject the Plan, opting in to the third-party releases (the "<u>Third-Party Releases</u>") contained in Section 10.7(b) of the Plan, and (~~iv~~<u>iii</u>) making certain certifications with respect to your vote.

        **IN ORDER FOR YOUR VOTE TO BE COUNTED, THIS BALLOT MUST BE PROPERLY COMPLETED, SIGNED, AND RETURNED TO THE CLAIMS AND SOLICITATION AGENT SO THAT IT IS ACTUALLY RECEIVED BY** ~~**FEBRUARY 26**~~**[MARCH 1, 2024]  AT 4:00 P.M.  (PREVAILING EASTERN TIME) (THE "<u>VOTING DEADLINE</u>"), UNLESS SUCH TIME IS EXTENDED BY THE DEBTORS.**

        This Ballot is solely for purposes of voting to accept or reject the Plan and not for the purpose of allowance or disallowance of, or distribution on account of, any Class 3 Claims ([Aircraft Lease Claims [and Trade Claims]]) against [SAS AB].  If you believe you have received this Ballot in error, please contact the Claims and Solicitation Agent at the telephone number(s) or email address set forth above.

<div align="center"><b>INSTRUCTIONS FOR COMPLETING THE BALLOT</b></div>

        The terms of the Plan and your rights thereunder are described in the *Disclosure Statement for <u>Second Amended</u> Joint Chapter 11 Plan of Reorganization of SAS AB and its Subsidiary Debtors* (as may be amended, modified, or supplemented from time to time, the "**Disclosure Statement**") [ECF No. ~~[●]~~1905].  The Disclosure Statement provides information to assist you in deciding how to vote with respect to this Ballot.  The Disclosure Statement, the Plan, the Disclosure Statement Order, and the Confirmation Hearing Notice are included in the Solicitation Package you are receiving with this Ballot.

        **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT. IF YOU WISH TO REQUEST ADDITIONAL SOLICITATION MATERIALS (AT NO COST TO YOU), CONTACT THE CLAIMS AND SOLICITATION AGENT BY TELEPHONE AT (844) 242-7491 (U.S./CANADA TOLL-FREE) OR +1 (347) 338-6450 (INTERNATIONAL), BY EMAIL AT <u>SASINFO@RA.KROLL.COM</u> (WITH "SAS AB SOLICITATION INQUIRY" IN THE SUBJECT LINE), OR BY FIRST-CLASS MAIL (IN THE PREPAID RETURN ENVELOPE PROVIDED OR OTHERWISE), OVERNIGHT COURIER, OR HAND DELIVERY TO: SAS AB BALLOT PROCESSING CENTER, C/O KROLL RESTRUCTURING ADMINISTRATION LLC, 850 3RD AVENUE, SUITE 412, BROOKLYN, NY 11232.  YOU MAY ALSO OBTAIN COPIES OF ANY PLEADINGS FILED IN THESE CHAPTER 11 CASES, FREE OF CHARGE, AT THE DEBTORS' CASE WEBSITE, <u>HTTPS://CASES.RA.KROLL.COM/SAS/</u>, OR, FOR A FEE, VIA PACER AT: <u>HTTPS://WWW.NYSB.USCOURTS.GOV/</u>.**

The Bankruptcy Court has approved the Disclosure Statement as containing adequate information, as required under section 1125 of the Bankruptcy Code. Court approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court.

You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. If you hold Claims in more than one Class, you will receive a Ballot for each Class in which you are entitled to vote.

The Plan will be accepted by Class 3 ([Aircraft Lease Claims [and Trade Claims]]) if it is accepted by the holders of two-thirds (2/3) in amount and more than one-half (1/2) in number of Claims in Class 3 ([Aircraft Lease Claims [and Trade Claims]]) voting on the Plan. If the Plan is confirmed by the Bankruptcy Court, all holders of Claims against, and Interests in, the Debtors (including those holders who abstain from voting on or reject the Plan, and those holders who are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereunder, whether or not they vote and whether or not they accept the Plan.

**Ballots must be delivered to the Claims and Solicitation Agent (i) via the Claims and Solicitation Agent's E-Ballot Portal by visiting https://cases.ra.kroll.com/SAS/, or (ii) by first-class mail (in the postage prepaid reply envelope provided or otherwise), overnight courier, or hand delivery to: SAS AB Ballot Processing Center, c/o Kroll Restructuring Administration LLC, 850 3rd Avenue, Suite 412, Brooklyn, NY 11232. Holders are encouraged to submit their Ballots via the E-Ballot Portal. If you choose to submit your Ballot via the E-Ballot Portal, you should NOT submit your hard copy Ballot as well. Please choose only <u>one</u> form of return of your Ballot. Ballots will not be accepted by telecopy, facsimile, or other electronic means of transmission (except via the Claims and Solicitation Agent's E-Ballot Portal).**

**To arrange hand delivery of your Ballot, please email the Claims and Solicitation Agent at SASBallots@ra.kroll.com (with "SAS AB Solicitation Ballot Delivery" in the subject line) at least 24 hours before your arrival at the address above and provide the anticipated date and time of delivery.**

**To properly complete this Ballot and return it via first-class mail (in the postage prepaid reply envelope provided or otherwise), overnight courier, or hand delivery, you must follow the procedures described below:**

a. make sure that the information contained in Item 1 is correct;

b. if you hold a Claim in Class 3, cast one vote to accept or reject the Plan by checking the appropriate box in Item 2;

c. if you are completing this Ballot on behalf of another entity, indicate your relationship with such entity and the capacity in which you are signing on the appropriate line in Item 5. By submitting this Ballot you are certifying that you have authority to so act and agree to provide documents evidencing such authority upon request (*e.g.*, a power of attorney or a certified copy of board resolutions authorizing you to so act);

d. if you vote to reject the Plan and choose to opt into the Third-Party Releases contained in Section 10.7(b) of the Plan, check the box in Item 3;

e. provide your name, mailing address, and any remaining information requested;

f. sign and date your Ballot; and

g. return your Ballot with an original signature (unless you are submitting via the E-Ballot Portal) to the Claims and Solicitation Agent.

**IF YOU (I) HAVE ANY QUESTIONS REGARDING THE BALLOT, (II) DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR BALLOT, OR (III) NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE CLAIMS AND SOLICITATION AGENT BY CALLING (844) 242-7491 (U.S./CANADA TOLL-FREE) OR +1 (347) 338-6450 (INTERNATIONAL) OR EMAILING: SASINFO@RA.KROLL.COM (WITH "SAS AB SOLICITATION INQUIRY" IN THE SUBJECT LINE).**

**PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT.**

**THE CLAIMS AND SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

**To properly submit your customized electronic Ballot online via the E-Ballot Portal, please visit https://cases.ra.kroll.com/SAS/, click on the "Submit E-Ballot" section of the website, and follow the instructions to submit your Ballot.**

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized E-Ballot:**

**Unique E-Ballot ID#:**_____

**The Claims and Solicitation Agent's E-Ballot Portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted.**

**Each unique E-Ballot ID# is to be used solely for voting only those Claims or Interests identified and described in your E-Ballot. Please complete and submit an E-Ballot for each E-Ballot ID# you receive, as applicable.**

**Claimants who cast a Ballot using the E-Ballot Portal should NOT also submit a paper Ballot.**

**IMPORTANT NOTICE REGARDING TREATMENT FOR CLASS 3 CLAIMS[5]**

*Aircraft Lease Claims Against [●].* As soon as reasonably practicable after the later of the Effective Date and the date on which an Aircraft Lease Claim against [●] becomes an Allowed Aircraft Lease Claim against [●], each holder of such Allowed Aircraft Lease Claim shall receive, in full and final satisfaction of such Claim, such holder's Pro Rata share of each of the [●] Shares Distribution Pool and the [●] GUC Interests.

*Aircraft Lease Claims and Trade Claims Against [SAS AB]*. As soon as reasonably practicable after the later of the Effective Date and the date on which an Aircraft Lease Claim or Trade Claim against [SAS AB] becomes, as applicable, an Allowed Aircraft Lease Claim or Allowed Trade Claim against [SAS AB], each holder of such Allowed Aircraft Lease Claim or Allowed Trade Claim, as the case may be, shall receive, in full and final satisfaction of such Claim, at the election of the holder of such Claim, such holder's Pro Rata share of (1) (a)each of the [SAS AB] Available Cash or (b) the [SAS AB] New Shares Distribution Pool, and (2) the [SAS AB] GUC Trust Interests, and any Residual SAS AB Available Cash.

*Aircraft Lease Claims, Trade Claims, and Union Claims Against the Consolidated Debtors*. As soon as reasonably practicable after the later of the Effective Date and the date on which an Aircraft Lease Claim, Trade Claim, or Union Claim against the Consolidated Debtors becomes, as applicable, an Allowed Aircraft Lease Claim, Allowed Trade Claim, or Allowed Union Claim against the Consolidated Debtors, each holder of such Allowed Aircraft Lease Claim, Allowed Trade Claim, or Allowed Union Claim, as the case may be, shall receive, in full and final satisfaction of such Claim, at the election of the holder of such Claim, such holder's Pro Rata share of (1) (a) the Consolidated Debtors Available Cash or (b)each of the Consolidated Debtors New Shares Distribution Pool, and (2) the Consolidated Debtors GUC Trust Interests; *provided, however*, that the distribution on account of the Allowed Pilot Union Claim shall be capped at 100,000,000 SEK. 100,000,000, with any recovery that would have been distributed on account thereof (but for this proviso) being added to the Consolidated Debtors New Shares Distribution Pool and the Consolidated Debtors GUC Interests for distribution in accordance with the terms of this Plan.

**PLEASE READ THE DISCLOSURE STATEMENT AND PLAN FOR MORE DETAILS.**

**IMPORTANT NOTICE REGARDING SWEDISH REORGANIZATION PLAN**

If you vote to accept the Plan, you agree to, on and from the Confirmation Date, irrevocably appoint [●] (the "**Authorized Representative**") as your agent, nominee, proxy, and representative with full power and authority, and otherwise instruct the Authorized Representative in your name and on your behalf to exercise all rights in relation to your Claim to vote to accept or reject consistent with your vote on the Plan, submitted with respect to your

---

[5] The summary of treatment under the Plan for holders of Claims in Class 3 will be updated on a per-Debtor basis, except in relation toother than in the case of the Consolidated Debtors. Ballots for holders of Class 3 Claims against the Consolidated Debtors, and will only contain summaries of theirsuch holder's relevant treatment under the Plan.

Claim in a properly completed Ballot in accordance with the instructions herein, on the Swedish Reorganization Plan (as defined in the Plan) under the Swedish Reorganization Act (Sw. *lag (2022:964) om företagsrekonstruktion*) to the extent your Claim(s) are entitled to vote thereon (the "**Authority**"). The Authorized Representative shall be entitled and empowered to take all such associated steps, including:

a. receiving notice of, attending, or voting at any plan hearing (Sw. *planssammanträde*) in the Swedish Court (as defined in the Plan) on the Swedish Reorganization Plan whether held by way of electronic, postal, or other means;

b. receiving notice of, attending, or voting at any meeting of the holders of Claims or Interests (Sw. *borgenärssammanträde*) held in connection with the Swedish SAS AB Reorganization (as defined in the Plan) and all or any adjournments of such meetings or signing any resolution, poll card, or written reply on each holder's behalf and otherwise voting to accept or reject, as applicable, the Swedish Reorganization Plan;

c. completing and returning proxy cards, polling cards, forms of appointment of authorized representatives, and any other documents required to be signed or completed by any holder desirable or necessary to exercise any and all voting rights related to such holder's Claims in the Swedish SAS AB Reorganization;

d. dealing with and giving directions as to any documents, notices, or other communications (in whatever form) arising by right of the Claims or received in connection with the Claims, the Authorized Representative, or any other person; and

e. otherwise executing, delivering, and doing all documents, instruments and acts in your name insofar as may be done pursuant to this authority, for the purpose of approving, accepting, or implementing the Swedish Reorganization Plan.

The administrator of the Swedish SAS AB Reorganization (as defined in the Plan) may seek an Order from the Swedish Court (as defined in the Plan) under the Swedish Reorganization Act (Sw. *lag (2022:964) om företagsrekonstruktion*) to ensure the effectiveness of this appointment.

**TO SUBMIT YOUR BALLOT BY MAIL, PLEASE COMPLETE THE FOLLOWING:**

**Item 1**. **Amount of Class 3 ([Aircraft Lease [and Trade]]) Claim**. For purposes of voting to accept or reject the Plan, the undersigned certifies that as of the Voting Record Date ([January 1226, 2024]), the undersigned holder was the holder of a Class 3 Claim against the Debtor(s) listed below in the following principal amount(s) for voting:

**Claim Amount**: $_____

**Debtor(s)**: _____
_____

**Item 2**.  **Vote on the Plan**.  The undersigned holder of a Class 3 ([Aircraft Lease [and Trade]]) Claim in the amount(s) set forth in Item 1 above hereby votes to:

**Check one box <u>only</u>**:  ☐  Accept the Plan

☐  Reject the Plan

**Item 3**.  **Important Information Regarding Release Provisions of the Plan**.  Section 10.7(b) of the Plan contains the following Third-Party Releases:

AS OF THE EFFECTIVE DATE, EXCEPT FOR THE RIGHTS, REMEDIES, AND CAUSES OF ACTION THAT ARE PRESERVED AND REMAIN IN EFFECT FROM AND AFTER THE EFFECTIVE DATE, INCLUDING TO ENFORCE THIS PLAN AND THE OBLIGATIONS CONTEMPLATED BY THE RESTRUCTURING, FOR GOOD AND VALUABLE CONSIDERATION, ON AND AFTER THE EFFECTIVE DATE, THE RELEASED PARTIES SHALL BE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED AND DISCHARGED, TO THE MAXIMUM EXTENT PERMITTED BY LLAW, BY THE RELEASING PARTIES, IN EACH CASE FROM ANY AND ALL CAUSES OF ACTION (INCLUDING ANY DERIVATIVE CLAIMS, ASSERTED OR ASSERTABLE ON BEHALF OF THE DEBTORS, THE REORGANIZED DEBTORS, OR THEIR ESTATES) THAT SUCH RELEASING PARTIES OR THEIR RESPECTIVE RELATED ENTITIES, AND ANY OTHER ENTITIES CLAIMING UNDER OR THROUGH THEM WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN THEIR OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY) OR ON BEHALF OF THE HOLDER OF ANY CLAIM OR INTEREST OR OTHER ENTITY, BASED ON, RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART: THE DEBTORS (INCLUDING THE MANAGEMENT, DIRECT OR INDIRECT OWNERSHIP, OR OPERATION THEREOF) OR THEIR ESTATES; THE REORGANIZED DEBTORS; THE CHAPTER 11 CASES; THIS PLAN; THE CONFIRMATION ORDER; THE RESTRUCTURING; THE TRANSACTION; THE EQUITY SOLICITATION PROCESS; ANY DEBT OR SECURITY OF OR IN THE DEBTORS AND THE OWNERSHIP THEREOF; THE PURCHASE, SALE, OR RESCISSION OF THE PURCHASE OR SALE OF ANY DEBT OR SECURITY OF OR IN THE DEBTORS OR THE REORGANIZED DEBTORS, INCLUDING THE NEW SHARES AND THE NEW CONVERTIBLE NOTES; THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THIS PLAN; THE BUSINESS OR CONTRACTUAL ARRANGEMENTS OR OTHER INTERACTIONS BETWEEN ANY DEBTOR AND ANY RELEASED PARTY; THE RESTRUCTURING OF ANY CLAIM OR INTEREST BEFORE OR DURING THE CHAPTER 11 CASES; ANY OTHER IN- OR OUT-OF-COURT RESTRUCTURING EFFORTS OF THE DEBTORS; ANY INTERCOMPANY TRANSACTION; THE NEGOTIATION, FORMULATION, PREPARATION, DISSEMINATION, OR CONSUMMATION OF THIS PLAN AND ANY RELATED AGREEMENTS, INSTRUMENTS, OR OTHER DOCUMENTS OR

ANY OTHER CONTRACT, INSTRUMENT, RELEASE, OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THIS PLAN OR ANY RELATED AGREEMENTS, INSTRUMENTS, OR OTHER DOCUMENTS (INCLUDING THE INVESTMENT AGREEMENT); THE SOLICITATION OF VOTES WITH RESPECT TO, OR CONFIRMATION OF, THIS PLAN; OR ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE RELATED TO ANY OF THE FORGOING AND TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE. NOTWITHSTANDING ANYTHING HEREIN TO THE CONTRARY, THE RELEASES CONTAINED IN THIS SECTION 10.7(B~~B~~) SHALL NOT (I) AFFECT THE LIABILITY OF ANY ENTITY FROM CAUSES OF ACTION BASED ON WILLFUL MISCONDUCT, GROSS NEGLIGENCE OR INTENTIONAL FRAUD AS DETERMINED BY A FINAL ORDER, (II) RELEASE POST-EFFECTIVE DATE OBLIGATIONS OF ANY ENTITY UNDER THIS PLAN, THE RESTRUCTURING, THE DEFINITIVE DOCUMENTS OR ANY OTHER DOCUMENT, INSTRUMENT, OR AGREEMENT EXECUTED TO IMPLEMENT THIS PLAN (UNLESS EXPRESSLY CANCELLED BY THIS PLAN), OR (III) AFFECT THE RELEASING PARTIES' RIGHTS THAT REMAIN IN EFFECT FROM AND AFTER THE EFFECTIVE DATE TO ENFORCE THIS PLAN, THE DEFINITIVE DOCUMENTS, AND THE OBLIGATIONS CONTEMPLATED BY THE TRANSACTION OR AS OTHERWISE PROVIDED IN ANY ORDER OF THE BANKRUPTCY COURT.

FOR THE AVOIDANCE OF DOUBT, THE ONLY PARTIES THAT ARE BOUND BY THE RELEASES CONTAINED IN THIS SECTION 10.7(B~~B~~) ARE THE RELEASING PARTIES.

**DEFINITIONS:**

*"Released Parties"* means, collectively, (i) the Debtors, (ii) the DIP Agent and the DIP Lenders, (iii) the Creditors' Committee and each of its present and former members, (iv) the Investors, (v) the Danish State Noteholder, (vi) the Swedish State, ~~and~~ (vii) the Swiss Bonds Agent, and (viii) with respect to each of the foregoing Entities in clauses (i) through (vi~~i~~), such Entities' Related Entities, and their respective heirs, executors, estates, and nominees, in each case in their capacity as such; *provided, however*, that, subject to Section 3.3(f) of the Investment Agreement, any holder of a Claim or Interest that would otherwise constitute a Released Party that does not consent to the releases in the Plan shall not be a Released Party; *provided, further, however*, that, to the extent the Danish State Noteholder gives such a release as contemplated by the Investment Agreement, the Danish State Noteholder shall be a Released Party under the Plan for all purposes; *provided, further, however*, that the Released Parties referenced in clause (vii~~i~~) are Released Parties solely with respect to work performed for or on behalf of the applicable Entity for which releases are given pursuant to the Plan.

*"Releasing Parties"* means, collectively, (i) the Released Parties, other than the Danish State Investor and the Danish State Noteholder, (ii) all holders of Claims who vote to accept the Plan, (iii) all holders of Claims that either vote to reject the Plan or abstain from voting on the Plan and affirmatively opt to grant the releases by checking the appropriate box on the Ballot, and (iv) all holders of Claims and Interests not described in the foregoing clauses (i) – (iii) that affirmatively opt to grant the releases by checking the appropriate box on the notice form;

*provided, however*, that the Danish State Investor and the Danish State Noteholder shall provide releases solely pursuant to Section 3.3(ef) of the Investment Agreement.

**IF YOU VOTE TO ACCEPT THE PLAN, YOU WILL BE DEEMED TO HAVE GRANTED THE THIRD-PARTY RELEASES CONTAINED IN SECTION 10.7(b) OF THE PLAN, AS SET FORTH ABOVE. IF YOU VOTE TO REJECT THE PLAN, YOU MAY CHECK THE BOX BELOW TO OPT INTO THE THIRD-PARTY RELEASES.**

Check the following box **only** if you wish to opt in to the Third-Party Releases set forth above and in Section 10.7(b) of the Plan:

☐    **Opt In to Third-Party Releases**

**Item 4**. ~~Election to Receive [SAS AB] Available Cash or [SAS AB] New Shares Distribution Pool under the~~ **Important Information Regarding Swedish Reorganization** Plan.

~~Whether or not you vote to accept or reject the Plan, or choose not to vote on the Plan at all, you have the option to elect to receive your Pro Rata share of either the (i) [SAS AB] Available Cash, or (ii) [SAS AB] New Shares Distribution Pool, by checking one of the boxes below. [If you do not make an election, you will receive [●]].~~

If you vote on the Plan, you agree to, on and from the Confirmation Date, irrevocably appoint Christoffer Andersson, Victor Schander, Adam Kastengren Sandberg, Anna Litewka (all being employees of Nordic Trustee & Agency AB (publ) (Swedish Reg. No. 556882-1879)), and any other person appointed by the aforementioned persons (each an "**Authorized Representative**") to, any two jointly, act as your agent, nominee, proxy, and representative with full power and authority, and otherwise instruct each Authorized Representative in your name and on your behalf to exercise all rights in relation to your Claim to vote to accept or reject consistent with your vote on the Plan, submitted with respect to your Claim in a properly completed Ballot in accordance with the instructions herein, on the Swedish Reorganization Plan (as defined in the Plan) under the Swedish Reorganization Act (Sw. *lag (2022:964) om företagsrekonstruktion*) to the extent your Claim(s) are entitled to vote thereon.

Each Authorized Representative shall be entitled and empowered to take all such associated steps, including:

a.  receiving notice of, attending, or voting at any plan hearing (Sw. *planssammanträde*) in the Swedish Court (as defined in the Plan) on the Swedish Reorganization Plan whether held by way of electronic, postal, or other means;

b.  receiving notice of, attending, or voting at any meeting of the holders of Claims or Interests (Sw. *borgenärssammanträde*) held in connection with the Swedish SAS AB Reorganization (as defined in the Plan) and all or any adjournments of such meetings or signing any resolution, poll card, or written reply on each holder's behalf and otherwise voting to accept or reject, as applicable, the Swedish Reorganization Plan;

c. completing and returning proxy cards, polling cards, forms of appointment of authorized representatives, and any other documents required to be signed or completed by any holder desirable or necessary to exercise any and all voting rights related to such holder's Claims in the Swedish SAS AB Reorganization;

d. dealing with and giving directions as to any documents, notices, or other communications (in whatever form) arising by right of the Claims or received in connection with the Claims, the Authorized Representative, or any other person; and

e. otherwise executing, delivering, and doing all documents, instruments and acts in your name insofar as may be done pursuant to this authority, for the purpose of approving, accepting, rejecting, or implementing the Swedish Reorganization Plan.

If you vote to accept the Plan, each Authorized Representative shall also, from the date on which your Claim becomes an Allowed Claim (as defined in the Plan) that entitles you to receive New Shares (as defined in the Plan) in SAS AB, be irrevocably appointed as your agent, nominee, proxy, and representative with full power and authority to (a) enter into the Minority Shareholders' Agreement (as defined in the Plan) and (b) sign a subscription list, effectuate payment of the subscription price by contributing your Allowed Claim as payment for the New Shares (noting that such payment may be made either through set off (Sw. *kvittning*) or payment-in-kind (Sw. *apport*)), as applicable, and to forgive any portion of such Allowed Claim in excess of the amount recovered in accordance with the Plan and the Swedish Reorganization Plan, and otherwise comply with all applicable registration requirements to receive and subscribe for New Shares in SAS AB issued in accordance with the Plan and the Swedish Reorganization Plan (in each case, as applicable).

☐ **I hereby elect to receive a Pro Rata share of the [SAS AB] Available Cash, as described in the Plan, and understand that I will thereby not receive a Pro Rata share of the [SAS AB] New Shares Distribution Pool, as described in the Plan.**

If you vote to reject the Plan, or abstain from voting on the Plan, you may check the box **below** to grant each Authorized Representative the authority to, and each Authorized Representative shall, from the date on which your Claim becomes an Allowed Claim that entitles you to receive New Shares in SAS AB, be irrevocably appointed as your agent, nominee, proxy, and representative with full power and authority to (a) enter into the Minority Shareholders' Agreement and (b) sign a subscription list, effectuate payment of the subscription price by contributing your Allowed Claim as payment for the New Shares (noting that such payment may be made either through set off (Sw. *kvittning*) or payment-in-kind (Sw. *apport*)), as applicable, and to forgive any portion of such Allowed Claim in excess of the amount recovered in accordance with the Plan and the Swedish Reorganization Plan, and otherwise comply with all applicable registration requirements to receive and subscribe for New Shares in SAS AB issued in accordance with the Plan and the Swedish Reorganization Plan (in each case, as applicable).

☐ **I hereby elect to receive a Pro Rata share of the [SAS AB] New Shares Distribution Pool, as described in the Plan, and understand that I will thereby not receive a Pro Rata share of the [SAS AB] Available Cash, as described in the Plan.**

Check the following box **only** if you wish to opt in and grant each Authorized Representative the authority to take such actions:

☐ **Opt In to Granting Supplemental Authority to Authorized Representative**

The administrator of the Swedish SAS AB Reorganization may seek an Order from the Swedish Court under the Swedish Reorganization Act (Sw. *lag (2022:964) om företagsrekonstruktion*) to ensure the effectiveness of this appointment.

No Authorized Representative shall be liable for any damages (whether direct or indirect, in contract, tort, or otherwise), which arise from or are incidental to the actions taken by such Authorized Representative under or in connection with this appointment, unless and to the extent a final judgement is made by a court of competent jurisdiction (not subject to further appeal) that determines that such losses arose as a result of such Authorized Representative's gross negligence, willful misconduct, or intentional fraud when serving as an Authorized Representative under or in connection with this appointment. Notwithstanding anything to the contrary, no Authorized Representative shall be personally liable for any damages whatsoever. Each Authorized Representative may rely on the advice of the Debtors' professional advisors and each Authorized Representative shall not be considered to have acted negligently if it has acted in accordance with advice given by such professional advisors.

**Item 5**. **Acknowledgements and Certification**. By signing this Ballot, the undersigned certifies to the Bankruptcy Court and the Debtors that:

a. as of the Voting Record Date, the undersigned is either (i) the Person that is the holder of the Class 3 Claim(s) being voted, or (ii) the Person that is an authorized signatory for the Person that is the holder of the Class 3 Claim(s) being voted;

b. the Person has received a copy of the Disclosure Statement, the Plan, the Disclosure Statement Order, and the Confirmation Hearing Notice and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

c. the Person has cast the same vote with respect to all Class 3 Claims held and voted;

d. no other Ballots with respect to the amount of the Class 3 Claim(s) identified in Item 1 above have been cast or, if any other Ballots have been cast with respect to such Claim(s), then any such Ballots dated earlier are hereby revoked;

e. the Person acknowledges that a vote to accept the Plan constitutes an acceptance of the treatment of such Person's Class 3 Claim(s); and

f. the Person acknowledges and agrees that the Debtors may make conforming changes to the Plan to the extent provided by Bankruptcy Rule 3019, as may be reasonably necessary, but that the Debtors will not re-solicit acceptances or rejections of the Plan in the event of such conforming changes.

The undersigned further acknowledges that the Debtors' solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement, the Disclosure Statement Order, and the Solicitation and Voting Procedures contained therein.

Print or Type Name of Claimant: _____

Signature: _____

Name of Signatory (if different than claimant): _____

If by Authorized Agent, Title of Agent: _____

Street Address: _____

City, State, Zip Code: _____

Telephone Number: _____

E-mail Address: _____

Date Completed: _____

Please check one or both of the below boxes if the above address is a change of address for the purpose(s) of:

☐ Future notice mailings in these chapter 11 cases; and/or

☐ If you would like to change your address information for future notice mailings or Ddistributions, if any, upon your Claim in these chapter 11 cases, please send an email with the revised address to sasinfo@ra.kroll.com.

**UNLESS SUBMITTING YOUR VOTE THROUGH THE E-BALLOT PORTAL, PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT PROMPTLY IN THE RETURN ENVELOPE PROVIDED.**

**WHETHER SUBMITTING YOUR BALLOT THROUGH THE E-BALLOT PORTAL, OR BY FIRST-CLASS MAIL, OVERNIGHT COURIER, OR HAND DELIVERY, YOUR BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING DEADLINE, WHICH IS 4:00 P.M. PREVAILING EASTERN TIME ON ~~FEBRUARY 26~~[MARCH 1, 2024].**

## INSTRUCTIONS FOR COMPLETING BALLOTS

1.  The Debtors are soliciting the votes of holders of certain Claims ~~and Interests~~ with respect to the Plan annexed as **Exhibit A** to the Disclosure Statement. ~~Capitalized terms used in the Ballot or in these instructions (the "**Ballot Instructions**") but not otherwise defined therein or herein shall have the meaning set forth in the Plan, the Disclosure Statement, or the Disclosure Statement Order, as applicable.~~

~~2. The Bankruptcy Court may confirm the Plan and thereby bind you to the terms of the Plan. Please review the Disclosure Statement for more information.~~

~~3. The E-Ballot Portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted. To have your vote counted, you must electronically complete, sign, and return this customized Ballot by utilizing the E-Ballot Portal on the Case Website. Your Ballot must be received by the Claims and Solicitation Agent no later than the Voting Deadline, unless such time is extended by the Debtors.~~

~~**HOLDERS ARE STRONGLY ENCOURAGED TO SUBMIT THEIR BALLOTS VIA THE E-BALLOT PORTAL.**~~

~~4. If you prefer to return a hard copy of your Ballot, you may return it in the enclosed preaddressed, postage prepaid envelope or via first class mail, overnight courier, or hand delivery to:~~

~~**SAS AB Ballot Processing Center**~~
~~c/o Kroll Restructuring Administration LLC~~
~~850 3rd Avenue, Suite 412~~
~~Brooklyn, NY 11232~~

~~5. To ensure that your vote is counted, you must: (a) complete the Ballot; (b) indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 of the Ballot; and (c) sign and return the Ballot to the address set forth on the enclosed pre-addressed envelope or in a method provided herein. The Voting Deadline for the receipt of Ballots by the Claims and Solicitation Agent is **4:00 p.m. (Prevailing Eastern Time) on February 26, 2024.** Your completed Ballot must be received by the Claims and Solicitation Agent on or before the Voting Deadline.~~

2.  ~~6.~~ Except as otherwise provided herein or unless waived by the Debtors or permitted by order of the Bankruptcy Court, unless the Ballot being furnished is timely submitted on or prior to the Voting Deadline, the Debtors shall reject such Ballot as invalid and, therefore, decline to count it in connection with confirmation of the Plan.

3.  ~~7.~~ If you cast more than one Ballot voting the same Claim(s) or Interest(s) before the Voting Deadline, the last valid Ballot received on or before the Voting Deadline shall be deemed to reflect your intent, and thus, supersede any prior Ballot.

4.    ~~8.~~ If you cast a Ballot that is properly completed, executed, and timely returned to the Claims and Solicitation Agent, but does not indicate either an acceptance or rejection of the Plan, the Ballot will not be counted.

5.    ~~9.~~ If you cast a Ballot that is properly completed, executed, and timely returned to the Claims and Solicitation Agent, but indicates both an acceptance and a rejection of the Plan, the Ballot will not be counted.

6.    ~~10.~~ You shall be deemed to have voted the full amount of your Claim in each Class and shall not be entitled to split your vote within a particular Class. Any Ballot that partially accepts and partially rejects the Plan will not be counted.

7.    ~~11.~~ If you cast Ballots received by the Claims and Solicitation Agent on the same day, but which are voted inconsistently, such Ballots will not be counted.

8.    ~~12.~~ The following Ballots shall not be counted:

   ~~(i) any Ballot that is not properly submitted by the Voting Deadline, unless the Debtors have granted an extension of the Voting Deadline in writing with respect to such Ballot;~~

   (i)    ~~(ii)~~ any Ballot that is illegible or contains insufficient information to permit the identification of the Claim or Interest holder;

   (ii)   ~~(iii)~~ any Ballot cast by a ~~p~~Person ~~or entity~~ that does not hold a Claim or Interest in a Class that is entitled to vote to accept or reject the Plan;

   (iii)  ~~(iv)~~ any Ballot cast by a ~~p~~Person who is not entitled to vote, even if such individual holds a Claim or Interest in a Voting Class;

   (iv)   ~~(v)~~ any unsigned Ballot;

   (v)    ~~(vi)~~ any Ballot for which the Court determines, after notice and a hearing, that such vote was not solicited or procured in good faith or in accordance with the provisions of the Bankruptcy Code; or

   (vi)   ~~(vii)~~ any Ballot transmitted to Kroll by means not specifically approved herein.

~~13. If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you should indicate such capacity when signing and, if requested by the Claims and Solicitation Agent, the Debtors, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such holder. In addition, you should provide their name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.~~

9. ~~14.~~ If you hold Claims in more than one Class, you must use separate Ballots for each Class of Claims.

10. ~~15.~~ The Debtors, subject to contrary order of the Bankruptcy Court, may waive any defect or irregularity as to any particular Ballot at any time, either before or after the close of voting, and any such waiver shall be documented in the Voting Certification.

11. ~~16. Neither~~None of the Debtors, the Claims and Solicitation Agent, nor any other Person will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots other than as provided in the Voting Certification, nor will any of them incur any liability for failure to provide such notification.

12. ~~17.~~ Unless waived by the Debtors, subject to contrary order of the Bankruptcy Court, any defects or irregularities in connection with deliveries of Ballots must be cured within such time as the Debtors (or the Bankruptcy Court) determines or such Ballots will not be counted.

13. ~~18.~~ The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan. Accordingly, at this time, holders of Claims or Interests should not surrender certificates or instruments representing or evidencing their Claim or Interests, and neither the Debtors nor the Claims and Solicitation Agent will accept delivery of any such certificates or instruments surrendered together with a Ballot.

~~19. This Ballot does not constitute, and shall not be deemed to be (i) a proof of claim or (ii) an assertion or admission of a Claim.~~

~~20. If you believe you have received the wrong Ballot, you should contact the Claims and Solicitation agent immediately at (844) 242-7491 (U.S./Canada toll-free) or +1 (347) 338-6450 (international) or by email at SASInfo@ra.kroll.com (with "SAS AB Solicitation Inquiry" in the subject line).~~

~~**PLEASE SUBMIT YOUR BALLOT PROMPTLY**~~

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THE SOLICITATION AND VOTING PROCEDURES, OR THE BALLOT INSTRUCTIONS, PLEASE CONTACT THE CLAIMS AND SOLICITATION AGENT AT (844) 242-7491 (U.S./CANADA TOLL-FREE) OR +1 (347) 338-6450 (INTERNATIONAL) OR EMAILING SASINFO@RA.KROLL.COM (WITH "SAS AB SOLICITATION INQUIRY" IN THE SUBJECT LINE).**

**Exhibit C-1**

**Updated Form of Ballot for Holders of Claims in Class 4 and 5
Other Than Holder of Commercial Hybrid Bond Claims and Intercompany Claims**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
In re                                   :      **Chapter 11**
                                        :
**SAS AB**, *et al.*,                   :      **Case No. 22-10925 (MEW)**
                                        :
              Debtors.[1]               :      **(Jointly Administered)**
------------------------------------------------------------x

## BALLOT FOR VOTING TO ACCEPT OR REJECT THE
## JOINT CHAPTER 11 PLAN OF SAS AB AND ITS SUBSIDIARY DEBTORS

### BALLOT FOR: *CLASS [●] CLAIMS AGAINST [SAS AB][2]- [●] CLAIMS*

SAS AB and its debtor subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), are soliciting votes with respect to the *Second Amended Joint Chapter 11 Plan of Reorganization of SAS AB and its Subsidiary Debtors* [ECF No. [●]], (as may be amended, modified, or supplemented from time to time, the "**Plan**"), from the holders of certain impaired Claims against the Debtors.[3] If you have any questions on how to properly complete this Ballot, please contact Kroll Restructuring Administration LLC ("**Kroll**" or the "**Claims and Solicitation Agent**") at (844) 242-7491 (U.S./Canada toll-free) or +1 (347) 338-6450 (international) or email: SASInfo@ra.kroll.com (with "SAS AB Solicitation Inquiry" in the subject line). **THE CLAIMS AND SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

You are receiving this ballot (the "**Ballot**") because you are a holder of a Claim in Class [●] against [SAS AB] ([●]) as of [January 26, 2024] (the "**Voting Record Date**"). Accordingly, you have a right to vote to accept or reject the Plan.

**This Ballot is to be used only for (i) voting by holders of Claims in Class [●] to accept or reject the Plan, (ii) if you vote to reject the Plan, opting in to the third-party releases**

---

[1] The Debtors in these chapter 11 cases are SAS AB, SAS Danmark A/S, SAS Norge AS, SAS Sverige AB, Scandinavian Airlines System Denmark-Norway-Sweden, Scandinavian Airlines of North America Inc. (2393), Gorm Asset Management Ltd., Gorm Dark Blue Ltd., Gorm Deep Blue Ltd., Gorm Sky Blue Ltd., Gorm Warm Red Ltd., Gorm Light Blue Ltd., Gorm Ocean Blue Ltd., and Gorm Engine Management Ltd. The Debtors' mailing address is AVD kod: STOUU-T, SE-195 87 Stockholm, Sweden.

[2] This form of Ballot will be utilized for each of the Debtors, as applicable, in accordance with the Plan and customized where indicated in square brackets on a per-Debtor basis, except in relation to the Consolidated Debtors.

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan, the Disclosure Statement (as defined herein), or the *Order (I) Approving (A) Disclosure Statement, (B) Solicitation, Voting, and Related Procedures, and (C) Proposed Cure Procedures, (II) Scheduling Confirmation Hearing, (III) Establishing Notice and Objection Procedures for Confirmation of Debtors' Second Amended Chapter 11 Plan, and (IV) Granting Related Relief* (the "**Disclosure Statement Order**"), as applicable or as the context otherwise requires.

(the "Third-Party Releases") contained in Section 10.7(b) the Plan, and (iii) making certain certifications with respect to your vote.

IN ORDER FOR YOUR VOTE TO BE COUNTED, THIS BALLOT MUST BE PROPERLY COMPLETED, SIGNED, AND RETURNED TO THE CLAIMS AND SOLICITATION AGENT SO THAT IT IS ACTUALLY RECEIVED BY [MARCH 1, 2024] AT 4:00 P.M. (PREVAILING EASTERN TIME) (THE "VOTING DEADLINE"), UNLESS SUCH TIME IS EXTENDED BY THE DEBTORS.

This Ballot is solely for purposes of voting to accept or reject the Plan and not for the purpose of allowance or disallowance of, or distribution on account of, any Class [●] Claims ([●]) against [SAS AB].  If you believe you have received this Ballot in error, please contact the Claims and Solicitation Agent at the telephone number(s) or email address set forth above.

### INSTRUCTIONS FOR COMPLETING THE BALLOT

The terms of the Plan and your rights thereunder are described in the *Disclosure Statement for Second Amended Joint Chapter 11 Plan of Reorganization of SAS AB and its Subsidiary Debtors* (as may be amended, modified, or supplemented from time to time, the "**Disclosure Statement**") [ECF No. 1905].  The Disclosure Statement provides information to assist you in deciding how to vote with respect to this Ballot.  The Disclosure Statement, the Plan, the Disclosure Statement Order, and the Confirmation Hearing Notice are included in the Solicitation Package you are receiving with this Ballot.

PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.  IF YOU WISH TO REQUEST ADDITIONAL SOLICITATION MATERIALS (AT NO COST TO YOU), CONTACT THE CLAIMS AND SOLICITATION AGENT BY TELEPHONE AT (844) 242-7491 (U.S./CANADA TOLL-FREE) OR +1 (347) 338-6450 (INTERNATIONAL), BY EMAIL AT SASINFO@RA.KROLL.COM (WITH "SAS AB SOLICITATION INQUIRY" IN THE SUBJECT LINE), OR BY FIRST-CLASS MAIL (IN THE PREPAID RETURN ENVELOPE PROVIDED OR OTHERWISE), OVERNIGHT COURIER, OR HAND DELIVERY TO: SAS AB BALLOT PROCESSING CENTER, C/O KROLL RESTRUCTURING ADMINISTRATION LLC, 850 3RD AVENUE, SUITE 412, BROOKLYN, NY 11232.  YOU MAY ALSO OBTAIN COPIES OF ANY PLEADINGS FILED IN THESE CHAPTER 11 CASES, FREE OF CHARGE, AT THE DEBTORS' CASE WEBSITE, HTTPS://CASES.RA.KROLL.COM/SAS/, OR, FOR A FEE, VIA PACER AT: HTTPS://WWW.NYSB.USCOURTS.GOV/.

The Bankruptcy Court has approved the Disclosure Statement as containing adequate information, as required under section 1125 of the Bankruptcy Code.  Court approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court.

You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.  If you hold Claims in more than one Class, you will receive a Ballot for each Class in which you are entitled to vote.

The Plan will be accepted by Class [●] ([●]) if it is accepted by the holders of two-thirds (2/3) in amount and more than one-half (1/2) in number of Claims in Class [●] ([●]) voting on the Plan.  If the Plan is confirmed by the Bankruptcy Court, all holders of Claims against, and Interests in, the Debtors (including those holders who abstain from voting on or reject the Plan, and those holders who are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereunder, whether or not they vote and whether or not they accept the Plan.

**Ballots must be delivered to the Claims and Solicitation Agent (i) via the Claims and Solicitation Agent's E-Ballot Portal by visiting https://cases.ra.kroll.com/SAS/, or (ii) by first-class mail (in the postage prepaid reply envelope provided or otherwise), overnight courier, or hand delivery to: SAS AB Ballot Processing Center, c/o Kroll Restructuring Administration LLC, 850 3rd Avenue, Suite 412, Brooklyn, NY 11232. Holders are encouraged to submit their Ballots via the E-Ballot Portal.  If you choose to submit your Ballot via the E-Ballot Portal, you should NOT submit your hard copy Ballot as well.  Please choose only <u>one</u> form of return of your Ballot.  Ballots will not be accepted by telecopy, facsimile, or other electronic means of transmission (except via the Claims and Solicitation Agent's E-Ballot Portal).**

**To arrange hand delivery of your Ballot, please email the Claims and Solicitation Agent at SASBallots@ra.kroll.com (with "SAS AB Solicitation Ballot Delivery" in the subject line) at least 24 hours before your arrival at the address above and provide the anticipated date and time of delivery.**

**To properly complete this Ballot and return it via first-class mail (in the postage prepaid reply envelope provided or otherwise), overnight courier, or hand delivery, you must follow the procedures described below:**

a. make sure that the information contained in Item 1 is correct;

b. if you hold a Claim in Class [●], cast one vote to accept or reject the Plan by checking the appropriate box in Item 2;

c. if you are completing this Ballot on behalf of another entity, indicate your relationship with such entity and the capacity in which you are signing on the appropriate line in Item 5.  By submitting this Ballot you are certifying that you have authority to so act and agree to provide documents evidencing such authority upon request (*e.g.*, a power of attorney or a certified copy of board resolutions authorizing you to so act);

d. if you vote to reject the Plan and choose to opt into the Third-Party Releases contained in Section 10.7(b) of the Plan, check the box in Item 3;

e. provide your name, mailing address, and any remaining information requested;

f. sign and date your Ballot; and

g. return your Ballot with an original signature (unless you are submitting via the E-Ballot Portal) to the Claims and Solicitation Agent.

**IF YOU (I) HAVE ANY QUESTIONS REGARDING THE BALLOT, (II) DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR BALLOT, OR (III) NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE CLAIMS AND SOLICITATION AGENT BY CALLING (844) 242-7491 (U.S./CANADA TOLL-FREE) OR +1 (347) 338-6450 (INTERNATIONAL) OR EMAILING: SASINFO@RA.KROLL.COM (WITH "SAS AB SOLICITATION INQUIRY" IN THE SUBJECT LINE).**

**PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT.**

**THE CLAIMS AND SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

**To properly submit your customized electronic Ballot online via the E-Ballot Portal, please visit https://cases.ra.kroll.com/SAS/, click on the "Submit E-Ballot" section of the website, and follow the instructions to submit your Ballot.**

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized E-Ballot:**

**Unique E-Ballot ID#:_____**

**The Claims and Solicitation Agent's E-Ballot Portal is the <u>sole</u> manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted.**

**Each unique E-Ballot ID# is to be used solely for voting only those Claims or Interests identified and described in your E-Ballot. Please complete and submit an E-Ballot for each E-Ballot ID# you receive, as applicable.**

**Claimants who cast a Ballot using the E-Ballot Portal should NOT also submit a paper Ballot.**

| |
|---|
| **IMPORTANT NOTICE REGARDING TREATMENT FOR CLASS [●] CLAIMS** |
| **[●]**[4] |
| **PLEASE READ THE DISCLOSURE STATEMENT AND PLAN FOR MORE DETAILS.** |

**<u>TO SUBMIT YOUR BALLOT BY MAIL, PLEASE COMPLETE THE FOLLOWING:</u>**

<u>**Item 1**</u>.  **Amount of Class [●] ([●]) Claim**.  For purposes of voting to accept or reject the Plan, the undersigned certifies that as of the Voting Record Date ([January 26, 2024]), the undersigned

---

[4] Relevant Class treatment under the Plan to be populated on customized Ballot.

holder was the holder of a Class [●] Claim against the Debtor(s) listed below in the following principal amount(s) for voting:

| | |
|---|---|
| **Claim Amount**: $_____ | |
| **Debtor(s)**: _____ | |

**Item 2**.  **Vote on the Plan**.  The undersigned holder of a Class [●] ([●]) Claim in the amount(s) set forth in Item 1 above hereby votes to:

   **Check one box <u>only</u>**:  ☐  Accept the Plan

             ☐  Reject the Plan

**Item 3**.  **Important Information Regarding Release Provisions of the Plan**.  Section 10.7(b) of the Plan contains the following Third-Party Releases:

  **AS OF THE EFFECTIVE DATE, EXCEPT FOR THE RIGHTS, REMEDIES, AND CAUSES OF ACTION THAT ARE PRESERVED AND REMAIN IN EFFECT FROM AND AFTER THE EFFECTIVE DATE, INCLUDING TO ENFORCE THIS PLAN AND THE OBLIGATIONS CONTEMPLATED BY THE RESTRUCTURING, FOR GOOD AND VALUABLE CONSIDERATION, ON AND AFTER THE EFFECTIVE DATE, THE RELEASED PARTIES SHALL BE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED AND DISCHARGED, TO THE MAXIMUM EXTENT PERMITTED BY LAW, BY THE RELEASING PARTIES, IN EACH CASE FROM ANY AND ALL CAUSES OF ACTION (INCLUDING ANY DERIVATIVE CLAIMS, ASSERTED OR ASSERTABLE ON BEHALF OF THE DEBTORS, THE REORGANIZED DEBTORS, OR THEIR ESTATES) THAT SUCH RELEASING PARTIES OR THEIR RESPECTIVE RELATED ENTITIES, AND ANY OTHER ENTITIES CLAIMING UNDER OR THROUGH THEM WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN THEIR OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY) OR ON BEHALF OF THE HOLDER OF ANY CLAIM OR INTEREST OR OTHER ENTITY, BASED ON, RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART: THE DEBTORS (INCLUDING THE MANAGEMENT, DIRECT OR INDIRECT OWNERSHIP, OR OPERATION THEREOF) OR THEIR ESTATES; THE REORGANIZED DEBTORS; THE CHAPTER 11 CASES; THIS PLAN; THE CONFIRMATION ORDER; THE RESTRUCTURING; THE TRANSACTION; THE EQUITY SOLICITATION PROCESS; ANY DEBT OR SECURITY OF OR IN THE DEBTORS AND THE OWNERSHIP THEREOF; THE PURCHASE, SALE, OR RESCISSION OF THE PURCHASE OR SALE OF ANY DEBT OR SECURITY OF OR IN THE DEBTORS OR THE REORGANIZED DEBTORS, INCLUDING THE NEW SHARES AND THE NEW CONVERTIBLE NOTES; THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THIS PLAN; THE BUSINESS OR CONTRACTUAL ARRANGEMENTS OR OTHER INTERACTIONS BETWEEN ANY**

**DEBTOR AND ANY RELEASED PARTY; THE RESTRUCTURING OF ANY CLAIM OR INTEREST BEFORE OR DURING THE CHAPTER 11 CASES; ANY OTHER IN- OR OUT-OF-COURT RESTRUCTURING EFFORTS OF THE DEBTORS; ANY INTERCOMPANY TRANSACTION; THE NEGOTIATION, FORMULATION, PREPARATION, DISSEMINATION, OR CONSUMMATION OF THIS PLAN AND ANY RELATED AGREEMENTS, INSTRUMENTS, OR OTHER DOCUMENTS OR ANY OTHER CONTRACT, INSTRUMENT, RELEASE, OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THIS PLAN OR ANY RELATED AGREEMENTS, INSTRUMENTS, OR OTHER DOCUMENTS (INCLUDING THE INVESTMENT AGREEMENT); THE SOLICITATION OF VOTES WITH RESPECT TO, OR CONFIRMATION OF, THIS PLAN; OR ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE RELATED TO ANY OF THE FORGOING AND TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE. NOTWITHSTANDING ANYTHING HEREIN TO THE CONTRARY, THE RELEASES CONTAINED IN THIS <u>SECTION 10.7(B)</u> SHALL NOT (I) AFFECT THE LIABILITY OF ANY ENTITY FROM CAUSES OF ACTION BASED ON WILLFUL MISCONDUCT, GROSS NEGLIGENCE OR INTENTIONAL FRAUD AS DETERMINED BY A FINAL ORDER, (II) RELEASE POST-EFFECTIVE DATE OBLIGATIONS OF ANY ENTITY UNDER THIS PLAN, THE RESTRUCTURING, THE DEFINITIVE DOCUMENTS OR ANY OTHER DOCUMENT, INSTRUMENT, OR AGREEMENT EXECUTED TO IMPLEMENT THIS PLAN (UNLESS EXPRESSLY CANCELLED BY THIS PLAN), OR (III) AFFECT THE RELEASING PARTIES' RIGHTS THAT REMAIN IN EFFECT FROM AND AFTER THE EFFECTIVE DATE TO ENFORCE THIS PLAN, THE DEFINITIVE DOCUMENTS, AND THE OBLIGATIONS CONTEMPLATED BY THE TRANSACTION OR AS OTHERWISE PROVIDED IN ANY ORDER OF THE BANKRUPTCY COURT.**

**FOR THE AVOIDANCE OF DOUBT, THE ONLY PARTIES THAT ARE BOUND BY THE RELEASES CONTAINED IN THIS SECTION 10.7(B) ARE THE RELEASING PARTIES.**

## <u>DEFINITIONS:</u>

*"Released Parties"* means, collectively, (i) the Debtors, (ii) the DIP Agent and the DIP Lenders, (iii) the Creditors' Committee and each of its present and former members, (iv) the Investors, (v) the Danish State Noteholder, (vi) the Swedish State, (vii) the Swiss Bonds Agent, and (viii) with respect to each of the foregoing Entities in clauses (i) through (vii), such Entities' Related Entities, and their respective heirs, executors, estates, and nominees, in each case in their capacity as such; *provided, however*, that, subject to <u>Section 3.3(f)</u> of the Investment Agreement, any holder of a Claim or Interest that would otherwise constitute a Released Party that does not consent to the releases in the Plan shall not be a Released Party; *provided, further, however*, that, to the extent the Danish State Noteholder gives such a release as contemplated by the Investment Agreement, the Danish State Noteholder shall be a Released Party under the Plan for all purposes; *provided, further, however*, that the Released Parties referenced in clause (viii) are Released Parties solely with respect to work performed for or on behalf of the applicable Entity for which releases are given pursuant to the Plan.

**"*Releasing Parties*"** means, collectively, (i) the Released Parties, other than the Danish State Investor and the Danish State Noteholder, (ii) all holders of Claims who vote to accept the Plan, (iii) all holders of Claims that either vote to reject the Plan or abstain from voting on the Plan and affirmatively opt to grant the releases by checking the appropriate box on the Ballot, and (iv) all holders of Claims and Interests not described in the foregoing clauses (i) – (iii) that affirmatively opt to grant the releases by checking the appropriate box on the notice form; *provided, however*, that the Danish State Investor and the Danish State Noteholder shall provide releases solely pursuant to Section 3.3(f) of the Investment Agreement.

**IF YOU VOTE TO ACCEPT THE PLAN, YOU WILL BE DEEMED TO HAVE GRANTED THE THIRD-PARTY RELEASES CONTAINED IN SECTION 10.7(b) OF THE PLAN, AS SET FORTH ABOVE. IF YOU VOTE TO REJECT THE PLAN, YOU MAY CHECK THE BOX BELOW TO OPT INTO THE THIRD-PARTY RELEASES.**

Check the following box **only** if you wish to opt in to the Third-Party Releases set forth above and in Section 10.7(b) of the Plan:

☐ **Opt In to Third-Party Releases**

**Item 4**. **Important Information Regarding Swedish Reorganization Plan**.

If you vote on the Plan, you agree to, on and from the Confirmation Date, irrevocably appoint Christoffer Andersson, Victor Schander, Adam Kastengren Sandberg, Anna Litewka (all being employees of Nordic Trustee & Agency AB (publ) (Swedish Reg. No. 556882-1879)), and any other person appointed by the aforementioned persons (each an "**Authorized Representative**") to, any two jointly, act as your agent, nominee, proxy, and representative with full power and authority, and otherwise instruct each Authorized Representative in your name and on your behalf to exercise all rights in relation to your Claim to vote to accept or reject consistent with your vote on the Plan, submitted with respect to your Claim in a properly completed Ballot in accordance with the instructions herein, on the Swedish Reorganization Plan (as defined in the Plan) under the Swedish Reorganization Act (Sw. *lag (2022:964) om företagsrekonstruktion*) to the extent your Claim(s) are entitled to vote thereon.

Each Authorized Representative shall be entitled and empowered to take all such associated steps, including:

a. receiving notice of, attending, or voting at any plan hearing (Sw. *planssammanträde*) in the Swedish Court (as defined in the Plan) on the Swedish Reorganization Plan whether held by way of electronic, postal, or other means;

b. receiving notice of, attending, or voting at any meeting of the holders of Claims or Interests (Sw. *borgenärssammanträde*) held in connection with the Swedish SAS AB Reorganization (as defined in the Plan) and all or any adjournments of such meetings or signing any resolution, poll card, or written reply on each holder's behalf and otherwise voting to accept or reject, as applicable, the Swedish Reorganization Plan;

c. completing and returning proxy cards, polling cards, forms of appointment of authorized representatives, and any other documents required to be signed or completed by any holder desirable or necessary to exercise any and all voting rights related to such holder's Claims in the Swedish SAS AB Reorganization;

d. dealing with and giving directions as to any documents, notices, or other communications (in whatever form) arising by right of the Claims or received in connection with the Claims, the Authorized Representative, or any other person; and

e. otherwise executing, delivering, and doing all documents, instruments and acts in your name insofar as may be done pursuant to this authority, for the purpose of approving, accepting, rejecting, or implementing the Swedish Reorganization Plan.

If you vote to accept the Plan, each Authorized Representative shall also, from the date on which your Claim becomes an Allowed Claim (as defined in the Plan) that entitles you to receive New Shares (as defined in the Plan) in SAS AB, be irrevocably appointed as your agent, nominee, proxy, and representative with full power and authority to (a) enter into the Minority Shareholders' Agreement (as defined in the Plan) and (b) sign a subscription list, effectuate payment of the subscription price by contributing your Allowed Claim as payment for the New Shares (noting that such payment may be made either through set off (Sw. *kvittning*) or payment-in-kind (Sw. *apport*)), as applicable, and to forgive any portion of such Allowed Claim in excess of the amount recovered in accordance with the Plan and the Swedish Reorganization Plan, and otherwise comply with all applicable registration requirements to receive and subscribe for New Shares in SAS AB issued in accordance with the Plan and the Swedish Reorganization Plan (in each case, as applicable).

If you vote to reject the Plan, or abstain from voting on the Plan, you may check the box **below** to grant each Authorized Representative the authority to, and each Authorized Representative shall, from the date on which your Claim becomes an Allowed Claim that entitles you to receive New Shares in SAS AB, be irrevocably appointed as your agent, nominee, proxy, and representative with full power and authority to (a) enter into the Minority Shareholders' Agreement and (b) sign a subscription list, effectuate payment of the subscription price by contributing your Allowed Claim as payment for the New Shares (noting that such payment may be made either through set off (Sw. *kvittning*) or payment-in-kind (Sw. *apport*)), as applicable, and to forgive any portion of such Allowed Claim in excess of the amount recovered in accordance with the Plan and the Swedish Reorganization Plan, and otherwise comply with all applicable registration requirements to receive and subscribe for New Shares in SAS AB issued in accordance with the Plan and the Swedish Reorganization Plan (in each case, as applicable).

Check the following box **only** if you wish to opt in and grant each Authorized Representative the authority to take such actions:

☐ **Opt In to Granting Supplemental Authority to Authorized Representative**

The administrator of the Swedish SAS AB Reorganization may seek an Order from the Swedish Court under the Swedish Reorganization Act (Sw. *lag (2022:964) om företagsrekonstruktion*) to ensure the effectiveness of this appointment.

No Authorized Representative shall be liable for any damages (whether direct or indirect, in contract, tort, or otherwise), which arise from or are incidental to the actions taken by such Authorized Representative under or in connection with this appointment, unless and to the extent a final judgement is made by a court of competent jurisdiction (not subject to further appeal) that determines that such losses arose as a result of such Authorized Representative's gross negligence, willful misconduct, or intentional fraud when serving as an Authorized Representative under or in connection with this appointment. Notwithstanding anything to the contrary, no Authorized Representative shall be personally liable for any damages whatsoever. Each Authorized Representative may rely on the advice of the Debtors' professional advisors and each Authorized Representative shall not be considered to have acted negligently if it has acted in accordance with advice given by such professional advisors.

**Item 5**. **Acknowledgements and Certification**. By signing this Ballot, the undersigned certifies to the Bankruptcy Court and the Debtors that:

a.  as of the Voting Record Date, the undersigned is either (i) the Person that is the holder of the Class [●] Claim(s) being voted or (ii) the Person that is an authorized signatory for the Person that is the holder of the Class [●] Claim(s) being voted;

b.  the Person has received a copy of the Disclosure Statement, the Plan, the Disclosure Statement Order, and the Confirmation Hearing Notice and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

c.  the Person has cast the same vote with respect to all Class [●] Claims held and voted;

d.  no other Ballots with respect to the amount of the Class [●] Claim(s) identified in Item 1 above have been cast or, if any other Ballots have been cast with respect to such Claim(s), then any such Ballots dated earlier are hereby revoked;

e.  the Person acknowledges that a vote to accept the Plan constitutes an acceptance of the treatment of such Person's Class [●] Claim(s); and

f.  the Person acknowledges and agrees that the Debtors may make conforming changes to the Plan to the extent provided by Bankruptcy Rule 3019, as may be reasonably necessary, but that the Debtors will not re-solicit acceptances or rejections of the Plan in the event of such conforming changes.

The undersigned further acknowledges that the Debtors' solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement, the Disclosure Statement Order, and the Solicitation and Voting Procedures contained therein.

Print or Type Name of Claimant: _____

Signature: _____

Name of Signatory (if different than claimant): _____

If by Authorized Agent, Title of Agent: _____

Street Address: _____

City, State, Zip Code: _____

Telephone Number: _____

E-mail Address: _____

Date Completed: _____

If you would like to change your address information for future notice mailings or distributions, if any, upon your Claim in these chapter 11 cases, please send an email with the revised address to sasinfo@ra.kroll.com.

**UNLESS SUBMITTING YOUR VOTE THROUGH THE E-BALLOT PORTAL, PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT PROMPTLY IN THE RETURN ENVELOPE PROVIDED.**

**WHETHER SUBMITTING YOUR BALLOT THROUGH THE E-BALLOT PORTAL, OR BY FIRST-CLASS MAIL, OVERNIGHT COURIER, OR HAND DELIVERY, YOUR BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING DEADLINE, WHICH IS 4:00 P.M. PREVAILING EASTERN TIME ON [MARCH 1, 2024].**

## INSTRUCTIONS FOR COMPLETING BALLOTS

1. The Debtors are soliciting the votes of holders of certain Claims with respect to the Plan annexed as **Exhibit A** to the Disclosure Statement.

2. Except as otherwise provided herein or unless waived by the Debtors or permitted by order of the Bankruptcy Court, unless the Ballot being furnished is timely submitted on or prior to the Voting Deadline, the Debtors shall reject such Ballot as invalid and, therefore, decline to count it in connection with confirmation of the Plan.

3. If you cast more than one Ballot voting the same Claim(s) or Interest(s) before the Voting Deadline, the last valid Ballot received on or before the Voting Deadline shall be deemed to reflect your intent, and thus, supersede any prior Ballot.

4. If you cast a Ballot that is properly completed, executed, and timely returned to the Claims and Solicitation Agent, but does not indicate either an acceptance or rejection of the Plan, the Ballot will not be counted.

5. If you cast a Ballot that is properly completed, executed, and timely returned to the Claims and Solicitation Agent, but indicates both an acceptance and a rejection of the Plan, the Ballot will not be counted.

6. You shall be deemed to have voted the full amount of your Claim in each Class and shall not be entitled to split your vote within a particular Class. Any Ballot that partially accepts and partially rejects the Plan will not be counted.

7. If you cast Ballots received by the Claims and Solicitation Agent on the same day, but which are voted inconsistently, such Ballots will not be counted.

8. The following Ballots shall not be counted:

   (i) any Ballot that is illegible or contains insufficient information to permit the identification of the Claim or Interest holder;

   (ii) any Ballot cast by a Person that does not hold a Claim or Interest in a Class that is entitled to vote to accept or reject the Plan;

   (iii) any Ballot cast by a Person who is not entitled to vote, even if such individual holds a Claim or Interest in a Voting Class;

   (iv) any unsigned Ballot;

   (v) any Ballot for which the Court determines, after notice and a hearing, that such vote was not solicited or procured in good faith or in accordance with the provisions of the Bankruptcy Code; or

   (vi) any Ballot transmitted to Kroll by means not specifically approved herein.

9. If you hold Claims in more than one Class, you must use separate Ballots for each Class of Claims.

10. The Debtors, subject to contrary order of the Bankruptcy Court, may waive any defect or irregularity as to any particular Ballot at any time, either before or after the close of voting, and any such waiver shall be documented in the Voting Certification.

11. None of the Debtors, the Claims and Solicitation Agent, nor any other Person will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots other than as provided in the Voting Certification, nor will any of them incur any liability for failure to provide such notification.

12. Unless waived by the Debtors, subject to contrary order of the Bankruptcy Court, any defects or irregularities in connection with deliveries of Ballots must be cured within such time as the Debtors (or the Bankruptcy Court) determines or such Ballots will not be counted.

13. The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan. Accordingly, at this time, holders of Claims or Interests should not surrender certificates or instruments representing or evidencing their Claim or Interests, and neither the Debtors nor the Claims and Solicitation Agent will accept delivery of any such certificates or instruments surrendered together with a Ballot.

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THE SOLICITATION AND VOTING PROCEDURES, OR THE BALLOT INSTRUCTIONS, PLEASE CONTACT THE CLAIMS AND SOLICITATION AGENT AT (844) 242-7491 (U.S./CANADA TOLL-FREE) OR +1 (347) 338-6450 (INTERNATIONAL) OR EMAILING SASINFO@RA.KROLL.COM (WITH "SAS AB SOLICITATION INQUIRY" IN THE SUBJECT LINE).**

## Exhibit C-2

**Redline**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------- x
|  |  |  |
|---|---|---|
| In re | : | **Chapter 11** |
|  | : |  |
| **SAS AB**, *et al.*, | : | **Case No. 22-10925 (MEW)** |
|  | : |  |
| **Debtors.**[1] | : | **(Jointly Administered)** |
-------------------------------------------------------------- x

**BALLOT FOR VOTING TO ACCEPT OR REJECT THE**
**JOINT CHAPTER 11 PLAN OF SAS AB AND ITS SUBSIDIARY DEBTORS**

**BALLOT FOR:  *CLASS [●] CLAIMS AGAINST [SAS AB][2]- [●] CLAIMS***

SAS AB and its debtor subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), are soliciting votes with respect to the *Second Amended Joint Chapter 11 Plan of Reorganization of SAS AB and its Subsidiary Debtors* [ECF No. [●]], (as may be amended, modified, or supplemented from time to time, the "**Plan**"), from the holders of certain impaired Claims against the Debtors.[3]  If you have any questions on how to properly complete this Ballot, please contact Kroll Restructuring Administration LLC ("**Kroll**" or the "**Claims and Solicitation Agent**") at (844) 242-7491 (U.S./Canada toll-free) or +1 (347) 338-6450 (international) or email: SASInfo@ra.kroll.com (with "SAS AB Solicitation Inquiry" in the subject line).  **THE CLAIMS AND SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

You are receiving this ballot (the "**Ballot**") because you are a holder of a Claim in Class [●] against [SAS AB] ([●]) as of [January ~~12~~26, 2024] (the "**Voting Record Date**"). Accordingly, you have a right to vote to accept or reject the Plan.

This Ballot is to be used only for (i) voting by holders of Claims in Class [●] to accept or reject the Plan, (ii) if you vote to reject the Plan, opting in to the third-party

---

[1] The Debtors in these chapter 11 cases are SAS AB, SAS Danmark A/S, SAS Norge AS, SAS Sverige AB, Scandinavian Airlines System Denmark-Norway-Sweden, Scandinavian Airlines of North America Inc. (2393), Gorm Asset Management Ltd., Gorm Dark Blue Ltd., Gorm Deep Blue Ltd., Gorm Sky Blue Ltd., Gorm Warm Red Ltd., Gorm Light Blue Ltd., Gorm Ocean Blue Ltd., and Gorm Engine Management Ltd.  The Debtors' mailing address is AVD kod: STOUU-T, SE-195 87 Stockholm, Sweden.

[2] This form of Ballot will be utilized for each of the Debtors, as applicable, in accordance with the Plan and customized where indicated in square brackets on a per-Debtor basis, except in relation to the Consolidated Debtors.

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan, the Disclosure Statement (as defined herein), or the *Order (I) Approving (A) Disclosure Statement, (B) Solicitation, Voting, and Related Procedures, and (C) Proposed Cure Procedures, (II) Scheduling Confirmation Hearing, (III) Establishing Notice and Objection Procedures for Confirmation of Debtors' Second Amended Chapter 11 Plan, and (IV) Granting Related Relief* (the "**Disclosure Statement Order**"), as applicable or as the context otherwise requires.

releases (the "<u>Third-Party Releases</u>") contained in Section 10.7(b) the Plan, and (iii) making certain certifications with respect to your vote.

IN ORDER FOR YOUR VOTE TO BE COUNTED, THIS BALLOT MUST BE PROPERLY COMPLETED, SIGNED, AND RETURNED TO THE CLAIMS AND SOLICITATION AGENT SO THAT IT IS ACTUALLY RECEIVED BY ~~FEBRUARY 26~~[MARCH 1, 2024] AT 4:00 P.M. (PREVAILING EASTERN TIME) (THE "<u>VOTING DEADLINE</u>"), UNLESS SUCH TIME IS EXTENDED BY THE DEBTORS.

This Ballot is solely for purposes of voting to accept or reject the Plan and not for the purpose of allowance or disallowance of, or distribution on account of, any Class [●] Claims ([●]) against [SAS AB].  If you believe you have received this Ballot in error, please contact the Claims and Solicitation Agent at the telephone number(s) or email address set forth above.

## INSTRUCTIONS FOR COMPLETING THE BALLOT

The terms of the Plan and your rights thereunder are described in the *Disclosure Statement for Second Amended Joint Chapter 11 Plan of Reorganization of SAS AB and its Subsidiary Debtors* (as may be amended, modified, or supplemented from time to time, the "**Disclosure Statement**") [ECF No. ~~[●]~~1905].  The Disclosure Statement provides information to assist you in deciding how to vote with respect to this Ballot.  The Disclosure Statement, the Plan, the Disclosure Statement Order, and the Confirmation Hearing Notice are included in the Solicitation Package you are receiving with this Ballot.

PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.  IF YOU WISH TO REQUEST ADDITIONAL SOLICITATION MATERIALS (AT NO COST TO YOU), CONTACT THE CLAIMS AND SOLICITATION AGENT BY TELEPHONE AT (844) 242-7491 (U.S./CANADA TOLL-FREE) OR +1 (347) 338-6450 (INTERNATIONAL), BY EMAIL AT SASINFO@RA.KROLL.COM (WITH "SAS AB SOLICITATION INQUIRY" IN THE SUBJECT LINE), OR BY FIRST-CLASS MAIL (IN THE PREPAID RETURN ENVELOPE PROVIDED OR OTHERWISE), OVERNIGHT COURIER, OR HAND DELIVERY TO: SAS AB BALLOT PROCESSING CENTER, C/O KROLL RESTRUCTURING ADMINISTRATION LLC, 850 3RD AVENUE, SUITE 412, BROOKLYN, NY 11232.  YOU MAY ALSO OBTAIN COPIES OF ANY PLEADINGS FILED IN THESE CHAPTER 11 CASES, FREE OF CHARGE, AT THE DEBTORS' CASE WEBSITE, HTTPS://CASES.RA.KROLL.COM/SAS/, OR, FOR A FEE, VIA PACER AT: HTTPS://WWW.NYSB.USCOURTS.GOV/.

The Bankruptcy Court has approved the Disclosure Statement as containing adequate information, as required under section 1125 of the Bankruptcy Code.  Court approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court.

You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. If you hold Claims in more than one Class, you will receive a Ballot for each Class in which you are entitled to vote.

The Plan will be accepted by Class [●] ([●]) if it is accepted by the holders of two-thirds (2/3) in amount and more than one-half (1/2) in number of Claims in Class [●] ([●]) voting on the Plan. If the Plan is confirmed by the Bankruptcy Court, all holders of Claims against, and Interests in, the Debtors (including those holders who abstain from voting on or reject the Plan, and those holders who are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereunder, whether or not they vote and whether or not they accept the Plan.

**Ballots must be delivered to the Claims and Solicitation Agent (i) via the Claims and Solicitation Agent's E-Ballot Portal by visiting <ins>https://cases.ra.kroll.com/SAS/</ins>, or (ii) by first-class mail (in the postage prepaid reply envelope provided or otherwise), overnight courier, or hand delivery to: SAS AB Ballot Processing Center, c/o Kroll Restructuring Administration LLC, 850 3rd Avenue, Suite 412, Brooklyn, NY 11232. Holders are encouraged to submit their Ballots via the E-Ballot Portal. If you choose to submit your Ballot via the E-Ballot Portal, you should NOT submit your hard copy Ballot as well. Please choose only <ins>one</ins> form of return of your Ballot. Ballots will not be accepted by telecopy, facsimile, or other electronic means of transmission (except via the Claims and Solicitation Agent's E-Ballot Portal).**

**To arrange hand delivery of your Ballot, please email the Claims and Solicitation Agent at <ins>SASBallots@ra.kroll.com</ins> (with "SAS AB Solicitation Ballot Delivery" in the subject line) at least 24 hours before your arrival at the address above and provide the anticipated date and time of delivery.**

**To properly complete this Ballot and return it via first-class mail (in the postage prepaid reply envelope provided or otherwise), overnight courier, or hand delivery, you must follow the procedures described below:**

a. make sure that the information contained in Item 1 is correct;

b. if you hold a Claim in Class [●], cast one vote to accept or reject the Plan by checking the appropriate box in Item 2;

c. if you are completing this Ballot on behalf of another entity, indicate your relationship with such entity and the capacity in which you are signing on the appropriate line in Item 5. By submitting this Ballot you are certifying that you have authority to so act and agree to provide documents evidencing such authority upon request (*e.g.*, a power of attorney or a certified copy of board resolutions authorizing you to so act);

d. if you vote to reject the Plan and choose to opt into the Third-Party Releases contained in Section 10.7(b) of the Plan, check the box in Item 3;

e. [if you are the holder of a Class 5 General Unsecured Claim and choose to voluntarily and irrevocably reduce the amount of your Claim to $[●] and be treated as the holder

of a Convenience Class Claim in accordance with the Plan, please check the box in Item 4;][4]

e. ~~f.~~ provide your name, mailing address, and any remaining information requested;

f. ~~g.~~ sign and date your Ballot; and

g. ~~h.~~ return your Ballot with an original signature (unless you are submitting via the E-Ballot Portal) to the Claims and Solicitation Agent.

**IF YOU (I) HAVE ANY QUESTIONS REGARDING THE BALLOT, (II) DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR BALLOT, OR (III) NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE CLAIMS AND SOLICITATION AGENT BY CALLING (844) 242-7491 (U.S./CANADA TOLL-FREE) OR +1 (347) 338-6450 (INTERNATIONAL) OR EMAILING: SASINFO@RA.KROLL.COM (WITH "SAS AB SOLICITATION INQUIRY" IN THE SUBJECT LINE).**

**PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT.**

**THE CLAIMS AND SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

**To properly submit your customized electronic Ballot online via the E-Ballot Portal, please visit https://cases.ra.kroll.com/SAS/, click on the "Submit E-Ballot" section of the website, and follow the instructions to submit your Ballot.**

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized E-Ballot:**

**Unique E-Ballot ID#:_____**

**The Claims and Solicitation Agent's E-Ballot Portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted.**

**Each unique E-Ballot ID# is to be used solely for voting only those Claims or Interests identified and described in your E-Ballot. Please complete and submit an E-Ballot for each E-Ballot ID# you receive, as applicable.**

---

[4] Only holders of Class 5 Other General Unsecured Claims against the Consolidated Debtors may elect to reduce their Claim to become a Convenience Class claimholder. Accordingly, this paragraph will only be included for relevant Ballots for holders of Class 5 Claims against the Consolidated Debtors.

**Claimants who cast a Ballot using the E-Ballot Portal should NOT also submit a paper Ballot.**

---

**IMPORTANT NOTICE REGARDING TREATMENT FOR CLASS [●] CLAIMS**

[●][54]

**PLEASE READ THE DISCLOSURE STATEMENT AND PLAN FOR MORE DETAILS.**

---

**IMPORTANT NOTICE REGARDING SWEDISH REORGANIZATION PLAN**

If you vote to accept the Plan, you agree to, on and from the Confirmation Date, irrevocably appoint [●] (the "**Authorized Representative**") as your agent, nominee, proxy, and representative with full power and authority, and otherwise instruct the Authorized Representative in your name and on your behalf to exercise all rights in relation to your Claim to vote to accept or reject consistent with your vote on the Plan, submitted with respect to your Claim in a properly completed Ballot in accordance with the instructions herein, on the Swedish Reorganization Plan (as defined in the Plan) under the Swedish Reorganization Act (Sw. *lag (2022:964) om företagsrekonstruktion*) to the extent your Claim(s) are entitled to vote thereon (the "**Authority**"). The Authorized Representative shall be entitled and empowered to take all such associated steps, including:

a. receiving notice of, attending, or voting at any plan hearing (Sw. *planssammanträde*) in the Swedish Court (as defined in the Plan) on the Swedish Reorganization Plan whether held by way of electronic, postal, or other means;

b. receiving notice of, attending, or voting at any meeting of the holders of Claims or Interests (Sw. *borgenärssammanträde*) held in connection with the Swedish SAS AB Reorganization (as defined in the Plan) and all or any adjournments of such meetings or signing any resolution, poll card, or written reply on each holder's behalf and otherwise voting to accept or reject, as applicable, the Swedish Reorganization Plan;

c. completing and returning proxy cards, polling cards, forms of appointment of authorized representatives, and any other documents required to be signed or completed by any holder desirable or necessary to exercise any and all voting rights related to such holder's Claims in the Swedish SAS AB Reorganization;

d. dealing with and giving directions as to any documents, notices, or other communications (in whatever form) arising by right of the Claims or received in connection with the Claims, the Authorized Representative, or any other person; and

---

[54] Relevant Class treatment under the Plan to be populated on customized Ballot.

e. otherwise executing, delivering, and doing all documents, instruments and acts in your name insofar as may be done pursuant to this authority, for the purpose of approving, accepting, or implementing the Swedish Reorganization Plan.

The administrator of the Swedish SAS AB Reorganization (as defined in the Plan) may seek an Order from the Swedish Court (as defined in the Plan) under the Swedish Reorganization Act (Sw. *lag (2022:964) om företagsrekonstruktion*) to ensure the effectiveness of this appointment.

**TO SUBMIT YOUR BALLOT BY MAIL, PLEASE COMPLETE THE FOLLOWING:**

**Item 1**.  **Amount of Class [●] ([●]) Claim**.  For purposes of voting to accept or reject the Plan, the undersigned certifies that as of the Voting Record Date ([January ~~12~~26, 2024]), the undersigned holder was the holder of a Class [●] Claim against the Debtor(s) listed below in the following principal amount(s) for voting:

**Claim Amount**:  $_____

**Debtor(s)**:  _____
_____

**Item 2**.  **Vote on the Plan**.  The undersigned holder of a Class [●] ([●]) Claim in the amount(s) set forth in Item 1 above hereby votes to:

**Check one box <u>only</u>**:  ☐  Accept the Plan

☐  Reject the Plan

**Item 3**.  **Important Information Regarding Release Provisions of the Plan**.  Section 10.7(b) of the Plan contains the following Third-Party Releases:

AS OF THE EFFECTIVE DATE, EXCEPT FOR THE RIGHTS, REMEDIES, AND CAUSES OF ACTION THAT ARE PRESERVED AND REMAIN IN EFFECT FROM AND AFTER THE EFFECTIVE DATE, INCLUDING TO ENFORCE THIS PLAN AND THE OBLIGATIONS CONTEMPLATED BY THE RESTRUCTURING, FOR GOOD AND VALUABLE CONSIDERATION, ON AND AFTER THE EFFECTIVE DATE, THE RELEASED PARTIES SHALL BE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED AND DISCHARGED, TO THE MAXIMUM EXTENT PERMITTED BY ~~LL~~LAW, BY THE RELEASING PARTIES, IN EACH CASE FROM ANY AND ALL CAUSES OF ACTION (INCLUDING ANY DERIVATIVE CLAIMS, ASSERTED OR ASSERTABLE ON BEHALF OF THE DEBTORS, THE REORGANIZED DEBTORS, OR THEIR ESTATES) THAT SUCH RELEASING PARTIES OR THEIR RESPECTIVE RELATED ENTITIES, AND ANY OTHER ENTITIES CLAIMING UNDER OR THROUGH THEM WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN THEIR OWN RIGHT

(WHETHER INDIVIDUALLY OR COLLECTIVELY) OR ON BEHALF OF THE HOLDER OF ANY CLAIM OR INTEREST OR OTHER ENTITY, BASED ON, RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART: THE DEBTORS (INCLUDING THE MANAGEMENT, DIRECT OR INDIRECT OWNERSHIP, OR OPERATION THEREOF) OR THEIR ESTATES; THE REORGANIZED DEBTORS; THE CHAPTER 11 CASES; THIS PLAN; THE CONFIRMATION ORDER; THE RESTRUCTURING; THE TRANSACTION; THE EQUITY SOLICITATION PROCESS; ANY DEBT OR SECURITY OF OR IN THE DEBTORS AND THE OWNERSHIP THEREOF; THE PURCHASE, SALE, OR RESCISSION OF THE PURCHASE OR SALE OF ANY DEBT OR SECURITY OF OR IN THE DEBTORS OR THE REORGANIZED DEBTORS, INCLUDING THE NEW SHARES AND THE NEW CONVERTIBLE NOTES; THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THIS PLAN; THE BUSINESS OR CONTRACTUAL ARRANGEMENTS OR OTHER INTERACTIONS BETWEEN ANY DEBTOR AND ANY RELEASED PARTY; THE RESTRUCTURING OF ANY CLAIM OR INTEREST BEFORE OR DURING THE CHAPTER 11 CASES; ANY OTHER IN- OR OUT-OF-COURT RESTRUCTURING EFFORTS OF THE DEBTORS; ANY INTERCOMPANY TRANSACTION; THE NEGOTIATION, FORMULATION, PREPARATION, DISSEMINATION, OR CONSUMMATION OF THIS PLAN AND ANY RELATED AGREEMENTS, INSTRUMENTS, OR OTHER DOCUMENTS OR ANY OTHER CONTRACT, INSTRUMENT, RELEASE, OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THIS PLAN OR ANY RELATED AGREEMENTS, INSTRUMENTS, OR OTHER DOCUMENTS (INCLUDING THE INVESTMENT AGREEMENT); THE SOLICITATION OF VOTES WITH RESPECT TO, OR CONFIRMATION OF, THIS PLAN; OR ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE RELATED TO ANY OF THE FORGOING AND TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE. NOTWITHSTANDING ANYTHING HEREIN TO THE CONTRARY, THE RELEASES CONTAINED IN THIS SECTION 10.7(BB) SHALL NOT (I) AFFECT THE LIABILITY OF ANY ENTITY FROM CAUSES OF ACTION BASED ON WILLFUL MISCONDUCT, GROSS NEGLIGENCE OR INTENTIONAL FRAUD AS DETERMINED BY A FINAL ORDER, (II) RELEASE POST-EFFECTIVE DATE OBLIGATIONS OF ANY ENTITY UNDER THIS PLAN, THE RESTRUCTURING, THE DEFINITIVE DOCUMENTS OR ANY OTHER DOCUMENT, INSTRUMENT, OR AGREEMENT EXECUTED TO IMPLEMENT THIS PLAN (UNLESS EXPRESSLY CANCELLED BY THIS PLAN), OR (III) AFFECT THE RELEASING PARTIES' RIGHTS THAT REMAIN IN EFFECT FROM AND AFTER THE EFFECTIVE DATE TO ENFORCE THIS PLAN, THE DEFINITIVE DOCUMENTS, AND THE OBLIGATIONS CONTEMPLATED BY THE TRANSACTION OR AS OTHERWISE PROVIDED IN ANY ORDER OF THE BANKRUPTCY COURT.

FOR THE AVOIDANCE OF DOUBT, THE ONLY PARTIES THAT ARE BOUND BY THE RELEASES CONTAINED IN THIS SECTION 10.7(BB) ARE THE RELEASING PARTIES.

**DEFINITIONS:**

**"*Released Parties*"** means, collectively, (i) the Debtors, (ii) the DIP Agent and the DIP Lenders, (iii) the Creditors' Committee and each of its present and former members, (iv) the Investors, (v) the Danish State Noteholder, (vi) the Swedish State, ~~and~~ (vii) the Swiss Bonds Agent, and (viii) with respect to each of the foregoing Entities in clauses (i) through (vii), such Entities' Related Entities, and their respective heirs, executors, estates, and nominees, in each case in their capacity as such; *provided, however*, that, subject to Section 3.3(f) of the Investment Agreement, any holder of a Claim or Interest that would otherwise constitute a Released Party that does not consent to the releases in the Plan shall not be a Released Party; *provided, further, however*, that, to the extent the Danish State Noteholder gives such a release as contemplated by the Investment Agreement, the Danish State Noteholder shall be a Released Party under the Plan for all purposes; *provided, further, however*, that the Released Parties referenced in clause (viii) are Released Parties solely with respect to work performed for or on behalf of the applicable Entity for which releases are given pursuant to the Plan.

**"*Releasing Parties*"** means, collectively, (i) the Released Parties, other than the Danish State Investor and the Danish State Noteholder, (ii) all holders of Claims who vote to accept the Plan, (iii) all holders of Claims that either vote to reject the Plan or abstain from voting on the Plan and affirmatively opt to grant the releases by checking the appropriate box on the Ballot, and (iv) all holders of Claims and Interests not described in the foregoing clauses (i) – (iii) that affirmatively opt to grant the releases by checking the appropriate box on the notice form; *provided, however*, that the Danish State Investor and the Danish State Noteholder shall provide releases solely pursuant to Section 3.3(~~e~~f) of the Investment Agreement.

**IF YOU VOTE TO ACCEPT THE PLAN, YOU WILL BE DEEMED TO HAVE GRANTED THE THIRD-PARTY RELEASES CONTAINED IN SECTION 10.7(b) OF THE PLAN, AS SET FORTH ABOVE. IF YOU VOTE TO REJECT THE PLAN, YOU MAY CHECK THE BOX _BELOW_ TO OPT INTO THE THIRD-PARTY RELEASES.**

Check the following box **only** if you wish to opt in to the Third-Party Releases set forth above and in Section 10.7(b) of the Plan:

     ☐    **Opt In to Third-Party Releases**

**[Item 4**. ~~OPTIONAL — Convenience Claim Election~~Important Information Regarding Swedish Reorganization Plan**.**

Check the box below if you elect to have your Class 5 General Unsecured Claim voluntarily and irrevocably reduced to the amount of $[●] and, therefore, to be treated as a Convenience Class Claim in accordance with the Plan.[6] By making this Convenience Claim Election, your responses to Items 2 and 3 above will be counted as a vote in Class 6 with respect to your Convenience Class Claim. If you make a Convenience Claim Election, you will not be entitled to any other recovery or distribution on account of your General Unsecured Claim in Class 5.

If you vote on the Plan, you agree to, on and from the Confirmation Date, irrevocably appoint Christoffer Andersson, Victor Schander, Adam Kastengren Sandberg, Anna Litewka (all being employees of Nordic Trustee & Agency AB (publ) (Swedish Reg. No. 556882-1879)), and any other person appointed by the aforementioned persons (each an "**Authorized Representative**") to, any two jointly, act as your agent, nominee, proxy, and representative with full power and authority, and otherwise instruct each Authorized Representative in your name and on your behalf to exercise all rights in relation to your Claim to vote to accept or reject consistent with your vote on the Plan, submitted with respect to your Claim in a properly completed Ballot in accordance with the instructions herein, on the Swedish Reorganization Plan (as defined in the Plan) under the Swedish Reorganization Act (Sw. *lag (2022:964) om företagsrekonstruktion*) to the extent your Claim(s) are entitled to vote thereon.

Each Authorized Representative shall be entitled and empowered to take all such associated steps, including:

b. receiving notice of, attending, or voting at any plan hearing (Sw. *planssammanträde*) in the Swedish Court (as defined in the Plan) on the Swedish Reorganization Plan whether held by way of electronic, postal, or other means;

c. receiving notice of, attending, or voting at any meeting of the holders of Claims or Interests (Sw. *borgenärssammanträde*) held in connection with the Swedish SAS AB Reorganization (as defined in the Plan) and all or any adjournments of such meetings or signing any resolution, poll card, or written reply on each holder's behalf and otherwise voting to accept or reject, as applicable, the Swedish Reorganization Plan;

d. completing and returning proxy cards, polling cards, forms of appointment of authorized representatives, and any other documents required to be signed or completed by any holder desirable or necessary to exercise any and all voting rights related to such holder's Claims in the Swedish SAS AB Reorganization;

e. dealing with and giving directions as to any documents, notices, or other communications (in whatever form) arising by right of the Claims or received in connection with the Claims, the Authorized Representative, or any other person; and

---

[6] "**Convenience Class Claim**" means an Allowed Other General Unsecured Claim against the Consolidated Debtors in an amount (i) less than $[●] and (ii) greater than such amount if voluntarily and irrevocably reduced to such amount by the holder thereof.

f. otherwise executing, delivering, and doing all documents, instruments and acts in your name insofar as may be done pursuant to this authority, for the purpose of approving, accepting, rejecting, or implementing the Swedish Reorganization Plan.

If you vote to accept the Plan, each Authorized Representative shall also, from the date on which your Claim becomes an Allowed Claim (as defined in the Plan) that entitles you to receive New Shares (as defined in the Plan) in SAS AB, be irrevocably appointed as your agent, nominee, proxy, and representative with full power and authority to (a) enter into the Minority Shareholders' Agreement (as defined in the Plan) and (b) sign a subscription list, effectuate payment of the subscription price by contributing your Allowed Claim as payment for the New Shares (noting that such payment may be made either through set off (Sw. *kvittning*) or payment-in-kind (Sw. *apport*)), as applicable, and to forgive any portion of such Allowed Claim in excess of the amount recovered in accordance with the Plan and the Swedish Reorganization Plan, and otherwise comply with all applicable registration requirements to receive and subscribe for New Shares in SAS AB issued in accordance with the Plan and the Swedish Reorganization Plan (in each case, as applicable).

☐ **The undersigned certifies that it elects to voluntarily and irrevocably reduce the amount of its Allowed Other General Unsecured Claim to $[●], such that it will be entitled to receive a distribution as a holder of a Convenience Class Claim pursuant to the Plan. Holders of Allowed Other General Unsecured Claims that make such election shall only be entitled to a distribution on one Convenience Class Claim against the Debtors in full and final satisfaction of all of such holders' Claims that are based on the same liability or obligation as the Convenience Class Claim.]**

If you vote to reject the Plan, or abstain from voting on the Plan, you may check the box **below** to grant each Authorized Representative the authority to, and each Authorized Representative shall, from the date on which your Claim becomes an Allowed Claim that entitles you to receive New Shares in SAS AB, be irrevocably appointed as your agent, nominee, and representative with full power and authority to (a) enter into the Minority Shareholders' Agreement and (b) sign a subscription list, effectuate payment of the subscription price by contributing your Allowed Claim as payment for the New Shares (noting that such payment may be made either through set off (Sw. *kvittning*) or payment-in-kind (Sw. *apport*)), as applicable, and to forgive any portion of such Allowed Claim in excess of the amount recovered in accordance with the Plan and the Swedish Reorganization Plan, and otherwise comply with all applicable registration requirements to receive and subscribe for New Shares in SAS AB issued in accordance with the Plan and the Swedish Reorganization Plan (in each case, as applicable).

Check the following box **only** if you wish to opt in and grant each Authorized Representative the authority to take such actions:

☐ **Opt In to Granting Supplemental Authority to Authorized Representative**

The administrator of the Swedish SAS AB Reorganization may seek an Order from the Swedish Court under the Swedish Reorganization Act (Sw. *lag (2022:964) om företagsrekonstruktion*) to ensure the effectiveness of this appointment.

No Authorized Representative shall be liable for any damages (whether direct or indirect, in contract, tort, or otherwise), which arise from or are incidental to the actions taken by such Authorized Representative under or in connection with this appointment, unless and to the extent a final judgement is made by a court of competent jurisdiction (not subject to further appeal) that determines that such losses arose as a result of such Authorized Representative's gross negligence, willful misconduct, or intentional fraud when serving as an Authorized Representative under or in connection with this appointment. Notwithstanding anything to the contrary, no Authorized Representative shall be personally liable for any damages whatsoever. Each Authorized Representative may rely on the advice of the Debtors' professional advisors and each Authorized Representative shall not be considered to have acted negligently if it has acted in accordance with advice given by such professional advisors.

**Item 5**. **Acknowledgements and Certification**. By signing this Ballot, the undersigned certifies to the Bankruptcy Court and the Debtors that:

a. as of the Voting Record Date, the undersigned is either (i) the Person that is the holder of the Class [●] Claim(s) being voted, or (ii) the Person that is an authorized signatory for the Person that is the holder of the Class [●] Claim(s) being voted;

b. the Person has received a copy of the Disclosure Statement, the Plan, the Disclosure Statement Order, and the Confirmation Hearing Notice and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

c. the Person has cast the same vote with respect to all Class [●] Claims held and voted;

d. no other Ballots with respect to the amount of the Class [●] Claim(s) identified in Item 1 above have been cast or, if any other Ballots have been cast with respect to such Claim(s), then any such Ballots dated earlier are hereby revoked;

e. the Person acknowledges that a vote to accept the Plan constitutes an acceptance of the treatment of such Person's Class [●] Claim(s); and

f. the Person acknowledges and agrees that the Debtors may make conforming changes to the Plan to the extent provided by Bankruptcy Rule 3019, as may be reasonably necessary, but that the Debtors will not re-solicit acceptances or rejections of the Plan in the event of such conforming changes.

The undersigned further acknowledges that the Debtors' solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement, the Disclosure Statement Order, and the Solicitation and Voting Procedures contained therein.

Print or Type Name of Claimant: _____

Signature: _____

_____

Name of Signatory (if different than claimant):

If by Authorized Agent, Title of Agent:          _____

Street Address:                                  _____

City, State, Zip Code:                           _____

Telephone Number:                                _____

E-mail Address:                                  _____

Date Completed:                                  _____

~~Please check one or both of the below boxes if the above address is a change of address for the purpose(s) of:~~

~~☐      Future notice mailings in these chapter 11 cases; and/or~~

☐    If you would like to change your address information for future notice mailings or ~~D~~distributions, if any, upon your Claim in these chapter 11 cases, please send an email with the revised address to sasinfo@ra.kroll.com.

**UNLESS SUBMITTING YOUR VOTE THROUGH THE E-BALLOT PORTAL, PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT PROMPTLY IN THE RETURN ENVELOPE PROVIDED.**

**WHETHER SUBMITTING YOUR BALLOT THROUGH THE E-BALLOT PORTAL, OR BY FIRST-CLASS MAIL, OVERNIGHT COURIER, OR HAND DELIVERY, YOUR BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING DEADLINE, WHICH IS 4:00 P.M. PREVAILING EASTERN TIME ON ~~FEBRUARY 26~~[MARCH 1, 2024].**

## <u>INSTRUCTIONS FOR COMPLETING BALLOTS</u>

1.  The Debtors are soliciting the votes of holders of certain Claims ~~and Interests~~ with respect to the Plan annexed as **<u>Exhibit A</u>** to the Disclosure Statement. ~~Capitalized terms used in the Ballot or in these instructions (the "**Ballot Instructions**") but not otherwise defined therein or herein shall have the meaning set forth in the Plan, the Disclosure Statement, or the Disclosure Statement Order, as applicable.~~

~~2. The Bankruptcy Court may confirm the Plan and thereby bind you to the terms of the Plan. Please review the Disclosure Statement for more information.~~

~~3. The E-Ballot Portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted. To have your vote counted, you must electronically complete, sign, and return this customized Ballot by utilizing the E-Ballot Portal on the Case Website. Your Ballot must be received by the Claims and Solicitation Agent no later than the Voting Deadline, unless such time is extended by the Debtors.~~

**~~HOLDERS ARE STRONGLY ENCOURAGED TO SUBMIT THEIR BALLOTS VIA THE E-BALLOT PORTAL.~~**

~~4. If you prefer to return a hard copy of your Ballot, you may return it in the enclosed preaddressed, postage prepaid envelope or via first class mail, overnight courier, or hand delivery to:~~

> **~~SAS AB Ballot Processing Center~~**
> ~~c/o Kroll Restructuring Administration LLC~~
> ~~850 3rd Avenue, Suite 412~~
> ~~Brooklyn, NY 11232~~

~~5. To ensure that your vote is counted, you must: (a) complete the Ballot; (b) indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 of the Ballot; and (c) sign and return the Ballot to the address set forth on the enclosed pre-addressed envelope or in a method provided herein. The Voting Deadline for the receipt of Ballots by the Claims and Solicitation Agent is **4:00 p.m. (Prevailing Eastern Time) on February 26, 2024.** Your completed Ballot must be received by the Claims and Solicitation Agent on or before the Voting Deadline.~~

2.  ~~6.~~ Except as otherwise provided herein or unless waived by the Debtors or permitted by order of the Bankruptcy Court, unless the Ballot being furnished is timely submitted on or prior to the Voting Deadline, the Debtors shall reject such Ballot as invalid and, therefore, decline to count it in connection with confirmation of the Plan.

3.  ~~7.~~ If you cast more than one Ballot voting the same Claim(s) or Interest(s) before the Voting Deadline, the last valid Ballot received on or before the Voting Deadline shall be deemed to reflect your intent, and thus, supersede any prior Ballot.

4.   ~~8.~~ If you cast a Ballot that is properly completed, executed, and timely returned to the Claims and Solicitation Agent, but does not indicate either an acceptance or rejection of the Plan, the Ballot will not be counted.

5.   ~~9.~~ If you cast a Ballot that is properly completed, executed, and timely returned to the Claims and Solicitation Agent, but indicates both an acceptance and a rejection of the Plan, the Ballot will not be counted.

6.   ~~10.~~ You shall be deemed to have voted the full amount of your Claim in each Class and shall not be entitled to split your vote within a particular Class. Any Ballot that partially accepts and partially rejects the Plan will not be counted.

7.   ~~11.~~ If you cast Ballots received by the Claims and Solicitation Agent on the same day, but which are voted inconsistently, such Ballots will not be counted.

8.   ~~12.~~ The following Ballots shall not be counted:

    ~~(i) any Ballot that is not properly submitted by the Voting Deadline, unless the Debtors have granted an extension of the Voting Deadline in writing with respect to such Ballot;~~

    (i)   ~~(ii)~~ any Ballot that is illegible or contains insufficient information to permit the identification of the Claim or Interest holder;

    (ii)  ~~(iii)~~ any Ballot cast by a ~~p~~Person ~~or entity~~ that does not hold a Claim or Interest in a Class that is entitled to vote to accept or reject the Plan;

    (iii) ~~(iv)~~ any Ballot cast by a ~~p~~Person who is not entitled to vote, even if such individual holds a Claim or Interest in a Voting Class;

    (iv)  ~~(v)~~ any unsigned Ballot;

    (v)   ~~(vi)~~ any Ballot for which the Court determines, after notice and a hearing, that such vote was not solicited or procured in good faith or in accordance with the provisions of the Bankruptcy Code; or

    (vi)  ~~(vii)~~ any Ballot transmitted to Kroll by means not specifically approved herein.

~~13. If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you should indicate such capacity when signing and, if requested by the Claims and Solicitation Agent, the Debtors, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such holder. In addition, you should provide their name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.~~

9. ~~14.~~ If you hold Claims in more than one Class, you must use separate Ballots for each Class of Claims.

10. ~~15.~~ The Debtors, subject to contrary order of the Bankruptcy Court, may waive any defect or irregularity as to any particular Ballot at any time, either before or after the close of voting, and any such waiver shall be documented in the Voting Certification.

11. ~~16. Neither~~ None of the Debtors, the Claims and Solicitation Agent, nor any other Person will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots other than as provided in the Voting Certification, nor will any of them incur any liability for failure to provide such notification.

12. ~~17.~~ Unless waived by the Debtors, subject to contrary order of the Bankruptcy Court, any defects or irregularities in connection with deliveries of Ballots must be cured within such time as the Debtors (or the Bankruptcy Court) determines or such Ballots will not be counted.

13. ~~18.~~ The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan. Accordingly, at this time, holders of Claims or Interests should not surrender certificates or instruments representing or evidencing their Claim or Interests, and neither the Debtors nor the Claims and Solicitation Agent will accept delivery of any such certificates or instruments surrendered together with a Ballot.

~~19. This Ballot does not constitute, and shall not be deemed to be (i) a proof of claim or (ii) an assertion or admission of a Claim.~~

~~20. If you believe you have received the wrong Ballot, you should contact the Claims and Solicitation agent immediately at (844) 242-7491 (U.S./Canada toll-free) or +1 (347) 338-6450 (international) or by email at SASInfo@ra.kroll.com (with "SAS AB Solicitation Inquiry" in the subject line).~~

~~**PLEASE SUBMIT YOUR BALLOT PROMPTLY**~~

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THE SOLICITATION AND VOTING PROCEDURES, OR THE BALLOT INSTRUCTIONS, PLEASE CONTACT THE CLAIMS AND SOLICITATION AGENT AT (844) 242-7491 (U.S./CANADA TOLL-FREE) OR +1 (347) 338-6450 (INTERNATIONAL) OR EMAILING SASINFO@RA.KROLL.COM (WITH "SAS AB SOLICITATION INQUIRY" IN THE SUBJECT LINE).**

**Updated Form of Master Ballot for Commercial Hybrid Bond Claims in Class 5**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | **Chapter 11** |
| | : | |
| **SAS AB**, *et al.*, | : | **Case No. 22-10925 (MEW)** |
| | : | |
| **Debtors.**[1] | : | **(Jointly Administered)** |

------------------------------------------------------------x

## MASTER BALLOT FOR VOTING TO ACCEPT OR REJECT THE
## JOINT CHAPTER 11 PLAN OF SAS AB AND ITS SUBSIDIARY DEBTORS

### BALLOT FOR:  *CLASS 5 FOR SAS AB – COMMERCIAL HYBRID BOND CLAIMS*

**SEK 1,615,000,000 Unsubordinated Perpetual Floating Rate Callable Capital Securities,**
**dated as of October 23, 2020, by and between**
**SAS AB, as Issuer, and Intertrust (Sweden) AB, as Agent**

### ISIN SE0014957999

SAS AB and its debtor subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), are soliciting votes with respect to the *Second Amended Joint Chapter 11 Plan of Reorganization of SAS AB and its Subsidiary Debtors* [ECF No. [●]], (as may be amended, modified, or supplemented from time to time, the "**Plan**"), from the holders of certain impaired Claims against the Debtors.[2]  This master ballot (the "**Master Ballot**") is being submitted to brokers, dealers, commercial banks, trust companies, or other agents or nominees ("**Nominees**") of beneficial holders of Commercial Hybrid Bond Claims (the "**Beneficial Holders**" and each a "**Beneficial Holder**") against SAS AB.

Specifically, this Master Ballot is being submitted to Nominees of Beneficial Holders of Commercial Hybrid Bond Claims in Class 5 as of [January 26, 2024] (the "**Voting Record Date**"). Nominees should use this Master Ballot to tabulate votes on behalf of the Beneficial Holders to accept or reject the Plan.  If you have any questions on how to properly complete this Master Ballot, please contact Kroll Restructuring Administration LLC ("**Kroll**" or the "**Claims and Solicitation Agent**") at (844) 242-7491 (U.S./Canada toll-free) or +1 (347) 338-6450

---

[1] The Debtors in these chapter 11 cases are SAS AB, SAS Danmark A/S, SAS Norge AS, SAS Sverige AB, Scandinavian Airlines System Denmark-Norway-Sweden, Scandinavian Airlines of North America Inc. (2393), Gorm Asset Management Ltd., Gorm Dark Blue Ltd., Gorm Deep Blue Ltd., Gorm Sky Blue Ltd., Gorm Warm Red Ltd., Gorm Light Blue Ltd., Gorm Ocean Blue Ltd., and Gorm Engine Management Ltd.  The Debtors' mailing address is AVD kod: STOUU-T, SE-195 87 Stockholm, Sweden.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan, the Disclosure Statement (as defined herein), or the *Order (I) Approving (A) Disclosure Statement, (B) Solicitation, Voting, and Related Procedures, and (C) Proposed Cure Procedures, (II) Scheduling Confirmation Hearing, (III) Establishing Notice and Objection Procedures for Confirmation of Debtors' Second Amended Chapter 11 Plan, and (IV) Granting Related Relief* (the "**Disclosure Statement Order**"), as applicable or as the context otherwise requires.

(international) or email: SASInfo@ra.kroll.com (with "SAS AB Solicitation Inquiry" in the subject line). **THE CLAIMS AND SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

You are receiving this Master Ballot because you are the Nominee of the Beneficial Holder(s) of Commercial Hybrid Bond Claims in Class 5 against SAS AB, as set forth in **Exhibit A** hereto, as of the Voting Record Date.

**IN ORDER FOR YOUR VOTE TO BE COUNTED, THIS MASTER BALLOT MUST BE PROPERLY COMPLETED, SIGNED, AND RETURNED TO THE CLAIMS AND SOLICITATION AGENT SO THAT IT IS ACTUALLY RECEIVED BY [MARCH 1, 2024] AT 4:00 P.M. (PREVAILING EASTERN TIME) (THE "VOTING DEADLINE"), UNLESS SUCH TIME IS EXTENDED BY THE DEBTORS.**

This Master Ballot is solely for purposes of voting to accept or reject the Plan and not for the purpose of allowance or disallowance of, or distribution on account of, any Class 5 Claims (Commercial Hybrid Bond Claims, Other General Unsecured Claims, and Intercompany Claims) against SAS AB. You must provide all of the information requested by this Master Ballot. Failure to do so may result in the disqualification of your vote. If you believe you have received this Master Ballot in error, please contact the Claims and Solicitation Agent at the telephone number(s) or email address set forth above.

### INSTRUCTIONS FOR COMPLETING THE MASTER BALLOT

The terms of the Plan and the rights of the Beneficial Holders thereunder are described in the *Disclosure Statement for Second Amended Joint Chapter 11 Plan of Reorganization of SAS AB and its Subsidiary Debtors* (as may be amended, modified, or supplemented from time to time, the "**Disclosure Statement**") [ECF No. 1905]. The Disclosure Statement provides information to assist the Beneficial Holders in deciding whether to accept or reject the Plan.

You have been provided with Solicitation Packages containing (i) the Confirmation Hearing Notice, (ii) a USB flash drive with copies of the Plan, Disclosure Statement, and Disclosure Statement Order, and (iii) forms of Ballots for Beneficial Holders of Commercial Hybrid Bond Claims (the "**Beneficial Holder Ballot(s)**"). Upon receipt of these Solicitation Packages, you should immediately forward to the Beneficial Holders these Solicitation Packages with a return envelope addressed to you, or as provided in the attached instructions. You are authorized to collect votes to accept or reject the Plan from the Beneficial Holders in accordance with your customary practices, including the use of a "voting instruction form" in lieu of (or in addition to) a Beneficial Holder Ballot, and collecting votes from Beneficial Holders through online voting, by phone, facsimile, or other electronic means.

**PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS MASTER BALLOT. IF YOU WISH TO REQUEST ADDITIONAL SOLICITATION MATERIALS (AT NO COST TO YOU), CONTACT THE CLAIMS AND SOLICITATION AGENT BY TELEPHONE AT (844) 242-7491 (U.S./CANADA TOLL-FREE) OR +1 (347) 338-6450 (INTERNATIONAL),**

**BY EMAIL AT SASINFO@RA.KROLL.COM (WITH "SAS AB SOLICITATION INQUIRY" IN THE SUBJECT LINE), OR BY FIRST-CLASS MAIL (IN THE PREPAID RETURN ENVELOPE PROVIDED OR OTHERWISE), OVERNIGHT COURIER, OR HAND DELIVERY TO: SAS AB BALLOT PROCESSING CENTER, C/O KROLL RESTRUCTURING ADMINISTRATION LLC, 850 3RD AVENUE, SUITE 412, BROOKLYN, NY 11232. YOU MAY ALSO OBTAIN COPIES OF ANY PLEADINGS FILED IN THESE CHAPTER 11 CASES, FREE OF CHARGE, AT THE DEBTORS' CASE WEBSITE, HTTPS://CASES.RA.KROLL.COM/SAS/, OR, FOR A FEE, VIA PACER AT: HTTPS://WWW.NYSB.USCOURTS.GOV/.**

The Plan will be accepted by Class 5 for SAS AB (Commercial Hybrid Bond Claims, Other General Unsecured Claims, and Intercompany Claims) if it is accepted by the holders of two-thirds (2/3) in amount and more than one-half (1/2) in number of Claims in Class 5 (Commercial Hybrid Bond Claims, Other General Unsecured Claims, and Intercompany Claims) voting on the Plan. If the Plan is confirmed by the Bankruptcy Court, all holders of Claims against, and Interests in, the Debtors (including those holders who abstain from voting on or reject the Plan, and those holders who are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereunder, whether or not they vote and whether or not they accept the Plan.

**To properly complete this Ballot and return it via first-class mail (in the postage prepaid reply envelope provided or otherwise), overnight courier, or hand delivery, you must follow the instructions below (the "Ballot Instructions"):**

a.  make sure that the information contained in Item 1 is correct;

b.  to have the votes of your Beneficial Holders count, you should already have delivered to each such holder the Solicitation Package, including a Beneficial Holder Ballot (which may be a pre-validated ballot, as described in section c below), with a return envelope addressed to you (or the Claims and Solicitation Agent in the case of a pre-validated ballot), so such holder may (i) return their Beneficial Holder Ballot to you with sufficient time for you to complete and return the Master Ballot to the Claims and Solicitation Agent, so that the Claims and Solicitation Agent *actually receives* the Master Ballot before the Voting Deadline, or (ii) in the case of a pre-validated ballot, return their Beneficial Holder Ballot to the Claims and Solicitation Agent before the Voting Deadline. Notwithstanding the foregoing, you may transmit the Solicitation Packages and Beneficial Holder Ballot to the Beneficial Holders in accordance with your customary procedures to transmit materials to and collect votes from the Beneficial Holders;

c.  you may pre-validate the Beneficial Holder Ballots by (i) signing the Beneficial Holder Ballot and indicating on the Beneficial Holder Ballot the (a) name of the Nominee and Participant Number, (b) principal amount of the Commercial Hybrid Bond Claim(s) held by the Nominee for the Beneficial Holder accompanied by a medallion guarantee stamp certifying the Beneficial Holder's position as of the Voting Record Date, and (c) account number of the Beneficial Holder, and (ii) forwarding such Beneficial Holder Ballot, together with the Solicitation Package, including a preaddressed,

postage-paid return envelope addressed to the Claims and Solicitation Agent, to the Beneficial Holder.  The Beneficial Holder will be required to complete the information requested in Item 1, Item 2, Item 3, Item 4, Item 5, and Item 6 of the Beneficial Holder Ballot and return the pre-validated Beneficial Holder Ballot directly to the Claims and Solicitation Agent so that it is received before the Voting Deadline;

d.  with regard to any Beneficial Holder Ballots returned to you, to have the vote of your Beneficial Holders count, you must (i) retain such Beneficial Holder Ballots in your files and transfer the requested information from each such Beneficial Holder Ballot onto the Master Ballot, (ii) execute the Master Ballot, and (iii) deliver the Master Ballot to the Claims and Solicitation Agent in accordance with these instructions;

e.  please keep any records of Beneficial Holder Ballots, including records of the Beneficial Holders to whom pre-validated Beneficial Holder Ballots were delivered, for at least one year after the Voting Deadline (or such other date as is set by order of the Bankruptcy Court).  You may be ordered to produce the Beneficial Holder Ballots to the Debtors or the Bankruptcy Court;

f.  for the avoidance of doubt, if it is your customary practice to collect votes from your Beneficial Holder clients via voter information form, e-mail, telephone, or other means, you may employ those customary practices to collect votes from the Beneficial Holders in lieu of a Beneficial Holder Ballot;

g.  if you are **both** the Nominee and Beneficial Holder, and you wish to vote such Commercial Hybrid Bond Claims for which you are a Beneficial Holder, you may return the Master Ballot for such Claims;

h.  in the event that (i) the Debtors revoke or withdraw the Plan, or (ii) the Confirmation Order is not entered or consummation of the Plan does not occur, this Master Ballot shall automatically be null and void and deemed withdrawn without any requirement of affirmative action by or notice to you;

i.  the Master Ballot may not be used for any purpose other than to vote to accept or reject the Plan;

j.  the Master Ballot does not constitute, and shall not be deemed to be, a Proof of Claim or an assertion or admission of a Claim;

k.  if the Master Ballot is received after the Voting Deadline, it will not be counted, unless otherwise determined by the Debtors.  The method of delivery of the Master Ballot to the Claims and Solicitation Agent is at your election and risk;

l.  if a Beneficial Holder submits Ballots for multiple Class 5 Commercial Hybrid Bond Claims, whether held in other accounts or other record names, and such Ballots indicate different or inconsistent votes to accept or reject the Plan, then all such Ballots will not be counted;

m. if a Beneficial Holder submits more than one Ballot voting the same Commercial Hybrid Bond Claims prior to the Voting Deadline, the last, properly executed Ballot received by the Claims and Solicitation Agent shall be deemed to reflect the Beneficial Holder's intent, and thus, will supersede any prior Ballot;

n. to the extent that conflicting votes or "overvotes" are submitted by a Nominee, the Claims and Solicitation Agent, in good faith, will attempt to reconcile discrepancies with the Nominee. To the extent that any overvotes are not reconcilable prior to the preparation of the Voting Certification, the Claims and Solicitation Agent will apply the votes to accept and to reject the Plan in the same proportion as the votes to accept and reject the Plan submitted on the Master Ballots or pre-validated Beneficial Holder Ballots that contained the overvote, but only to the extent of the Nominee's position in the applicable security;

o. the Master Ballot should not be sent to the Debtors, the Bankruptcy Court, or the Debtors' financial or legal advisors;

p. provide your name, mailing address, and any remaining information requested;

q. sign and date your Master Ballot; and

r. return your signed Master Ballot to the Claims and Solicitation Agent by only **ONE** of the following methods:

**PLEASE COMPLETE, SIGN, AND DATE THIS MASTER BALLOT AND RETURN IT *PROMPTLY* IN THE PREPAID BUSINESS REPLY ENVELOPE PROVIDED OR VIA FIRST-CLASS MAIL, OVERNIGHT COURIER, HAND DELIVERY, OR VIA ELECTRONIC MAIL SERVICE TO:**

**PREFERRED METHOD**

**SASBallots@ra.kroll.com**
**(Please reference "SAS AB Master Ballot" in the subject line)**

**OR**

**If by first-class mail, overnight courier, or hand delivery:**

**SAS AB Ballot Processing Center**
**c/o Kroll Restructuring Administration LLC**
**850 Third Avenue, Suite 412**
**Brooklyn, NY 11232**

**To coordinate hand delivery of your Master Ballot, please email SASBallots@ra.kroll.com at least 24 hours prior to your arrival at the address above and provide the anticipated date and time of delivery.**

IF YOU (I) HAVE ANY QUESTIONS REGARDING THE MASTER BALLOT, (II) DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR MASTER BALLOT, OR (III) NEED ADDITIONAL COPIES OF THE MASTER BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE CLAIMS AND SOLICITATION AGENT BY CALLING (844) 242-7491 (U.S./CANADA TOLL-FREE) OR +1 (347) 338-6450 (INTERNATIONAL) OR EMAILING: SASINFO@RA.KROLL.COM (WITH "SAS AB SOLICITATION INQUIRY" IN THE SUBJECT LINE).

PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT.

THE CLAIMS AND SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.

**PLEASE COMPLETE ITEMS 1, 2, 3, AND 6. IF THIS MASTER BALLOT HAS NOT BEEN PROPERLY SIGNED IN THE SPACE PROVIDED, VOTES OF THE BENEFICIAL HOLDERS MAY NOT BE VALID OR COUNTED AS HAVING BEEN CAST.**

---

**IMPORTANT NOTICE REGARDING TREATMENT FOR CLASS 5 CLAIMS AGAINST SAS AB**

***Commercial Hybrid Bond Claims, Other General Unsecured Claims, and Intercompany Claims***.  As soon as reasonably practicable after the later of the Effective Date and the date on which a Commercial Hybrid Bond Claim, Other General Unsecured Claim, or Intercompany Claim against SAS AB becomes, as applicable, an Allowed Commercial Hybrid Bond Claim (to the extent allowed as a debt claim under Swedish Law), Allowed Other General Unsecured Claim, or Allowed Intercompany Claim against SAS AB, each holder of such Allowed Commercial Hybrid Bond Claim, Allowed Other General Unsecured Claim, or Allowed Intercompany Claim, as the case may be, shall receive, in full and final satisfaction of such Claim, such holder's Pro Rata share of each of the Remaining SAS AB Available Cash and the SAS AB GUC Interests.

**PLEASE READ THE DISCLOSURE STATEMENT AND PLAN FOR MORE DETAILS.**

---

<u>**Item 1**</u>.  **Certification of Authority to Vote**.  The undersigned certifies that, as of the Voting Record Date, the undersigned (please check the applicable box):

       ☐       is a Nominee for the Beneficial Holders in the amount of Class 5 Commercial Hybrid Bond Claims listed in Item 2 below and is the registered holder of such Class 5 Commercial Hybrid Bond Claims;

       ☐       is acting under a power of attorney and/or agency (a copy of which must be provided upon request) granted by a Nominee that is the registered holder of Class 5 Commercial Hybrid Bond Claims in the amount(s) listed in Item 2 below; or

       ☐       has been granted a proxy (an original of which is annexed hereto) from a Nominee or a Beneficial Holder that is the registered Holder of the principal amount of Class 5 Commercial Hybrid Bond Claims listed in Item 2 below, and accordingly has full power and authority to vote to accept or reject the Plan on behalf of the Beneficial Holders of the Class 5 Commercial Hybrid Bond Claims listed in Item 2 below.

**Item 2**.  **Vote on the Plan**.  The undersigned transmits the following votes of Beneficial Holders in respect of their Class 5 Commercial Hybrid Bond Claims, bearing ISIN SE0014957999, and certifies that the following Beneficial Holders, as identified by their respective customer account numbers set forth below, are Beneficial Holders as of the Voting Record Date and have delivered to the undersigned, as Nominee, Beneficial Holder Ballots casting such votes.[3]

| Account Number for Each Beneficial Holder of Class 5 Commercial Hybrid Bond Claims that Voted | Number of Commercial Hybrid Bond Claims Held by Your Customer | Item 2. Vote on Plan (please select one) | | Item 3. Opt-In Release Election | Item 5. Appointment of Proxy |
|---|---|---|---|---|---|
| | | ACCEPT | REJECT | Place a check below if the Beneficial Holder checked the box in Item 3 | Place a check below if the Beneficial Holder checked the box in Item5 |
| 1. | | ☐ | ☐ | ☐ | ☐ |
| 2. | | ☐ | ☐ | ☐ | ☐ |
| 3. | | ☐ | ☐ | ☐ | ☐ |
| 4. | | ☐ | ☐ | ☐ | ☐ |
| 5. | | ☐ | ☐ | ☐ | ☐ |
| 6. | | ☐ | ☐ | ☐ | ☐ |
| 7. | | ☐ | ☐ | ☐ | ☐ |
| 8. | | ☐ | ☐ | ☐ | ☐ |
| 9. | | ☐ | ☐ | ☐ | ☐ |
| 10. | | ☐ | ☐ | ☐ | ☐ |

---

[3] Indicate in the appropriate column the amount of the Class 5 Commercial Hybrid Bond Claims voted for each account, or attach such information to this Master Ballot in the form of the following table.  Please note that each Beneficial Holder must vote all of such Beneficial Holder's Commercial Hybrid Bond Claims to accept or to reject the Plan and may not split such vote.  Any ballot executed by a Beneficial Holder that does not indicate an acceptance or rejection of the Plan, or that indicates both an acceptance and a rejection of the Plan, and has not been corrected by the Voting Deadline, shall not be counted.

**Item 3**.  **Other Ballots Submitted by Beneficial Holders in the Same Class**.  The undersigned certifies that it has transcribed in the following table the information, if any, provided by the Beneficial Holders in Item 4 of the Beneficial Holder Ballot:

**(Please complete the information requested below.  Attach additional sheets if necessary.)**

| Customer Account Number and/or Customer Name for Each Beneficial Holder who completed Item 4 of the Beneficial Holder Ballot | Transcribe from Item 4 of the Beneficial Holder Ballot | | | | | | |
|---|---|---|---|---|---|---|---|
| | Account Number or Reference Code Assigned by Euroclear Sweden or Other Applicable Securities Depository | Name of Other Registered Holder or Nominee (if applicable) | Account Number at Other Registered Holder or Nominee | Principal Amount of Other Class 5 Claims Voted Through Other Registered Holder or Nominee | Vote (Accept or Reject) | Decision Relating to Third Party Releases Made through Other Nominee (indicate "Opt-In" if applicable) | Decision Relating to Appointment of Proxy |
| 1. | | | | $ | | | |
| 2. | | | | $ | | | |
| 3. | | | | $ | | | |
| 4. | | | | $ | | | |
| 5. | | | | $ | | | |

**Item 4**.  **Important Information Regarding Release Provisions of the Plan**.  Section 10.7(b) of the Plan contains the following Third-Party Releases:

AS OF THE EFFECTIVE DATE, EXCEPT FOR THE RIGHTS, REMEDIES, AND CAUSES OF ACTION THAT ARE PRESERVED AND REMAIN IN EFFECT FROM AND AFTER THE EFFECTIVE DATE, INCLUDING TO ENFORCE THIS PLAN AND THE OBLIGATIONS CONTEMPLATED BY THE RESTRUCTURING, FOR GOOD AND VALUABLE CONSIDERATION, ON AND AFTER THE EFFECTIVE DATE, THE RELEASED PARTIES SHALL BE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED AND DISCHARGED, TO THE MAXIMUM EXTENT PERMITTED BY LAW, BY THE RELEASING PARTIES, IN EACH CASE FROM ANY AND ALL CAUSES OF ACTION (INCLUDING ANY DERIVATIVE CLAIMS, ASSERTED OR ASSERTABLE ON

BEHALF OF THE DEBTORS, THE REORGANIZED DEBTORS, OR THEIR ESTATES) THAT SUCH RELEASING PARTIES OR THEIR RESPECTIVE RELATED ENTITIES, AND ANY OTHER ENTITIES CLAIMING UNDER OR THROUGH THEM WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN THEIR OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY) OR ON BEHALF OF THE HOLDER OF ANY CLAIM OR INTEREST OR OTHER ENTITY, BASED ON, RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART: THE DEBTORS (INCLUDING THE MANAGEMENT, DIRECT OR INDIRECT OWNERSHIP, OR OPERATION THEREOF) OR THEIR ESTATES; THE REORGANIZED DEBTORS; THE CHAPTER 11 CASES; THIS PLAN; THE CONFIRMATION ORDER; THE RESTRUCTURING; THE TRANSACTION; THE EQUITY SOLICITATION PROCESS; ANY DEBT OR SECURITY OF OR IN THE DEBTORS AND THE OWNERSHIP THEREOF; THE PURCHASE, SALE, OR RESCISSION OF THE PURCHASE OR SALE OF ANY DEBT OR SECURITY OF OR IN THE DEBTORS OR THE REORGANIZED DEBTORS, INCLUDING THE NEW SHARES AND THE NEW CONVERTIBLE NOTES; THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THIS PLAN; THE BUSINESS OR CONTRACTUAL ARRANGEMENTS OR OTHER INTERACTIONS BETWEEN ANY DEBTOR AND ANY RELEASED PARTY; THE RESTRUCTURING OF ANY CLAIM OR INTEREST BEFORE OR DURING THE CHAPTER 11 CASES; ANY OTHER IN- OR OUT-OF-COURT RESTRUCTURING EFFORTS OF THE DEBTORS; ANY INTERCOMPANY TRANSACTION; THE NEGOTIATION, FORMULATION, PREPARATION, DISSEMINATION, OR CONSUMMATION OF THIS PLAN AND ANY RELATED AGREEMENTS, INSTRUMENTS, OR OTHER DOCUMENTS OR ANY OTHER CONTRACT, INSTRUMENT, RELEASE, OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THIS PLAN OR ANY RELATED AGREEMENTS, INSTRUMENTS, OR OTHER DOCUMENTS (INCLUDING THE INVESTMENT AGREEMENT); THE SOLICITATION OF VOTES WITH RESPECT TO, OR CONFIRMATION OF, THIS PLAN; OR ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE RELATED TO ANY OF THE FORGOING AND TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE. NOTWITHSTANDING ANYTHING HEREIN TO THE CONTRARY, THE RELEASES CONTAINED IN THIS <u>SECTION 10.7(B)</u> SHALL NOT (I) AFFECT THE LIABILITY OF ANY ENTITY FROM CAUSES OF ACTION BASED ON WILLFUL MISCONDUCT, GROSS NEGLIGENCE OR INTENTIONAL FRAUD AS DETERMINED BY A FINAL ORDER, (II) RELEASE POST-EFFECTIVE DATE OBLIGATIONS OF ANY ENTITY UNDER THIS PLAN, THE RESTRUCTURING, THE DEFINITIVE DOCUMENTS OR ANY OTHER DOCUMENT, INSTRUMENT, OR AGREEMENT EXECUTED TO IMPLEMENT THIS PLAN (UNLESS EXPRESSLY CANCELLED BY THIS PLAN), OR (III) AFFECT THE RELEASING PARTIES' RIGHTS THAT REMAIN IN EFFECT FROM AND AFTER THE EFFECTIVE DATE TO ENFORCE THIS PLAN, THE DEFINITIVE DOCUMENTS, AND THE OBLIGATIONS CONTEMPLATED BY THE TRANSACTION OR AS OTHERWISE PROVIDED IN ANY ORDER OF THE BANKRUPTCY COURT.

**FOR THE AVOIDANCE OF DOUBT, THE ONLY PARTIES THAT ARE BOUND BY THE RELEASES CONTAINED IN THIS <u>SECTION 10.7(B)</u> ARE THE RELEASING PARTIES.**

**DEFINITIONS:**

*"**Released Parties**"* means, collectively, (i) the Debtors, (ii) the DIP Agent and the DIP Lenders, (iii) the Creditors' Committee and each of its present and former members, (iv) the Investors, (v) the Danish State Noteholder, (vi) the Swedish State, (vii) the Swiss Bonds Agent, and (viii) with respect to each of the foregoing Entities in clauses (i) through (vii), such Entities' Related Entities, and their respective heirs, executors, estates, and nominees, in each case in their capacity as such; *provided, however,* that, subject to <u>Section 3.3(f)</u> of the Investment Agreement, any holder of a Claim or Interest that would otherwise constitute a Released Party that does not consent to the releases in the Plan shall not be a Released Party; *provided, further, however*, that, to the extent the Danish State Noteholder gives such a release as contemplated by the Investment Agreement, the Danish State Noteholder shall be a Released Party under the Plan for all purposes; *provided, further, however* that the Released Parties referenced in clause (viii) are Released Parties solely with respect to work performed for or on behalf of the applicable Entity for which releases are given pursuant to the Plan.

*"**Releasing Parties**"* means, collectively, (i) the Released Parties, other than the Danish State Investor and the Danish State Noteholder, (ii) all holders of Claims who vote to accept the Plan, (iii) all holders of Claims that either vote to reject the Plan or abstain from voting on the Plan and affirmatively opt to grant the releases by checking the appropriate box on the Ballot, and (iv) all holders of Claims and Interests not described in the foregoing clauses (i) – (iii) that affirmatively opt to grant the releases by checking the appropriate box on the notice form; *provided, however*, that the Danish State Investor and the Danish State Noteholder shall provide releases solely pursuant to <u>Section 3.3(f)</u> of the Investment Agreement.

<u>Item 5</u>. **Important Information Regarding Swedish Reorganization Plan**.

If you vote on the Plan, you agree to, on and from the Confirmation Date, irrevocably appoint Christoffer Andersson, Victor Schander, Adam Kastengren Sandberg, Anna Litewka (all being employees of Nordic Trustee & Agency AB (publ) (Swedish Reg. No. 556882-1879)), and any other person appointed by the aforementioned persons (each an "**Authorized Representative**") to, any two jointly, act as your agent, nominee, proxy, and representative with full power and authority, and otherwise instruct each Authorized Representative in your name and on your behalf to exercise all rights in relation to your Claim to vote to accept or reject consistent with your vote on the Plan, submitted with respect to your Claim in a properly completed Ballot in accordance with the instructions herein, on the Swedish Reorganization Plan (as defined in the Plan) under the Swedish Reorganization Act (Sw. *lag (2022:964) om företagsrekonstruktion*) to the extent your Claim(s) are entitled to vote thereon.

Each Authorized Representative shall be entitled and empowered to take all such associated steps, including:

a. receiving notice of, attending, or voting at any plan hearing (Sw. *planssammanträde*) in the Swedish Court (as defined in the Plan) on the Swedish Reorganization Plan whether held by way of electronic, postal, or other means;

b. receiving notice of, attending, or voting at any meeting of the holders of Claims or Interests (Sw. *borgenärssammanträde*) held in connection with the Swedish SAS AB Reorganization (as defined in the Plan) and all or any adjournments of such meetings or signing any resolution, poll card, or written reply on each holder's behalf and otherwise voting to accept or reject, as applicable, the Swedish Reorganization Plan;

c. completing and returning proxy cards, polling cards, forms of appointment of authorized representatives, and any other documents required to be signed or completed by any holder desirable or necessary to exercise any and all voting rights related to such holder's Claims in the Swedish SAS AB Reorganization;

d. dealing with and giving directions as to any documents, notices, or other communications (in whatever form) arising by right of the Claims or received in connection with the Claims, the Authorized Representative, or any other person; and

e. otherwise executing, delivering, and doing all documents, instruments and acts in your name insofar as may be done pursuant to this authority, for the purpose of approving, accepting, rejecting, or implementing the Swedish Reorganization Plan.

If you vote to accept the Plan, each Authorized Representative shall also, from the date on which your Claim becomes an Allowed Claim (as defined in the Plan) that entitles you to receive New Shares (as defined in the Plan) in SAS AB, be irrevocably appointed as your agent, nominee, proxy, and representative with full power and authority to (a) enter into the Minority Shareholders' Agreement (as defined in the Plan) and (b) sign a subscription list, effectuate payment of the subscription price by contributing your Allowed Claim as payment for the New Shares (noting that such payment may be made either through set off (Sw. *kvittning*) or payment-in-kind (Sw. *apport*)), as applicable, and to forgive any portion of such Allowed Claim in excess of the amount recovered in accordance with the Plan and the Swedish Reorganization Plan, and otherwise comply with all applicable registration requirements to receive and subscribe for New Shares in SAS AB issued in accordance with the Plan and the Swedish Reorganization Plan (in each case, as applicable).

If you vote to reject the Plan, or abstain from voting on the Plan, you may check the box **below** to grant each Authorized Representative the authority to, and each Authorized Representative shall, from the date on which your Claim becomes an Allowed Claim that entitles you to receive New Shares in SAS AB, be irrevocably appointed as your agent, nominee, proxy, and representative with full power and authority to (a) enter into the Minority Shareholders' Agreement and (b) sign a subscription list, effectuate payment of the subscription price by contributing your Allowed Claim as payment for the New Shares (noting that such payment may be made either through set off (Sw. *kvittning*) or payment-in-kind (Sw. *apport*)), as applicable, and

to forgive any portion of such Allowed Claim in excess of the amount recovered in accordance with the Plan and the Swedish Reorganization Plan, and otherwise comply with all applicable registration requirements to receive and subscribe for New Shares in SAS AB issued in accordance with the Plan and the Swedish Reorganization Plan (in each case, as applicable).

The administrator of the Swedish SAS AB Reorganization may seek an Order from the Swedish Court under the Swedish Reorganization Act (Sw. *lag (2022:964) om företagsrekonstruktion*) to ensure the effectiveness of this appointment.

No Authorized Representative shall be liable for any damages (whether direct or indirect, in contract, tort, or otherwise), which arise from or are incidental to the actions taken by such Authorized Representative under or in connection with this appointment, unless and to the extent a final judgement is made by a court of competent jurisdiction (not subject to further appeal) that determines that such losses arose as a result of such Authorized Representative's gross negligence, willful misconduct, or intentional fraud when serving as an Authorized Representative under or in connection with this appointment. Notwithstanding anything to the contrary, no Authorized Representative shall be personally liable for any damages whatsoever. Each Authorized Representative may rely on the advice of the Debtors' professional advisors and each Authorized Representative shall not be considered to have acted negligently if it has acted in accordance with advice given by such professional advisors.

**Item 6**. **Acknowledgements and Certification**. By signing this Master Ballot, the undersigned certifies to the Bankruptcy Court and the Debtors that:

a. (i) the undersigned has received a copy of the Disclosure Statement, the Plan, the Disclosure Statement Order, the Confirmation Hearing Notice, the Master Ballot, and the Beneficial Holder Ballot, and has delivered the Disclosure Statement, the Plan, the Disclosure Statement Order, the Confirmation Hearing Notice, and the Beneficial Holder Ballot to Beneficial Holders holding Class 5 Commercial Hybrid Bond Claims against SAS AB through the undersigned with a return envelope, (ii) the undersigned has received a completed and signed Beneficial Holder Ballot from each such Beneficial Holder as provided in this Master Ballot, (iii) the undersigned is the registered holder of the securities being voted or agent thereof, and (iv) the undersigned has been authorized by each such Beneficial Holder to vote on the Plan and to make applicable elections;

b. the undersigned has properly disclosed (i) the number of Beneficial Holders voting Class 5 Commercial Hybrid Bond Claims through the undersigned, (ii) the respective amounts of Class 5 Commercial Hybrid Bond Claims owned by each such Beneficial Holder, (iii) each such Beneficial Holder's respective vote concerning the Plan, and (iv) the customer account or other identification number for each such Beneficial Holder;

c. if the undersigned is a Beneficial Holder and uses this Master Ballot to vote the undersigned's Class 5 Commercial Hybrid Bond Claims, the undersigned confirms and attests to each of the certifications in Item 4 of the Beneficial Holder Ballot;

d. each such Beneficial Holder has certified to the undersigned that such Beneficial Holder is a Beneficial Holder and is otherwise eligible to vote on the Plan;

e. the undersigned will maintain Beneficial Holder Ballots and evidence of separate transactions returned by Beneficial Holders (whether properly completed or defective) for at least one year after the Voting Deadline, and disclose all such information to the Bankruptcy Court or the Debtors, as the case may be, if so ordered; and

f. the undersigned acknowledges and agrees that the Debtors may make conforming changes to the Plan to the extent provided by Bankruptcy Rule 3019, as may be reasonably necessary, but that the Debtors will not re-solicit acceptances or rejections of the Plan in the event of such conforming changes.

The undersigned further acknowledges that the Debtors' solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement, the Disclosure Statement Order, and the Solicitation and Voting Procedures contained therein.

| | |
|---|---|
| Name of Nominee: | _____ |
| | (Print or Type) |
| Nominee Identifying Number: | _____ |
| Name of Proxy Holder or Agent for Nominee (if applicable): | |
| | _____ |
| | (Print or Type) |
| Signature: | _____ |
| Name of Signatory: | _____ |
| Title: | _____ |
| Address | _____ |
| | _____ |
| | _____ |
| Date Completed: | _____ |
| Email Address: | _____ |

## PLEASE SUBMIT YOUR MASTER BALLOT PROMPTLY

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THE SOLICITATION AND VOTING PROCEDURES, OR THE BALLOT INSTRUCTIONS, PLEASE CONTACT THE CLAIMS AND SOLICITATION AGENT AT (844) 242-7491 (U.S./CANADA TOLL-FREE) OR +1 (347) 338-6450 (INTERNATIONAL) OR EMAILING SASINFO@RA.KROLL.COM (WITH "SAS AB SOLICITATION INQUIRY" IN THE SUBJECT LINE).**

## Exhibit A

**Below please find the Plan Class and ISIN to which this Master Ballot pertains:**

| BOND DESCRIPTION | ISIN |
|---|---|
| **Class 5** *Unsubordinated Perpetual Floating Rate Callable Capital Securities***, dated as of October 23, 2020** | |
| **4.864% Senior Unsecured Bonds** | **ISIN SE0014957999** |

# Exhibit D-2

## Redline

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------- x

| | | |
|---|---|---|
| In re | : | **Chapter 11** |
| | : | |
| **SAS AB**, *et al.*, | : | **Case No. 22-10925 (MEW)** |
| | : | |
| **Debtors.**[1] | : | **(Jointly Administered)** |

---------------------------------------------------------- x

### MASTER BALLOT FOR VOTING TO ACCEPT OR REJECT THE
### JOINT CHAPTER 11 PLAN OF SAS AB AND ITS SUBSIDIARY DEBTORS

### BALLOT FOR: *CLASS 5 FOR SAS AB – COMMERCIAL HYBRID BOND CLAIMS*

### SEK 1,615,000,000 Unsubordinated Perpetual Floating Rate Callable Capital Securities, dated as of October 23, 2020, by and between SAS AB, as Issuer, and Intertrust (Sweden) AB, as Agent

### ISIN SE0014957999

SAS AB and its debtor subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), are soliciting votes with respect to the *Second Amended Joint Chapter 11 Plan of Reorganization of SAS AB and its Subsidiary Debtors* [ECF No. [●]], (as may be amended, modified, or supplemented from time to time, the "**Plan**"), from the holders of certain impaired Claims against the Debtors.[2] This master ballot (the "**Master Ballot**") is being submitted to brokers, dealers, commercial banks, trust companies, or other agents or nominees ("**Nominees**") of beneficial holders of Commercial Hybrid Bond Claims (the "**Beneficial Holders**" and each a "**Beneficial Holder**") against SAS AB.

Specifically, this Master Ballot is being submitted to Nominees of Beneficial Holders of Commercial Hybrid Bond Claims in Class 5 as of [January ~~12~~26, 2024] (the "**Voting Record Date**"). Nominees should use this Master Ballot to tabulate votes on behalf of the Beneficial Holders to accept or reject the Plan. If you have any questions on how to properly complete this Master Ballot, please contact Kroll Restructuring Administration LLC

---

[1] The Debtors in these chapter 11 cases are SAS AB, SAS Danmark A/S, SAS Norge AS, SAS Sverige AB, Scandinavian Airlines System Denmark-Norway-Sweden, Scandinavian Airlines of North America Inc. (2393), Gorm Asset Management Ltd., Gorm Dark Blue Ltd., Gorm Deep Blue Ltd., Gorm Sky Blue Ltd., Gorm Warm Red Ltd., Gorm Light Blue Ltd., Gorm Ocean Blue Ltd., and Gorm Engine Management Ltd. The Debtors' mailing address is AVD kod: STOUU-T, SE-195 87 Stockholm, Sweden.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan, the Disclosure Statement (as defined herein), or the *Order (I) Approving (A) Disclosure Statement, (B) Solicitation, Voting, and Related Procedures, and (C) Proposed Cure Procedures, (II) Scheduling Confirmation Hearing, (III) Establishing Notice and Objection Procedures for Confirmation of Debtors' Second Amended Chapter 11 Plan, and (IV) Granting Related Relief* (the "**Disclosure Statement Order**"), as applicable or as the context otherwise requires.

("**Kroll**" or the "**Claims and Solicitation Agent**") at (844) 242-7491 (U.S./Canada toll-free) or +1 (347) 338-6450 (international) or email: SASInfo@ra.kroll.com (with "SAS AB Solicitation Inquiry" in the subject line). **THE CLAIMS AND SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

You are receiving this Master Ballot because you are the Nominee of the Beneficial Holder(s) of Commercial Hybrid Bond Claims in Class 5 against SAS AB, as set forth in **Exhibit A** hereto, as of the Voting Record Date.

**IN ORDER FOR YOUR VOTE TO BE COUNTED, THIS MASTER BALLOT MUST BE PROPERLY COMPLETED, SIGNED, AND RETURNED TO THE CLAIMS AND SOLICITATION AGENT SO THAT IT IS ACTUALLY RECEIVED BY ~~FEBRUARY 26~~[MARCH 1, 2024] AT 4:00 P.M. (PREVAILING EASTERN TIME) (THE "VOTING DEADLINE"), UNLESS SUCH TIME IS EXTENDED BY THE DEBTORS.**

This Master Ballot is solely for purposes of voting to accept or reject the Plan and not for the purpose of allowance or disallowance of, or distribution on account of, any Class 5 Claims (Commercial Hybrid Bond Claims, Other General Unsecured Claims, and Intercompany Claims) against SAS AB. You must provide all of the information requested by this Master Ballot. Failure to do so may result in the disqualification of your vote. If you believe you have received this Master Ballot in error, please contact the Claims and Solicitation Agent at the telephone number(s) or email address set forth above.

### INSTRUCTIONS FOR COMPLETING THE MASTER BALLOT

The terms of the Plan and the rights of the Beneficial Holders thereunder are described in the *Disclosure Statement for Second Amended Joint Chapter 11 Plan of Reorganization of SAS AB and its Subsidiary Debtors* (as may be amended, modified, or supplemented from time to time, the "**Disclosure Statement**") [ECF No. [•]1905]. The Disclosure Statement provides information to assist the Beneficial Holders in deciding whether to accept or reject the Plan.

You have been provided with Solicitation Packages containing (i) the Confirmation Hearing Notice, (ii) a USB flash drive with copies of the Plan, Disclosure Statement, and Disclosure Statement Order, and (iii) forms of Ballots for Beneficial Holders of Commercial Hybrid Bond Claims (the "**Beneficial Holder Ballot(s)**"). Upon receipt of these Solicitation Packages, you should immediately forward to the Beneficial Holders these Solicitation Packages with a return envelope addressed to you, or as provided in the attached instructions. You are authorized to collect votes to accept or reject the Plan from the Beneficial Holders in accordance with your customary practices, including the use of a "voting instruction form" in lieu of (or in addition to) a Beneficial Holder Ballot, and collecting votes from Beneficial Holders through online voting, by phone, facsimile, or other electronic means.

**PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS MASTER BALLOT. IF YOU WISH TO REQUEST ADDITIONAL SOLICITATION MATERIALS (AT NO COST TO YOU),**

**CONTACT THE CLAIMS AND SOLICITATION AGENT BY TELEPHONE AT (844) 242-7491 (U.S./CANADA TOLL-FREE) OR +1 (347) 338-6450 (INTERNATIONAL), BY EMAIL AT SASINFO@RA.KROLL.COM (WITH "SAS AB SOLICITATION INQUIRY" IN THE SUBJECT LINE), OR BY FIRST-CLASS MAIL (IN THE PREPAID RETURN ENVELOPE PROVIDED OR OTHERWISE), OVERNIGHT COURIER, OR HAND DELIVERY TO: SAS AB BALLOT PROCESSING CENTER, C/O KROLL RESTRUCTURING ADMINISTRATION LLC, 850 3RD AVENUE, SUITE 412, BROOKLYN, NY 11232. YOU MAY ALSO OBTAIN COPIES OF ANY PLEADINGS FILED IN THESE CHAPTER 11 CASES, FREE OF CHARGE, AT THE DEBTORS' CASE WEBSITE, HTTPS://CASES.RA.KROLL.COM/SAS/, OR, FOR A FEE, VIA PACER AT: HTTPS://WWW.NYSB.USCOURTS.GOV/.**

The Plan will be accepted by Class 5 for SAS AB (Commercial Hybrid Bond Claims, Other General Unsecured Claims, and Intercompany Claims) if it is accepted by the holders of two-thirds (2/3) in amount and more than one-half (1/2) in number of Claims in Class 5 (Commercial Hybrid Bond Claims, Other General Unsecured Claims, and Intercompany Claims) voting on the Plan. If the Plan is confirmed by the Bankruptcy Court, all holders of Claims against, and Interests in, the Debtors (including those holders who abstain from voting on or reject the Plan, and those holders who are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereunder, whether or not they vote and whether or not they accept the Plan.

**To properly complete this Ballot and return it via first-class mail (in the postage prepaid reply envelope provided or otherwise), overnight courier, or hand delivery, you must follow the instructions below (the "Ballot Instructions"):**

a. make sure that the information contained in Item 1 is correct;

b. to have the votes of your Beneficial Holders count, you should already have delivered to each such holder the Solicitation Package, including a Beneficial Holder Ballot (which may be a pre-validated ballot, as described in section c below), with a return envelope addressed to you (or the Claims and Solicitation Agent in the case of a pre-validated ballot), so such holder may (i) return their Beneficial Holder Ballot to you with sufficient time for you to complete and return the Master Ballot to the Claims and Solicitation Agent, so that the Claims and Solicitation Agent *actually receives* the Master Ballot before the Voting Deadline, or (ii) in the case of a pre-validated ballot, return their Beneficial Holder Ballot to the Claims and Solicitation Agent before the Voting Deadline. Notwithstanding the foregoing, you may transmit the Solicitation Packages and Beneficial Holder Ballot to the Beneficial Holders in accordance with your customary procedures to transmit materials to and collect votes from the Beneficial Holders;

c. you may pre-validate the Beneficial Holder Ballots by (i) signing the Beneficial Holder Ballot and indicating on the Beneficial Holder Ballot the (a) name of the Nominee and Participant Number, (b) principal amount of the Commercial Hybrid Bond Claim(s) held by the Nominee for the Beneficial Holder accompanied by a medallion guarantee stamp certifying the Beneficial Holder's position as of the

Voting Record Date, and (c) account number of the Beneficial Holder, and (ii) forwarding such Beneficial Holder Ballot, together with the Solicitation Package, including a preaddressed, postage-paid return envelope addressed to the Claims and Solicitation Agent, to the Beneficial Holder.  The Beneficial Holder will be required to complete the information requested in Item 1, Item 2, Item 3, and Item 4, Item 5, and Item 6 of the Beneficial Holder Ballot and return the pre-validated Beneficial Holder Ballot directly to the Claims and Solicitation Agent so that it is received before the Voting Deadline;

d.   with regard to any Beneficial Holder Ballots returned to you, to have the vote of your Beneficial Holders count, you must (i) retain such Beneficial Holder Ballots in your files and transfer the requested information from each such Beneficial Holder Ballot onto the Master Ballot, (ii) execute the Master Ballot, and (iii) deliver the Master Ballot to the Claims and Solicitation Agent in accordance with these instructions;

e.   please keep any records of Beneficial Holder Ballots, including records of the Beneficial Holders to whom pre-validated Beneficial Holder Ballots were delivered, for at least one year after the Voting Deadline (or such other date as is set by order of the Bankruptcy Court).  You may be ordered to produce the Beneficial Holder Ballots to the Debtors or the Bankruptcy Court;

f.   for the avoidance of doubt, if it is your customary practice to collect votes from your Beneficial Holder clients via voter information form, e-mail, telephone, or other means, you may employ those customary practices to collect votes from the Beneficial Holders in lieu of a Beneficial Holder Ballot;

g.   if you are **both** the Nominee and Beneficial Holder, and you wish to vote such Commercial Hybrid Bond Claims for which you are a Beneficial Holder, you may return the Master Ballot for such Claims;

h.   in the event that (i) the Debtors revoke or withdraw the Plan, or (ii) the Confirmation Order is not entered or consummation of the Plan does not occur, this Master Ballot shall automatically be null and void and deemed withdrawn without any requirement of affirmative action by or notice to you;

i.   the Master Ballot may not be used for any purpose other than to vote to accept or reject the Plan;

j.   the Master Ballot does not constitute, and shall not be deemed to be, a Proof of Claim or an assertion or admission of a Claim;

k.   if the Master Ballot is received after the Voting Deadline, it will not be counted, unless otherwise determined by the Debtors.  The method of delivery of the Master Ballot to the Claims and Solicitation Agent is at your election and risk;

l.   if a Beneficial Holder submits Ballots for multiple Class 5 Commercial Hybrid Bond Claims, whether held in other accounts or other record names, and such Ballots

indicate different or inconsistent votes to accept or reject the Plan, then all such Ballots will not be counted;

m. if a Beneficial Holder submits more than one Ballot voting the same Commercial Hybrid Bond Claims prior to the Voting Deadline, the last, properly executed Ballot received by the Claims and Solicitation Agent shall be deemed to reflect the Beneficial Holder's intent, and thus, will supersede any prior Ballot;

n. to the extent that conflicting votes or "overvotes" are submitted by a Nominee, the Claims and Solicitation Agent, in good faith, will attempt to reconcile discrepancies with the Nominee. To the extent that any overvotes are not reconcilable prior to the preparation of the Voting Certification, the Claims and Solicitation Agent will apply the votes to accept and to reject the Plan in the same proportion as the votes to accept and reject the Plan submitted on the Master Ballots or pre-validated Beneficial Holder Ballots that contained the overvote, but only to the extent of the Nominee's position in the applicable security;

o. the Master Ballot should not be sent to the Debtors, the Bankruptcy Court, or the Debtors' financial or legal advisors;

p. provide your name, mailing address, and any remaining information requested;

q. sign and date your Master Ballot; and

r. return your signed Master Ballot to the Claims and Solicitation Agent by only **ONE** of the following methods:

**PLEASE COMPLETE, SIGN, AND DATE THIS MASTER BALLOT AND RETURN IT *PROMPTLY* IN THE PREPAID BUSINESS REPLY ENVELOPE PROVIDED OR VIA FIRST-CLASS MAIL, OVERNIGHT COURIER, HAND DELIVERY, OR VIA ELECTRONIC MAIL SERVICE TO:**

**PREFERRED METHOD**

**SASBallots@ra.kroll.com**
**(Please reference "SAS AB Master Ballot" in the subject line)**

**OR**

**If by first-class mail, overnight courier, or hand delivery:**

**SAS AB Ballot Processing Center**
**c/o Kroll Restructuring Administration LLC**
**850 Third Avenue, Suite 412**
**Brooklyn, NY 11232**

**To coordinate hand delivery of your Master Ballot, please email SASBallots@ra.kroll.com at least 24 hours prior to**

**your arrival at the address above and provide the
anticipated date and time of delivery.**

IF YOU (I) HAVE ANY QUESTIONS REGARDING THE MASTER BALLOT, (II) DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR MASTER BALLOT, OR (III) NEED ADDITIONAL COPIES OF THE MASTER BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE CLAIMS AND SOLICITATION AGENT BY CALLING (844) 242-7491 (U.S./CANADA TOLL-FREE) OR +1 (347) 338-6450 (INTERNATIONAL) OR EMAILING: SASINFO@RA.KROLL.COM (WITH "SAS AB SOLICITATION INQUIRY" IN THE SUBJECT LINE).

PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT.

THE CLAIMS AND SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.

**PLEASE COMPLETE ITEMS 1, 2, 3, AND ~~5~~6. IF THIS MASTER BALLOT HAS NOT BEEN PROPERLY SIGNED IN THE SPACE PROVIDED, VOTES OF THE BENEFICIAL HOLDERS MAY NOT BE VALID OR COUNTED AS HAVING BEEN CAST.**

---

**IMPORTANT NOTICE REGARDING TREATMENT FOR CLASS 5 CLAIMS AGAINST SAS AB**

***Commercial Hybrid Bond Claims, Other General Unsecured Claims, and Intercompany Claims***. As soon as reasonably practicable after the later of the Effective Date and the date on which a Commercial Hybrid Bond Claim, Other General Unsecured Claim, or Intercompany Claim against SAS AB becomes, as applicable, an Allowed Commercial Hybrid Bond Claim (to the extent allowed as a debt claim under Swedish Law), Allowed Other General Unsecured Claim, or Allowed Intercompany Claim against SAS AB, each holder of such Allowed Commercial Hybrid Bond Claim, Allowed Other General Unsecured Claim, or Allowed Intercompany Claim, as the case may be, shall receive, in full and final satisfaction of such Claim, such holder's Pro Rata share of each of the Remaining SAS AB Available Cash and the SAS AB GUC ~~Trust~~ Interests.

**PLEASE READ THE DISCLOSURE STATEMENT AND PLAN FOR MORE DETAILS.**

---

**Item 1**. **Certification of Authority to Vote**. The undersigned certifies that, as of the Voting Record Date, the undersigned (please check the applicable box):

☐ is a Nominee for the Beneficial Holders in the amount of Class 5 Commercial Hybrid Bond Claims listed in Item 2 below and is the registered holder of such Class 5 Commercial Hybrid Bond Claims;

☐ is acting under a power of attorney and/or agency (a copy of which must be provided upon request) granted by a Nominee that is the registered holder of Class 5 Commercial Hybrid Bond Claims in the amount(s) listed in Item 2 below; or

☐ has been granted a proxy (an original of which is annexed hereto) from a Nominee or a Beneficial Holder that is the registered Holder of the principal amount of Class 5 Commercial Hybrid Bond Claims listed in Item 2 below, and accordingly has full power and authority to vote to accept or reject the Plan on behalf of the Beneficial Holders of the Class 5 Commercial Hybrid Bond Claims listed in Item 2 below.

**Item 2**.  **Vote on the Plan**.  The undersigned transmits the following votes of Beneficial Holders in respect of their Class 5 Commercial Hybrid Bond Claims, bearing ISIN SE0014957999, and certifies that the following Beneficial Holders, as identified by their respective customer account numbers set forth below, are Beneficial Holders as of the Voting Record Date and have delivered to the undersigned, as Nominee, Beneficial Holder Ballots casting such votes.[1]

| Account Number for Each Beneficial Holder of Class 5 Commercial Hybrid Bond Claims that Voted | Number of Commercial Hybrid Bond Claims Held by Your Customer | Item 2. Vote on Plan (please select one) | | Item 3. Opt-In Release Election | Item 5. Appointment of Proxy |
|---|---|---|---|---|---|
| | | ACCEPT | REJECT | Place a check below if the Beneficial Holder checked the box in Item 3 | Place a check below if the Beneficial Holder checked the box in Item5 |
| 1. | | ☐ | ☐ | ☐ | ☐ |
| 2. | | ☐ | ☐ | ☐ | ☐ |
| 3. | | ☐ | ☐ | ☐ | ☐ |
| 4. | | ☐ | ☐ | ☐ | ☐ |
| 5. | | ☐ | ☐ | ☐ | ☐ |
| 6. | | ☐ | ☐ | ☐ | ☐ |
| 7. | | ☐ | ☐ | ☐ | ☐ |
| 8. | | ☐ | ☐ | ☐ | ☐ |
| 9. | | ☐ | ☐ | ☐ | ☐ |
| 10. | | ☐ | ☐ | ☐ | ☐ |

---

[1] Indicate in the appropriate column the amount of the Class 5 Commercial Hybrid Bond Claims voted for each account, or attach such information to this Master Ballot in the form of the following table.  Please note that each Beneficial Holder must vote all of such Beneficial Holder's Commercial Hybrid Bond Claims to accept or to reject the Plan and may not split such vote.  Any ballot executed by a Beneficial Holder that does not indicate an acceptance or rejection of the Plan, or that indicates both an acceptance and a rejection of the Plan, and has not been corrected by the Voting Deadline, shall not be counted.

**Item 3**.  **Other Ballots Submitted by Beneficial Holders in the Same Class**.  The undersigned certifies that it has transcribed in the following table the information, if any, provided by the Beneficial Holders in Item 3~~4~~ of the Beneficial Holder Ballot:

**(Please complete the information requested below.  Attach additional sheets if necessary.)**

| | Transcribe from Item 3~~4~~ of the Beneficial Holder Ballot | | | | | | |
|---|---|---|---|---|---|---|---|
| ~~Your~~ Customer Account Number and/or Customer Name for Each Beneficial Holder who completed Item 3~~4~~ of the Beneficial Holder Ballot | ~~Customer Account Number **f**or Other Account for Which a Ballot Has Been Submitte**d**~~Reference Code Assigned by Euroclear Sweden or Other Applicable Securities Depository | Name of Other Registered Holder or Nominee (if applicable) | ~~Identifying~~Account Number ~~of~~at Other Registered Holder or Nominee | Principal Amount of Other Class 5 Claims Voted Through Other Registered Holder or Nominee | Vote (Accept or Reject) | ~~CUSIP or ISIN of Other Class Claim Votes~~Decision Relating to Third Party Releases Made through Other Nominee (indicate "Opt-In" if applicable) | ~~Vote (Accept or Reject)~~Decision Relating to Appointment of Proxy |
| 1. | | | | $ | | | |
| 2. | | | | $ | | | |
| 3. | | | | $ | | | |
| 4. | | | | $ | | | |
| 5. | | | | $ | | | |

**Item 4**.  **Important Information Regarding Release Provisions of the Plan**.  Section 10.7(b) of the Plan contains the following Third-Party Releases:

      **AS OF THE EFFECTIVE DATE, EXCEPT FOR THE RIGHTS, REMEDIES, AND CAUSES OF ACTION THAT ARE PRESERVED AND REMAIN IN EFFECT**

**FROM AND AFTER THE EFFECTIVE DATE, INCLUDING TO ENFORCE THIS PLAN AND THE OBLIGATIONS CONTEMPLATED BY THE RESTRUCTURING, FOR GOOD AND VALUABLE CONSIDERATION, ON AND AFTER THE EFFECTIVE DATE, THE RELEASED PARTIES SHALL BE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED AND DISCHARGED, TO THE MAXIMUM EXTENT PERMITTED BY ~~L~~LAW, BY THE RELEASING PARTIES, IN EACH CASE FROM ANY AND ALL CAUSES OF ACTION (INCLUDING ANY DERIVATIVE CLAIMS, ASSERTED OR ASSERTABLE ON BEHALF OF THE DEBTORS, THE REORGANIZED DEBTORS, OR THEIR ESTATES) THAT SUCH RELEASING PARTIES OR THEIR RESPECTIVE RELATED ENTITIES, AND ANY OTHER ENTITIES CLAIMING UNDER OR THROUGH THEM WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN THEIR OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY) OR ON BEHALF OF THE HOLDER OF ANY CLAIM OR INTEREST OR OTHER ENTITY, BASED ON, RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART: THE DEBTORS (INCLUDING THE MANAGEMENT, DIRECT OR INDIRECT OWNERSHIP, OR OPERATION THEREOF) OR THEIR ESTATES; THE REORGANIZED DEBTORS; THE CHAPTER 11 CASES; THIS PLAN; THE CONFIRMATION ORDER; THE RESTRUCTURING; THE TRANSACTION; THE EQUITY SOLICITATION PROCESS; ANY DEBT OR SECURITY OF <u>OR IN</u> THE DEBTORS AND THE OWNERSHIP THEREOF; THE PURCHASE, SALE, OR RESCISSION OF THE PURCHASE OR SALE OF ANY DEBT OR SECURITY OF <u>OR IN</u> THE DEBTORS OR THE REORGANIZED DEBTORS, INCLUDING THE NEW SHARES AND THE NEW CONVERTIBLE NOTES; THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THIS PLAN; THE BUSINESS OR CONTRACTUAL ARRANGEMENTS OR OTHER INTERACTIONS BETWEEN ANY DEBTOR AND ANY RELEASED PARTY; THE RESTRUCTURING OF ANY CLAIM OR INTEREST BEFORE OR DURING THE CHAPTER 11 CASES; ANY OTHER IN- OR OUT-OF-COURT RESTRUCTURING EFFORTS OF THE DEBTORS; ANY INTERCOMPANY TRANSACTION; THE NEGOTIATION, FORMULATION, PREPARATION, DISSEMINATION, OR CONSUMMATION OF THIS PLAN AND ANY RELATED AGREEMENTS, INSTRUMENTS, OR OTHER DOCUMENTS OR ANY OTHER CONTRACT, INSTRUMENT, RELEASE, OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THIS PLAN OR ANY RELATED AGREEMENTS, INSTRUMENTS, OR OTHER DOCUMENTS (INCLUDING THE INVESTMENT AGREEMENT); THE SOLICITATION OF VOTES WITH RESPECT TO, OR CONFIRMATION OF, THIS PLAN; OR ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE RELATED TO ANY OF THE FORGOING AND TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE.  NOTWITHSTANDING ANYTHING HEREIN TO THE CONTRARY, THE RELEASES CONTAINED IN THIS <u>SECTION 10.7(</u>~~BB~~<u>B</u><u>)</u> SHALL NOT (I) AFFECT THE LIABILITY OF ANY ENTITY FROM CAUSES OF ACTION BASED ON WILLFUL MISCONDUCT, GROSS NEGLIGENCE OR INTENTIONAL FRAUD AS DETERMINED BY A FINAL ORDER, (II) RELEASE POST-EFFECTIVE DATE**

OBLIGATIONS OF ANY ENTITY UNDER THIS PLAN, THE RESTRUCTURING, THE DEFINITIVE DOCUMENTS OR ANY OTHER DOCUMENT, INSTRUMENT, OR AGREEMENT EXECUTED TO IMPLEMENT THIS PLAN (UNLESS EXPRESSLY CANCELLED BY THIS PLAN), OR (III) AFFECT THE RELEASING PARTIES' RIGHTS THAT REMAIN IN EFFECT FROM AND AFTER THE EFFECTIVE DATE TO ENFORCE THIS PLAN, THE DEFINITIVE DOCUMENTS, AND THE OBLIGATIONS CONTEMPLATED BY THE TRANSACTION OR AS OTHERWISE PROVIDED IN ANY ORDER OF THE BANKRUPTCY COURT.

FOR THE AVOIDANCE OF DOUBT, THE ONLY PARTIES THAT ARE BOUND BY THE RELEASES CONTAINED IN THIS <u>SECTION 10.7(B**B**)</u> ARE THE RELEASING PARTIES.

<u>DEFINITIONS:</u>

*"**Released Parties**"* means, collectively, (i) the Debtors, (ii) the DIP Agent and the DIP Lenders, (iii) the Creditors' Committee and each of its present and former members, (iv) the Investors, (v) the Danish State Noteholder, (vi) the Swedish State, ~~and~~ (vii) <u>the Swiss Bonds Agent, and (viii)</u> with respect to each of the foregoing Entities in clauses (i) through (vi<u>i</u>), such Entities' Related Entities, and their respective heirs, executors, estates, and nominees, in each case in their capacity as such; *provided, however*, that, subject to <u>Section 3.3(f)</u> of the Investment Agreement, any holder of a Claim or Interest that would otherwise constitute a Released Party that does not consent to the releases in the Plan shall not be a Released Party; *provided, further, however*, that, to the extent the Danish State Noteholder gives such a release as contemplated by the Investment Agreement, the Danish State Noteholder shall be a Released Party under the Plan for all purposes; *provided, further, however*~~,~~ that the Released Parties referenced in clause (vii<u>i</u>) are Released Parties solely with respect to work performed for or on behalf of the applicable Entity for which releases are given pursuant to the Plan.

*"**Releasing Parties**"* means, collectively, (i) the Released Parties, other than the Danish State Investor and the Danish State Noteholder, (ii) all holders of Claims who vote to accept the Plan, (iii) all holders of Claims that either vote to reject the Plan or abstain from voting on the Plan and affirmatively opt to grant the releases by checking the appropriate box on the Ballot, and (iv) all holders of Claims and Interests not described in the foregoing clauses (i) – (iii) that affirmatively opt to grant the releases by checking the appropriate box on the notice form; *provided, however*, that the Danish State Investor and the Danish State Noteholder shall provide releases solely pursuant to <u>Section 3.3(~~e~~f)</u> of the Investment Agreement.

<u>**Item 5.  Important Information Regarding Swedish Reorganization Plan**</u>.

If you vote on the Plan, you agree to, on and from the Confirmation Date, irrevocably appoint Christoffer Andersson, Victor Schander, Adam Kastengren Sandberg, Anna Litewka (all being employees of Nordic Trustee & Agency AB (publ) (Swedish Reg. No. 556882-1879)), and any other person appointed by the aforementioned persons (each an "**Authorized Representative**") to, any two jointly, act as your agent, nominee, proxy, and representative with full power and authority, and otherwise instruct each Authorized Representative in your name and on your behalf to exercise all rights in relation to your Claim to vote to accept or reject consistent with your vote on the Plan, submitted with respect to your Claim in a properly

completed Ballot in accordance with the instructions herein, on the Swedish Reorganization Plan (as defined in the Plan) under the Swedish Reorganization Act (Sw. *lag (2022:964) om företagsrekonstruktion*) to the extent your Claim(s) are entitled to vote thereon.

Each Authorized Representative shall be entitled and empowered to take all such associated steps, including:

a. receiving notice of, attending, or voting at any plan hearing (Sw. *planssammanträde*) in the Swedish Court (as defined in the Plan) on the Swedish Reorganization Plan whether held by way of electronic, postal, or other means;

b. receiving notice of, attending, or voting at any meeting of the holders of Claims or Interests (Sw. *borgenärssammanträde*) held in connection with the Swedish SAS AB Reorganization (as defined in the Plan) and all or any adjournments of such meetings or signing any resolution, poll card, or written reply on each holder's behalf and otherwise voting to accept or reject, as applicable, the Swedish Reorganization Plan;

c. completing and returning proxy cards, polling cards, forms of appointment of authorized representatives, and any other documents required to be signed or completed by any holder desirable or necessary to exercise any and all voting rights related to such holder's Claims in the Swedish SAS AB Reorganization;

d. dealing with and giving directions as to any documents, notices, or other communications (in whatever form) arising by right of the Claims or received in connection with the Claims, the Authorized Representative, or any other person; and

e. otherwise executing, delivering, and doing all documents, instruments and acts in your name insofar as may be done pursuant to this authority, for the purpose of approving, accepting, rejecting, or implementing the Swedish Reorganization Plan.

If you vote to accept the Plan, each Authorized Representative shall also, from the date on which your Claim becomes an Allowed Claim (as defined in the Plan) that entitles you to receive New Shares (as defined in the Plan) in SAS AB, be irrevocably appointed as your agent, nominee, proxy, and representative with full power and authority to (a) enter into the Minority Shareholders' Agreement (as defined in the Plan) and (b) sign a subscription list, effectuate payment of the subscription price by contributing your Allowed Claim as payment for the New Shares (noting that such payment may be made either through set off (Sw. *kvittning*) or payment-in-kind (Sw. *apport*)), as applicable, and to forgive any portion of such Allowed Claim in excess of the amount recovered in accordance with the Plan and the Swedish Reorganization Plan, and otherwise comply with all applicable registration requirements to receive and subscribe for New Shares in SAS AB issued in accordance with the Plan and the Swedish Reorganization Plan (in each case, as applicable).

If you vote to reject the Plan, or abstain from voting on the Plan, you may check the box **below** to grant each Authorized Representative the authority to, and each Authorized Representative shall, from the date on which your Claim becomes an Allowed Claim that entitles you to receive New Shares in SAS AB, be irrevocably appointed as your agent, nominee, proxy,

and representative with full power and authority to (a) enter into the Minority Shareholders' Agreement and (b) sign a subscription list, effectuate payment of the subscription price by contributing your Allowed Claim as payment for the New Shares (noting that such payment may be made either through set off (Sw. *kvittning*) or payment-in-kind (Sw. *apport*)), as applicable, and to forgive any portion of such Allowed Claim in excess of the amount recovered in accordance with the Plan and the Swedish Reorganization Plan, and otherwise comply with all applicable registration requirements to receive and subscribe for New Shares in SAS AB issued in accordance with the Plan and the Swedish Reorganization Plan (in each case, as applicable).

The administrator of the Swedish SAS AB Reorganization may seek an Order from the Swedish Court under the Swedish Reorganization Act (Sw. *lag (2022:964) om företagsrekonstruktion*) to ensure the effectiveness of this appointment.

No Authorized Representative shall be liable for any damages (whether direct or indirect, in contract, tort, or otherwise), which arise from or are incidental to the actions taken by such Authorized Representative under or in connection with this appointment, unless and to the extent a final judgement is made by a court of competent jurisdiction (not subject to further appeal) that determines that such losses arose as a result of such Authorized Representative's gross negligence, willful misconduct, or intentional fraud when serving as an Authorized Representative under or in connection with this appointment. Notwithstanding anything to the contrary, no Authorized Representative shall be personally liable for any damages whatsoever. Each Authorized Representative may rely on the advice of the Debtors' professional advisors and each Authorized Representative shall not be considered to have acted negligently if it has acted in accordance with advice given by such professional advisors.

**Item 56**. **Acknowledgements and Certification**. By signing this Master Ballot, the undersigned certifies to the Bankruptcy Court and the Debtors that:

a. (i) the undersigned has received a copy of the Disclosure Statement, the Plan, the Disclosure Statement Order, the Confirmation Hearing Notice, the Master Ballot, and the Beneficial Holder Ballot, and has delivered the Disclosure Statement, the Plan, the Disclosure Statement Order, the Confirmation Hearing Notice, and the Beneficial Holder Ballot to Beneficial Holders holding Class 5 Commercial Hybrid Bond Claims against SAS AB through the undersigned with a return envelope, (ii) the undersigned has received a completed and signed Beneficial Holder Ballot from each such Beneficial Holder as provided in this Master Ballot, (iii) the undersigned is the registered holder of the securities being voted or agent thereof, and (iv) the undersigned has been authorized by each such Beneficial Holder to vote on the Plan and to make applicable elections;

b. ~~b.~~ the undersigned has properly disclosed (i) the number of Beneficial Holders voting Class 5 Commercial Hybrid Bond Claims through the undersigned, (ii) the respective amounts of Class 5 Commercial Hybrid Bond Claims owned by each such Beneficial Holder, (iii) each such Beneficial Holder's respective vote concerning the Plan, and (iv) the customer account or other identification number for each such Beneficial Holder;

c. ~~c.~~ if the undersigned is a Beneficial Holder and uses this Master Ballot to vote the undersigned's Class 5 Commercial Hybrid Bond Claims, the undersigned confirms and attests to each of the certifications in Item 4 of the Beneficial Holder Ballot;

d. ~~d.~~ each such Beneficial Holder has certified to the undersigned that such Beneficial Holder is a Beneficial Holder and is otherwise eligible to vote on the Plan;

e. ~~e.~~ the undersigned will maintain Beneficial Holder Ballots and evidence of separate transactions returned by Beneficial Holders (whether properly completed or defective) for at least one year after the Voting Deadline, and disclose all such information to the Bankruptcy Court or the Debtors, as the case may be, if so ordered; and

f. ~~f.~~ the undersigned acknowledges and agrees that the Debtors may make conforming changes to the Plan to the extent provided by Bankruptcy Rule 3019, as may be reasonably necessary, but that the Debtors will not re-solicit acceptances or rejections of the Plan in the event of such conforming changes.

The undersigned further acknowledges that the Debtors' solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement, the Disclosure Statement Order, and the Solicitation and Voting Procedures contained therein.

| | |
|---|---|
| Name of Nominee: | |
| | (Print or Type) |
| Nominee Identifying Number: | |
| Name of Proxy Holder or Agent for Nominee (if applicable): | |
| | (Print or Type) |
| Signature: | |
| Name of Signatory: | |
| Title: | |
| Address | |
| | |
| | |
| Date Completed: | |
| Email Address: | |

**PLEASE SUBMIT YOUR MASTER BALLOT PROMPTLY**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THE SOLICITATION AND VOTING PROCEDURES, OR THE BALLOT INSTRUCTIONS, PLEASE CONTACT THE CLAIMS AND SOLICITATION AGENT AT (844) 242-7491 (U.S./CANADA TOLL-FREE) OR +1 (347) 338-6450 (INTERNATIONAL) OR EMAILING <u>SASINFO@RA.KROLL.COM</u> (WITH "SAS AB SOLICITATION INQUIRY" IN THE SUBJECT LINE).**

<u>**Exhibit A**</u>

**Below please find the Plan Class and ISIN to which this Master Ballot pertains:**

| BOND DESCRIPTION | ISIN |
|---|---|
| **Class 5 *Unsubordinated Perpetual Floating Rate Callable Capital Securities*, dated as of October 23, 2020** ||
| **4.864% Senior Unsecured Bonds** | **ISIN SE0014957999** |

**Exhibit E-1**

**Updated Form of Beneficial Holder Ballot for Commercial Hybrid Bond Claims in Class 5**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | **Chapter 11** |
| | : | |
| **SAS AB**, *et al.*, | : | **Case No. 22-10925 (MEW)** |
| | : | |
| **Debtors.**[1] | : | **(Jointly Administered)** |

---------------------------------------------------------------x

### BENEFICIAL HOLDER BALLOT FOR VOTING TO ACCEPT OR REJECT THE JOINT CHAPTER 11 PLAN OF SAS AB AND ITS SUBSIDIARY DEBTORS

**BALLOT FOR:** *CLASS 5 FOR SAS AB – COMMERCIAL HYBRID BOND CLAIMS*

**SEK 1,615,000,000 Unsubordinated Perpetual Floating Rate Callable Capital Securities, dated as of October 23, 2020, by and between SAS AB, as Issuer, and Intertrust (Sweden) AB, as Agent**

#### ISIN SE0014957999

SAS AB and its debtor subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), are soliciting votes with respect to the *Second Amended Joint Chapter 11 Plan of Reorganization of SAS AB and its Subsidiary Debtors* [ECF No. [●]], (as may be amended, modified, or supplemented from time to time, the "**Plan**"), from the holders of certain impaired Claims against the Debtors.[2] If you have any questions on how to submit your vote, including how to properly complete this Ballot, or regarding voting instructions received from the bank, broker, or other intermediary, including agents thereof, through which you hold your Commercial Hybrid Bonds in "street name," (each, a "**Nominee**") please contact your Nominee. If you have general questions about the solicitation process or solicitation materials or require copies of additional solicitation materials, please contact Kroll Restructuring Administration LLC ("**Kroll**" or the "**Claims and Solicitation Agent**") at (844) 242-7491 (U.S./Canada toll-free) or +1 (347) 338-6450 (international) or email: SASInfo@ra.kroll.com (with "SAS AB Solicitation Inquiry" in the subject line). **THE CLAIMS**

---

[1] The Debtors in these chapter 11 cases are SAS AB, SAS Danmark A/S, SAS Norge AS, SAS Sverige AB, Scandinavian Airlines System Denmark-Norway-Sweden, Scandinavian Airlines of North America Inc. (2393), Gorm Asset Management Ltd., Gorm Dark Blue Ltd., Gorm Deep Blue Ltd., Gorm Sky Blue Ltd., Gorm Warm Red Ltd., Gorm Light Blue Ltd., Gorm Ocean Blue Ltd., and Gorm Engine Management Ltd. The Debtors' mailing address is AVD kod: STOUU-T, SE-195 87 Stockholm, Sweden.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan, the Disclosure Statement (as defined herein), or the *Order (I) Approving (A) Disclosure Statement, (B) Solicitation, Voting, and Related Procedures, and (C) Proposed Cure Procedures, (II) Scheduling Confirmation Hearing, (III) Establishing Notice and Objection Procedures for Confirmation of Debtors' Second Amended Chapter 11 Plan, and (IV) Granting Related Relief* (the "**Disclosure Statement Order**"), as applicable or as the context otherwise requires.

AND SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.

This Ballot (as defined below), if "pre-validated" by your Nominee (or the Master Ballot reflecting your vote and submitted to the Claims and Solicitation Agent on your behalf), must be completed, executed, and returned so that it is actually received by the Claims and Solicitation Agent by no later than **[March 1, 2024] at 4:00 P.M. (Prevailing Eastern Time)** (the "**Voting Deadline**"), unless such time is extended by the Debtors. If your Nominee did not provide you a "pre-validated" Beneficial Holder Ballot (as defined below), you must cast your vote according to your Nominee's instructions, including your Nominee's internal voting deadline so that your Nominee has sufficient time to receive your vote and enter it into a Master Ballot, and submit such Master Ballot so that it is actually received by the Claims and Solicitation Agent by the Voting Deadline.

You are receiving this beneficial holder ballot (the "**Beneficial Holder Ballot**" or "**Ballot**") because you are a beneficial holder ("**Beneficial Holder**") of a Class 5 Commercial Hybrid Bond Claim against SAS AB, as described above, as of [January 26, 2024] (the "**Voting Record Date**"). Accordingly, you have a right to vote to accept or reject the Plan.

**This Ballot is to be used only for (i) voting by Beneficial Holders of Class 5 Commercial Hybrid Bond Claims to accept or reject the Plan, (ii) if you vote to reject the Plan, opting in to the third-party releases (the "<u>Third-Party Releases</u>") contained in Section 10.7(b) of the Plan, and (iii) making certain certifications with respect to your vote.**

This Ballot is solely for purposes of voting to accept or reject the Plan and not for the purpose of allowance or disallowance of, or distribution on account of, any Class 5 Claims (Commercial Hybrid Bond Claims, Other General Unsecured Claims, and Intercompany Claims) against SAS AB. You must provide all of the information requested by this Ballot. Failure to do so may result in the disqualification of your vote. If you believe you have received this Ballot in error, please contact the Claims and Solicitation Agent at the telephone number(s) or email address set forth above.

<center>**INSTRUCTIONS FOR COMPLETING THE BALLOT**</center>

The terms of the Plan and your rights thereunder are described in the *Disclosure Statement for Second Amended Joint Chapter 11 Plan of Reorganization of SAS AB and its Subsidiary Debtors* (as may be amended, modified, or supplemented from time to time, the "**Disclosure Statement**") [ECF No. 1905]. The Disclosure Statement provides information to assist you in deciding how to vote with respect to this Beneficial Holder Ballot. The Disclosure Statement, the Plan, the Disclosure Statement Order, and the Confirmation Hearing Notice are included in the Solicitation Package you are receiving with this Beneficial Holder Ballot.

**PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT. IF YOU WISH TO REQUEST ADDITIONAL SOLICITATION MATERIALS (AT NO COST TO YOU), CONTACT THE CLAIMS AND SOLICITATION AGENT BY TELEPHONE AT (844) 242-7491 (U.S./CANADA TOLL-FREE) OR +1 (347) 338-6450 (INTERNATIONAL), BY EMAIL AT**

**SASINFO@RA.KROLL.COM** (WITH "SAS AB SOLICITATION INQUIRY" IN THE SUBJECT LINE), OR BY FIRST-CLASS MAIL, OVERNIGHT COURIER, OR HAND DELIVERY TO: SAS AB BALLOT PROCESSING CENTER, C/O KROLL RESTRUCTURING ADMINISTRATION LLC, 850 3RD AVENUE, SUITE 412, BROOKLYN, NY 11232. YOU MAY ALSO OBTAIN COPIES OF ANY PLEADINGS FILED IN THESE CHAPTER 11 CASES, FREE OF CHARGE, AT THE DEBTORS' CASE WEBSITE, **HTTPS://CASES.RA.KROLL.COM/SAS/**, OR, FOR A FEE, VIA PACER AT: **HTTPS://WWW.NYSB.USCOURTS.GOV/**.

The Bankruptcy Court has approved the Disclosure Statement as containing adequate information, as required under section 1125 of the Bankruptcy Code. Court approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court.

You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. If you hold Claims in more than one Class, you will receive a Ballot for each Class in which you are entitled to vote.

The Plan will be accepted by Class 5 (Commercial Hybrid Bond Claims, Other General Unsecured Claims, and Intercompany Claims) if it is accepted by the holders of two-thirds (2/3) in amount and more than one-half (1/2) in number of Claims in Class 5 (Commercial Hybrid Bond Claims, Other General Unsecured Claims, and Intercompany Claims) voting on the Plan. If the Plan is confirmed by the Bankruptcy Court, all holders of Claims against, and Interests in, the Debtors (including those holders who abstain from voting on or reject the Plan, and those holders who are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereunder, whether or not they vote and whether or not they accept the Plan.

**To properly complete and return this Ballot via first-class mail, overnight courier, or hand delivery, you must follow the procedures described below:**

a. make sure that the information contained in Item 1 is correct;

b. if you hold a Commercial Hybrid Bond Claim in Class 5, cast one vote to accept or reject the Plan by checking the appropriate box in Item 2;

c. complete the Ballot by providing all the information requested, signing, dating, and returning the Ballot in the envelope provided, or as indicated by your broker, dealer, commercial bank, trust company, or other agent designated as your nominee (the "**Nominee**"). Any Ballot that is illegible, contains insufficient information to identify the Beneficial Holder, does not contain an original signature, or is unsigned will not be counted. If neither the "accept" nor "reject" box is checked in Item 2, both boxes are checked in Item 2, or the Ballot is otherwise not properly completed, executed, or timely returned, then the Ballot shall not be counted in determining acceptance or rejection of the Plan. Notwithstanding the foregoing, your Nominee is authorized to disseminate the Solicitation Packages and voting instructions to, and collect voting information from, Beneficial Holders according to its customary practices, including the use of a "voting instruction form" in lieu of (or in addition to) a Beneficial Holder Ballot, and collecting votes from Beneficial Holders through online

voting, by phone, facsimile, or other electronic means. Please follow the instructions set forth by your Nominee. If you are directed by your Nominee to submit the Ballot to the Nominee via electronic means, such instructions shall have the same effect as if you had completed and returned a physical Ballot to your Nominee, including all certifications;

d. your Nominee may pre-validate your Beneficial Holder Ballot(s) by (i) signing the Beneficial Holder Ballot and indicating on the Beneficial Holder Ballot the (a) name and Participant Number of the Nominee, (b) principal amount of the Commercial Hybrid Bond Claim(s) held by the Nominee for the Beneficial Holder accompanied by a medallion guarantee stamp certifying the Beneficial Holder's position as of the Voting Record Date, and (c) account number of the Beneficial Holder, and (ii) forwarding such Beneficial Holder Ballot, together with the Solicitation Package, including a preaddressed, postage-paid return envelope addressed to the Claims and Solicitation Agent, to the Beneficial Holder with instructions to return the pre-validated Beneficial Holder Ballot directly to the Claims and Solicitation Agent;

e. please return the Ballot in the envelope provided, or as otherwise directed by your Nominee. **The Claims and Solicitation Agent will tabulate all properly completed pre-validated Beneficial Holder Ballots and Master Ballots received on or before the Voting Deadline. IF YOU ARE RETURNING YOUR BALLOT TO YOUR NOMINEE, PLEASE RETURN IT BY THE DEADLINE PROVIDED BY YOUR NOMINEE TO ALLOW SUFFICIENT TIME FOR YOUR VOTE TO BE INCLUDED ON A MASTER BALLOT AND FORWARDED TO THE CLAIMS AND SOLICITATION AGENT BY THE VOTING DEADLINE**;

f. **if you received a pre-validated Ballot** and a return envelope addressed to the Claims and Solicitation Agent, please complete and date the Ballot and return it promptly in the envelope provided so that it is actually received by the Claims and Solicitation Agent by the Voting Deadline. For the avoidance of doubt, Beneficial Holder Ballots that have not been pre-validated by your Nominee cannot be returned directly to the Claims and Solicitation Agent. In all cases, submit your vote according to express instructions from your Nominee;

g. alternatively, you may submit your pre-validated Ballot by first-class mail, overnight courier, or hand delivery, or via electronic mail directly to the Claims and Solicitation Agent at:

**SAS AB Ballot Processing Center**
c/o Kroll Restructuring Administration LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

OR

**SASBALLOTS@RA.KROLL.COM**
(with "SAS AB Solicitation Pre-Validated Ballot" in the subject line)

h. to arrange hand delivery of your pre-validated Beneficial Holder Ballot, email SASBallots@ra.kroll.com (with "SAS Solicitation Pre-Validated Ballot Delivery" in the subject line) at least 24 hours before your arrival at the address above and provide the anticipated date and time of delivery;

i. if it is your Nominee's customary practice to collect your vote via voter information form, e-mail, telephone, or other means in lieu of this Ballot, you may follow your Nominee's instructions regarding the submission of your vote;

j. ballots received after the Voting Deadline (if the Voting Deadline has not been extended) may not, at the Debtors' discretion, be counted. The Claims and Solicitation Agent will tabulate all properly completed Ballots received on or before the Voting Deadline;

k. the Ballot does not constitute, and shall not be deemed to be, a Proof of Claim or Interest or an assertion or admission of Claims or Interests;

l. the Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan;

m. if you vote to reject the Plan and choose to opt into the Third-Party Releases contained in Section 10.7(b) of the Plan, check the box in Item 3;

n. you must vote all your Claims within a single Class under the Plan either to accept or reject the Plan. If more than one timely, properly completed Ballot is received, only the latest received, properly completed Ballot will be counted;

o. in the event that (i) the Debtors revoke or withdraw the Plan, or (ii) the Confirmation Order is not entered or consummation of the Plan does not occur, this Ballot shall automatically be null and void and deemed withdrawn without any requirement of affirmative action by or notice to you;

p. provide your name, mailing address, and any remaining information requested;

q. sign and date your Ballot; and

r. return your signed Ballot to your Nominee or the Claims and Solicitation Agent, as applicable.

**IF YOU (I) HAVE ANY QUESTIONS REGARDING COMPLETION OR SUBMISSION OF THIS BALLOT, THESE VOTING INSTRUCTIONS, OR THE PROCEDURES FOR VOTING, PLEASE CONTACT YOUR NOMINEE, (II) HAVE GENERAL QUESTIONS ABOUT THE SOLICITATION PROCESS OR SOLICITATION MATERIALS, OR IF YOU REQUIRE ADDITIONAL OR REPLACEMENT SOLICITATION MATERIALS, PLEASE CONTACT THE CLAIMS AND SOLICITATION AGENT BY CALLING (844) 242-7491 (U.S./CANADA TOLL-FREE) OR**

+1 (347) 338-6450 (INTERNATIONAL) OR EMAILING: SASINFO@RA.KROLL.COM (WITH "SAS AB SOLICITATION INQUIRY" IN THE SUBJECT LINE).

**PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT.**

**THE CLAIMS AND SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

---

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS CAREFULLY *BEFORE* COMPLETING THIS BALLOT.**

**IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO YOUR NOMINEE, IN ORDER FOR YOUR VOTE TO BE COUNTED, YOU MUST FOLLOW THE DIRECTIONS OF YOUR NOMINEE AND ALLOW SUFFICIENT TIME FOR YOUR NOMINEE TO RECEIVE YOUR VOTE AND TRANSMIT SUCH VOTE ON A MASTER BALLOT, WHICH MASTER BALLOT MUST BE RETURNED TO THE CLAIMS AND SOLICITATION AGENT BY THE VOTING DEADLINE, UNLESS EXTENDED BY THE DEBTORS.**

**IF, HOWEVER, YOU RECEIVED A "PRE-VALIDATED" BALLOT FROM YOUR NOMINEE WITH INSTRUCTIONS TO SUBMIT SUCH BALLOT DIRECTLY TO THE CLAIMS AND SOLICITATION AGENT, IN ORDER FOR YOUR VOTE TO BE COUNTED, YOU MUST COMPLETE, EXECUTE, AND RETURN THE "PRE-VALIDATED" BALLOT, SO AS TO BE *ACTUALLY RECEIVED* BY THE CLAIMS AND SOLICITATION AGENT BY THE VOTING DEADLINE, UNLESS EXTENDED BY THE DEBTORS.**

---

**IMPORTANT NOTICE REGARDING TREATMENT FOR CLASS 5 CLAIMS AGAINST SAS AB**

***Commercial Hybrid Bond Claims, Other General Unsecured Claims, and Intercompany Claims***.  As soon as reasonably practicable after the later of the Effective Date and the date on which a Commercial Hybrid Bond Claim, Other General Unsecured Claim, or Intercompany Claim against SAS AB becomes, as applicable, an Allowed Commercial Hybrid Bond Claim (to the extent allowed as a debt claim under Swedish Law), Allowed Other General Unsecured Claim, or Allowed Intercompany Claim against SAS AB, each holder of such Allowed Commercial Hybrid Bond Claim, Allowed Other General Unsecured Claim, or Allowed Intercompany Claim, as the case may be, shall receive, in full and final satisfaction of such Claim, such holder's Pro Rata share of each of the Remaining SAS AB Available Cash and the SAS AB GUC Interests.

**PLEASE READ THE DISCLOSURE STATEMENT AND PLAN FOR MORE DETAILS.**

**<u>TO SUBMIT YOUR BALLOT BY MAIL, PLEASE COMPLETE THE FOLLOWING</u>:**

---

**PLEASE COMPLETE ITEMS 1, 2, 3, 4, 5, AND 6.  IF THIS BENEFICIAL HOLDER BALLOT HAS NOT BEEN PROPERLY SIGNED IN THE SPACE PROVIDED, YOUR VOTE MAY NOT BE VALID OR COUNTED AS HAVING BEEN CAST.**

---

**<u>Item 1</u>.  Amount of Class 5 Commercial Hybrid Bond Claim(s)**.  For purposes of voting to accept or reject the Plan, the undersigned certifies that as of the Voting Record Date ([January 26, 2024]), the undersigned holder was the holder of a Class 5 Commercial Hybrid Bond Claim against SAS AB, under ISIN SE0014957999, in the following principal amount(s) for voting (if the Claim Amount below is not pre-filled and you do not know the principal amount of your Claim as of the Voting Record Date, please contact your Nominee for this information):

> **Claim Amount**:          $\underline{\hspace{3cm}}$

**<u>Item 2</u>.  Vote on the Plan**.  The undersigned holder of a Class 5 Commercial Hybrid Bond Claim in the amount(s) set forth in Item 1 above hereby votes to:

        **Check one box <u>only</u>:**          ☐          Accept the Plan

                                     ☐          Reject the Plan

**<u>Item 3</u>.  Important Information Regarding Release Provisions of the Plan**.  Section 10.7(b) of the Plan contains the following Third-Party Releases:

       **AS OF THE EFFECTIVE DATE, EXCEPT FOR THE RIGHTS, REMEDIES, AND CAUSES OF ACTION THAT ARE PRESERVED AND REMAIN IN EFFECT FROM AND AFTER THE EFFECTIVE DATE, INCLUDING TO ENFORCE THIS PLAN AND THE OBLIGATIONS CONTEMPLATED BY THE RESTRUCTURING, FOR GOOD AND VALUABLE CONSIDERATION, ON AND AFTER THE EFFECTIVE DATE, THE RELEASED PARTIES SHALL BE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED AND DISCHARGED, TO THE MAXIMUM EXTENT PERMITTED BY LAW, BY THE RELEASING PARTIES, IN EACH CASE FROM ANY AND ALL CAUSES OF ACTION (INCLUDING ANY DERIVATIVE CLAIMS, ASSERTED OR ASSERTABLE ON BEHALF OF THE DEBTORS, THE REORGANIZED DEBTORS, OR THEIR ESTATES) THAT SUCH RELEASING PARTIES OR THEIR RESPECTIVE RELATED ENTITIES, AND ANY OTHER ENTITIES CLAIMING UNDER OR THROUGH THEM WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN THEIR OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY) OR ON BEHALF OF THE HOLDER OF ANY CLAIM OR INTEREST OR OTHER ENTITY, BASED ON, RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART: THE DEBTORS (INCLUDING THE MANAGEMENT, DIRECT OR INDIRECT OWNERSHIP, OR OPERATION THEREOF) OR THEIR ESTATES; THE REORGANIZED DEBTORS; THE CHAPTER**

11 CASES; THIS PLAN; THE CONFIRMATION ORDER; THE RESTRUCTURING; THE TRANSACTION; THE EQUITY SOLICITATION PROCESS; ANY DEBT OR SECURITY OF OR IN THE DEBTORS AND THE OWNERSHIP THEREOF; THE PURCHASE, SALE, OR RESCISSION OF THE PURCHASE OR SALE OF ANY DEBT OR SECURITY OF OR IN THE DEBTORS OR THE REORGANIZED DEBTORS, INCLUDING THE NEW SHARES AND THE NEW CONVERTIBLE NOTES; THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THIS PLAN; THE BUSINESS OR CONTRACTUAL ARRANGEMENTS OR OTHER INTERACTIONS BETWEEN ANY DEBTOR AND ANY RELEASED PARTY; THE RESTRUCTURING OF ANY CLAIM OR INTEREST BEFORE OR DURING THE CHAPTER 11 CASES; ANY OTHER IN- OR OUT-OF-COURT RESTRUCTURING EFFORTS OF THE DEBTORS; ANY INTERCOMPANY TRANSACTION; THE NEGOTIATION, FORMULATION, PREPARATION, DISSEMINATION, OR CONSUMMATION OF THIS PLAN AND ANY RELATED AGREEMENTS, INSTRUMENTS, OR OTHER DOCUMENTS OR ANY OTHER CONTRACT, INSTRUMENT, RELEASE, OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THIS PLAN OR ANY RELATED AGREEMENTS, INSTRUMENTS, OR OTHER DOCUMENTS (INCLUDING THE INVESTMENT AGREEMENT); THE SOLICITATION OF VOTES WITH RESPECT TO, OR CONFIRMATION OF, THIS PLAN; OR ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE RELATED TO ANY OF THE FORGOING AND TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE. NOTWITHSTANDING ANYTHING HEREIN TO THE CONTRARY, THE RELEASES CONTAINED IN THIS <u>SECTION 10.7(B)</u> SHALL NOT (I) AFFECT THE LIABILITY OF ANY ENTITY FROM CAUSES OF ACTION BASED ON WILLFUL MISCONDUCT, GROSS NEGLIGENCE OR INTENTIONAL FRAUD AS DETERMINED BY A FINAL ORDER, (II) RELEASE POST-EFFECTIVE DATE OBLIGATIONS OF ANY ENTITY UNDER THIS PLAN, THE RESTRUCTURING, THE DEFINITIVE DOCUMENTS OR ANY OTHER DOCUMENT, INSTRUMENT, OR AGREEMENT EXECUTED TO IMPLEMENT THIS PLAN (UNLESS EXPRESSLY CANCELLED BY THIS PLAN), OR (III) AFFECT THE RELEASING PARTIES' RIGHTS THAT REMAIN IN EFFECT FROM AND AFTER THE EFFECTIVE DATE TO ENFORCE THIS PLAN, THE DEFINITIVE DOCUMENTS, AND THE OBLIGATIONS CONTEMPLATED BY THE TRANSACTION OR AS OTHERWISE PROVIDED IN ANY ORDER OF THE BANKRUPTCY COURT.

FOR THE AVOIDANCE OF DOUBT, THE ONLY PARTIES THAT ARE BOUND BY THE RELEASES CONTAINED IN THIS <u>SECTION 10.7(B)</u> ARE THE RELEASING PARTIES.

<u>DEFINITIONS:</u>

**"*Released Parties*"** means, collectively, (i) the Debtors, (ii) the DIP Agent and the DIP Lenders, (iii) the Creditors' Committee and each of its present and former members, (iv) the Investors, (v) the Danish State Noteholder, (vi) the Swedish State, (vii) the Swiss Bonds Agent, and (viii) with respect to each of the foregoing Entities in clauses (i) through (vii), such Entities' Related Entities, and their respective heirs, executors, estates, and nominees, in each case in their capacity as such; *provided, however*, that, subject to <u>Section 3.3(f)</u> of the Investment Agreement,

any holder of a Claim or Interest that would otherwise constitute a Released Party that does not consent to the releases in the Plan shall not be a Released Party; *provided, further, however,* that, to the extent the Danish State Noteholder gives such a release as contemplated by the Investment Agreement, the Danish State Noteholder shall be a Released Party under the Plan for all purposes; *provided, further, however,* that the Released Parties referenced in clause (viii) are Released Parties solely with respect to work performed for or on behalf of the applicable Entity for which releases are given pursuant to the Plan.

***"Releasing Parties"*** means, collectively, (i) the Released Parties, other than the Danish State Investor and the Danish State Noteholder, (ii) all holders of Claims who vote to accept the Plan, (iii) all holders of Claims that either vote to reject the Plan or abstain from voting on the Plan and affirmatively opt to grant the releases by checking the appropriate box on the Ballot, and (iv) all holders of Claims and Interests not described in the foregoing clauses (i) – (iii) that affirmatively opt to grant the releases by checking the appropriate box on the notice form; *provided, however,* that the Danish State Investor and the Danish State Noteholder shall provide releases solely pursuant to Section 3.3(f) of the Investment Agreement.

**IF YOU VOTE TO ACCEPT THE PLAN, YOU WILL BE DEEMED TO HAVE GRANTED THE THIRD-PARTY RELEASES CONTAINED IN SECTION 10.7(b) OF THE PLAN, AS SET FORTH ABOVE.  IF YOU VOTE TO REJECT THE PLAN, YOU MAY CHECK THE BOX <u>BELOW</u> TO OPT INTO THE THIRD-PARTY RELEASES.**

Check the following box **only** if you wish to opt in to the Third-Party Releases set forth above and in Section 10.7(b) of the Plan:

☐ **Opt In to Third-Party Releases**

*[Remainder of Page Intentionally Left Blank]*

**Item 4.** **Certification of Claims in Class 5 Held in Additional Accounts.** By completing and returning this Ballot, the Beneficial Holder of the Claims identified in Item 1 certifies that this Ballot is the only Ballot submitted for the Claims in Class 5 identified in Item 1 owned by such Beneficial Holder as indicated in Item 1, except for the Claims identified in the following table. **To be clear, if any Beneficial Holder holds Claims in Class 5 through one or more Nominees, such Beneficial Holder must identify all Claims in Class 5 held through its own name and/or each Nominee in the following table and must indicate the same vote to accept or reject the Plan on all Ballots submitted.**

**ONLY COMPLETE THE TABLE BELOW IF YOU HAVE SUBMITTED OTHER CLASS 5 VOTES THROUGH MORE THAN ONE (1) NOMINEE**

| Class 5 – SAS AB – COMMERCIAL HYBRID BOND CLAIMS | | | | | | |
|---|---|---|---|---|---|---|
| **Name of Other Nominee through Which You Hold and Voted Other Class 5 Commercial Hybrid Bond Claims** | **The Applicable Number or Reference Code Assigned to Your Nominee by Euroclear Sweden or Other Applicable Securities Depository** | **Your Account Number at the Other Nominee through Which You Hold and Voted Other Class 5 Commercial Hybrid Bond Claims** | **Principal Amount of Other Class 5 Commercial Hybrid Bonds You Held and Voted through the Other Nominee** | **Your Vote on the Plan through the Other Nominee (accept or reject)** | **Your Decision Relating to the Third Party Releases Made through the Other Nominee (indicate "Opt-In" if applicable)** | **Your Decision Relating to the Appointment of a Proxy** |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

<u>**Item 5**</u>.  **Important Information Regarding Swedish Reorganization Plan**.

If you vote on the Plan, you agree to, on and from the Confirmation Date, irrevocably appoint Christoffer Andersson, Victor Schander, Adam Kastengren Sandberg, Anna Litewka (all being employees of Nordic Trustee & Agency AB (publ) (Swedish Reg. No. 556882-1879)), and any other person appointed by the aforementioned persons (each an "**Authorized Representative**") to, any two jointly, act as your agent, nominee, proxy, and representative with full power and authority, and otherwise instruct each Authorized Representative in your name and on your behalf to exercise all rights in relation to your Claim to vote to accept or reject consistent with your vote on the Plan, submitted with respect to your Claim in a properly completed Ballot in accordance with the instructions herein, on the Swedish Reorganization Plan (as defined in the Plan) under the Swedish Reorganization Act (Sw. *lag (2022:964) om företagsrekonstruktion*) to the extent your Claim(s) are entitled to vote thereon.

Each Authorized Representative shall be entitled and empowered to take all such associated steps, including:

a.  receiving notice of, attending, or voting at any plan hearing (Sw. *planssammanträde*) in the Swedish Court (as defined in the Plan) on the Swedish Reorganization Plan whether held by way of electronic, postal, or other means;

b.  receiving notice of, attending, or voting at any meeting of the holders of Claims or Interests (Sw. *borgenärssammanträde*) held in connection with the Swedish SAS AB Reorganization (as defined in the Plan) and all or any adjournments of such meetings or signing any resolution, poll card, or written reply on each holder's behalf and otherwise voting to accept or reject, as applicable, the Swedish Reorganization Plan;

c.  completing and returning proxy cards, polling cards, forms of appointment of authorized representatives, and any other documents required to be signed or completed by any holder desirable or necessary to exercise any and all voting rights related to such holder's Claims in the Swedish SAS AB Reorganization;

d.  dealing with and giving directions as to any documents, notices, or other communications (in whatever form) arising by right of the Claims or received in connection with the Claims, the Authorized Representative, or any other person; and

e.  otherwise executing, delivering, and doing all documents, instruments and acts in your name insofar as may be done pursuant to this authority, for the purpose of approving, accepting, rejecting, or implementing the Swedish Reorganization Plan.

If you vote to accept the Plan, each Authorized Representative shall also, from the date on which your Claim becomes an Allowed Claim (as defined in the Plan) that entitles you to receive New Shares (as defined in the Plan) in SAS AB, be irrevocably appointed as your agent, nominee, proxy, and representative with full power and authority to (a) enter into the Minority Shareholders' Agreement (as defined in the Plan) and (b) sign a subscription list, effectuate payment of the subscription price by contributing your Allowed Claim as payment for the New Shares (noting that such payment may be made either through set off (Sw. *kvittning*) or payment-in-kind (Sw. *apport*)), as applicable, and to forgive any portion of such Allowed Claim  in excess

of the amount recovered in accordance with the Plan and the Swedish Reorganization Plan, and otherwise comply with all applicable registration requirements to receive and subscribe for New Shares in SAS AB issued in accordance with the Plan and the Swedish Reorganization Plan (in each case, as applicable).

If you vote to reject the Plan, or abstain from voting on the Plan, you may check the box **below** to grant each Authorized Representative the authority to, and each Authorized Representative shall, from the date on which your Claim becomes an Allowed Claim that entitles you to receive New Shares in SAS AB, be irrevocably appointed as your agent, nominee, proxy, and representative with full power and authority to (a) enter into the Minority Shareholders' Agreement and (b) sign a subscription list, effectuate payment of the subscription price by contributing your Allowed Claim as payment for the New Shares (noting that such payment may be made either through set off (Sw. *kvittning*) or payment-in-kind (Sw. *apport*)), as applicable, and to forgive any portion of such Allowed Claim in excess of the amount recovered in accordance with the Plan and the Swedish Reorganization Plan, and otherwise comply with all applicable registration requirements to receive and subscribe for New Shares in SAS AB issued in accordance with the Plan and the Swedish Reorganization Plan (in each case, as applicable).

Check the following box **only** if you wish to opt in and grant each Authorized Representative the authority to take such actions:

☐    **Opt In to Granting Supplemental Authority to Authorized Representative**

The administrator of the Swedish SAS AB Reorganization may seek an Order from the Swedish Court under the Swedish Reorganization Act (Sw. *lag (2022:964) om företagsrekonstruktion*) to ensure the effectiveness of this appointment.

No Authorized Representative shall be liable for any damages (whether direct or indirect, in contract, tort, or otherwise), which arise from or are incidental to the actions taken by such Authorized Representative under or in connection with this appointment, unless and to the extent a final judgement is made by a court of competent jurisdiction (not subject to further appeal) that determines that such losses arose as a result of such Authorized Representative's gross negligence, willful misconduct, or intentional fraud when serving as an Authorized Representative under or in connection with this appointment. Notwithstanding anything to the contrary, no Authorized Representative shall be personally liable for any damages whatsoever. Each Authorized Representative may rely on the advice of the Debtors' professional advisors and each Authorized Representative shall not be considered to have acted negligently if it has acted in accordance with advice given by such professional advisors.

<u>**Item 6**</u>. **Acknowledgements and Certification**. By signing this Beneficial Holder Ballot, the undersigned certifies to the Bankruptcy Court and the Debtors that:

a. as of the Voting Record Date, the undersigned is either (i) the Person that is the holder of the Class 5 Claim(s) being voted or (ii) the Person that is an authorized signatory for the Person that is the holder of the Class 5 Claim(s) being voted;

b.  the Person has received a copy of the Disclosure Statement, the Plan, the Disclosure Statement Order, and the Confirmation Hearing Notice and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

c.  the Person has cast the same vote with respect to all Class 5 Claims held and voted;

d.  no other Ballots with respect to the amount of the Class 5 Claim(s) identified in Item 1 above have been cast or, if any other Ballots have been cast with respect to such Claim(s), then any such Ballots dated earlier are hereby revoked;

e.  the Person acknowledges that a vote to accept the Plan constitutes an acceptance of the treatment of such Person's Class 5 Claim(s); and

f.  the Person acknowledges and agrees that the Debtors may make conforming changes to the Plan to the extent provided by Bankruptcy Rule 3019, as may be reasonably necessary, but that the Debtors will not re-solicit acceptances or rejections of the Plan in the event of such conforming changes.

The undersigned further acknowledges that the Debtors' solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement, the Disclosure Statement Order, and the Solicitation and Voting Procedures contained therein.

| | |
|---|---|
| Name of Beneficial Holder: | |
| | (Print or Type) |
| Nominee Identifying Number: | |
| Name of Signatory (if other than Beneficial Holder): | |
| | (Print or Type) |
| Signature: | |
| Title: | |
| Address | |
| | |
| | |
| Date Completed: | |
| Email Address: | |

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT PROMPTLY IN THE RETURN ENVELOPE PROVIDED.**

**WHETHER SUBMITTING YOUR BALLOT BY FIRST-CLASS MAIL, OVERNIGHT COURIER, OR HAND DELIVERY, YOUR BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING DEADLINE, WHICH IS 4:00 P.M. PREVAILING EASTERN TIME ON [MARCH 1, 2024].**

## INSTRUCTIONS FOR COMPLETING BALLOTS

1.  The Debtors are soliciting the votes of holders of certain Claims and Interests with respect to the Plan annexed as **Exhibit A** to the Disclosure Statement.

2.  To ensure that your vote is counted, you must: (a) complete the Ballot; (b) indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 of the Ballot; and (c) sign and return the Ballot to the address set forth on the enclosed pre-addressed envelope or in a method provided herein or as instructed by your Nominee.

3.  Except as otherwise provided herein or unless waived by the Debtors or permitted by order of the Bankruptcy Court, unless the Ballot being furnished is timely submitted on or prior to the Voting Deadline, the Debtors shall reject such Ballot as invalid and, therefore, decline to count it in connection with confirmation of the Plan.

4.  If you cast more than one Ballot voting the same Claim(s) or Interest(s) before the Voting Deadline, the last valid Ballot received on or before the Voting Deadline shall be deemed to reflect your intent, and thus, supersede any prior Ballot.

5.  If you cast a Ballot that is properly completed, executed, and timely returned to the Claims and Solicitation Agent, but does not indicate either an acceptance or rejection of the Plan, the Ballot will not be counted.

6.  If you cast a Ballot that is properly completed, executed, and timely returned to the Claims and Solicitation Agent, but indicates both an acceptance and a rejection of the Plan, the Ballot will not be counted.

7.  You shall be deemed to have voted the full amount of your Claim in each Class and shall not be entitled to split your vote within a particular Class. Any Ballot that partially accepts and partially rejects the Plan will not be counted.

8.  If you cast Ballots received by the Claims and Solicitation Agent on the same day, but which are voted inconsistently, such Ballots will not be counted.

9.  The following Ballots shall not be counted:

    (i)   any Ballot that is illegible or contains insufficient information to permit the identification of the Claim or Interest holder;

    (ii)  any Ballot cast by a Person that does not hold a Claim or Interest in a Class that is entitled to vote to accept or reject the Plan;

    (iii) any Ballot cast by a Person who is not entitled to vote, even if such individual holds a Claim or Interest in a Voting Class;

    (iv)  any unsigned Ballot;

(v)    any Ballot for which the Court determines, after notice and a hearing, that such vote was not solicited or procured in good faith or in accordance with the provisions of the Bankruptcy Code; or

(vi)    any Ballot transmitted to Kroll by means not specifically approved herein.

10.    If you hold Claims in more than one Class, you must use separate Ballots for each Class of Claims.

11.    The Debtors, subject to contrary order of the Bankruptcy Court, may waive any defect or irregularity as to any particular Ballot at any time, either before or after the close of voting, and any such waiver shall be documented in the Voting Certification.

12.    None of the Debtors, the Claims and Solicitation Agent, nor any other Person will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots other than as provided in the Voting Certification, nor will any of them incur any liability for failure to provide such notification.

13.    Unless waived by the Debtors, subject to contrary order of the Bankruptcy Court, any defects or irregularities in connection with deliveries of Ballots must be cured within such time as the Debtors (or the Bankruptcy Court) determines or such Ballots will not be counted.

14.    The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan.  Accordingly, at this time, holders of Claims or Interests should not surrender certificates or instruments representing or evidencing their Claim or Interests, and neither the Debtors nor the Claims and Solicitation Agent will accept delivery of any such certificates or instruments surrendered together with a Ballot.

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THE SOLICITATION AND VOTING PROCEDURES, OR THE BALLOT INSTRUCTIONS, PLEASE CONTACT THE CLAIMS AND SOLICITATION AGENT AT (844) 242-7491 (U.S./CANADA TOLL-FREE) OR +1 (347) 338-6450 (INTERNATIONAL) OR EMAILING SASINFO@RA.KROLL.COM (WITH "SAS AB SOLICITATION INQUIRY" IN THE SUBJECT LINE).**

## Exhibit E-2

**Redline**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x

| | | |
|---|---|---|
| In re | : | **Chapter 11** |
| | : | |
| **SAS AB**, *et al.*, | : | **Case No. 22-10925 (MEW)** |
| | : | |
| **Debtors.**[1] | : | **(Jointly Administered)** |

------------------------------------------------------------- x

**BENEFICIAL HOLDER BALLOT FOR VOTING TO ACCEPT OR REJECT
THE JOINT CHAPTER 11 PLAN OF SAS AB AND ITS SUBSIDIARY DEBTORS**

**BALLOT FOR:** *CLASS 5 FOR SAS AB – COMMERCIAL HYBRID BOND CLAIMS*

**SEK 1,615,000,000 Unsubordinated Perpetual Floating Rate Callable Capital Securities,
dated as of October 23, 2020, by and between
SAS AB, as Issuer, and Intertrust (Sweden) AB, as Agent**

**ISIN SE0014957999**

SAS AB and its debtor subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), are soliciting votes with respect to the *Second Amended Joint Chapter 11 Plan of Reorganization of SAS AB and its Subsidiary Debtors* [ECF No. [●]], (as may be amended, modified, or supplemented from time to time, the "**Plan**"), from the holders of certain impaired Claims against the Debtors.[2] If you have any questions on how to submit your vote, including how to properly complete this Ballot, or regarding voting instructions received from the bank, broker, or other intermediary, including agents thereof, through which you hold your Commercial Hybrid Bonds in "street name," (each, a "**Nominee**") please contact your Nominee. If you have general questions about the solicitation process or solicitation materials or require copies of additional solicitation materials, please contact Kroll Restructuring Administration LLC ("**Kroll**" or the "**Claims and Solicitation Agent**") at (844) 242-7491 (U.S./Canada toll-free) or +1 (347) 338-6450 (international) or email: SASInfo@ra.kroll.com (with "SAS AB Solicitation Inquiry" in the subject line). **THE**

---

[1] The Debtors in these chapter 11 cases are SAS AB, SAS Danmark A/S, SAS Norge AS, SAS Sverige AB, Scandinavian Airlines System Denmark-Norway-Sweden, Scandinavian Airlines of North America Inc. (2393), Gorm Asset Management Ltd., Gorm Dark Blue Ltd., Gorm Deep Blue Ltd., Gorm Sky Blue Ltd., Gorm Warm Red Ltd., Gorm Light Blue Ltd., Gorm Ocean Blue Ltd., and Gorm Engine Management Ltd. The Debtors' mailing address is AVD kod: STOUU-T, SE-195 87 Stockholm, Sweden.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan, the Disclosure Statement (as defined herein), or the *Order (I) Approving (A) Disclosure Statement, (B) Solicitation, Voting, and Related Procedures, and (C) Proposed Cure Procedures, (II) Scheduling Confirmation Hearing, (III) Establishing Notice and Objection Procedures for Confirmation of Debtors' Second Amended Chapter 11 Plan, and (IV) Granting Related Relief* (the "**Disclosure Statement Order**"), as applicable or as the context otherwise requires.

**CLAIMS AND SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

This Ballot (as defined below), if "pre-validated" by your Nominee (or the Master Ballot reflecting your vote and submitted to the Claims and Solicitation Agent on your behalf), must be completed, executed, and returned so that it is actually received by the Claims and Solicitation Agent by no later than ~~February 26~~[**March 1**, **2024**] **at 4:00 P.M. (Prevailing Eastern Time)** (the "**Voting Deadline**"), unless such time is extended by the Debtors. If your Nominee did not provide you a "pre-validated" Beneficial Holder Ballot (as defined below), you must cast your vote according to your Nominee's instructions, including your Nominee's internal voting deadline so that your Nominee has sufficient time to receive your vote and enter it into a Master Ballot, and submit such Master Ballot so that it is actually received by the Claims and Solicitation Agent by the Voting Deadline.

You are receiving this beneficial holder ballot (the "**Beneficial Holder Ballot**" or "**Ballot**") because you are a beneficial holder ("**Beneficial Holder**") of a Class 5 Commercial Hybrid Bond Claim against SAS AB, as ~~set forth in **Exhibit A** hereto~~described above, as of [January ~~12~~26, 2024] (the "**Voting Record Date**"). Accordingly, you have a right to vote to accept or reject the Plan.

**This Ballot is to be used only for (i) voting by Beneficial Holders of Class 5 Commercial Hybrid Bond Claims to accept or reject the Plan, (ii) if you vote to reject the Plan, opting in to the third-party releases (the "Third-Party Releases") contained in Section 10.7(b) of the Plan, and (iii) making certain certifications with respect to your vote.**

This Ballot is solely for purposes of voting to accept or reject the Plan and not for the purpose of allowance or disallowance of, or distribution on account of, any Class 5 Claims (Commercial Hybrid Bond Claims, Other General Unsecured Claims, and Intercompany Claims) against SAS AB. You must provide all of the information requested by this Ballot. Failure to do so may result in the disqualification of your vote. If you believe you have received this Ballot in error, please contact the Claims and Solicitation Agent at the telephone number(s) or email address set forth above.

### INSTRUCTIONS FOR COMPLETING THE BALLOT

The terms of the Plan and your rights thereunder are described in the *Disclosure Statement for Second Amended Joint Chapter 11 Plan of Reorganization of SAS AB and its Subsidiary Debtors* (as may be amended, modified, or supplemented from time to time, the "**Disclosure Statement**") [ECF No. ~~[●]~~1905]. The Disclosure Statement provides information to assist you in deciding how to vote with respect to this Beneficial Holder Ballot. The Disclosure Statement, the Plan, the Disclosure Statement Order, and the Confirmation Hearing Notice are included in the Solicitation Package you are receiving with this Beneficial Holder Ballot.

**PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT. IF YOU WISH TO REQUEST ADDITIONAL SOLICITATION MATERIALS (AT NO COST TO YOU), CONTACT**

**THE CLAIMS AND SOLICITATION AGENT BY TELEPHONE AT (844) 242-7491 (U.S./CANADA TOLL-FREE) OR +1 (347) 338-6450 (INTERNATIONAL), BY EMAIL AT SASINFO@RA.KROLL.COM (WITH "SAS AB SOLICITATION INQUIRY" IN THE SUBJECT LINE), OR BY FIRST-CLASS MAIL, OVERNIGHT COURIER, OR HAND DELIVERY TO: SAS AB BALLOT PROCESSING CENTER, C/O KROLL RESTRUCTURING ADMINISTRATION LLC, 850 3RD AVENUE, SUITE 412, BROOKLYN, NY 11232.  YOU MAY ALSO OBTAIN COPIES OF ANY PLEADINGS FILED IN THESE CHAPTER 11 CASES, FREE OF CHARGE, AT THE DEBTORS' CASE WEBSITE, HTTPS://CASES.RA.KROLL.COM/SAS/, OR, FOR A FEE, VIA PACER AT: HTTPS://WWW.NYSB.USCOURTS.GOV/.**

The Bankruptcy Court has approved the Disclosure Statement as containing adequate information, as required under section 1125 of the Bankruptcy Code.  Court approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court.

You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.  If you hold Claims in more than one Class, you will receive a Ballot for each Class in which you are entitled to vote.

The Plan will be accepted by Class 5 (Commercial Hybrid Bond Claims, Other General Unsecured Claims, and Intercompany Claims) if it is accepted by the holders of two-thirds (2/3) in amount and more than one-half (1/2) in number of Claims in Class 5 (Commercial Hybrid Bond Claims, Other General Unsecured Claims, and Intercompany Claims) voting on the Plan.  If the Plan is confirmed by the Bankruptcy Court, all holders of Claims against, and Interests in, the Debtors (including those holders who abstain from voting on or reject the Plan, and those holders who are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereunder, whether or not they vote and whether or not they accept the Plan.

**To properly complete and return this Ballot via first-class mail, overnight courier, or hand delivery, you must follow the procedures described below:**

a.  make sure that the information contained in Item 1 is correct;

b.  if you hold a Commercial Hybrid Bond Claim in Class 5, cast one vote to accept or reject the Plan by checking the appropriate box in Item 2;

c.  complete the Ballot by providing all the information requested, signing, dating, and returning the Ballot in the envelope provided, or as indicated by your broker, dealer, commercial bank, trust company, or other agent designated as your nominee (the "**Nominee**").  Any Ballot that is illegible, contains insufficient information to identify the Beneficial Holder, does not contain an original signature, or is unsigned will not be counted.  If neither the "accept" nor "reject" box is checked in Item 2, both boxes are checked in Item 2, or the Ballot is otherwise not properly completed, executed, or timely returned, then the Ballot shall not be counted in determining acceptance or rejection of the Plan.  Notwithstanding the foregoing, your Nominee is authorized to disseminate the Solicitation Packages and voting instructions to, and

collect voting information from, Beneficial Holders according to its customary practices, including the use of a "voting instruction form" in lieu of (or in addition to) a Beneficial Holder Ballot, and collecting votes from Beneficial Holders through online voting, by phone, facsimile, or other electronic means. Please follow the instructions set forth by your Nominee. If you are directed by your Nominee to submit the Ballot to the Nominee via electronic means, such instructions shall have the same effect as if you had completed and returned a physical Ballot to your Nominee, including all certifications;

d. your Nominee may pre-validate your Beneficial Holder Ballot(s) by (i) signing the Beneficial Holder Ballot and indicating on the Beneficial Holder Ballot the (a) name and Participant Number of the Nominee, (b) principal amount of the Commercial Hybrid Bond Claim(s) held by the Nominee for the Beneficial Holder accompanied by a medallion guarantee stamp certifying the Beneficial Holder's position as of the Voting Record Date, and (c) account number of the Beneficial Holder, and (ii) forwarding such Beneficial Holder Ballot, together with the Solicitation Package, including a preaddressed, postage-paid return envelope addressed to the Claims and Solicitation Agent, to the Beneficial Holder with instructions to return the pre-validated Beneficial Holder Ballot directly to the Claims and Solicitation Agent;

e. please return the Ballot in the envelope provided, or as otherwise directed by your Nominee. **The Claims and Solicitation Agent will tabulate all properly completed pre-validated Beneficial Holder Ballots and Master Ballots received on or before the Voting Deadline. IF YOU ARE RETURNING YOUR BALLOT TO YOUR NOMINEE, PLEASE RETURN IT BY THE DEADLINE PROVIDED BY YOUR NOMINEE TO ALLOW SUFFICIENT TIME FOR YOUR VOTE TO BE INCLUDED ON A MASTER BALLOT AND FORWARDED TO THE CLAIMS AND SOLICITATION AGENT BY THE VOTING DEADLINE**;

f. **if you received a pre-validated Ballot** and a return envelope addressed to the Claims and Solicitation Agent, please complete and date the Ballot and return it promptly in the envelope provided so that it is actually received by the Claims and Solicitation Agent by the Voting Deadline. For the avoidance of doubt, Beneficial Holder Ballots that have not been pre-validated by your Nominee cannot be returned directly to the Claims and Solicitation Agent. In all cases, submit your vote according to express instructions from your Nominee;

g. alternatively, you may submit your pre-validated Ballot by first-class mail, overnight courier, or hand delivery, or via electronic mail directly to the Claims and Solicitation Agent at:

<div align="center">

**SAS AB Ballot Processing Center**
c/o Kroll Restructuring Administration LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

</div>

OR

<u>**SASBALLOTS@RA.KROLL.COM**</u>
(with "SAS AB Solicitation Pre-Validated Ballot" in the subject line)

h. to arrange hand delivery of your pre-validated Beneficial Holder Ballot, email SASBallots@ra.kroll.com (with "SAS Solicitation Pre-Validated Ballot Delivery" in the subject line) at least 24 hours before your arrival at the address above and provide the anticipated date and time of delivery;

i. if it is your Nominee's customary practice to collect your vote via voter information form, e-mail, telephone, or other means in lieu of this Ballot, you may follow your Nominee's instructions regarding the submission of your vote;

j. ballots received after the Voting Deadline (if the Voting Deadline has not been extended) may not, at the Debtors' discretion, be counted. The Claims and Solicitation Agent will tabulate all properly completed Ballots received on or before the Voting Deadline;

k. the Ballot does not constitute, and shall not be deemed to be, a Proof of Claim or Interest or an assertion or admission of Claims or Interests;

l. the Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan;

m. if you vote to reject the Plan and choose to opt into the Third-Party Releases contained in Section 10.7(b) of the Plan, check the box in Item 3;

n. you must vote all your Claims within a single Class under the Plan either to accept or reject the Plan. If more than one timely, properly completed Ballot is received, only the latest received, properly completed Ballot will be counted;

o. in the event that (i) the Debtors revoke or withdraw the Plan, or (ii) the Confirmation Order is not entered or consummation of the Plan does not occur, this Ballot shall automatically be null and void and deemed withdrawn without any requirement of affirmative action by or notice to you;

p. provide your name, mailing address, and any remaining information requested;

q. sign and date your Ballot; and

r. return your signed Ballot to your Nominee or the Claims and Solicitation Agent, as applicable.

**IF YOU (I) HAVE ANY QUESTIONS REGARDING COMPLETION OR SUBMISSION OF THIS BALLOT, THESE VOTING INSTRUCTIONS, OR THE PROCEDURES FOR VOTING, PLEASE CONTACT YOUR NOMINEE, (II) HAVE GENERAL QUESTIONS ABOUT THE SOLICITATION PROCESS OR**

SOLICITATION MATERIALS, OR IF YOU REQUIRE ADDITIONAL OR REPLACEMENT SOLICITATION MATERIALS, PLEASE CONTACT THE CLAIMS AND SOLICITATION AGENT BY CALLING (844) 242-7491 (U.S./CANADA TOLL-FREE) OR +1 (347) 338-6450 (INTERNATIONAL) OR EMAILING: SASINFO@RA.KROLL.COM (WITH "SAS AB SOLICITATION INQUIRY" IN THE SUBJECT LINE).

PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT.

THE CLAIMS AND SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.

PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS CAREFULLY *BEFORE* COMPLETING THIS BALLOT.

IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO YOUR NOMINEE, IN ORDER FOR YOUR VOTE TO BE COUNTED, YOU MUST FOLLOW THE DIRECTIONS OF YOUR NOMINEE AND ALLOW SUFFICIENT TIME FOR YOUR NOMINEE TO RECEIVE YOUR VOTE AND TRANSMIT SUCH VOTE ON A MASTER BALLOT, WHICH MASTER BALLOT MUST BE RETURNED TO THE CLAIMS AND SOLICITATION AGENT BY THE VOTING DEADLINE, UNLESS EXTENDED BY THE DEBTORS.

IF, HOWEVER, YOU RECEIVED A "PRE-VALIDATED" BALLOT FROM YOUR NOMINEE WITH INSTRUCTIONS TO SUBMIT SUCH BALLOT DIRECTLY TO THE CLAIMS AND SOLICITATION AGENT, IN ORDER FOR YOUR VOTE TO BE COUNTED, YOU MUST COMPLETE, EXECUTE, AND RETURN THE "PRE-VALIDATED" BALLOT, SO AS TO BE *ACTUALLY RECEIVED* BY THE CLAIMS AND SOLICITATION AGENT BY THE VOTING DEADLINE, UNLESS EXTENDED BY THE DEBTORS.

**IMPORTANT NOTICE REGARDING TREATMENT FOR CLASS 5 CLAIMS AGAINST SAS AB**

***Commercial Hybrid Bond Claims, Other General Unsecured Claims, and Intercompany Claims***.  As soon as reasonably practicable after the later of the Effective Date and the date on which a Commercial Hybrid Bond Claim, Other General Unsecured Claim, or Intercompany Claim against SAS AB becomes, as applicable, an Allowed Commercial Hybrid Bond Claim (to the extent allowed as a debt claim under Swedish Law), Allowed Other General Unsecured Claim, or Allowed Intercompany Claim against SAS AB, each holder of such Allowed Commercial Hybrid Bond Claim, Allowed Other General Unsecured Claim, or Allowed Intercompany Claim, as the case may be, shall receive, in full and final satisfaction of such Claim, such holder's Pro Rata share of each of the Remaining SAS AB Available Cash and the SAS AB GUC ~~Trust~~ Interests.

**PLEASE READ THE DISCLOSURE STATEMENT AND PLAN FOR MORE DETAILS.**

**TO SUBMIT YOUR BALLOT BY MAIL, PLEASE COMPLETE THE FOLLOWING:**

**PLEASE COMPLETE ITEMS 1, 2, 3, ~~AND~~ 4, 5, AND 6.  IF THIS BENEFICIAL HOLDER BALLOT HAS NOT BEEN PROPERLY SIGNED IN THE SPACE PROVIDED, YOUR VOTE MAY NOT BE VALID OR COUNTED AS HAVING BEEN CAST.**

**Item 1**.  **Amount of Class 5 Commercial Hybrid Bond Claim(s)**.  For purposes of voting to accept or reject the Plan, the undersigned certifies that as of the Voting Record Date ([January ~~12~~26, 2024]), the undersigned holder was the holder of a Class 5 Commercial Hybrid Bond Claim against SAS AB, under ISIN SE0014957999, in the following principal amount(s) for voting (if the Claim Amount below is not pre-filled and you do not know the principal amount of your Claim as of the Voting Record Date, please contact your Nominee for this information):

| Claim Amount: | $_____ |
|---|---|

**Item 2**.  **Vote on the Plan**.  The undersigned holder of a Class 5 Commercial Hybrid Bond Claim in the amount(s) set forth in Item 1 above hereby votes to:

**Check one box <u>only</u>:**      ☐      Accept the Plan

☐      Reject the Plan

**Item 3**.  **Important Information Regarding Release Provisions of the Plan**.  Section 10.7(b) of the Plan contains the following Third-Party Releases:

AS OF THE EFFECTIVE DATE, EXCEPT FOR THE RIGHTS, REMEDIES, AND CAUSES OF ACTION THAT ARE PRESERVED AND REMAIN IN EFFECT FROM AND AFTER THE EFFECTIVE DATE, INCLUDING TO ENFORCE THIS PLAN AND THE OBLIGATIONS CONTEMPLATED BY THE RESTRUCTURING, FOR GOOD AND VALUABLE CONSIDERATION, ON AND AFTER THE EFFECTIVE DATE, THE RELEASED PARTIES SHALL BE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED AND DISCHARGED, TO THE MAXIMUM EXTENT PERMITTED BY ~~L~~LAW, BY THE RELEASING PARTIES, IN EACH CASE FROM ANY AND ALL CAUSES OF ACTION (INCLUDING ANY DERIVATIVE CLAIMS, ASSERTED OR ASSERTABLE ON BEHALF OF THE DEBTORS, THE REORGANIZED DEBTORS, OR THEIR ESTATES) THAT SUCH RELEASING PARTIES OR THEIR RESPECTIVE RELATED ENTITIES, AND ANY OTHER ENTITIES CLAIMING UNDER OR THROUGH THEM WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN THEIR OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY) OR ON BEHALF OF THE HOLDER OF ANY CLAIM OR INTEREST OR OTHER ENTITY, BASED ON, RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART: THE DEBTORS (INCLUDING THE MANAGEMENT, DIRECT OR INDIRECT OWNERSHIP, OR OPERATION THEREOF) OR THEIR ESTATES; THE REORGANIZED DEBTORS; THE CHAPTER 11 CASES; THIS PLAN; THE CONFIRMATION ORDER; THE RESTRUCTURING; THE TRANSACTION; THE EQUITY SOLICITATION PROCESS; ANY DEBT OR SECURITY OF OR IN THE DEBTORS AND THE OWNERSHIP THEREOF; THE PURCHASE, SALE, OR RESCISSION OF THE PURCHASE OR SALE OF ANY DEBT OR SECURITY OF OR IN THE DEBTORS OR THE REORGANIZED DEBTORS, INCLUDING THE NEW SHARES AND THE NEW CONVERTIBLE NOTES; THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THIS PLAN; THE BUSINESS OR CONTRACTUAL ARRANGEMENTS OR OTHER INTERACTIONS BETWEEN ANY DEBTOR AND ANY RELEASED PARTY; THE RESTRUCTURING OF ANY CLAIM OR INTEREST BEFORE OR DURING THE CHAPTER 11 CASES; ANY OTHER IN- OR OUT-OF-COURT RESTRUCTURING EFFORTS OF THE DEBTORS; ANY INTERCOMPANY TRANSACTION; THE NEGOTIATION, FORMULATION, PREPARATION, DISSEMINATION, OR CONSUMMATION OF THIS PLAN AND ANY RELATED AGREEMENTS, INSTRUMENTS, OR OTHER DOCUMENTS OR ANY OTHER CONTRACT, INSTRUMENT, RELEASE, OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THIS PLAN OR ANY RELATED AGREEMENTS, INSTRUMENTS, OR OTHER DOCUMENTS (INCLUDING THE INVESTMENT AGREEMENT); THE SOLICITATION OF VOTES WITH RESPECT TO, OR CONFIRMATION OF, THIS PLAN; OR ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE RELATED TO ANY OF THE FORGOING AND TAKING PLACE ON OR BEFORE THE EFFECTIVE

**DATE. NOTWITHSTANDING ANYTHING HEREIN TO THE CONTRARY, THE RELEASES CONTAINED IN THIS** <u>SECTION 10.7(</u>~~B~~<u>B)</u> **SHALL NOT (I) AFFECT THE LIABILITY OF ANY ENTITY FROM CAUSES OF ACTION BASED ON WILLFUL MISCONDUCT, GROSS NEGLIGENCE OR INTENTIONAL FRAUD AS DETERMINED BY A FINAL ORDER, (II) RELEASE POST-EFFECTIVE DATE OBLIGATIONS OF ANY ENTITY UNDER THIS PLAN, THE RESTRUCTURING, THE DEFINITIVE DOCUMENTS OR ANY OTHER DOCUMENT, INSTRUMENT, OR AGREEMENT EXECUTED TO IMPLEMENT THIS PLAN (UNLESS EXPRESSLY CANCELLED BY THIS PLAN), OR (III) AFFECT THE RELEASING PARTIES' RIGHTS THAT REMAIN IN EFFECT FROM AND AFTER THE EFFECTIVE DATE TO ENFORCE THIS PLAN, THE DEFINITIVE DOCUMENTS, AND THE OBLIGATIONS CONTEMPLATED BY THE TRANSACTION OR AS OTHERWISE PROVIDED IN ANY ORDER OF THE BANKRUPTCY COURT.**

**FOR THE AVOIDANCE OF DOUBT, THE ONLY PARTIES THAT ARE BOUND BY THE RELEASES CONTAINED IN THIS** <u>SECTION 10.7(</u>~~B~~<u>B)</u> **ARE THE RELEASING PARTIES.**

<u>**DEFINITIONS:**</u>

***"Released Parties"*** means, collectively, (i) the Debtors, (ii) the DIP Agent and the DIP Lenders, (iii) the Creditors' Committee and each of its present and former members, (iv) the Investors, (v) the Danish State Noteholder, (vi) the Swedish State, ~~and~~ (vii) <u>the Swiss Bonds Agent, and (viii)</u> with respect to each of the foregoing Entities in clauses (i) through (vi<u>i</u>), such Entities' Related Entities, and their respective heirs, executors, estates, and nominees, in each case in their capacity as such; *provided, however*, that, subject to <u>Section 3.3(f)</u> of the Investment Agreement, any holder of a Claim or Interest that would otherwise constitute a Released Party that does not consent to the releases in the Plan shall not be a Released Party; *provided, further, however*, that, to the extent the Danish State Noteholder gives such a release as contemplated by the Investment Agreement, the Danish State Noteholder shall be a Released Party under the Plan for all purposes; *provided, further, however*, that the Released Parties referenced in clause (vii<u>i</u>) are Released Parties solely with respect to work performed for or on behalf of the applicable Entity for which releases are given pursuant to the Plan.

***"Releasing Parties"*** means, collectively, (i) the Released Parties, other than the Danish State Investor and the Danish State Noteholder, (ii) all holders of Claims who vote to accept the Plan, (iii) all holders of Claims that either vote to reject the Plan or abstain from voting on the Plan and affirmatively opt to grant the releases by checking the appropriate box on the Ballot, and (iv) all holders of Claims and Interests not described in the foregoing clauses (i) – (iii) that affirmatively opt to grant the releases by checking the appropriate box on the notice form; *provided, however*, that the Danish State Investor and the Danish State Noteholder shall provide releases solely pursuant to <u>Section 3.3(</u>~~e~~<u>f)</u> of the Investment Agreement.

**IF YOU VOTE TO ACCEPT THE PLAN, YOU WILL BE DEEMED TO HAVE GRANTED THE THIRD-PARTY RELEASES CONTAINED IN SECTION 10.7(b) OF THE PLAN, AS SET FORTH ABOVE. IF YOU VOTE TO REJECT THE PLAN, YOU MAY CHECK THE BOX** <u>**BELOW**</u> **TO OPT INTO THE THIRD-PARTY RELEASES.**

Check the following box **only** if you wish to opt in to the Third-Party Releases set forth above and in Section 10.7(b) of the Plan:

&#9744;   **Opt In to Third-Party Releases**

*[Remainder of Page Intentionally Left Blank]*

**Item 4.  Certification of Claims in Class 5 Held in Additional Accounts.**  By completing and returning this Ballot, the Beneficial Holder of the Claims identified in Item 1 certifies that this Ballot is the only Ballot submitted for the Claims in Class 5 identified in Item 1 owned by such Beneficial Holder as indicated in Item 1, except for the Claims identified in the following table.  **To be clear, if any Beneficial Holder holds Claims in Class 5 through one or more Nominees, such Beneficial Holder must identify all Claims in Class 5 held through its own name and/or each Nominee in the following table and must indicate the same vote to accept or reject the Plan on all Ballots submitted.**

**ONLY COMPLETE THE TABLE BELOW IF YOU HAVE SUBMITTED OTHER CLASS 5 VOTES THROUGH MORE THAN ONE (1) NOMINEE**

| Class 5 – SAS AB – COMMERCIAL HYBRID BOND CLAIMS | | | | | | |
|---|---|---|---|---|---|---|
| **Name of Other Nominee through Which You Hold and Voted Other Class 5 Commercial Hybrid Bond Claims** | **The Applicable Number or Reference Code Assigned to Your Nominee by Euroclear Sweden or Other Applicable Securities Depository** | **Your Account Number at the Other Nominee through Which You Hold and Voted Other Class 5 Commercial Hybrid Bond Claims** | **Principal Amount of Other Class 5 Commercial Hybrid Bonds You Held and Voted through the Other Nominee** | **Your Vote on the Plan through the Other Nominee (accept or reject)** | **Your Decision Relating to the Third Party Releases Made through the Other Nominee (indicate "Opt-In" if applicable)** | **Your Decision Relating to the Appointment of a Proxy** |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

**Item 5. Important Information Regarding Swedish Reorganization Plan.**

If you vote on the Plan, you agree to, on and from the Confirmation Date, irrevocably appoint Christoffer Andersson, Victor Schander, Adam Kastengren Sandberg, Anna Litewka (all being employees of Nordic Trustee & Agency AB (publ) (Swedish Reg. No. 556882-1879)), and any other person appointed by the aforementioned persons (each an "**Authorized Representative**") to, any two jointly, act as your agent, nominee, proxy, and representative with full power and authority, and otherwise instruct each Authorized Representative in your name and on your behalf to exercise all rights in relation to your Claim to vote to accept or reject consistent with your vote on the Plan, submitted with respect to your Claim in a properly completed Ballot in accordance with the instructions herein, on the Swedish Reorganization Plan (as defined in the Plan) under the Swedish Reorganization Act (Sw. *lag (2022:964) om företagsrekonstruktion*) to the extent your Claim(s) are entitled to vote thereon.

Each Authorized Representative shall be entitled and empowered to take all such associated steps, including:

a. receiving notice of, attending, or voting at any plan hearing (Sw. *planssammanträde*) in the Swedish Court (as defined in the Plan) on the Swedish Reorganization Plan whether held by way of electronic, postal, or other means;

b. receiving notice of, attending, or voting at any meeting of the holders of Claims or Interests (Sw. *borgenärssammanträde*) held in connection with the Swedish SAS AB Reorganization (as defined in the Plan) and all or any adjournments of such meetings or signing any resolution, poll card, or written reply on each holder's behalf and otherwise voting to accept or reject, as applicable, the Swedish Reorganization Plan;

c. completing and returning proxy cards, polling cards, forms of appointment of authorized representatives, and any other documents required to be signed or completed by any holder desirable or necessary to exercise any and all voting rights related to such holder's Claims in the Swedish SAS AB Reorganization;

d. dealing with and giving directions as to any documents, notices, or other communications (in whatever form) arising by right of the Claims or received in connection with the Claims, the Authorized Representative, or any other person; and

e. otherwise executing, delivering, and doing all documents, instruments and acts in your name insofar as may be done pursuant to this authority, for the purpose of approving, accepting, rejecting, or implementing the Swedish Reorganization Plan.

If you vote to accept the Plan, each Authorized Representative shall also, from the date on which your Claim becomes an Allowed Claim (as defined in the Plan) that entitles you to receive New Shares (as defined in the Plan) in SAS AB, be irrevocably appointed as your agent, nominee, proxy, and representative with full power and authority to (a) enter into the Minority Shareholders' Agreement (as defined in the Plan) and (b) sign a subscription list, effectuate payment of the subscription price by contributing your Allowed Claim as payment for the New Shares (noting that such payment may be made either through set off (Sw. *kvittning*) or payment-in-kind (Sw. *apport*)), as applicable, and to forgive any portion of such Allowed Claim

in excess of the amount recovered in accordance with the Plan and the Swedish Reorganization Plan, and otherwise comply with all applicable registration requirements to receive and subscribe for New Shares in SAS AB issued in accordance with the Plan and the Swedish Reorganization Plan (in each case, as applicable).

If you vote to reject the Plan, or abstain from voting on the Plan, you may check the box **below** to grant each Authorized Representative the authority to, and each Authorized Representative shall, from the date on which your Claim becomes an Allowed Claim that entitles you to receive New Shares in SAS AB, be irrevocably appointed as your agent, nominee, proxy, and representative with full power and authority to (a) enter into the Minority Shareholders' Agreement and (b) sign a subscription list, effectuate payment of the subscription price by contributing your Allowed Claim as payment for the New Shares (noting that such payment may be made either through set off (Sw. *kvittning*) or payment-in-kind (Sw. *apport*)), as applicable, and to forgive any portion of such Allowed Claim  in excess of the amount recovered in accordance with the Plan and the Swedish Reorganization Plan, and otherwise comply with all applicable registration requirements to receive and subscribe for New Shares in SAS AB issued in accordance with the Plan and the Swedish Reorganization Plan (in each case, as applicable).

Check the following box **only** if you wish to opt in and grant each Authorized Representative the authority to take such actions:

☐     **Opt In to Granting Supplemental Authority to Authorized Representative**

The administrator of the Swedish SAS AB Reorganization  may seek an Order from the Swedish Court under the Swedish Reorganization Act (Sw. *lag (2022:964) om företagsrekonstruktion*) to ensure the effectiveness of this appointment.

No Authorized Representative shall be liable for any damages (whether direct or indirect, in contract, tort, or otherwise), which arise from or are incidental to the actions taken by such Authorized Representative under or in connection with this appointment, unless and to the extent a final judgement is made by a court of competent jurisdiction (not subject to further appeal) that determines that such losses arose as a result of such Authorized Representative's gross negligence, willful misconduct, or intentional fraud when serving as an Authorized Representative under or in connection with this appointment.  Notwithstanding anything to the contrary, no Authorized Representative shall be personally liable for any damages whatsoever. Each Authorized Representative may rely on the advice of the Debtors' professional advisors and each Authorized Representative shall not be considered to have acted negligently if it has acted in accordance with advice given by such professional advisors.

**Item 46.**  **Acknowledgements and Certification**.  By signing this Beneficial Holder Ballot, the undersigned certifies to the Bankruptcy Court and the Debtors that:

a.  as of the Voting Record Date, the undersigned is either (i) the Person that is the holder of the Class 5 Claim(s) being voted, or (ii) the Person that is an authorized signatory for the Person that is the holder of the Class 5 Claim(s) being voted;

b. ~~b.~~ the Person has received a copy of the Disclosure Statement, the Plan, the Disclosure Statement Order, and the Confirmation Hearing Notice and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

c. ~~c.~~ the Person has cast the same vote with respect to all Class 5 Claims held and voted;

d. ~~d.~~ no other Ballots with respect to the amount of the Class 5 Claim(s) identified in Item 1 above have been cast or, if any other Ballots have been cast with respect to such Claim(s), then any such Ballots dated earlier are hereby revoked;

e. ~~e.~~ the Person acknowledges that a vote to accept the Plan constitutes an acceptance of the treatment of such Person's Class 5 Claim(s); and

f. ~~f.~~ the Person acknowledges and agrees that the Debtors may make conforming changes to the Plan to the extent provided by Bankruptcy Rule 3019, as may be reasonably necessary, but that the Debtors will not re-solicit acceptances or rejections of the Plan in the event of such conforming changes.

The undersigned further acknowledges that the Debtors' solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement, the Disclosure Statement Order, and the Solicitation and Voting Procedures contained therein.

Name of Beneficial Holder: _____

(Print or Type)

Nominee Identifying Number: _____

Name of Signatory (if other than Beneficial Holder):

_____

(Print or Type)

Signature: _____

Title: _____

Address _____

_____

_____

Date Completed: _____

| Email Address: | |
|---|---|
| | |

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT PROMPTLY IN THE RETURN ENVELOPE PROVIDED.**

**WHETHER SUBMITTING YOUR BALLOT BY FIRST-CLASS MAIL, OVERNIGHT COURIER, OR HAND DELIVERY, YOUR BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING DEADLINE, WHICH IS 4:00 P.M. PREVAILING EASTERN TIME ON ~~FEBRUARY 26~~[MARCH 1, 2024].**

## INSTRUCTIONS FOR COMPLETING BALLOTS

1. The Debtors are soliciting the votes of holders of certain Claims and Interests with respect to the Plan annexed as **Exhibit A** to the Disclosure Statement. ~~Capitalized terms used in the Ballot or in these instructions (the "**Ballot Instructions**") but not otherwise defined therein or herein shall have the meaning set forth in the Plan, the Disclosure Statement, or the Disclosure Statement Order, as applicable.~~

~~2. The Bankruptcy Court may confirm the Plan and thereby bind you to the terms of the Plan. Please review the Disclosure Statement for more information.~~

2. ~~3.~~ To ensure that your vote is counted, you must: (a) complete the Ballot; (b) indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 of the Ballot; and (c) sign and return the Ballot to the address set forth on the enclosed pre-addressed envelope or in a method provided herein or as instructed by your Nominee. ~~The Voting Deadline for the receipt of Ballots by the Claims and Solicitation Agent is 4:00 p.m. (Prevailing Eastern Time) on February 26, 2024. Your completed pre-validated Beneficial Holder Ballot or the Master Ballot submitted on your behalf by your Nominee must be received by the Claims and Solicitation Agent on or before the Voting Deadline.~~

3. ~~4.~~ Except as otherwise provided herein or unless waived by the Debtors or permitted by order of the Bankruptcy Court, unless the Ballot being furnished is timely submitted on or prior to the Voting Deadline, the Debtors shall reject such Ballot as invalid and, therefore, decline to count it in connection with confirmation of the Plan.

4. ~~5.~~ If you cast more than one Ballot voting the same Claim(s) or Interest(s) before the Voting Deadline, the last valid Ballot received on or before the Voting Deadline shall be deemed to reflect your intent, and thus, supersede any prior Ballot.

5. ~~6.~~ If you cast a Ballot that is properly completed, executed, and timely returned to the Claims and Solicitation Agent, but does not indicate either an acceptance or rejection of the Plan, the Ballot will not be counted.

6. ~~7.~~ If you cast a Ballot that is properly completed, executed, and timely returned to the Claims and Solicitation Agent, but indicates both an acceptance and a rejection of the Plan, the Ballot will not be counted.

7. ~~8.~~ You shall be deemed to have voted the full amount of your Claim in each Class and shall not be entitled to split your vote within a particular Class. Any Ballot that partially accepts and partially rejects the Plan will not be counted.

8. ~~9.~~ If you cast Ballots received by the Claims and Solicitation Agent on the same day, but which are voted inconsistently, such Ballots will not be counted.

9. ~~10.~~ The following Ballots shall not be counted:

(i) ~~any Ballot that is not properly submitted by the Voting Deadline, unless the Debtors have granted an extension of the Voting Deadline in writing with respect to such Ballot;~~

(i) ~~(ii)~~ any Ballot that is illegible or contains insufficient information to permit the identification of the Claim or Interest holder;

(ii) ~~(iii)~~ any Ballot cast by a ~~p~~Person ~~or entity~~ that does not hold a Claim or Interest in a Class that is entitled to vote to accept or reject the Plan;

(iii) ~~(iv)~~ any Ballot cast by a ~~p~~Person who is not entitled to vote, even if such individual holds a Claim or Interest in a Voting Class;

(iv) ~~(v)~~ any unsigned Ballot;

(v) ~~(vi)~~ any Ballot for which the Court determines, after notice and a hearing, that such vote was not solicited or procured in good faith or in accordance with the provisions of the Bankruptcy Code; or

(vi) ~~(vii)~~ any Ballot transmitted to Kroll by means not specifically approved herein.

~~11. If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you should indicate such capacity when signing and, if requested by the Claims and Solicitation Agent, the Debtors, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such holder. In addition, you should provide their name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.~~

10. ~~12.~~ If you hold Claims in more than one Class, you must use separate Ballots for each Class of Claims.

11. ~~13.~~ The Debtors, subject to contrary order of the Bankruptcy Court, may waive any defect or irregularity as to any particular Ballot at any time, either before or after the close of voting, and any such waiver shall be documented in the Voting Certification.

12. ~~14. Neither~~None of the Debtors, the Claims and Solicitation Agent, nor any other Person will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots other than as provided in the Voting Certification, nor will any of them incur any liability for failure to provide such notification.

13. ~~15.~~ Unless waived by the Debtors, subject to contrary order of the Bankruptcy Court, any defects or irregularities in connection with deliveries of Ballots must be cured within such time as the Debtors (or the Bankruptcy Court) determines or such Ballots will not be counted.

14. ~~16.~~ The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan. Accordingly, at this time, holders of Claims or

Interests should not surrender certificates or instruments representing or evidencing their Claim or Interests, and neither the Debtors nor the Claims and Solicitation Agent will accept delivery of any such certificates or instruments surrendered together with a Ballot.

17. This Ballot does not constitute, and shall not be deemed to be (i) a proof of claim or (ii) an assertion or admission of a Claim.

18. If you believe you have received the wrong Ballot, you should contact the Claims and Solicitation agent immediately at (844) 242-7491 (U.S./Canada toll-free) or +1 (347) 338-6450 (international) or by email at SASInfo@ra.kroll.com (with "SAS AB Solicitation Inquiry" in the subject line).

**PLEASE SUBMIT YOUR BALLOT PROMPTLY**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THE SOLICITATION AND VOTING PROCEDURES, OR THE BALLOT INSTRUCTIONS, PLEASE CONTACT THE CLAIMS AND SOLICITATION AGENT AT (844) 242-7491 (U.S./CANADA TOLL-FREE) OR +1 (347) 338-6450 (INTERNATIONAL) OR EMAILING SASINFO@RA.KROLL.COM (WITH "SAS AB SOLICITATION INQUIRY" IN THE SUBJECT LINE).**

**Exhibit F-1**

**Updated Form of Ballot for Holders of Claims in Class 6**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | **Chapter 11** |
| | : | |
| **SAS AB,** *et al.*, | : | **Case No. 22-10925 (MEW)** |
| | : | |
| **Debtors.**[1] | : | **(Jointly Administered)** |

--------------------------------------------------------------x

## BALLOT FOR VOTING TO ACCEPT OR REJECT THE
## JOINT CHAPTER 11 PLAN OF SAS AB AND ITS SUBSIDIARY DEBTORS

**BALLOT FOR:** *CLASS 6 CLAIMS AGAINST THE CONSOLIDATED DEBTORS –*
*CONVENIENCE CLASS CLAIMS*

SAS AB and its debtor subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), are soliciting votes with respect to the *Second Amended Joint Chapter 11 Plan of Reorganization of SAS AB and its Subsidiary Debtors* [ECF No. [●]], (as may be amended, modified, or supplemented from time to time, the "**Plan**"), from the holders of certain impaired Claims against the Debtors.[2]  If you have any questions on how to properly complete this Ballot, please contact Kroll Restructuring Administration LLC ("**Kroll**" or the "**Claims and Solicitation Agent**") at (844) 242-7491 (U.S./Canada toll-free) or +1 (347) 338-6450 (international) or email: SASInfo@ra.kroll.com (with "SAS AB Solicitation Inquiry" in the subject line).  **THE CLAIMS AND SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

You are receiving this ballot (the "**Ballot**") because you are a holder of a Claim in Class 6 against the Consolidated Debtors (Convenience Class Claims) as of [January 26, 2024] (the "**Voting Record Date**").  Accordingly, you have a right to vote to accept or reject the Plan.

This Ballot is to be used only for (i) voting by holders of Claims in Class 6 to accept or reject the Plan, (ii) if you vote to reject the Plan, opting in to the third-party releases (the "**Third-Party Releases**") contained in Section 10.7(b) the Plan, and (iii) making certain certifications with respect to your vote.

---

[1] The Debtors in these chapter 11 cases are SAS AB, SAS Danmark A/S, SAS Norge AS, SAS Sverige AB, Scandinavian Airlines System Denmark-Norway-Sweden, Scandinavian Airlines of North America Inc. (2393), Gorm Asset Management Ltd., Gorm Dark Blue Ltd., Gorm Deep Blue Ltd., Gorm Sky Blue Ltd., Gorm Warm Red Ltd., Gorm Light Blue Ltd., Gorm Ocean Blue Ltd., and Gorm Engine Management Ltd.  The Debtors' mailing address is AVD kod: STOUU-T, SE-195 87 Stockholm, Sweden.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan, the Disclosure Statement (as defined herein), or the *Order (I) Approving (A) Disclosure Statement, (B) Solicitation, Voting, and Related Procedures, and (C) Proposed Cure Procedures, (II) Scheduling Confirmation Hearing, (III) Establishing Notice and Objection Procedures for Confirmation of Debtors' Second Amended Chapter 11 Plan, and (IV) Granting Related Relief* (the "**Disclosure Statement Order**"), as applicable or as the context otherwise requires.

**IN ORDER FOR YOUR VOTE TO BE COUNTED, THIS BALLOT MUST BE PROPERLY COMPLETED, SIGNED, AND RETURNED TO THE CLAIMS AND SOLICITATION AGENT SO THAT IT IS ACTUALLY RECEIVED BY [MARCH 1, 2024] AT 4:00 P.M. (PREVAILING EASTERN TIME) (THE "VOTING DEADLINE"), UNLESS SUCH TIME IS EXTENDED BY THE DEBTORS.**

This Ballot is solely for purposes of voting to accept or reject the Plan and not for the purpose of allowance or disallowance of, or distribution on account of, any Class 6 Claims (Convenience Class) against the Consolidated Debtors. If you believe you have received this Ballot in error, please contact the Claims and Solicitation Agent at the telephone number(s) or email address set forth above.

## INSTRUCTIONS FOR COMPLETING THE BALLOT

The terms of the Plan and your rights thereunder are described in the *Disclosure Statement for Second Amended Joint Chapter 11 Plan of Reorganization of SAS AB and its Subsidiary Debtors* (as may be amended, modified, or supplemented from time to time, the "**Disclosure Statement**") [ECF No. 1905]. The Disclosure Statement provides information to assist you in deciding how to vote with respect to this Ballot. The Disclosure Statement, the Plan, the Disclosure Statement Order, and the Confirmation Hearing Notice are included in the Solicitation Package you are receiving with this Ballot.

**PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT. IF YOU WISH TO REQUEST ADDITIONAL SOLICITATION MATERIALS (AT NO COST TO YOU), CONTACT THE CLAIMS AND SOLICITATION AGENT AT TELEPHONE AT (844) 242-7491 (U.S./CANADA TOLL-FREE) OR +1 (347) 338-6450 (INTERNATIONAL), BY EMAIL AT SASINFO@RA.KROLL.COM (WITH "SAS AB SOLICITATION INQUIRY" IN THE SUBJECT LINE), OR BY FIRST-CLASS MAIL (IN THE PREPAID RETURN ENVELOPE PROVIDED OR OTHERWISE), OVERNIGHT COURIER, OR HAND DELIVERY TO: SAS AB BALLOT PROCESSING CENTER, C/O KROLL RESTRUCTURING ADMINISTRATION LLC, 850 3RD AVENUE, SUITE 412, BROOKLYN, NY 11232. YOU MAY ALSO OBTAIN COPIES OF ANY PLEADINGS FILED IN THESE CHAPTER 11 CASES, FREE OF CHARGE, AT THE DEBTORS' CASE WEBSITE, HTTPS://CASES.RA.KROLL.COM/SAS/, OR, FOR A FEE, VIA PACER AT: HTTPS://WWW.NYSB.USCOURTS.GOV/.**

The Bankruptcy Court has approved the Disclosure Statement as containing adequate information, as required under section 1125 of the Bankruptcy Code. Court approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court.

You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. If you hold Claims in more than one Class, you will receive a Ballot for each Class in which you are entitled to vote.

The Plan will be accepted by Class 6 (Convenience Class Claims) if it is accepted by the holders of two-thirds (2/3) in amount and more than one-half (1/2) in number of Claims in

Class 6 (Convenience Class Claims) voting on the Plan.  If the Plan is confirmed by the Bankruptcy Court, all holders of Claims against, and Interests in, the Debtors (including those holders who abstain from voting on or reject the Plan, and those holders who are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereunder, whether or not they vote and whether or not they accept the Plan.

**Ballots must be delivered to the Claims and Solicitation Agent (i) via the Claims and Solicitation Agent's E-Ballot Portal by visiting https://cases.ra.kroll.com/SAS/, or (ii) by first-class mail (in the postage prepaid reply envelope provided or otherwise), overnight courier, or hand delivery to: SAS AB Ballot Processing Center, c/o Kroll Restructuring Administration LLC, 850 3rd Avenue, Suite 412, Brooklyn, NY 11232. Holders are encouraged to submit their Ballots via the E-Ballot Portal.  If you choose to submit your Ballot via the E-Ballot Portal, you should NOT submit your hard copy Ballot as well.  Please choose only <u>one</u> form of return of your Ballot.  Ballots will not be accepted by telecopy, facsimile, or other electronic means of transmission (except via the Claims and Solicitation Agent's E-Ballot Portal).**

**To arrange hand delivery of your Ballot, please email the Claims and Solicitation Agent at SASBallots@ra.kroll.com (with "SAS AB Solicitation Ballot Delivery" in the subject line) at least 24 hours before your arrival at the address above and provide the anticipated date and time of delivery.**

**To properly complete this Ballot and return it via first-class mail (in the postage prepaid reply envelope provided or otherwise), overnight courier, or hand delivery, you must follow the procedures described below:**

a.  make sure that the information contained in Item 1 is correct;

b.  if you hold a Claim in Class 6, cast one vote to accept or reject the Plan by checking the appropriate box in Item 2;

c.  if you are completing this Ballot on behalf of another entity, indicate your relationship with such entity and the capacity in which you are signing on the appropriate line in Item 4.  By submitting this Ballot you are certifying that you have authority to so act and agree to provide documents evidencing such authority upon request (*e.g.*, a power of attorney or a certified copy of board resolutions authorizing you to so act);

d.  if you vote to reject the Plan and choose to opt into the Third-Party Releases contained in Section 10.7(b) of the Plan, check the box in Item 3;

e.  provide your name, mailing address, and any remaining information requested;

f.  sign and date your Ballot; and

g.  return your Ballot with an original signature (unless you are submitting via the E-Ballot Portal) to the Claims and Solicitation Agent.

**IF YOU (I) HAVE ANY QUESTIONS REGARDING THE BALLOT, (II) DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR BALLOT, OR (III) NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE CLAIMS AND SOLICITATION AGENT BY CALLING (844) 242-7491 (U.S./CANADA TOLL-FREE) OR +1 (347) 338-6450 (INTERNATIONAL) OR EMAILING: <u>SASINFO@RA.KROLL.COM</u> (WITH "SAS AB SOLICITATION INQUIRY" IN THE SUBJECT LINE).**

**PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT.**

**THE CLAIMS AND SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

**To properly submit your customized electronic Ballot online via the E-Ballot Portal, please visit <u>https://cases.ra.kroll.com/SAS/</u>, click on the "Submit E-Ballot" section of the website, and follow the instructions to submit your Ballot.**

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized E-Ballot:**

**Unique E-Ballot ID#:_____**

**The Claims and Solicitation Agent's E-Ballot Portal is the <u>sole</u> manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted.**

**Each unique E-Ballot ID# is to be used solely for voting only those Claims or Interests identified and described in your E-Ballot. Please complete and submit an E-Ballot for each E-Ballot ID# you receive, as applicable.**

**Claimants who cast a Ballot using the E-Ballot Portal should NOT also submit a paper Ballot.**

| IMPORTANT NOTICE REGARDING TREATMENT FOR CLASS 6 CLAIMS |
|---|

*__Convenience Class Claims Against the Consolidated Debtors__*.  As soon as reasonably practicable after the later of the Effective Date and the date on which an Other General Unsecured Claim against the Consolidated Debtors becomes an Allowed Other General Unsecured Claim against the Consolidated Debtors, each holder of an Allowed Convenience Class Claim shall receive, in full and final satisfaction of such Claim, Cash in an amount equal to 10% of such Allowed Convenience Class Claim to be funded from the Convenience Class Funding Amount.

**PLEASE READ THE DISCLOSURE STATEMENT AND PLAN FOR MORE DETAILS.**

**TO SUBMIT YOUR BALLOT BY MAIL, PLEASE COMPLETE THE FOLLOWING:**

**Item 1**.  **Amount of Class 6 (Convenience Class) Claim**.  For purposes of voting to accept or reject the Plan, the undersigned certifies that as of the Voting Record Date ([January 26, 2024]), the undersigned holder was the holder of a Class 6 Convenience Class Claim against the Consolidated Debtors in the following principal amount(s) for voting:

**Claim Amount**:  $_____

**Item 2**.  **Vote on the Plan**.  The undersigned holder of a Class 6 (Convenience Class) Claim in the amount(s) set forth in Item 1 above hereby votes to:

**Check one box only**: ☐ Accept the Plan

☐ Reject the Plan

**Item 3**.  **Important Information Regarding Release Provisions of the Plan**.  Section 10.7(b) of the Plan contains the following Third-Party Releases:

AS OF THE EFFECTIVE DATE, EXCEPT FOR THE RIGHTS, REMEDIES, AND CAUSES OF ACTION THAT ARE PRESERVED AND REMAIN IN EFFECT FROM AND AFTER THE EFFECTIVE DATE, INCLUDING TO ENFORCE THIS PLAN AND THE OBLIGATIONS CONTEMPLATED BY THE RESTRUCTURING, FOR GOOD AND VALUABLE CONSIDERATION, ON AND AFTER THE EFFECTIVE DATE, THE RELEASED PARTIES SHALL BE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED AND DISCHARGED, TO THE MAXIMUM EXTENT PERMITTED BY LAW, BY THE RELEASING PARTIES, IN EACH CASE FROM ANY AND ALL CAUSES OF ACTION (INCLUDING ANY DERIVATIVE CLAIMS, ASSERTED OR ASSERTABLE ON BEHALF OF THE DEBTORS, THE REORGANIZED DEBTORS, OR THEIR ESTATES) THAT SUCH RELEASING PARTIES OR THEIR RESPECTIVE RELATED ENTITIES, AND ANY OTHER ENTITIES CLAIMING UNDER OR THROUGH THEM WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN THEIR OWN RIGHT (WHETHER

INDIVIDUALLY OR COLLECTIVELY) OR ON BEHALF OF THE HOLDER OF ANY CLAIM OR INTEREST OR OTHER ENTITY, BASED ON, RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART: THE DEBTORS (INCLUDING THE MANAGEMENT, DIRECT OR INDIRECT OWNERSHIP, OR OPERATION THEREOF) OR THEIR ESTATES; THE REORGANIZED DEBTORS; THE CHAPTER 11 CASES; THIS PLAN; THE CONFIRMATION ORDER; THE RESTRUCTURING; THE TRANSACTION; THE EQUITY SOLICITATION PROCESS; ANY DEBT OR SECURITY OF OR IN THE DEBTORS AND THE OWNERSHIP THEREOF; THE PURCHASE, SALE, OR RESCISSION OF THE PURCHASE OR SALE OF ANY DEBT OR SECURITY OF OR IN THE DEBTORS OR THE REORGANIZED DEBTORS, INCLUDING THE NEW SHARES AND THE NEW CONVERTIBLE NOTES; THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THIS PLAN; THE BUSINESS OR CONTRACTUAL ARRANGEMENTS OR OTHER INTERACTIONS BETWEEN ANY DEBTOR AND ANY RELEASED PARTY; THE RESTRUCTURING OF ANY CLAIM OR INTEREST BEFORE OR DURING THE CHAPTER 11 CASES; ANY OTHER IN- OR OUT-OF-COURT RESTRUCTURING EFFORTS OF THE DEBTORS; ANY INTERCOMPANY TRANSACTION; THE NEGOTIATION, FORMULATION, PREPARATION, DISSEMINATION, OR CONSUMMATION OF THIS PLAN AND ANY RELATED AGREEMENTS, INSTRUMENTS, OR OTHER DOCUMENTS OR ANY OTHER CONTRACT, INSTRUMENT, RELEASE, OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THIS PLAN OR ANY RELATED AGREEMENTS, INSTRUMENTS, OR OTHER DOCUMENTS (INCLUDING THE INVESTMENT AGREEMENT); THE SOLICITATION OF VOTES WITH RESPECT TO, OR CONFIRMATION OF, THIS PLAN; OR ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE RELATED TO ANY OF THE FORGOING AND TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE. NOTWITHSTANDING ANYTHING HEREIN TO THE CONTRARY, THE RELEASES CONTAINED IN THIS <u>SECTION 10.7(B)</u> SHALL NOT (I) AFFECT THE LIABILITY OF ANY ENTITY FROM CAUSES OF ACTION BASED ON WILLFUL MISCONDUCT, GROSS NEGLIGENCE OR INTENTIONAL FRAUD AS DETERMINED BY A FINAL ORDER, (II) RELEASE POST-EFFECTIVE DATE OBLIGATIONS OF ANY ENTITY UNDER THIS PLAN, THE RESTRUCTURING, THE DEFINITIVE DOCUMENTS OR ANY OTHER DOCUMENT, INSTRUMENT, OR AGREEMENT EXECUTED TO IMPLEMENT THIS PLAN (UNLESS EXPRESSLY CANCELLED BY THIS PLAN), OR (III) AFFECT THE RELEASING PARTIES' RIGHTS THAT REMAIN IN EFFECT FROM AND AFTER THE EFFECTIVE DATE TO ENFORCE THIS PLAN, THE DEFINITIVE DOCUMENTS, AND THE OBLIGATIONS CONTEMPLATED BY THE TRANSACTION OR AS OTHERWISE PROVIDED IN ANY ORDER OF THE BANKRUPTCY COURT.

FOR THE AVOIDANCE OF DOUBT, THE ONLY PARTIES THAT ARE BOUND BY THE RELEASES CONTAINED IN THIS <u>SECTION 10.7(B)</u> ARE THE RELEASING PARTIES.

## DEFINITIONS:

**"Released Parties"** means, collectively, (i) the Debtors, (ii) the DIP Agent and the DIP Lenders, (iii) the Creditors' Committee and each of its present and former members, (iv) the Investors, (v) the Danish State Noteholder, (vi) the Swedish State, (vii) the Swiss Bonds Agent, and (viii) with respect to each of the foregoing Entities in clauses (i) through (vii), such Entities' Related Entities, and their respective heirs, executors, estates, and nominees, in each case in their capacity as such; *provided, however*, that, subject to <u>Section 3.3(f)</u> of the Investment Agreement, any holder of a Claim or Interest that would otherwise constitute a Released Party that does not consent to the releases in this Plan shall not be a Released Party; *provided, further, however*, that, to the extent the Danish State Noteholder gives such a release as contemplated by the Investment Agreement, the Danish State Noteholder shall be a Released Party under this Plan for all purposes; *provided, further, however*, that the Released Parties referenced in clause (viii) are Released Parties solely with respect to work performed for or on behalf of the applicable Entity for which releases are given pursuant to this Plan.

**"Releasing Parties"** means, collectively, (i) the Released Parties, other than the Danish State Investor and the Danish State Noteholder, (ii) all holders of Claims who vote to accept this Plan, (iii) all holders of Claims that either vote to reject this Plan or abstain from voting on this Plan and affirmatively opt to grant the releases by checking the appropriate box on the Ballot, and (iv) all holders of Claims and Interests not described in the foregoing clauses (i) – (iii) that affirmatively opt to grant the releases by checking the appropriate box on the notice form; *provided, however*, that the Danish State Investor and the Danish State Noteholder shall provide releases solely pursuant to <u>Section 3.3(f)</u> of the Investment Agreement.

**IF YOU VOTE TO ACCEPT THE PLAN, YOU WILL BE DEEMED TO HAVE GRANTED THE THIRD-PARTY RELEASES CONTAINED IN SECTION 10.7(b) OF THE PLAN, AS SET FORTH ABOVE. IF YOU VOTE TO REJECT THE PLAN, YOU MAY CHECK THE BOX <u>BELOW</u> TO OPT INTO THE THIRD-PARTY RELEASES.**

Check the following box **only** if you wish to opt in to the Third-Party Releases set forth above and in Section 10.7(b) of the Plan:

&#9744; **Opt In to Third-Party Releases**

<u>**Item 4**</u>. **Acknowledgements and Certification**. By signing this Ballot, the undersigned certifies to the Bankruptcy Court and the Debtors that:

 a. as of the Voting Record Date, the undersigned is either (i) the Person that is the holder of the Class 6 Claim(s) being voted or (ii) the Person that is an authorized signatory for the Person that is the holder of the Class 6 Claim(s) being voted;

 a. the Person has received a copy of the Disclosure Statement, the Plan, the Disclosure Statement Order, and the Confirmation Hearing Notice and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

 b. the Person has cast the same vote with respect to all Class 6 Claims held and voted;

c. no other Ballots with respect to the amount of the Class 6 Claim(s) identified in Item 1 above have been cast or, if any other Ballots have been cast with respect to such Claim(s), then any such Ballots dated earlier are hereby revoked;

d. the Person acknowledges that a vote to accept the Plan constitutes an acceptance of the treatment of such Person's Class 6 Claim(s); and

e. the Person acknowledges and agrees that the Debtors may make conforming changes to the Plan to the extent provided by Bankruptcy Rule 3019, as may be reasonably necessary, but that the Debtors will not re-solicit acceptances or rejections of the Plan in the event of such conforming changes.

The undersigned further acknowledges that the Debtors' solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement, the Disclosure Statement Order, and the Solicitation and Voting Procedures contained therein.

Print or Type Name of Claimant: _____

Signature: _____

Name of Signatory (if different than claimant): _____

If by Authorized Agent, Title of Agent: _____

Street Address: _____

City, State, Zip Code: _____

Telephone Number: _____

E-mail Address: _____

Date Completed: _____

If you would like to change your address information for future notice mailings or distributions, if any, upon your Claim in these chapter 11 cases, please send an email with the revised address to sasinfo@ra.kroll.com.

**UNLESS SUBMITTING YOUR VOTE THROUGH THE E-BALLOT PORTAL, PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT PROMPTLY IN THE RETURN ENVELOPE PROVIDED.**

**WHETHER SUBMITTING YOUR BALLOT THROUGH THE E-BALLOT PORTAL, OR BY FIRST-CLASS MAIL, OVERNIGHT COURIER, OR HAND DELIVERY, YOUR BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING DEADLINE, WHICH IS 4:00 P.M. PREVAILING EASTERN TIME ON [MARCH 1, 2024].**

## INSTRUCTIONS FOR COMPLETING BALLOTS

1. The Debtors are soliciting the votes of holders of certain Claims and Interests with respect to the Plan annexed as **Exhibit A** to the Disclosure Statement.

2. Except as otherwise provided herein or unless waived by the Debtors or permitted by order of the Bankruptcy Court, unless the Ballot being furnished is timely submitted on or prior to the Voting Deadline, the Debtors shall reject such Ballot as invalid and, therefore, decline to count it in connection with confirmation of the Plan.

3. If you cast more than one Ballot voting the same Claim(s) or Interest(s) before the Voting Deadline, the last valid Ballot received on or before the Voting Deadline shall be deemed to reflect your intent, and thus, supersede any prior Ballot.

4. If you cast a Ballot that is properly completed, executed, and timely returned to the Claims and Solicitation Agent, but does not indicate either an acceptance or rejection of the Plan, the Ballot will not be counted.

5. If you cast a Ballot that is properly completed, executed, and timely returned to the Claims and Solicitation Agent, but indicates both an acceptance and a rejection of the Plan, the Ballot will not be counted.

6. You shall be deemed to have voted the full amount of your Claim in each Class and shall not be entitled to split your vote within a particular Class. Any Ballot that partially accepts and partially rejects the Plan will not be counted.

7. If you cast Ballots received by the Claims and Solicitation Agent on the same day, but which are voted inconsistently, such Ballots will not be counted.

8. The following Ballots shall not be counted:

    (i) any Ballot that is illegible or contains insufficient information to permit the identification of the Claim or Interest holder;

    (ii) any Ballot cast by a Person that does not hold a Claim or Interest in a Class that is entitled to vote to accept or reject the Plan;

    (iii) any Ballot cast by a Person who is not entitled to vote, even if such individual holds a Claim or Interest in a Voting Class;

    (iv) any unsigned Ballot;

    (v) any Ballot for which the Court determines, after notice and a hearing, that such vote was not solicited or procured in good faith or in accordance with the provisions of the Bankruptcy Code; or

    (vi) any Ballot transmitted to Kroll by means not specifically approved herein.

9.      If you hold Claims in more than one Class, you must use separate Ballots for each Class of Claims.

10.     The Debtors, subject to contrary order of the Bankruptcy Court, may waive any defect or irregularity as to any particular Ballot at any time, either before or after the close of voting, and any such waiver shall be documented in the Voting Certification.

11.     None of the Debtors, the Claims and Solicitation Agent, nor any other Person will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots other than as provided in the Voting Certification, nor will any of them incur any liability for failure to provide such notification.

12.     Unless waived by the Debtors, subject to contrary order of the Bankruptcy Court, any defects or irregularities in connection with deliveries of Ballots must be cured within such time as the Debtors (or the Bankruptcy Court) determines or such Ballots will not be counted.

13.     The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan.  Accordingly, at this time, holders of Claims or Interests should not surrender certificates or instruments representing or evidencing their Claim or Interests, and neither the Debtors nor the Claims and Solicitation Agent will accept delivery of any such certificates or instruments surrendered together with a Ballot.

<u>**PLEASE SUBMIT YOUR BALLOT PROMPTLY**</u>

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THE SOLICITATION AND VOTING PROCEDURES, OR THE BALLOT INSTRUCTIONS, PLEASE CONTACT THE CLAIMS AND SOLICITATION AGENT AT (844) 242-7491 (U.S./CANADA TOLL-FREE) OR +1 (347) 338-6450 (INTERNATIONAL) OR EMAILING <u>SASINFO@RA.KROLL.COM</u> (WITH "SAS AB SOLICITATION INQUIRY" IN THE SUBJECT LINE).**

## Exhibit F-2

### Redline

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------- x

| | | |
|---|---|---|
| In re | : | **Chapter 11** |
| | : | |
| **SAS AB**, *et al.*, | : | **Case No. 22-10925 (MEW)** |
| | : | |
| **Debtors.**[1] | : | **(Jointly Administered)** |

------------------------------------------------------------- x

<div align="center">

**BALLOT FOR VOTING TO ACCEPT OR REJECT THE**
**JOINT CHAPTER 11 PLAN OF SAS AB AND ITS SUBSIDIARY DEBTORS**

**BALLOT FOR:** *CLASS 6 CLAIMS AGAINST THE CONSOLIDATED DEBTORS –*
*CONVENIENCE CLASS CLAIMS*

</div>

SAS AB and its debtor subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), are soliciting votes with respect to the *Second Amended Joint Chapter 11 Plan of Reorganization of SAS AB and its Subsidiary Debtors* [ECF No. [●]], (as may be amended, modified, or supplemented from time to time, the "**Plan**"), from the holders of certain impaired Claims against the Debtors.[2] If you have any questions on how to properly complete this Ballot, please contact Kroll Restructuring Administration LLC ("**Kroll**" or the "**Claims and Solicitation Agent**") at (844) 242-7491 (U.S./Canada toll-free) or +1 (347) 338-6450 (international) or email: SASInfo@ra.kroll.com (with "SAS AB Solicitation Inquiry" in the subject line). **THE CLAIMS AND SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

You are receiving this ballot (the "**Ballot**") because you are a holder of a Claim in Class 6 against the Consolidated Debtors (Convenience Class Claims) as of [January ~~12~~26, 2024] (the "**Voting Record Date**"). Accordingly, you have a right to vote to accept or reject the Plan.

This Ballot is to be used only for (i) voting by holders of Claims in Class 6 to accept or reject the Plan, (ii) if you vote to reject the Plan, opting in to the third-party

---

[1] The Debtors in these chapter 11 cases are SAS AB, SAS Danmark A/S, SAS Norge AS, SAS Sverige AB, Scandinavian Airlines System Denmark-Norway-Sweden, Scandinavian Airlines of North America Inc. (2393), Gorm Asset Management Ltd., Gorm Dark Blue Ltd., Gorm Deep Blue Ltd., Gorm Sky Blue Ltd., Gorm Warm Red Ltd., Gorm Light Blue Ltd., Gorm Ocean Blue Ltd., and Gorm Engine Management Ltd. The Debtors' mailing address is AVD kod: STOUU-T, SE-195 87 Stockholm, Sweden.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan, the Disclosure Statement (as defined herein), or the *Order (I) Approving (A) Disclosure Statement, (B) Solicitation, Voting, and Related Procedures, and (C) Proposed Cure Procedures, (II) Scheduling Confirmation Hearing, (III) Establishing Notice and Objection Procedures for Confirmation of Debtors' Second Amended Chapter 11 Plan, and (IV) Granting Related Relief* (the "**Disclosure Statement Order**"), as applicable or as the context otherwise requires.

releases (the "<u>Third-Party Releases</u>") contained in Section 10.7(b) the Plan, and (iii) making certain certifications with respect to your vote.

           **IN ORDER FOR YOUR VOTE TO BE COUNTED, THIS BALLOT MUST BE PROPERLY COMPLETED, SIGNED, AND RETURNED TO THE CLAIMS AND SOLICITATION AGENT SO THAT IT IS ACTUALLY RECEIVED BY ~~FEBRUARY 26~~[MARCH 1, 2024] AT 4:00 P.M. (PREVAILING EASTERN TIME) (THE "<u>VOTING DEADLINE</u>"), UNLESS SUCH TIME IS EXTENDED BY THE DEBTORS.**

           This Ballot is solely for purposes of voting to accept or reject the Plan and not for the purpose of allowance or disallowance of, or distribution on account of, any Class 6 Claims (Convenience Class) against the Consolidated Debtors. If you believe you have received this Ballot in error, please contact the Claims and Solicitation Agent at the telephone number(s) or email address set forth above.

<div align="center"><b>INSTRUCTIONS FOR COMPLETING THE BALLOT</b></div>

           The terms of the Plan and your rights thereunder are described in the *Disclosure Statement for <u>Second Amended</u> Joint Chapter 11 Plan of Reorganization of SAS AB and its Subsidiary Debtors* (as may be amended, modified, or supplemented from time to time, the "**Disclosure Statement**") [ECF No. [●]1905]. The Disclosure Statement provides information to assist you in deciding how to vote with respect to this Ballot. The Disclosure Statement, the Plan, the Disclosure Statement Order, and the Confirmation Hearing Notice are included in the Solicitation Package you are receiving with this Ballot.

           **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT. IF YOU WISH TO REQUEST ADDITIONAL SOLICITATION MATERIALS (AT NO COST TO YOU), CONTACT THE CLAIMS AND SOLICITATION AGENT BY TELEPHONE AT (844) 242-7491 (U.S./CANADA TOLL-FREE) OR +1 (347) 338-6450 (INTERNATIONAL), BY EMAIL AT <u>SASINFO@RA.KROLL.COM</u> (WITH "SAS AB SOLICITATION INQUIRY" IN THE SUBJECT LINE), OR BY FIRST-CLASS MAIL (IN THE PREPAID RETURN ENVELOPE PROVIDED OR OTHERWISE), OVERNIGHT COURIER, OR HAND DELIVERY TO: SAS AB BALLOT PROCESSING CENTER, C/O KROLL RESTRUCTURING ADMINISTRATION LLC, 850 3RD AVENUE, SUITE 412, BROOKLYN, NY 11232. YOU MAY ALSO OBTAIN COPIES OF ANY PLEADINGS FILED IN THESE CHAPTER 11 CASES, FREE OF CHARGE, AT THE DEBTORS' CASE WEBSITE, <u>HTTPS://CASES.RA.KROLL.COM/SAS/</u>, OR, FOR A FEE, VIA PACER AT: <u>HTTPS://WWW.NYSB.USCOURTS.GOV/</u>.**

           The Bankruptcy Court has approved the Disclosure Statement as containing adequate information, as required under section 1125 of the Bankruptcy Code. Court approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court.

You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.  If you hold Claims in more than one Class, you will receive a Ballot for each Class in which you are entitled to vote.

The Plan will be accepted by Class 6 (Convenience Class Claims) if it is accepted by the holders of two-thirds (2/3) in amount and more than one-half (1/2) in number of Claims in Class 6 (Convenience Class Claims) voting on the Plan.  If the Plan is confirmed by the Bankruptcy Court, all holders of Claims against, and Interests in, the Debtors (including those holders who abstain from voting on or reject the Plan, and those holders who are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereunder, whether or not they vote and whether or not they accept the Plan.

**Ballots must be delivered to the Claims and Solicitation Agent (i) via the Claims and Solicitation Agent's E-Ballot Portal by visiting https://cases.ra.kroll.com/SAS/, or (ii) by first-class mail (in the postage prepaid reply envelope provided or otherwise), overnight courier, or hand delivery to: SAS AB Ballot Processing Center, c/o Kroll Restructuring Administration LLC, 850 3rd Avenue, Suite 412, Brooklyn, NY 11232. Holders are encouraged to submit their Ballots via the E-Ballot Portal.  If you choose to submit your Ballot via the E-Ballot Portal, you should NOT submit your hard copy Ballot as well.  Please choose only <u>one</u> form of return of your Ballot.  Ballots will not be accepted by telecopy, facsimile, or other electronic means of transmission (except via the Claims and Solicitation Agent's E-Ballot Portal).**

**To arrange hand delivery of your Ballot, please email the Claims and Solicitation Agent at SASBallots@ra.kroll.com (with "SAS AB Solicitation Ballot Delivery" in the subject line) at least 24 hours before your arrival at the address above and provide the anticipated date and time of delivery.**

**To properly complete this Ballot and return it via first-class mail (in the postage prepaid reply envelope provided or otherwise), overnight courier, or hand delivery, you must follow the procedures described below:**

a. make sure that the information contained in Item 1 is correct;

b. if you hold a Claim in Class 6, cast one vote to accept or reject the Plan by checking the appropriate box in Item 2;

c. if you are completing this Ballot on behalf of another entity, indicate your relationship with such entity and the capacity in which you are signing on the appropriate line in Item 4.  By submitting this Ballot you are certifying that you have authority to so act and agree to provide documents evidencing such authority upon request (*e.g.*, a power of attorney or a certified copy of board resolutions authorizing you to so act);

d. if you vote to reject the Plan and choose to opt into the Third-Party Releases contained in Section 10.7(b) of the Plan, check the box in Item 3;

e. provide your name, mailing address, and any remaining information requested;

f.  sign and date your Ballot; and

g.  return your Ballot with an original signature (unless you are submitting via the E-Ballot Portal) to the Claims and Solicitation Agent.

**IF YOU (I) HAVE ANY QUESTIONS REGARDING THE BALLOT, (II) DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR BALLOT, OR (III) NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE CLAIMS AND SOLICITATION AGENT BY CALLING (844) 242-7491 (U.S./CANADA TOLL-FREE) OR +1 (347) 338-6450 (INTERNATIONAL) OR EMAILING: SASINFO@RA.KROLL.COM (WITH "SAS AB SOLICITATION INQUIRY" IN THE SUBJECT LINE).**

**PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT.**

**THE CLAIMS AND SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

To properly submit your customized electronic Ballot online via the E-Ballot Portal, please visit **https://cases.ra.kroll.com/SAS/,** click on the "Submit E-Ballot" section of the website, and follow the instructions to submit your Ballot.

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized E-Ballot:**

Unique E-Ballot ID#:_____

The Claims and Solicitation Agent's E-Ballot Portal is the <u>sole</u> manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted.

Each unique E-Ballot ID# is to be used solely for voting only those Claims or Interests identified and described in your E-Ballot. Please complete and submit an E-Ballot for each E-Ballot ID# you receive, as applicable.

Claimants who cast a Ballot using the E-Ballot Portal should NOT also submit a paper Ballot.

---

**IMPORTANT NOTICE REGARDING TREATMENT FOR CLASS 6 CLAIMS**

***<u>Convenience Class Claims Against the Consolidated Debtors</u>***.  As soon as reasonably practicable after the later of the Effective Date and the date on which an Other General Unsecured Claim against the Consolidated Debtors becomes an Allowed Other General Unsecured Claim against the Consolidated Debtors, each holder of an Allowed Convenience Class Claim shall receive, in full and final satisfaction of such Claim, Cash in an amount equal to [●]10% of such Allowed Convenience Class Claim <u>to be funded from the Convenience Class Funding Amount</u>.

**PLEASE READ THE DISCLOSURE STATEMENT AND PLAN FOR MORE DETAILS.**

---

~~**IMPORTANT NOTICE REGARDING SWEDISH REORGANIZATION PLAN**~~

~~If you vote to accept the Plan, you agree to, on and from the Confirmation Date, irrevocably appoint [●] (the "**Authorized Representative**") as your agent, nominee, proxy, and representative with full power and authority, and otherwise instruct the Authorized Representative in your name and on your behalf to exercise all rights in relation to your Claim to vote to accept or reject consistent with your vote on the Plan, submitted with respect to your Claim in a properly completed Ballot in accordance with the instructions herein, on the Swedish Reorganization Plan (as defined in the Plan) under the Swedish Reorganization Act (Sw. *lag (2022:964) om företagsrekonstruktion*) to the extent your Claim(s) are entitled to vote thereon (the "**Authority**").  The Authorized Representative shall be entitled and empowered to take all such associated steps, including:~~

a. ~~receiving notice of, attending, or voting at any plan hearing (Sw. *planssammanträde*) in the Swedish Court (as defined in the Plan) on the Swedish Reorganization Plan whether held by way of electronic, postal, or other means;~~

b. ~~receiving notice of, attending, or voting at any meeting of the holders of Claims or Interests (Sw. *borgenärssammanträde*) held in connection with the Swedish SAS AB Reorganization (as defined in the Plan) and all or any adjournments of such meetings or signing any resolution, poll card, or written reply on each holder's behalf and otherwise voting to accept or reject, as applicable, the Swedish Reorganization Plan;~~

c. ~~completing and returning proxy cards, polling cards, forms of appointment of authorized representatives, and any other documents required to be signed or completed by any holder desirable or necessary to exercise any and all voting rights related to such holder's Claims in the Swedish SAS AB Reorganization;~~

d. ~~dealing with and giving directions as to any documents, notices, or other communications (in whatever form) arising by right of the Claims or received in connection with the Claims, the Authorized Representative, or any other person; and~~

e. ~~otherwise executing, delivering, and doing all documents, instruments and acts in your name insofar as may be done pursuant to this authority, for the purpose of approving, accepting, or implementing the Swedish Reorganization Plan.~~

~~The administrator of the Swedish SAS AB Reorganization (as defined in the Plan) may seek an Order from the Swedish Court (as defined in the Plan) under the Swedish Reorganization Act (Sw. *lag (2022:964) om företagsrekonstruktion*) to ensure the effectiveness of this appointment.~~

**TO SUBMIT YOUR BALLOT BY MAIL, PLEASE COMPLETE THE FOLLOWING:**

<u>Item 1</u>.  **Amount of Class 6 (Convenience Class) Claim**.  For purposes of voting to accept or reject the Plan, the undersigned certifies that as of the Voting Record Date ([January ~~12~~26, 2024]), the undersigned holder was the holder of a Class 6 Convenience Class Claim against the Consolidated Debtors in the following principal amount(s) for voting:

| **Claim Amount**:   $_____ |
| --- |

<u>Item 2</u>.  **Vote on the Plan**.  The undersigned holder of a Class 6 (Convenience Class) Claim in the amount(s) set forth in Item 1 above hereby votes to:

**Check one box <u>only</u>**:  ☐ Accept the Plan

☐ Reject the Plan

**Item 3**.  **Important Information Regarding Release Provisions of the Plan**.  Section 10.7(b) of the Plan contains the following Third-Party Releases:

AS OF THE EFFECTIVE DATE, EXCEPT FOR THE RIGHTS, REMEDIES, AND CAUSES OF ACTION THAT ARE PRESERVED AND REMAIN IN EFFECT FROM AND AFTER THE EFFECTIVE DATE, INCLUDING TO ENFORCE THIS PLAN AND THE OBLIGATIONS CONTEMPLATED BY THE RESTRUCTURING, FOR GOOD AND VALUABLE CONSIDERATION, ON AND AFTER THE EFFECTIVE DATE, THE RELEASED PARTIES SHALL BE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED AND DISCHARGED, TO THE MAXIMUM EXTENT PERMITTED BY LAW, BY THE RELEASING PARTIES, IN EACH CASE FROM ANY AND ALL CAUSES OF ACTION (INCLUDING ANY DERIVATIVE CLAIMS, ASSERTED OR ASSERTABLE ON BEHALF OF THE DEBTORS, THE REORGANIZED DEBTORS, OR THEIR ESTATES) THAT SUCH RELEASING PARTIES OR THEIR RESPECTIVE RELATED ENTITIES, AND ANY OTHER ENTITIES CLAIMING UNDER OR THROUGH THEM WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN THEIR OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY) OR ON BEHALF OF THE HOLDER OF ANY CLAIM OR INTEREST OR OTHER ENTITY, BASED ON, RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART: THE DEBTORS (INCLUDING THE MANAGEMENT, DIRECT OR INDIRECT OWNERSHIP, OR OPERATION THEREOF) OR THEIR ESTATES; THE REORGANIZED DEBTORS; THE CHAPTER 11 CASES; THIS PLAN; THE CONFIRMATION ORDER; THE RESTRUCTURING; THE TRANSACTION; THE EQUITY SOLICITATION PROCESS; ANY DEBT OR SECURITY OF OR IN THE DEBTORS AND THE OWNERSHIP THEREOF; THE PURCHASE, SALE, OR RESCISSION OF THE PURCHASE OR SALE OF ANY DEBT OR SECURITY OF OR IN THE DEBTORS OR THE REORGANIZED DEBTORS, INCLUDING THE NEW SHARES AND THE NEW CONVERTIBLE NOTES; THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THIS PLAN; THE BUSINESS OR CONTRACTUAL ARRANGEMENTS OR OTHER INTERACTIONS BETWEEN ANY DEBTOR AND ANY RELEASED PARTY; THE RESTRUCTURING OF ANY CLAIM OR INTEREST BEFORE OR DURING THE CHAPTER 11 CASES; ANY OTHER IN- OR OUT-OF-COURT RESTRUCTURING EFFORTS OF THE DEBTORS; ANY INTERCOMPANY TRANSACTION; THE NEGOTIATION, FORMULATION, PREPARATION, DISSEMINATION, OR CONSUMMATION OF THIS PLAN AND ANY RELATED AGREEMENTS, INSTRUMENTS, OR OTHER DOCUMENTS OR ANY OTHER CONTRACT, INSTRUMENT, RELEASE, OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THIS PLAN OR ANY RELATED AGREEMENTS, INSTRUMENTS, OR OTHER DOCUMENTS (INCLUDING THE INVESTMENT AGREEMENT); THE SOLICITATION OF VOTES WITH RESPECT TO, OR CONFIRMATION OF, THIS PLAN; OR ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE RELATED TO ANY OF THE FORGOING AND TAKING PLACE ON OR BEFORE THE EFFECTIVE

DATE. NOTWITHSTANDING ANYTHING HEREIN TO THE CONTRARY, THE RELEASES CONTAINED IN THIS <u>SECTION 10.7(</u>~~B~~<u>B)</u> SHALL NOT (I) AFFECT THE LIABILITY OF ANY ENTITY FROM CAUSES OF ACTION BASED ON WILLFUL MISCONDUCT, GROSS NEGLIGENCE OR INTENTIONAL FRAUD AS DETERMINED BY A FINAL ORDER, (II) RELEASE POST-EFFECTIVE DATE OBLIGATIONS OF ANY ENTITY UNDER THIS PLAN, THE RESTRUCTURING, THE DEFINITIVE DOCUMENTS OR ANY OTHER DOCUMENT, INSTRUMENT, OR AGREEMENT EXECUTED TO IMPLEMENT THIS PLAN (UNLESS EXPRESSLY CANCELLED BY THIS PLAN), OR (III) AFFECT THE RELEASING PARTIES' RIGHTS THAT REMAIN IN EFFECT FROM AND AFTER THE EFFECTIVE DATE TO ENFORCE THIS PLAN, THE DEFINITIVE DOCUMENTS, AND THE OBLIGATIONS CONTEMPLATED BY THE TRANSACTION OR AS OTHERWISE PROVIDED IN ANY ORDER OF THE BANKRUPTCY COURT.

FOR THE AVOIDANCE OF DOUBT, THE ONLY PARTIES THAT ARE BOUND BY THE RELEASES CONTAINED IN THIS <u>SECTION 10.7(</u>~~B~~<u>B)</u> ARE THE RELEASING PARTIES.

<u>DEFINITIONS:</u>

***"Released Parties"*** means, collectively, (i) the Debtors, (ii) the DIP Agent and the DIP Lenders, (iii) the Creditors' Committee and each of its present and former members, (iv) the Investors, (v) the Danish State Noteholder, (vi) the Swedish State, ~~and~~ (vii) <u>the Swiss Bonds Agent, and (viii)</u> with respect to each of the foregoing Entities in clauses (i) through (vi<u>i</u>), such Entities' Related Entities, and their respective heirs, executors, estates, and nominees, in each case in their capacity as such; *provided, however*, that, subject to <u>Section 3.3(f)</u> of the Investment Agreement, any holder of a Claim or Interest that would otherwise constitute a Released Party that does not consent to the releases in ~~the~~<u>this</u> Plan shall not be a Released Party; *provided, further, however*, that, to the extent the Danish State Noteholder gives such a release as contemplated by the Investment Agreement, the Danish State Noteholder shall be a Released Party under ~~the~~<u>this</u> Plan for all purposes; *provided, further, however*, that the Released Parties referenced in clause (vii<u>i</u>) are Released Parties solely with respect to work performed for or on behalf of the applicable Entity for which releases are given pursuant to ~~the~~<u>this</u> Plan.

***"Releasing Parties"*** means, collectively, (i) the Released Parties, other than the Danish State Investor and the Danish State Noteholder, (ii) all holders of Claims who vote to accept ~~the~~<u>this</u> Plan, (iii) all holders of Claims that either vote to reject ~~the~~<u>this</u> Plan or abstain from voting on ~~the~~<u>this</u> Plan and affirmatively opt to grant the releases by checking the appropriate box on the Ballot, and (iv) all holders of Claims and Interests not described in the foregoing clauses (i) – (iii) that affirmatively opt to grant the releases by checking the appropriate box on the notice form; *provided, however*, that the Danish State Investor and the Danish State Noteholder shall provide releases solely pursuant to <u>Section 3.3(</u>~~e~~<u>f)</u> of the Investment Agreement.

IF YOU VOTE TO ACCEPT THE PLAN, YOU WILL BE DEEMED TO HAVE GRANTED THE THIRD-PARTY RELEASES CONTAINED IN SECTION 10.7(b) OF THE PLAN, AS SET FORTH ABOVE. IF YOU VOTE TO REJECT THE PLAN, YOU MAY CHECK THE BOX <u>BELOW</u> TO OPT INTO THE THIRD-PARTY RELEASES.

Check the following box **only** if you wish to opt in to the Third-Party Releases set forth above and in Section 10.7(b) of the Plan:

☐ **Opt In to Third-Party Releases**

**Item 4**. **Acknowledgements and Certification**. By signing this Ballot, the undersigned certifies to the Bankruptcy Court and the Debtors that:

a. as of the Voting Record Date, the undersigned is either (i) the Person that is the holder of the Class 6 Claim(s) being voted, or (ii) the Person that is an authorized signatory for the Person that is the holder of the Class 6 Claim(s) being voted;

a. ~~b.~~ the Person has received a copy of the Disclosure Statement, the Plan, the Disclosure Statement Order, and the Confirmation Hearing Notice and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

b. ~~c.~~ the Person has cast the same vote with respect to all Class 6 Claims held and voted;

c. ~~d.~~ no other Ballots with respect to the amount of the Class 6 Claim(s) identified in Item 1 above have been cast or, if any other Ballots have been cast with respect to such Claim(s), then any such Ballots dated earlier are hereby revoked;

d. ~~e.~~ the Person acknowledges that a vote to accept the Plan constitutes an acceptance of the treatment of such Person's Class 6 Claim(s); and

e. ~~f.~~ the Person acknowledges and agrees that the Debtors may make conforming changes to the Plan to the extent provided by Bankruptcy Rule 3019, as may be reasonably necessary, but that the Debtors will not re-solicit acceptances or rejections of the Plan in the event of such conforming changes.

The undersigned further acknowledges that the Debtors' solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement, the Disclosure Statement Order, and the Solicitation and Voting Procedures contained therein.

Print or Type Name of Claimant: _____

Signature: _____

Name _____

of Signatory (if different than claimant):

If by Authorized Agent, Title of Agent: _____

Street Address: _____

City, State, Zip Code: _____

Telephone Number: _____

E-mail Address: _____

Date Completed: _____

Please check one or both of the below boxes if the above address is a change of address for the purpose(s) of:

☐ Future notice mailings in these chapter 11 cases; and/or

☐ If you would like to change your address information for future notice mailings or Ddistributions, if any, upon your Claim in these chapter 11 cases, please send an email with the revised address to sasinfo@ra.kroll.com.

**UNLESS SUBMITTING YOUR VOTE THROUGH THE E-BALLOT PORTAL, PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT PROMPTLY IN THE RETURN ENVELOPE PROVIDED.**

**WHETHER SUBMITTING YOUR BALLOT THROUGH THE E-BALLOT PORTAL, OR BY FIRST-CLASS MAIL, OVERNIGHT COURIER, OR HAND DELIVERY, YOUR BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING DEADLINE, WHICH IS 4:00 P.M. PREVAILING EASTERN TIME ON ~~FEBRUARY 26~~[MARCH 1, 2024].**

# INSTRUCTIONS FOR COMPLETING BALLOTS

1.      The Debtors are soliciting the votes of holders of certain Claims and Interests with respect to the Plan annexed as **Exhibit A** to the Disclosure Statement. ~~Capitalized terms used in the Ballot or in these instructions (the "**Ballot Instructions**") but not otherwise defined therein or herein shall have the meaning set forth in the Plan, the Disclosure Statement, or the Disclosure Statement Order, as applicable.~~

~~2. The Bankruptcy Court may confirm the Plan and thereby bind you to the terms of the Plan. Please review the Disclosure Statement for more information.~~

~~3. The E-Ballot Portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted. To have your vote counted, you must electronically complete, sign, and return this customized Ballot by utilizing the E-Ballot Portal on the Case Website. Your Ballot must be received by the Claims and Solicitation Agent no later than the Voting Deadline, unless such time is extended by the Debtors.~~

~~**HOLDERS ARE STRONGLY ENCOURAGED TO SUBMIT THEIR BALLOTS VIA THE E-BALLOT PORTAL.**~~

~~4. If you prefer to return a hard copy of your Ballot, you may return it in the enclosed preaddressed, postage prepaid envelope or via first class mail, overnight courier, or hand delivery to:~~

~~**SAS AB Ballot Processing Center**~~
~~c/o Kroll Restructuring Administration LLC~~
~~850 3rd Avenue, Suite 412~~
~~Brooklyn, NY 11232~~

~~5. To ensure that your vote is counted, you must: (a) complete the Ballot; (b) indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 of the Ballot; and (c) sign and return the Ballot to the address set forth on the enclosed pre-addressed envelope or in a method provided herein. The Voting Deadline for the receipt of Ballots by the Claims and Solicitation Agent is **4:00 p.m. (Prevailing Eastern Time) on February 26, 2024.** Your completed Ballot must be received by the Claims and Solicitation Agent on or before the Voting Deadline.~~

2.      ~~6.~~ Except as otherwise provided herein or unless waived by the Debtors or permitted by order of the Bankruptcy Court, unless the Ballot being furnished is timely submitted on or prior to the Voting Deadline, the Debtors shall reject such Ballot as invalid and, therefore, decline to count it in connection with confirmation of the Plan.

3.      ~~7.~~ If you cast more than one Ballot voting the same Claim(s) or Interest(s) before the Voting Deadline, the last valid Ballot received on or before the Voting Deadline shall be deemed to reflect your intent, and thus, supersede any prior Ballot.

4.    ~~8.~~ If you cast a Ballot that is properly completed, executed, and timely returned to the Claims and Solicitation Agent, but does not indicate either an acceptance or rejection of the Plan, the Ballot will not be counted.

5.    ~~9.~~ If you cast a Ballot that is properly completed, executed, and timely returned to the Claims and Solicitation Agent, but indicates both an acceptance and a rejection of the Plan, the Ballot will not be counted.

6.    ~~10.~~ You shall be deemed to have voted the full amount of your Claim in each Class and shall not be entitled to split your vote within a particular Class.  Any Ballot that partially accepts and partially rejects the Plan will not be counted.

7.    ~~11.~~ If you cast Ballots received by the Claims and Solicitation Agent on the same day, but which are voted inconsistently, such Ballots will not be counted.

8.    ~~12.~~ The following Ballots shall not be counted:

~~(i) any Ballot that is not properly submitted by the Voting Deadline, unless the Debtors have granted an extension of the Voting Deadline in writing with respect to such Ballot;~~

(i)    ~~(ii)~~ any Ballot that is illegible or contains insufficient information to permit the identification of the Claim or Interest holder;

(ii)    ~~(iii)~~ any Ballot cast by a ~~p~~Person ~~or entity~~ that does not hold a Claim or Interest in a Class that is entitled to vote to accept or reject the Plan;

(iii)    ~~(iv)~~ any Ballot cast by a ~~p~~Person who is not entitled to vote, even if such individual holds a Claim or Interest in a Voting Class;

(iv)    ~~(v)~~ any unsigned Ballot;

(v)    ~~(vi)~~ any Ballot for which the Court determines, after notice and a hearing, that such vote was not solicited or procured in good faith or in accordance with the provisions of the Bankruptcy Code; or

(vi)    ~~(vii)~~ any Ballot transmitted to Kroll by means not specifically approved herein.

~~13. If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you should indicate such capacity when signing and, if requested by the Claims and Solicitation Agent, the Debtors, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such holder.  In addition, you should provide their name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.~~

9. ~~14.~~ If you hold Claims in more than one Class, you must use separate Ballots for each Class of Claims.

10. ~~15.~~ The Debtors, subject to contrary order of the Bankruptcy Court, may waive any defect or irregularity as to any particular Ballot at any time, either before or after the close of voting, and any such waiver shall be documented in the Voting Certification.

11. ~~16. Neither~~None of the Debtors, the Claims and Solicitation Agent, nor any other Person will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots other than as provided in the Voting Certification, nor will any of them incur any liability for failure to provide such notification.

12. ~~17.~~ Unless waived by the Debtors, subject to contrary order of the Bankruptcy Court, any defects or irregularities in connection with deliveries of Ballots must be cured within such time as the Debtors (or the Bankruptcy Court) determines or such Ballots will not be counted.

13. ~~18.~~ The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan. Accordingly, at this time, holders of Claims or Interests should not surrender certificates or instruments representing or evidencing their Claim or Interests, and neither the Debtors nor the Claims and Solicitation Agent will accept delivery of any such certificates or instruments surrendered together with a Ballot.

~~19. This Ballot does not constitute, and shall not be deemed to be (i) a proof of claim or (ii) an assertion or admission of a Claim.~~

~~20. If you believe you have received the wrong Ballot, you should contact the Claims and Solicitation agent immediately at (844) 242-7491 (U.S./Canada toll-free) or +1 (347) 338-6450 (international) or by email at SASInfo@ra.kroll.com (with "SAS AB Solicitation Inquiry" in the subject line).~~

## PLEASE SUBMIT YOUR BALLOT PROMPTLY

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THE SOLICITATION AND VOTING PROCEDURES, OR THE BALLOT INSTRUCTIONS, PLEASE CONTACT THE CLAIMS AND SOLICITATION AGENT AT (844) 242-7491 (U.S./CANADA TOLL-FREE) OR +1 (347) 338-6450 (INTERNATIONAL) OR EMAILING SASINFO@RA.KROLL.COM (WITH "SAS AB SOLICITATION INQUIRY" IN THE SUBJECT LINE).**

## Exhibit G-1

**Updated Notice of Non-Voting Status for Unimpaired Classes**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | **Chapter 11** |
| | : | |
| **SAS AB**, *et al.*, | : | **Case No. 22-10925 (MEW)** |
| | : | |
| **Debtors.**[1] | : | **(Jointly Administered)** |

---------------------------------------------------------------x

## NOTICE OF NON-VOTING STATUS FOR UNIMPAIRED CLASSES

      **PLEASE TAKE NOTICE** that on [●], 2024, the United States Bankruptcy Court for the Southern District of New York approved the *Disclosure Statement for Second Amended Joint Chapter 11 Plan of Reorganization of SAS AB and its Subsidiary Debtors* (as may be amended, modified, or supplemented from time to time, the "**Disclosure Statement**") [ECF No. 1905], filed by SAS AB and its debtor subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), for use by the Debtors in soliciting acceptances or rejections of the *Second Amended Joint Chapter 11 Plan of Reorganization of SAS AB and its Subsidiary Debtors* (as may be amended, modified, or supplemented from time to time, the "**Plan**").[2]

**UNDER THE TERMS OF THE PLAN, YOUR CLAIM(S) AGAINST THE DEBTORS ARE NOT IMPAIRED AND, THEREFORE, PURSUANT TO SECTION 1126(f) OF THE BANKRUPTCY CODE, YOU ARE (I) DEEMED TO HAVE ACCEPTED THE PLAN AND (II) NOT ENTITLED TO VOTE ON THE PLAN. IF YOU HAVE ANY QUESTIONS ABOUT THE STATUS OF YOUR CLAIM(S), OR WISH TO REQUEST A COPY OF THE PLAN AND DISCLOSURE STATEMENT (AT NO COST TO YOU), CONTACT THE DEBTORS' CLAIMS AND SOLICITATION AGENT, KROLL RESTRUCTURING ADMINISTRATION LLC, BY TELEPHONE AT (844) 242-7491 (U.S./CANADA TOLL-FREE) OR +1 (347) 338-6450 (INTERNATIONAL), BY EMAIL AT SASINFO@RA.KROLL.COM (WITH "SAS AB SOLICITATION INQUIRY" IN THE SUBJECT LINE), OR BY FIRST-CLASS MAIL, OVERNIGHT COURIER, OR HAND DELIVERY TO: SAS AB BALLOT PROCESSING CENTER, C/O KROLL RESTRUCTURING ADMINISTRATION LLC, 850 3RD AVENUE, SUITE 412, BROOKLYN, NY 11232.**

---

[1] The Debtors in these chapter 11 cases are SAS AB, SAS Danmark A/S, SAS Norge AS, SAS Sverige AB, Scandinavian Airlines System Denmark-Norway-Sweden, Scandinavian Airlines of North America Inc. (2393), Gorm Asset Management Ltd., Gorm Dark Blue Ltd., Gorm Deep Blue Ltd., Gorm Sky Blue Ltd., Gorm Warm Red Ltd., Gorm Light Blue Ltd., Gorm Ocean Blue Ltd., and Gorm Engine Management Ltd. The Debtors' mailing address is AVD kod: STOUU-T, SE-195 87 Stockholm, Sweden.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

**THE CLAIMS AND SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

Dated: New York, New York
       [_____], 2024

/s/_____

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:   (212) 310-8007
Gary T. Holtzer
Kelly DiBlasi
David Griffiths
Lauren Tauro

*Attorneys for Debtors*
*and Debtors in Possession*

# Exhibit G-2

## Redline

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------ x
```

| | | |
|---|---|---|
| In re | : | **Chapter 11** |
| | : | |
| **SAS AB**, *et al.*, | : | **Case No. 22-10925 (MEW)** |
| | : | |
| Debtors.[1] | : | **(Jointly Administered)** |

```
------------------------------------------------------------ x
```

### NOTICE OF NON-VOTING STATUS FOR UNIMPAIRED CLASSES

**PLEASE TAKE NOTICE** that on [●], 2024, the United States Bankruptcy Court for the Southern District of New York approved the *Disclosure Statement for Second Amended Joint Chapter 11 Plan of Reorganization of SAS AB and its Subsidiary Debtors* (as may be amended, modified, or supplemented from time to time, the "**Disclosure Statement**") [ECF No. —1905], filed by SAS AB and its debtor subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), for use by the Debtors in soliciting acceptances or rejections of the *Second Amended Joint Chapter 11 Plan of Reorganization of SAS AB and its Subsidiary Debtors* (as may be amended, modified, or supplemented from time to time, the "**Plan**").[2]

**UNDER THE TERMS OF THE PLAN, YOUR CLAIM(S) AGAINST THE DEBTORS ARE NOT IMPAIRED AND, THEREFORE, PURSUANT TO SECTION 1126(f) OF THE BANKRUPTCY CODE, YOU ARE (I) DEEMED TO HAVE ACCEPTED THE PLAN AND (II) NOT ENTITLED TO VOTE ON THE PLAN. IF YOU HAVE ANY QUESTIONS ABOUT THE STATUS OF YOUR CLAIM(S), OR WISH TO REQUEST A COPY OF THE PLAN AND DISCLOSURE STATEMENT (AT NO COST TO YOU), CONTACT THE DEBTORS' CLAIMS AND SOLICITATION AGENT, KROLL RESTRUCTURING ADMINISTRATION LLC, BY TELEPHONE AT (844) 242-7491 (U.S./CANADA TOLL-FREE) OR +1 (347) 338-6450 (INTERNATIONAL), BY EMAIL AT SASINFO@RA.KROLL.COM (WITH "SAS AB SOLICITATION INQUIRY" IN THE SUBJECT LINE), OR BY FIRST-CLASS MAIL, OVERNIGHT COURIER, OR HAND DELIVERY TO: SAS AB BALLOT PROCESSING CENTER, C/O KROLL RESTRUCTURING ADMINISTRATION LLC, 850 3RD AVENUE, SUITE 412, BROOKLYN, NY 11232.**

---

[1] The Debtors in these chapter 11 cases are SAS AB, SAS Danmark A/S, SAS Norge AS, SAS Sverige AB, Scandinavian Airlines System Denmark-Norway-Sweden, Scandinavian Airlines of North America Inc. (2393), Gorm Asset Management Ltd., Gorm Dark Blue Ltd., Gorm Deep Blue Ltd., Gorm Sky Blue Ltd., Gorm Warm Red Ltd., Gorm Light Blue Ltd., Gorm Ocean Blue Ltd., and Gorm Engine Management Ltd. The Debtors' mailing address is AVD kod: STOUU-T, SE-195 87 Stockholm, Sweden.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

**THE CLAIMS AND SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

Dated: New York, New York
       [_____], 2024

/s/_____
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Gary T. Holtzer
Kelly DiBlasi
David Griffiths
Lauren Tauro

*Attorneys for Debtors*
*and Debtors in Possession*

## Exhibit H-1

**Updated Notice of Non-Voting Status for Impaired Classes
and Opportunity to Opt-In to Third Party Releases**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

In re                                                  :        Chapter 11
                                                       :
SAS AB, *et al.*,                                      :        Case No. 22-10925 (MEW)
                                                       :
                        Debtors.[1]                    :        (Jointly Administered)

---------------------------------------------------------------x

## NOTICE OF (I) NON-VOTING STATUS FOR IMPAIRED CLASSES
## AND (II) OPPORTUNITY TO OPT-IN TO THIRD-PARTY RELEASES

**PLEASE TAKE NOTICE** that on [●], 2024, the United States Bankruptcy Court for the Southern District of New York approved the *Disclosure Statement for Second Amended Joint Chapter 11 Plan of Reorganization of SAS AB and its Subsidiary Debtors* (as may be amended, modified, or supplemented from time to time, the "**Disclosure Statement**") [ECF No. 1905], filed by SAS AB and its debtor subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), for use by the Debtors in soliciting acceptances or rejections of the *Second Amended Joint Chapter 11 Plan of Reorganization of SAS AB and its Subsidiary Debtors* (as may be amended, modified, or supplemented from time to time, the "**Plan**").[2]

**UNDER THE TERMS OF THE PLAN, YOUR CLAIM(S) AGAINST THE DEBTORS ARE IMPAIRED WITHOUT THE ABILITY TO RECEIVE OR RETAN ANY PROPERTY ON ACCOUNT OF YOUR CLAIM OR INTEREST AND, THEREFORE, PURSUANT TO SECTION 1126(g) OF THE BANKRUPTCY CODE, YOU ARE DEEMED TO HAVE REJECTED THE PLAN.**

**IF YOU HAVE ANY QUESTIONS ABOUT THE STATUS OF YOUR CLAIM(S) OR INTERESTS, OR WISH TO REQUEST A COPY OF THE PLAN AND DISCLOSURE STATEMENT (AT NO COST TO YOU), CONTACT THE DEBTORS' CLAIMS AND SOLICITATION AGENT, KROLL RESTRUCTURING ADMINISTRATION LLC (THE "CLAIMS AND SOLICITATION AGENT"), BY TELEPHONE AT (844) 242-7491 (U.S./CANADA TOLL-FREE) OR +1 (347) 338-6450 (INTERNATIONAL), BY EMAIL AT SASINFO@RA.KROLL.COM (WITH "SAS AB SOLICITATION INQUIRY" IN THE**

---

[1] The Debtors in these chapter 11 cases are SAS AB, SAS Danmark A/S, SAS Norge AS, SAS Sverige AB, Scandinavian Airlines System Denmark-Norway-Sweden, Scandinavian Airlines of North America Inc. (2393), Gorm Asset Management Ltd., Gorm Dark Blue Ltd., Gorm Deep Blue Ltd., Gorm Sky Blue Ltd., Gorm Warm Red Ltd., Gorm Light Blue Ltd., Gorm Ocean Blue Ltd., and Gorm Engine Management Ltd. The Debtors' mailing address is AVD kod: STOUU-T, SE-195 87 Stockholm, Sweden.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan, the Disclosure Statement (as defined herein), or the *Order (I) Approving (A) Disclosure Statement, (B) Solicitation, Voting, and Related Procedures, and (C) Proposed Cure Procedures, (II) Scheduling Confirmation Hearing, (III) Establishing Notice and Objection Procedures for Confirmation of Debtors' Second Amended Chapter 11 Plan, and (IV) Granting Related Relief* (the "**Disclosure Statement Order**"), as applicable or as the context otherwise requires.

SUBJECT LINE), OR BY FIRST-CLASS MAIL, OVERNIGHT COURIER, OR HAND DELIVERY TO: SAS AB BALLOT PROCESSING CENTER, C/O KROLL RESTRUCTURING ADMINISTRATION LLC, 850 3RD AVENUE, SUITE 412, BROOKLYN, NY 11232.

THE CLAIMS AND SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.

\* \* \* \* \*

## RELEASE OPT-IN NOTICE

Article X of the Plan contains certain release, injunction, and exculpation provisions, including the third-party releases (the "<u>Third-Party Releases</u>") set forth below. You are advised to carefully review and consider the Plan, including the release, injunction, and exculpation provisions, as your rights may be affected.

If you choose to opt-in to the Third-Party Releases set forth in Section 10.7(b) of the Plan, you may submit your election to opt-in by submitting the electronic version of this opt-in form (the "<u>Opt-In Notice</u>") through the Claims and Solicitation Agent's online E-Ballot Portal, which can be accessed via the Debtors' restructuring case website, <u>https://cases.ra.kroll.com/SAS/</u>, according to instructions provided below.

IF YOU CHOOSE TO OPT-IN TO THE THIRD-PARTY RELEASES SET FORTH IN THE PLAN, THIS OPT-IN NOTICE MUST BE ACTUALLY RECEIVED BY THE CLAIMS AND SOLICITATION AGENT BY [MARCH 1, 2024], AT 4:00 P.M. (PREVAILING EASTERN TIME) (THE "<u>OPT-IN DEADLINE</u>").

<u>Item 1</u>.  **Important Information Regarding Release Provisions of the Plan**.  Section 10.7(b) of the Plan contains the following Third-Party Releases:

AS OF THE EFFECTIVE DATE, EXCEPT FOR THE RIGHTS, REMEDIES, AND CAUSES OF ACTION THAT ARE PRESERVED AND REMAIN IN EFFECT FROM AND AFTER THE EFFECTIVE DATE, INCLUDING TO ENFORCE THIS PLAN AND THE OBLIGATIONS CONTEMPLATED BY THE RESTRUCTURING, FOR GOOD AND VALUABLE CONSIDERATION, ON AND AFTER THE EFFECTIVE DATE, THE RELEASED PARTIES SHALL BE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED AND DISCHARGED, TO THE MAXIMUM EXTENT PERMITTED BY LAW, BY THE RELEASING PARTIES, IN EACH CASE FROM ANY AND ALL CAUSES OF ACTION (INCLUDING ANY DERIVATIVE CLAIMS, ASSERTED OR ASSERTABLE ON BEHALF OF THE DEBTORS, THE REORGANIZED DEBTORS, OR THEIR ESTATES) THAT SUCH RELEASING PARTIES OR THEIR RESPECTIVE RELATED ENTITIES, AND ANY OTHER ENTITIES CLAIMING UNDER OR THROUGH THEM WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN THEIR OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY) OR ON BEHALF OF THE HOLDER OF ANY CLAIM OR INTEREST OR OTHER ENTITY, BASED ON, RELATING TO, OR IN ANY

MANNER ARISING FROM, IN WHOLE OR IN PART: THE DEBTORS (INCLUDING THE MANAGEMENT, DIRECT OR INDIRECT OWNERSHIP, OR OPERATION THEREOF) OR THEIR ESTATES; THE REORGANIZED DEBTORS; THE CHAPTER 11 CASES; THIS PLAN; THE CONFIRMATION ORDER; THE RESTRUCTURING; THE TRANSACTION; THE EQUITY SOLICITATION PROCESS; ANY DEBT OR SECURITY OF OR IN THE DEBTORS AND THE OWNERSHIP THEREOF; THE PURCHASE, SALE, OR RESCISSION OF THE PURCHASE OR SALE OF ANY DEBT OR SECURITY OF OR IN THE DEBTORS OR THE REORGANIZED DEBTORS, INCLUDING THE NEW SHARES AND THE NEW CONVERTIBLE NOTES; THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THIS PLAN; THE BUSINESS OR CONTRACTUAL ARRANGEMENTS OR OTHER INTERACTIONS BETWEEN ANY DEBTOR AND ANY RELEASED PARTY; THE RESTRUCTURING OF ANY CLAIM OR INTEREST BEFORE OR DURING THE CHAPTER 11 CASES; ANY OTHER IN- OR OUT-OF-COURT RESTRUCTURING EFFORTS OF THE DEBTORS; ANY INTERCOMPANY TRANSACTION; THE NEGOTIATION, FORMULATION, PREPARATION, DISSEMINATION, OR CONSUMMATION OF THIS PLAN AND ANY RELATED AGREEMENTS, INSTRUMENTS, OR OTHER DOCUMENTS OR ANY OTHER CONTRACT, INSTRUMENT, RELEASE, OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THIS PLAN OR ANY RELATED AGREEMENTS, INSTRUMENTS, OR OTHER DOCUMENTS (INCLUDING THE INVESTMENT AGREEMENT); THE SOLICITATION OF VOTES WITH RESPECT TO, OR CONFIRMATION OF, THIS PLAN; OR ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE RELATED TO ANY OF THE FORGOING AND TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE. NOTWITHSTANDING ANYTHING HEREIN TO THE CONTRARY, THE RELEASES CONTAINED IN THIS <u>SECTION 10.7(B)</u> SHALL NOT (I) AFFECT THE LIABILITY OF ANY ENTITY FROM CAUSES OF ACTION BASED ON WILLFUL MISCONDUCT, GROSS NEGLIGENCE OR INTENTIONAL FRAUD AS DETERMINED BY A FINAL ORDER, (II) RELEASE POST-EFFECTIVE DATE OBLIGATIONS OF ANY ENTITY UNDER THIS PLAN, THE RESTRUCTURING, THE DEFINITIVE DOCUMENTS OR ANY OTHER DOCUMENT, INSTRUMENT, OR AGREEMENT EXECUTED TO IMPLEMENT THIS PLAN (UNLESS EXPRESSLY CANCELLED BY THIS PLAN), OR (III) AFFECT THE RELEASING PARTIES' RIGHTS THAT REMAIN IN EFFECT FROM AND AFTER THE EFFECTIVE DATE TO ENFORCE THIS PLAN, THE DEFINITIVE DOCUMENTS, AND THE OBLIGATIONS CONTEMPLATED BY THE TRANSACTION OR AS OTHERWISE PROVIDED IN ANY ORDER OF THE BANKRUPTCY COURT.

FOR THE AVOIDANCE OF DOUBT, THE ONLY PARTIES THAT ARE BOUND BY THE RELEASES CONTAINED IN THIS <u>SECTION 10.7(B)</u> ARE THE RELEASING PARTIES.

<u>DEFINITIONS:</u>

***"Released Parties"*** means, collectively, (i) the Debtors, (ii) the DIP Agent and the DIP Lenders, (iii) the Creditors' Committee and each of its present and former members, (iv) the Investors, (v) the Danish State Noteholder, (vi) the Swedish State, (vii) the Swiss Bonds Agent, and

(viii) with respect to each of the foregoing Entities in clauses (i) through (vii), such Entities' Related Entities, and their respective heirs, executors, estates, and nominees, in each case in their capacity as such; *provided, however*, that, subject to <u>Section 3.3(f)</u> of the Investment Agreement, any holder of a Claim or Interest that would otherwise constitute a Released Party that does not consent to the releases in the Plan shall not be a Released Party; *provided, further, however*, that, to the extent the Danish State Noteholder gives such a release as contemplated by the Investment Agreement, the Danish State Noteholder shall be a Released Party under the Plan for all purposes; *provided, further, however*, that the Released Parties referenced in clause (viii) are Released Parties solely with respect to work performed for or on behalf of the applicable Entity for which releases are given pursuant to the Plan.

*"**Releasing Parties**"* means, collectively, (i) the Released Parties, other than the Danish State Investor and the Danish State Noteholder, (ii) all holders of Claims who vote to accept the Plan, (iii) all holders of Claims that either vote to reject the Plan or abstain from voting on the Plan and affirmatively opt to grant the releases by checking the appropriate box on the Ballot, and (iv) all holders of Claims and Interests not described in the foregoing clauses (i) – (iii) that affirmatively opt to grant the releases by checking the appropriate box on the notice form; *provided, however*, that the Danish State Investor and the Danish State Noteholder shall provide releases solely pursuant to <u>Section 3.3(f)</u> of the Investment Agreement.

Check the following box **only** if you wish to opt in to the Third-Party Releases set forth above and in Section 10.7(b) of the Plan:

☐  **Opt In to Third-Party Releases**

<u>Item 2</u>.  **Acknowledgements and Certification**.  By signing this Opt-In Notice, the undersigned certifies to the Bankruptcy Court and the Debtors that:

a.  as of the Voting Record Date ([January 26, 2024]), the undersigned is either (i) the Person that is the holder of Claim(s) against one or more of the Debtors or (ii) the Person that is an authorized signatory for the Person that is the holder of such Claim(s);

b.  the Person has received a copy of the *Notice of (I) Non-Voting Status For Impaired Classes, and (II) Opportunity to Opt-In to the Third-Party Releases*, and that this Opt-In Notice is submitted pursuant to the terms and conditions set forth therein;

c.  the Person has submitted the same respective election concerning the releases with respect to all Claims held by the undersigned; and

d.  no other Opt-In Notice with respect to the amount of Claims held by the undersigned have been submitted or, if any other Opt-In Notices have been submitted with respect to such Claims, then any such earlier Opt-In Notices are hereby revoked.

Print or Type Name of Holder: _____

Signature: _____

Name of Signatory
(if different than claimant): _____

If by Authorized Agent,
Title of Agent: _____

Street
Address: _____

City, State, Zip Code: _____

Telephone Number: _____

E-mail Address: _____

Date Completed: _____

If you would like to change your address information for future notice mailings or distributions, if any, upon your Claim in these chapter 11 cases, please send an email with the revised address to sasinfo@ra.kroll.com.

**IF YOU WISH TO MAKE THE OPT-IN ELECTION, PLEASE COMPLETE, SIGN, AND DATE THIS OPT-IN NOTICE AND RETURN IT (WITH A SIGNATURE) PROMPTLY IN THE ENVELOPE PROVIDED OR VIA FIRST-CLASS MAIL, OVERNIGHT COURIER, OR HAND DELIVERY TO:**

**SAS AB Ballot Processing Center**
**c/o Kroll Restructuring Administration LLC**
**850 3rd Avenue, Suite 412**
**Brooklyn, NY 11232**

**To arrange hand delivery of your Opt-In Notice, please email the Claims and Solicitation Agent at SASBallots@ra.kroll.com (with "SAS AB Solicitation Opt-In Notice Delivery" in the subject line) at least 24 hours prior to your arrival at the address above and provide the anticipated date and time of delivery.**

**In the alternative, to properly submit this Opt-In Notice via the Claims and Solicitation Agent's online E-Ballot Portal, please visit https://cases.ra.kroll.com/SAS/, click on the "Submit E-Ballot" section of the website, and follow the instructions to submit your customized electronic Opt-In Notice.**

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Opt-In Notice:**

**Unique Opt-In Notice ID#:**_____

Each Opt-In Notice ID# is to be used solely in relation to those Claims held against one or more of the Debtors.  Please complete and submit an Opt-In Notice for each Opt-In Notice ID# you receive, as applicable.

> All persons or entities who hold one or more positions in Class 11 (Existing Equity Interests) against SAS AB, Class 8 (Swiss Bond Claims) against SAS AB, or Class 10 against SAS AB (State Hybrid Bond Claims and Danish State Hybrid Bond Claims), as identified by the CUSIPs and ISINs set forth below, with a "street name" at a bank, broker, or other intermediary, through DTC or another similar depository, including Euroclear, Euroclear Sweden, or Clearstream (such holders being "Beneficial Holders" of the Existing Equity Interests against SAS AB) will **not** be issued a unique E-Ballot ID# to retrieve and submit the electronic version of this Opt-In Notice and, therefore, may not submit this Opt-In Notice electronically via the E-Ballot Portal as set forth above.  Instead, click on the "Public Securities Opt-in Portal" link located on the left-hand navigation panel of the Debtors' restructuring case website at: https://cases.ra.kroll.com/SAS/ to upload an electronic version of this Opt-In Notice.
>
> For the avoidance of doubt, only holders of Class 11 (Existing Equity Interests) against SAS AB whose ownership thereof is registered in the holder's own name directly on the books and records of the Debtors and/or the Debtors' transfer agent are eligible to submit their electronic Opt-In Notice via the E-Ballot Portal.
>
> **CUSIP 80384B103 / ISIN US80384B1035 (American Depository Receipt ("ADR"))**
>
> **ISIN SE0003366871 (Common Stock)**
>
> **ISIN SE0014958005 (State Hybrid Bond Claims)**
>
> **ISIN SE0014958013 (State Hybrid Bond Claims)**
>
> **ISIN CH0006125253 (Swiss Bonds)**

**If you choose to submit your Opt-In Notice using the E-Ballot Portal or the Public Securities Opt-In Portal, you should NOT also submit a paper Opt-In Notice.**

**The Claims and Solicitation Agent's E-Ballot Portal and Public Securities Opt-In Portal are the only acceptable means of submission of Opt-In Notices via electronic or online transmission.  Opt-In Notices submitted by facsimile, email, or other means of electronic transmission will not be counted.**

Dated: New York, New York
     [_____], 2024

/s/_____
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Gary T. Holtzer
Kelly DiBlasi
David Griffiths
Lauren Tauro

*Attorneys for Debtors*
*and Debtors in Possession*

# Exhibit H-2

## Redline

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------- x
In re                                          :      **Chapter 11**
                                               :
**SAS AB, *et al.*,**                          :      **Case No. 22-10925 (MEW)**
                                               :
                   **Debtors.**[1]             :      **(Jointly Administered)**
------------------------------------------------------------- x

### NOTICE OF (I) NON-VOTING STATUS FOR IMPAIRED CLASSES AND (II) OPPORTUNITY TO OPT-IN TO THIRD-PARTY RELEASES

> **PLEASE TAKE NOTICE** that on [●], 2024, the United States Bankruptcy Court for the Southern District of New York approved the *Disclosure Statement for Second Amended Joint Chapter 11 Plan of Reorganization of SAS AB and its Subsidiary Debtors* (as may be amended, modified, or supplemented from time to time, the "**Disclosure Statement**") [ECF No. —1905], filed by SAS AB and its debtor subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), for use by the Debtors in soliciting acceptances or rejections of the *Second Amended Joint Chapter 11 Plan of Reorganization of SAS AB and its Subsidiary Debtors* (as may be amended, modified, or supplemented from time to time, the "**Plan**").[2]

**UNDER THE TERMS OF THE PLAN, YOUR CLAIM(S) AGAINST THE DEBTORS ARE IMPAIRED WITHOUT THE ABILITY TO RECEIVE OR RETAN ANY PROPERTY ON ACCOUNT OF YOUR CLAIM OR INTEREST AND, THEREFORE, PURSUANT TO SECTION 1126(g) OF THE BANKRUPTCY CODE, YOU ARE DEEMED TO HAVE REJECTED THE PLAN.**

**IF YOU HAVE ANY QUESTIONS ABOUT THE STATUS OF YOUR CLAIM(S) OR INTERESTS, OR WISH TO REQUEST A COPY OF THE PLAN AND DISCLOSURE STATEMENT (AT NO COST TO YOU), CONTACT THE DEBTORS' CLAIMS AND SOLICITATION AGENT, KROLL RESTRUCTURING ADMINISTRATION LLC (THE "CLAIMS AND SOLICITATION AGENT"), BY TELEPHONE AT (844) 242-7491 (U.S./CANADA TOLL-FREE) OR +1 (347) 338-6450 (INTERNATIONAL), BY EMAIL**

---

[1] The Debtors in these chapter 11 cases are SAS AB, SAS Danmark A/S, SAS Norge AS, SAS Sverige AB, Scandinavian Airlines System Denmark-Norway-Sweden, Scandinavian Airlines of North America Inc. (2393), Gorm Asset Management Ltd., Gorm Dark Blue Ltd., Gorm Deep Blue Ltd., Gorm Sky Blue Ltd., Gorm Warm Red Ltd., Gorm Light Blue Ltd., Gorm Ocean Blue Ltd., and Gorm Engine Management Ltd. The Debtors' mailing address is AVD kod: STOUU-T, SE-195 87 Stockholm, Sweden.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan, the Disclosure Statement (as defined herein), or the *Order (I) Approving (A) Disclosure Statement, (B) Solicitation, Voting, and Related Procedures, and (C) Proposed Cure Procedures, (II) Scheduling Confirmation Hearing, (III) Establishing Notice and Objection Procedures for Confirmation of Debtors' Second Amended Chapter 11 Plan, and (IV) Granting Related Relief* (the "**Disclosure Statement Order**"), as applicable or as the context otherwise requires.

AT SASINFO@RA.KROLL.COM (WITH "SAS AB SOLICITATION INQUIRY" IN THE SUBJECT LINE), OR BY FIRST-CLASS MAIL, OVERNIGHT COURIER, OR HAND DELIVERY TO: SAS AB BALLOT PROCESSING CENTER, C/O KROLL RESTRUCTURING ADMINISTRATION LLC, 850 3RD AVENUE, SUITE 412, BROOKLYN, NY 11232.

THE CLAIMS AND SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.

\* \* \* \* \*

### RELEASE OPT-IN NOTICE

Article X of the Plan contains certain release, injunction, and exculpation provisions, including the third-party releases (the "Third-Party Releases") set forth below. You are advised to carefully review and consider the Plan, including the release, injunction, and exculpation provisions, as your rights may be affected.

If you choose to opt-in to the Third-Party Releases set forth in Section 10.7(b) of the Plan, you may submit your election to opt-in by submitting the electronic version of this opt-in form (the "Opt-In Notice") through the Claims and Solicitation Agent's online E-Ballot Portal, which can be accessed via the Debtors' restructuring case website, https://cases.ra.kroll.com/SAS/, according to instructions provided below.

IF YOU CHOOSE TO OPT-IN TO THE THIRD-PARTY RELEASES SET FORTH IN THE PLAN, THIS OPT-IN NOTICE MUST BE ACTUALLY RECEIVED BY THE CLAIMS AND SOLICITATION AGENT BY ~~FEBRUARY 26~~[MARCH 1, 2024], AT 4:00 P.M. (PREVAILING EASTERN TIME) (THE "OPT-IN DEADLINE").

Item 1. Important Information Regarding Release Provisions of the Plan. Section 10.7(b) of the Plan contains the following Third-Party Releases:

AS OF THE EFFECTIVE DATE, EXCEPT FOR THE RIGHTS, REMEDIES, AND CAUSES OF ACTION THAT ARE PRESERVED AND REMAIN IN EFFECT FROM AND AFTER THE EFFECTIVE DATE, INCLUDING TO ENFORCE THIS PLAN AND THE OBLIGATIONS CONTEMPLATED BY THE RESTRUCTURING, FOR GOOD AND VALUABLE CONSIDERATION, ON AND AFTER THE EFFECTIVE DATE, THE RELEASED PARTIES SHALL BE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED AND DISCHARGED, TO THE MAXIMUM EXTENT PERMITTED BY ~~L~~LAW, BY THE RELEASING PARTIES, IN EACH CASE FROM ANY AND ALL CAUSES OF ACTION (INCLUDING ANY DERIVATIVE CLAIMS, ASSERTED OR ASSERTABLE ON BEHALF OF THE DEBTORS, THE REORGANIZED DEBTORS, OR THEIR ESTATES) THAT SUCH RELEASING PARTIES OR THEIR RESPECTIVE RELATED ENTITIES, AND ANY OTHER ENTITIES CLAIMING UNDER OR THROUGH THEM WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN THEIR OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY) OR ON BEHALF OF THE

HOLDER OF ANY CLAIM OR INTEREST OR OTHER ENTITY, BASED ON, RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART: THE DEBTORS (INCLUDING THE MANAGEMENT, DIRECT OR INDIRECT OWNERSHIP, OR OPERATION THEREOF) OR THEIR ESTATES; THE REORGANIZED DEBTORS; THE CHAPTER 11 CASES; THIS PLAN; THE CONFIRMATION ORDER; THE RESTRUCTURING; THE TRANSACTION; THE EQUITY SOLICITATION PROCESS; ANY DEBT OR SECURITY OF <u>OR IN</u> THE DEBTORS AND THE OWNERSHIP THEREOF; THE PURCHASE, SALE, OR RESCISSION OF THE PURCHASE OR SALE OF ANY DEBT OR SECURITY OF <u>OR IN</u> THE DEBTORS OR THE REORGANIZED DEBTORS, INCLUDING THE NEW SHARES AND THE NEW CONVERTIBLE NOTES; THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THIS PLAN; THE BUSINESS OR CONTRACTUAL ARRANGEMENTS OR OTHER INTERACTIONS BETWEEN ANY DEBTOR AND ANY RELEASED PARTY; THE RESTRUCTURING OF ANY CLAIM OR INTEREST BEFORE OR DURING THE CHAPTER 11 CASES; ANY OTHER IN- OR OUT-OF-COURT RESTRUCTURING EFFORTS OF THE DEBTORS; ANY INTERCOMPANY TRANSACTION; THE NEGOTIATION, FORMULATION, PREPARATION, DISSEMINATION, OR CONSUMMATION OF THIS PLAN AND ANY RELATED AGREEMENTS, INSTRUMENTS, OR OTHER DOCUMENTS OR ANY OTHER CONTRACT, INSTRUMENT, RELEASE, OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THIS PLAN OR ANY RELATED AGREEMENTS, INSTRUMENTS, OR OTHER DOCUMENTS (INCLUDING THE INVESTMENT AGREEMENT); THE SOLICITATION OF VOTES WITH RESPECT TO, OR CONFIRMATION OF, THIS PLAN; OR ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE RELATED TO ANY OF THE FORGOING AND TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE.  NOTWITHSTANDING ANYTHING HEREIN TO THE CONTRARY, THE RELEASES CONTAINED IN THIS <u>SECTION 10.7(</u><span style="color:red">B</span><u>B)</u> SHALL NOT (I) AFFECT THE LIABILITY OF ANY ENTITY FROM CAUSES OF ACTION BASED ON WILLFUL MISCONDUCT, GROSS NEGLIGENCE OR INTENTIONAL FRAUD AS DETERMINED BY A FINAL ORDER, (II) RELEASE POST-EFFECTIVE DATE OBLIGATIONS OF ANY ENTITY UNDER THIS PLAN, THE RESTRUCTURING, THE DEFINITIVE DOCUMENTS OR ANY OTHER DOCUMENT, INSTRUMENT, OR AGREEMENT EXECUTED TO IMPLEMENT THIS PLAN (UNLESS EXPRESSLY CANCELLED BY THIS PLAN), OR (III) AFFECT THE RELEASING PARTIES' RIGHTS THAT REMAIN IN EFFECT FROM AND AFTER THE EFFECTIVE DATE TO ENFORCE THIS PLAN, THE DEFINITIVE DOCUMENTS, AND THE OBLIGATIONS CONTEMPLATED BY THE TRANSACTION OR AS OTHERWISE PROVIDED IN ANY ORDER OF THE BANKRUPTCY COURT.

FOR THE AVOIDANCE OF DOUBT, THE ONLY PARTIES THAT ARE BOUND BY THE RELEASES CONTAINED IN THIS <u>SECTION 10.7(</u><span style="color:red">B</span><u>B)</u> ARE THE RELEASING PARTIES.

**DEFINITIONS:**

***"Released Parties"*** means, collectively, (i) the Debtors, (ii) the DIP Agent and the DIP Lenders, (iii) the Creditors' Committee and each of its present and former members, (iv) the Investors, (v) the Danish State Noteholder, (vi) the Swedish State, ~~and~~ (vii) the Swiss Bonds Agent, and (viii) with respect to each of the foregoing Entities in clauses (i) through (v~~ii~~), such Entities' Related Entities, and their respective heirs, executors, estates, and nominees, in each case in their capacity as such; *provided, however*, that, subject to Section 3.3(f) of the Investment Agreement, any holder of a Claim or Interest that would otherwise constitute a Released Party that does not consent to the releases in the Plan shall not be a Released Party; *provided, further, however*, that, to the extent the Danish State Noteholder gives such a release as contemplated by the Investment Agreement, the Danish State Noteholder shall be a Released Party under the Plan for all purposes; *provided, further, however*, that the Released Parties referenced in clause (vi~~ii~~) are Released Parties solely with respect to work performed for or on behalf of the applicable Entity for which releases are given pursuant to the Plan.

***"Releasing Parties"*** means, collectively, (i) the Released Parties, other than the Danish State Investor and the Danish State Noteholder, (ii) all holders of Claims who vote to accept the Plan, (iii) all holders of Claims that either vote to reject the Plan or abstain from voting on the Plan and affirmatively opt to grant the releases by checking the appropriate box on the Ballot, and (iv) all holders of Claims and Interests not described in the foregoing clauses (i) – (iii) that affirmatively opt to grant the releases by checking the appropriate box on the notice form; *provided, however*, that the Danish State Investor and the Danish State Noteholder shall provide releases solely pursuant to Section 3.3(~~e~~f) of the Investment Agreement.

Check the following box **only** if you wish to opt in to the Third-Party Releases set forth above and in Section 10.7(b) of the Plan:

☐    **Opt In to Third-Party Releases**

**Item 2.  Acknowledgements and Certification.** By signing this Opt-In Notice, the undersigned certifies to the Bankruptcy Court and the Debtors that:

a. as of the Voting Record Date ([January ~~12~~26, 2024]), the undersigned is either (i) the Person that is the holder of ~~the~~ Claim(s) ~~listed in Item 1,~~against one or more of the Debtors or (ii) the Person that is an authorized signatory for the Person that is the holder of ~~the~~such Claim(s) ~~listed in Item 1~~;

b. the Person has received a copy of the *Notice of (I) Non-Voting Status For Impaired Classes, and (II) Opportunity to Opt-In to the Third-Party Releases*, and that this Opt-In Notice is submitted pursuant to the terms and conditions set forth therein;

c. the Person has submitted the same respective election concerning the releases with respect to all Claims held ~~and listed in Item 1~~by the undersigned; and

d. no other Opt-In Notice with respect to the amount of Claims ~~identified in Item 1~~held by the undersigned have been submitted or, if any other Opt-In Notices have been

submitted with respect to such Claims, then any such earlier Opt-In Notices are hereby revoked.

Print or Type Name of Holder: _____

Signature: _____

Name of Signatory
(if different than claimant): _____

If by Authorized Agent,
Title of Agent: _____

Street
Address: _____

City, State, Zip Code: _____

Telephone Number: _____

E-mail Address: _____

Date Completed: _____

Please check one or both of the below boxes if the above address is a change of address for the purpose(s) of:

☐ Future notice mailings in these chapter 11 cases; and/or

☐ If you would like to change your address information for future notice mailings or Ddistributions, if any, upon your Claim in these chapter 11 cases, please send an email with the revised address to sasinfo@ra.kroll.com.

**IF YOU WISH TO MAKE THE OPT-IN ELECTION, PLEASE COMPLETE, SIGN, AND DATE THIS OPT-IN NOTICE AND RETURN IT (WITH A SIGNATURE) PROMPTLY IN THE ENVELOPE PROVIDED OR VIA FIRST-CLASS MAIL, OVERNIGHT COURIER, OR HAND DELIVERY TO:**

**SAS AB Ballot Processing Center**
**c/o Kroll Restructuring Administration LLC**
**850 3rd Avenue, Suite 412**
**Brooklyn, NY 11232**

**To arrange hand delivery of your Opt-In Notice, please email the Claims and Solicitation Agent at SASBallots@ra.kroll.com (with "SAS AB Solicitation Opt-In Notice Delivery" in the subject line) at least 24 hours prior to your arrival at the address above and provide the anticipated date and time of delivery.**

**In the alternative, to properly submit this Opt-In Notice via the Claims and Solicitation Agent's online E-Ballot Portal, please visit https://cases.ra.kroll.com/SAS/, click on the "Submit E-Ballot" section of the website, and follow the instructions to submit your customized electronic Opt-In Notice.**

**IMPORTANT NOTE:  You will need the following information to retrieve and submit your customized electronic Opt-In Notice:**

**Unique Opt-In Notice ID#:_____**

Each Opt-In Notice ID# is to be used solely in relation to those Claims described in Item 1held against one or more of the Opt-In NoticeDebtors.  Please complete and submit an Opt-In Notice for each Opt-In Notice ID# you receive, as applicable.

<div style="border:1px solid black; padding:10px;">

For aAll persons or entities who hold one or more positions in the Debtors'Class 11 (Existing Equity Interests () against SAS AB, Class 8 (Swiss Bond Claims) against SAS AB, or Class 10 against SAS AB (State Hybrid Bond Claims and Danish State Hybrid Bond Claims), as identified by the CUSIPs and ISINs set forth below), inwith a "street name" at a bank, broker, or other intermediary, through DTC or another similar depository, including Euroclear, Euroclear Sweden, or Clearstream (such holders being "Beneficial Holders" of the Debtors' Parent Interests):

</div>

**CUSIP 80384B103 / ISIN US80384B1035 (American Depository Receipt ("ADR"))**

**ISIN SE0003366871 (Common Stock)**

~~As a Beneficial Holder of the Debtors' Class 11~~ Existing Equity Interests a~~(ADR and Common Stock), you~~gainst SAS AB) will **not** be issued a unique E-Ballot ID# to retrieve and submit the electronic version of t~~your~~his Opt-In Notice and, therefore, may not submit t~~your~~his Opt-In Notice electronically via the E-Ballot Portal as set forth above. Instead, click on the "Public S~~Equity~~ecurities Opt-i~~Out~~n Portal" link located on the left-hand navigation panel of the Debtors' restructuring case website at: https://cases.ra.kroll.com/SAS/ to upload an electronic version of t~~your~~his Opt-In Notice.

For the avoidance of doubt, only holders of Class 11 (Existing Equity Interests) against SAS AB whose ownership thereof is registered in the holder's own name directly on the books and records of the Debtors and/or the Debtors' transfer agent are eligible to submit their electronic Opt-In Notice via the ~~Public Equity Opt-Out~~E-Ballot Portal.

**CUSIP 80384B103 / ISIN US80384B1035 (American Depository Receipt ("ADR"))**

**ISIN SE0003366871 (Common Stock)**

**ISIN SE0014958005 (State Hybrid Bond Claims)**

**ISIN SE0014958013 (State Hybrid Bond Claims)**

**ISIN CH0006125253 (Swiss Bonds)**

**If you choose to submit your Opt-In Notice using the E-Ballot Portal or the Public ~~Equity Opt-Out~~Securities Opt-In Portal, you should NOT also submit a paper Opt-In Notice.**

**The Claims and Solicitation Agent's E-Ballot Portal and Public ~~Equity Opt-Out~~Securities Opt-In Portal are the only acceptable means of submission of Opt-In Notices via electronic or online transmission. Opt-In Notices submitted by facsimile, email, or other means of electronic transmission will not be counted.**

Dated: New York, New York
       [_____], 2024

/s/_____
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Gary T. Holtzer
Kelly DiBlasi
David Griffiths
Lauren Tauro

*Attorneys for Debtors*
*and Debtors in Possession*

## Exhibit I-1

**Updated Notice Regarding (I) Executory Contracts and Unexpired Leases, (II) Proposed Cure Obligations, and (III) Related Procedures**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Gary T. Holtzer
Kelly DiBlasi
David Griffiths
Lauren Tauro

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
--------------------------------------------------------------x
In re                                       :    Chapter 11
                                            :
SAS AB, et al.,                             :    Case No. 22-10925 (MEW)
                                            :
                     Debtors.¹              :    (Jointly Administered)
--------------------------------------------------------------x
```

<div align="center">

**NOTICE REGARDING (I) EXECUTORY**
**CONTRACTS AND UNEXPIRED LEASES, (II) PROPOSED**
**CURE OBLIGATIONS, AND (III) RELATED PROCEDURES**

</div>

**PLEASE TAKE NOTICE THAT:**

1. **Bankruptcy Cases**. On July 5, 2022, SAS AB and its debtor subsidiaries, as debtors and debtors in possession in the above-captioned cases (collectively, the "**Debtors**"), commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").

2. **Chapter 11 Plan**. On February 4, 2024, the Debtors filed the *Second Amended Joint Chapter 11 Plan of Reorganization of SAS AB and its Subsidiary Debtors* [ECF No. 1904] (as may be amended, modified, and supplemented from time to time, the "**Plan**").²

---

¹ The Debtors in these chapter 11 cases are SAS AB, SAS Danmark A/S, SAS Norge AS, SAS Sverige AB, Scandinavian Airlines System Denmark-Norway-Sweden, Scandinavian Airlines of North America Inc. (2393), Gorm Asset Management Ltd., Gorm Dark Blue Ltd., Gorm Deep Blue Ltd., Gorm Sky Blue Ltd., Gorm Warm Red Ltd., Gorm Light Blue Ltd., Gorm Ocean Blue Ltd., and Gorm Engine Management Ltd. The Debtors' mailing address is AVD kod: STOUU-T, SE-195 87 Stockholm, Sweden.

² Capitalized terms used but not herein defined have the meanings ascribed to such terms in the Plan. The Plan and related materials are on file with the Bankruptcy Court and can be found on the case website of the Debtors' claims

3. **Potential Assumption or Rejection of Contracts**. In accordance with Section 8.1 of the Plan, as of and subject to the occurrence of the Effective Date, all executory contracts and unexpired leases to which any of the Debtors are parties shall be rejected and deemed rejected pursuant to sections 365 and 1123 of the Bankruptcy Code, unless such contract or lease (i) was previously assumed or rejected by the Debtors, pursuant to a Final Order of the Bankruptcy Court, (ii) previously expired or terminated pursuant to its own terms or by agreement of the parties thereto, (iii) is the subject of a motion to assume filed by the Debtors on or before the Confirmation Date, or (iv) is specifically designated as a contract or lease to be assumed on the Schedule of Assumed Contracts. The Debtors will file the Schedule of Assumed Contracts with the Plan Supplement by no later than **February 23, 2024**.

4. **Assumption of Aircraft Leases**. With respect to Aircraft Leases that were not previously assumed, have not previously expired or terminated pursuant to their terms, or are not subject to a motion to assume filed on or before the Confirmation Date, the Debtors shall assume only those Aircraft Leases and related executory contracts that are designated on the Schedule of Assumed Contracts. For the avoidance of doubt, any executory contracts or unexpired leases that are ancillary to Aircraft Leases that have been previously assumed or are being assumed under the Plan shall be and shall be deemed assumed. Notwithstanding anything to the contrary in the Plan, to the extent certain of the Aircraft Leases identified on the Schedule of Assumed Contracts include finance leases of the Debtors that were amended during the course of the Chapter 11 Cases, the obligations associated with such lease shall be provided the treatment agreed between the applicable Debtor(s) and the lease counterparties and lenders in the applicable governing amendment documents.

**You are receiving this notice because you are party to one or more executory contracts or unexpired leases with the Debtors and your rights may be affected by the Plan. You are advised to carefully review the information contained herein and the related provisions of the Plan.**

5. **Proposed Cure Amounts**. Any monetary amounts by which any executory contract or unexpired lease to be assumed under the Plan is in default must be satisfied under section 365(b)(1) of the Bankruptcy Code by the Debtors or Reorganized Debtors, as applicable, upon assumption. The Cure Amounts[3] proposed by the Debtors are set forth in **Exhibit A** attached hereto. Any counterparty to an executory contract or unexpired leased entered into with one or more of the Debtors should review this notice carefully. If a counterparty to any executory contract or unexpired lease is not listed on **Exhibit A**, the proposed Cure Amount for such executory contract or unexpired lease has been deemed to be zero dollars ($0).

---

and solicitation agent, Kroll Restructuring Administration LLC (the "**Claims and Solicitation Agent**") at https://cases.ra.kroll.com/SAS.

[3] "**Cure Amount**" means the payment of Cash or the distribution of other property (as the parties may agree or the Bankruptcy Court may order) as necessary to (i) cure a monetary default by the Debtors in accordance with the terms of an executory contract or unexpired lease of the Debtors and (ii) permit the Debtors to assume such executory contract or unexpired lease under section 365(a) of the Bankruptcy Code.

6.      **Deadline to Respond to Proposed Assumption or Rejection**. If you wish to object to (i) the assumption of an executory contract or unexpired lease, including (a) the ability of the Debtors to provide adequate assurance of future performance under section 365(b)(1)(C) of the Bankruptcy Code or (b) the Debtors' proposed Cure Amount, or (ii) the rejection of an executory contract or unexpired lease, you must file a written objection (an "**Objection**") that (1) identifies the applicable executory contract or unexpired lease and (2) sets forth in detail the basis for such objection together with all supporting documentation, so that it is actually received by no later than **March 11, 2024 at 4:00 p.m. (Prevailing Eastern Time)** (the "**Contract Objection Deadline**"). Objections shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York and shall be filed with the Bankruptcy Court.

If no Objection is timely filed with respect to an executory contract or unexpired lease, (i) you shall be deemed to have assented to (a) the assumption of such executory contract or unexpired lease or the rejection of such executory contract or unexpired lease, as applicable, (b) the date of such assumption or rejection, (c) the Cure Amount, and (d) satisfaction of the requirement under section 365(b)(1)(C) of the Bankruptcy Code of the Debtors to provide adequate assurance of future performance under such executory contract or unexpired lease, and (ii) you shall be forever barred, estopped, and enjoined from challenging the validity of such assumption or rejection or the adequate assurance of future performance contemplated herein.

7.      **Amendment of Treatment**. Executory contracts and unexpired leases may be added to or removed from the Schedule of Assumed Contracts up until the Confirmation Date, and the proposed Cure Amounts set forth on **Exhibit A** attached hereto may be amended up until the Confirmation Date.

8.      **Hearing**. If an Objection is properly filed as specified above, the Debtors will schedule a hearing to consider the Objection prior to such assumption or rejection being effective. Notwithstanding the foregoing, to the extent the dispute relates solely to any Cure Amounts, the applicable Debtor may assume the executory contract or unexpired lease prior to the resolution of any such dispute, as long as such Debtor reserves cash in an amount sufficient to pay the full amount reasonably asserted as the required Cure Amount by the contract counterparty. Following entry of a Final Order resolving any such dispute, the Debtors will have the right to reject any executory contract or unexpired lease within 30 days of such resolution.

9.      **Reservation of Rights**. The inclusion of any agreement on **Exhibit A** attached hereto does not constitute an admission that a particular contract is an executory contract or unexpired lease within the meaning of the Bankruptcy Code or require or guarantee that such agreement will ultimately be assumed. All rights of the Debtors with respect thereto are reserved.

10.     **Payment of Cure Amounts**. Subject to resolution of any dispute regarding any Cure Amount, all Cure Amounts will be satisfied by the Debtors or Reorganized Debtors, as the case may be, upon assumption of the underlying contracts and unexpired leases. Assumption

of any executory contract or unexpired lease pursuant to the Plan, or otherwise, will result in the full release and satisfaction of any Claims or defaults, subject to satisfaction of the Cure Amount, whether monetary or nonmonetary, including defaults of provisions restricting the change in control or ownership interest composition or other bankruptcy-related defaults, arising under any assumed executory contract or unexpired lease at any time before the effective date of the assumption. Any Proofs of Claim filed with respect to an executory contract or unexpired lease that has been assumed will be deemed disallowed and expunged, without further notice to or action, order or approval of the Bankruptcy Court or any other Person, upon the deemed assumption of such contract or unexpired lease.

11. **Consensual Resolution of Disputes**. The Debtors request that if you dispute the assumption or rejection of an executory contract or unexpired lease or a Cure Amount, you contact the Debtors prior to the Contract Objection Deadline to attempt to resolve such dispute consensually.

Dated: [●], 2024
New York, New York

/s/_____
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Gary T. Holtzer
Kelly DiBlasi
David Griffiths
Lauren Tauro

*Attorneys for Debtors*
*and Debtors in Possession*

# <u>Exhibit A</u>

## Contracts and Cure Amounts

## Exhibit I-2

### Redline

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Gary T. Holtzer
Kelly DiBlasi
David Griffiths
Lauren Tauro

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------- x
In re : Chapter 11
:
**SAS AB**, *et al.*, : **Case No. 22-10925 (MEW)**
:
Debtors.[1] : (Jointly Administered)
------------------------------------------------------------- x

**NOTICE REGARDING (I) EXECUTORY**
**CONTRACTS AND UNEXPIRED LEASES, (II) PROPOSED**
**CURE OBLIGATIONS, AND (III) RELATED PROCEDURES**

**PLEASE TAKE NOTICE THAT:**

1. **Bankruptcy Cases**. On July 5, 2022, SAS AB and its debtor subsidiaries, as debtors and debtors in possession in the above-captioned cases (collectively, the "**Debtors**"), commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").

2. **Chapter 11 Plan**. On ~~December 19~~February 4, 202~~3~~4, the Debtors filed the *Second Amended Joint Chapter 11 Plan of Reorganization of SAS AB and its Subsidiary Debtors* [ECF No. ~~1731~~1904] (as may be amended, modified, and supplemented from time to time, the "**Plan**").[2]

---

[1] The Debtors in these chapter 11 cases are SAS AB, SAS Danmark A/S, SAS Norge AS, SAS Sverige AB, Scandinavian Airlines System Denmark-Norway-Sweden, Scandinavian Airlines of North America Inc. (2393), Gorm Asset Management Ltd., Gorm Dark Blue Ltd., Gorm Deep Blue Ltd., Gorm Sky Blue Ltd., Gorm Warm Red Ltd., Gorm Light Blue Ltd., Gorm Ocean Blue Ltd., and Gorm Engine Management Ltd. The Debtors' mailing address is AVD kod: STOUU-T, SE-195 87 Stockholm, Sweden.

[2] Capitalized terms used but not herein defined have the meanings ascribed to such terms in the Plan. The Plan and related materials are on file with the Bankruptcy Court and can be found on the case website of the Debtors' claims

3.  **Potential Assumption or Rejection of Contracts**.  In accordance with Section 8.1 of the Plan, as of and subject to the occurrence of the Effective Date, all executory contracts and unexpired leases to which any of the Debtors are parties shall be rejected and deemed rejected pursuant to sections 365 and 1123 of the Bankruptcy Code, unless such contract or lease (i) was previously assumed or rejected by the Debtors, pursuant to a Final Order of the Bankruptcy Court, (ii) previously expired or terminated pursuant to its own terms or by agreement of the parties thereto, (iii) is the subject of a motion to assume filed by the Debtors on or before the Confirmation Date, or (iv) is specifically designated as a contract or lease to be assumed on the Schedule of Assumed Contracts.  The Debtors will file the Schedule of Assumed Contracts with the Plan Supplement by no later than **February ~~19~~23, 2024**.

4.  **Assumption of Aircraft Leases**.  With respect to Aircraft Leases that were not previously assumed, have not previously expired or terminated pursuant to their terms, or are not subject to a motion to assume filed on or before the Confirmation Date, the Debtors shall assume only those Aircraft Leases and related executory contracts that are designated on the Schedule of Assumed Contracts.  For the avoidance of doubt, any executory contracts or unexpired leases that are ancillary to Aircraft Leases that have been previously assumed or are being assumed under the Plan shall be <u>and shall be</u> deemed assumed.  Notwithstanding anything to the contrary in the Plan, to the extent certain of the Aircraft Leases identified on the Schedule of Assumed Contracts include finance leases of the Debtors that were amended during the course of the ~~c~~<u>C</u>hapter 11 ~~c~~<u>C</u>ases, the obligations associated with such lease shall be provided the treatment agreed between the applicable Debtor(s) and the lease counterparties and lenders in the applicable governing amendment documents.

**You are receiving this notice because you are party to one or more executory contracts or unexpired leases with the Debtors and your rights may be affected by the Plan.  You are advised to carefully review the information contained herein and the related provisions of the Plan.**

5.  **Proposed Cure Amounts**.  Any monetary amounts by which any executory contract or unexpired lease to be assumed under the Plan is in default must be satisfied under section 365(b)(1) of the Bankruptcy Code by the Debtors or Reorganized Debtors, as applicable, upon assumption.  The Cure Amounts[3] proposed by the Debtors are set forth in **Exhibit A** attached hereto.  Any counterparty to an executory contract or unexpired leased entered into with one or more of the Debtors should review this notice carefully.  If a

---

related materials are on file with the Bankruptcy Court and can be found on the case website of the Debtors' claims and solicitation agent, Kroll Restructuring Administration LLC (the "**Claims and Solicitation Agent**") at https://cases.ra.kroll.com/SAS.

[3] "**Cure Amount**" means the payment of Cash or the distribution of other property (as the parties may agree or the Bankruptcy Court may order) as necessary to (i) cure a monetary default by the Debtors in accordance with the terms of an executory contract or unexpired lease of the Debtors and (ii) permit the Debtors to assume such executory contract or unexpired lease under section 365(a) of the Bankruptcy Code.

counterparty to any executory contract or unexpired lease is not listed on **Exhibit A**, the proposed Cure Amount for such executory contract or unexpired lease has been deemed to be zero dollars ($0).

6.       **Deadline to Respond to Proposed Assumption or Rejection**. If you wish to object to (i) the assumption of an executory contract or unexpired lease, including (a) the ability of the Debtors to provide adequate assurance of future performance under section 365(b)(1)(C) of the Bankruptcy Code, or (b) the Debtors' proposed Cure Amount, or (ii) the rejection of an executory contract or unexpired lease, you must file a written objection (an "**Objection**") that (1) identifies the applicable executory contract or unexpired lease, and (2) sets forth in detail the basis for such objection together with all supporting documentation, so that it is actually received by no later than ~~February 28~~**March 11**, 2024 at 4:00 p.m. **(Prevailing Eastern Time)** (the "**Contract Objection Deadline**"). Objections shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York and shall be filed with the Bankruptcy Court.

If no ~~Contract~~ Objection is timely filed with respect to an executory contract or unexpired lease, (i) you shall be deemed to have assented to (a) the assumption of such executory contract or unexpired lease or the rejection of such executory contract or unexpired lease, as applicable, (b) the date of such assumption or rejection, (c) the Cure Amount, and (d) satisfaction of the requirement under section 365(b)(1)(C) of the Bankruptcy Code of the Debtors to provide adequate assurance of future performance under such executory contract or unexpired lease, and (ii) you shall be forever barred, estopped, and enjoined from challenging the validity of such assumption or rejection or the adequate assurance of future performance contemplated herein.

7.       **Amendment of Treatment**. Executory contracts and unexpired leases may be added to or removed from the Schedule of Assumed Contracts up until the Confirmation Date, and the proposed Cure Amounts set forth on **Exhibit A** attached hereto may be amended up until the Confirmation Date.

8.       **Hearing**. If ~~a Contract~~an Objection is properly filed as specified above, the Debtors will schedule a hearing to consider the ~~Contract~~ Objection prior to such assumption or rejection being effective. Notwithstanding the foregoing, to the extent the dispute relates solely to any Cure Amounts, the applicable Debtor may assume the executory contract or unexpired lease prior to the resolution of any such dispute, as long as such Debtor reserves cash in an amount sufficient to pay the full amount reasonably asserted as the required Cure Amount by the contract counterparty. Following entry of a Final Order resolving any such dispute, the Debtors ~~shall~~will have the right to reject any executory contract or unexpired lease within 30 days of such resolution.

9.       **Reservation of Rights**. The inclusion of any agreement on **Exhibit A** attached hereto does not constitute an admission that a particular contract is an executory contract or unexpired lease within the meaning of the Bankruptcy Code or require or guarantee

that such agreement will ultimately be assumed.  All rights of the Debtors with respect thereto are reserved.

10.     **Payment of Cure Amounts**.   Subject to resolution of any dispute regarding any Cure Amount, all Cure Amounts ~~shall~~will be satisfied by the Debtors or Reorganized Debtors, as the case may be, upon assumption of the underlying contracts and unexpired leases.  Assumption of any executory contract or unexpired lease pursuant to the Plan, or otherwise, ~~shall~~will result in the full release and satisfaction of any Claims or defaults, subject to satisfaction of the Cure Amount, whether monetary or nonmonetary, including defaults of provisions restricting the change in control or ownership interest composition or other bankruptcy-related defaults, arising under any assumed executory contract or unexpired lease at any time before the effective date of the assumption.  Any Proofs of Claim filed with respect to an executory contract or unexpired lease that has been assumed ~~shall~~will be deemed disallowed and expunged, without further notice to or action, order or approval of the Bankruptcy Court or any other Person, upon the deemed assumption of such contract or unexpired lease.

11.     **Consensual Resolution of Disputes**.  The Debtors request that if you dispute the assumption or rejection of an executory contract or unexpired lease or a Cure Amount, you contact the Debtors prior to the Contract Objection Deadline to attempt to resolve such dispute consensually.

Dated:   [●], 2024
            New York, New York


/s/_____
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York,  New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Gary T. Holtzer
Kelly DiBlasi
David Griffiths
Lauren Tauro

*Attorneys for Debtors*
*and Debtors in Possession*

## Exhibit A

## Contracts and Cure Amounts